UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                    )
          Plaintiff,                )
                                    )
     v.                             ) Civil Action No. 06-1950 EGS
                                    )
DEPARTMENT OF JUSTICE, <u>et al.</u>,      )
                                    )
          Defendants.               )
_____ )

DEFENDANTS' MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Pursuant to Fed. R. Civ. P. 11(a); 12(b) (1) and (6),

Defendants[1] hereby move to dismiss this action.  In the

alternative, the Court is asked to enter summary judgment in

favor of the moving Defendants, pursuant to Fed. R. Civ. P. 56,

because there is no genuine issue as to any material fact and the

Defendants are entitled to judgment as a matter of law.[2]  The

_____

[1]  As identified in the Complaint, the defendants include: the
Department of Justice; the Federal Bureau of Investigation
("FBI"); the United States Postal Inspection Service; the United
States Probation Office; the Federal Bureau of Prisons ("BOP");
the Administrative Office of the United States Courts; the United
States Marshals Service ("USMS"); Financial Crimes Enforcement
Network ("FinCEN"); and the Department of State.

[2]  To the extent that the Court may rely on matters outside of
the pleadings, the Court may enter summary judgment in favor of
the defendant.  <u>See</u> Fed. R. Civ. P. 12(b); 56.  Plaintiff should
take notice that any factual assertions contained in the
documents in support of this motion may be accepted by the Court
as true unless the plaintiff submits his own affidavit or other
documentary evidence contradicting the assertions in the
documents.  <u>See</u> <u>Neal</u> v. <u>Kelly</u>, 963 F.2d 453, 456-57 (D.C. Cir.
1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which
provides as follows:

     Supporting and opposing affidavits shall be made on

Court is respectfully referred to the accompanying memorandum and to the statement of material facts accompanying this motion.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

---

personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
VAMPIRE NATION and FREDERICK BANKS,)
                                    )
          Plaintiff,                )
                                    )
     v.                             )  Civil Action No. 06-1950 EGS
                                    )
DEPARTMENT OF JUSTICE, et al.,      )
                                    )
          Defendants.               )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, and pertains to asserted FOIA/Privacy Act requests to the Defendants. Plaintiff Frederick Banks is a federal prisoner; Vampire Nation is described in the Complaint only as "a dark electronic music project." See Complaint, ¶ 1. The claims purportedly brought by Vampire Nation should be dismissed because no one lawfully representing this plaintiff has signed the Complaint, as required by Fed. R. Civ. P. 11(a),[1] and a "dark electronic music project" such as Vampire Nation is not an

_____

[1] Rule 11 provides in relevant part:

> Every pleading. . . shall be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

Fed. R. Civ. P. 11(a).

"individual" able to file a Privacy Act claim.  See 5 U.S.C. §
552a(a)(2) ("the term 'individual' means a citizen of the United
States or an alien lawfully admitted for permanent residence"); 5
U.S.C. § 552a(d)(1) (allowing limited access by "any
individual").  Nor has Vampire Nation made FOIA requests in its
own name.

In any event, Plaintiffs' claims against the Department of
Justice and its components (DOJ, FBI, BOP, and USMS) are subject
to dismissal because Plaintiffs' refusal to pay outstanding fees
constitutes a failure to exhaust administrative prerequisites to
suit and because the Department of Justice has exempted the
relevant files from the provisions of the Privacy Act.  Thus,
Counts 1, 2, 3, 4, 9, 10, 13, and 14 should be dismissed or
summary judgment on those claims entered in favor of the
Defendants.

Plaintiffs' claims against the Postal Inspection Service are
also subject to dismissal or summary judgment in favor of
Defendants, because any requested records or information that has
been withheld is subject to proper withholding under the FOIA.
See 5 U.S.C. § 552(b).  Similarly, the records have been exempted
from the Privacy Act.  See Katz Decl., ¶ 19.  Thus, Counts 5 and
6 are without merit.

Plaintiffs have failed to state a claim for relief with
respect to the United States Probation Office and the

-2-

Administrative Office of the United States Courts, because those
entities are not agencies subject to either the FOIA or Privacy
Act.  Thus, Counts 7, 8, 11 and 12 should be dismissed.

The claims against FinCEN (Counts 15 and 16) and the
Department of State (Counts 17 and 18) are subject to dismissal
because the Plaintiffs have not exhausted the required
administrative remedies by properly initiating a FOIA or Privacy
Act request with those agencies.  Grafeld Decl., ¶¶ 2-6; Smith
Decl., ¶¶ 3-6.  Counts 15 through 18 should therefore be
dismissed or summary judgment on those counts should be granted
in favor of Defendants.


A.    Standard for Summary Judgment

In a FOIA/PA action, summary judgment is appropriate when,
as here, the pleadings, together with the declarations,
demonstrate that "there is no genuine issue as to any material
fact and . . . the  moving party is entitled to judgment as a
matter of law." Washington Post Co. v. U.S. Dept. of Health and
Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989).  As the
Supreme Court has declared, "[s]ummary judgment procedure is
properly regarded not as a disfavored procedural shortcut, but
rather as an integral part of the Federal Rules as a whole, which
are designed to secure the just, speedy and inexpensive
determination of every action."  Celotex Corp. v. Catrett, 477

U.S. 317, 327 (1986).

An agency satisfies the summary judgment requirements in a
FOIA or Privacy Act case by showing that each document was
produced, not withheld, is unidentifiable, or is exempt from
disclosure. Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368
(D.C. Cir. 1980). To meet its burden, the defendant may rely on
affidavits or declarations and other evidence by the agency which
show that the documents are exempt from disclosure.[2] Summary
judgment may be awarded to an agency in a FOIA or Privacy Act
case solely on the basis of agency affidavits or declarations if
the "affidavits are 'relatively detailed, non-conclusory, and not
impugned' by evidence . . . of bad faith on the part of the
agency." Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d
10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence
Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983)). Once the Court
determines that the declarations are sufficient, it need not
inquire further. Students Against Genocide v. Department of
State, 257 F.3d 828, 833 (D.C. Cir. 2001).

Because defendants here have released all non-exempt
responsive documents at issue, Plaintiffs' Complaint here should
be summarily dismissed or summary judgment entered against

---

[2] For purposes of summary judgment, an agency's decision to
withhold information from a FOIA requester is subject to de novo
review by the courts. Hayden v. National Security Agency Cent.
Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert.
denied, 446 U.S. 937 (1980).

Plaintiffs.

B.    Failure To Exhaust His Administrative Remedies.

It is well-established in administrative law that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185, 193 (1969).  Exhaustion of such administrative remedies is required under FOIA before a party can seek judicial review.  Dettmann v. U.S. Dept. of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  A FOIA requester is deemed to have failed to exhaust administrative remedies whenever the requester fails to comply with the administrative procedures set forth under FOIA, including: (1) providing the required proof of identity, Summers v. U.S. Dept. of Justice, 999 F.2d 570, 572-73 (D.C. Cir. 1993); (2) reasonably describing the records sought, Gillin v. IRS, 980 F.2d 819, 822-23 (1st Cir. 1992); (3) complying with fee requirements, Trueblood v. U.S. Dept. of Treasury, I.R.S., 943 F. Supp. 64, 68 (D.D.C. 1996); and (4) administratively appealing a denial of records, Oglesby v. U.S. Dept. of Army, 920 F.2d 57 (D.C. Cir. 1990).  Where a FOIA plaintiff attempts to obtain judicial review without having first fully exhausted his administrative remedies, his lawsuit is subject to dismissal for lack of subject matter jurisdiction. Id.  Vampire Nation has not submitted appropriate requests.  See Katz Decl., ¶ 19; Declaration of Kathleen Quigley, ¶ 3;

Declaration of Gregory Smith, ¶¶ 4-6; Grafeld Decl., ¶¶ 3-6; see also Boseker Decl., ¶ 4 and Exhibits A, TT, YY.

In any event, Vampire nation is described in the Complaint only as "a dark electronic music project." See Complaint, ¶ 1. The claims purportedly brought by Vampire Nation are subject to dismissal because no one lawfully representing this plaintiff has signed the Complaint, as required by Fed. R. Civ. P. 11(a), and a "dark electronic music project" such as Vampire Nation is not an "individual" able to file a Privacy Act claim. See 5 U.S.C. § 552a(a)(2) ("the term 'individual' means a citizen of the United States or an alien lawfully admitted for permanent residence"); 5 U.S.C. § 552a(d)(1) (allowing limited access by "any individual").

Similarly, Vampire Nation lacks standing, because only Frederick Banks sought records. See Katz Decl., ¶ 19; Declaration of Kathleen Quigley, ¶ 3; Declaration of Gregory Smith, ¶¶ 4-6; Grafeld Decl., ¶¶ 3-6; see also Boseker Decl., ¶ 4 and Exhibits A, TT, YY. Under such circumstances, the Courts have found a lack of standing.

> This case must be dismissed because The Haskell Company has no standing to sue BOP over that agency's handling of a FOIA request submitted solely by McGuireWoods. See McDonnell v. United States, 4 F.3d 1227, 1236-37 (3d Cir. 1993) (holding that "a person ... whose name does not appear on a FOIA request for records may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place"); Three Forks Ranch Corp. v. The

Bureau of Land Management, 358 F.Supp.2d 1, 3 (D.D.C.
2001) (noting that "an attorney must adequately
identify that he is making the FOIA request for his
client in order for the client to have standing to
pursue a FOIA action"); Maxxam, Inc. v. Federal Deposit
Insurance Corporation, No. 98-0989, 1999 WL 33912624,
at *2 (D.D.C. Jan.29, 1999) (holding that "plaintiff's
attorney [who submitted the FOIA request], but not
plaintiff, is the real party-in-interest to this
suit"). Nowhere in its correspondence with BOP did
McGuireWoods identify The Haskell Company as an
interested party or co-requester. Having not made a
request, The Haskell Company cannot complain of how it
was handled; it did not "administratively assert a
right" to receive the requested documents in the first
place. In sum, The Haskell Company does not have
standing to bring this suit; it is not the real party
in interest. Defendants' motion to dismiss will be
granted.

The Haskell Co. v. U.S. Dept. of Justice, Civil Action No. 05-

1110 RMC, 2006 WL 627156, *2 (D.D.C. March 13, 2006). Here, Mr.

Banks may have sent requests for documents, see Boseker Decl., ¶

4 and Exhibits A, TT, YY; Hardy Decl., Exhibit A. Vampire

Nation, however, is not a requester in those requests. Id.; see

also Katz Decl., ¶ 19; Declaration of Kathleen Quigley, ¶ 3;

Declaration of Gregory Smith, ¶¶ 4-6. Therefore, any claim by

Vampire Nation should be dismissed for lack of standing.


## DOJ and its Components

FOIA requires agencies to establish fee schedules for the

time taken to search for records and for the cost of copying

records. See 5 U.S.C. § 552(a)(4)(A)(I); 28 C.F.R. § 16.11 (DOJ

regulation implementing this provision). Agencies must generally

collect all applicable fees before sending copies of requested records to a requester, see 28 C.F.R. § 16.11(a), and "where a requester has previously failed to pay a properly charged FOIA fee to any component or agency within 30 days of the date of billing, a component may require the requester to pay the full amount due, plus any applicable interest, and to make an advance payment of the full amount of any anticipated fee, before the component begins to process a new request or continues to process a pending request from the requester." See 28 C.F.R. § 16.11(i)(3); 5 U.S.C. § 552(a)(4)(A)(v). An agency may require payment of fees even if the FOIA request has become the subject of litigation. See, e.g., Trueblood v. U.S. Dept. of Treasury, IRS, 943 F. Supp. at 68 (failure to pay fees is a jurisdictional defense that can be raised at any time); see also Pollack v. Department of Justice, 49 F.3d 115, 117, 119-20 (4th Cir. 1995) ("we affirm the district court's judgment [for DOJ] because Pollack refused to pay the required fees for search and duplicating costs or to obtain a waiver of that requirement").

As demonstrated below, the failure to pay the fees required constitutes a failure to exhaust administrative remedies with respect to the DOJ and its components.[3]  Pursuant to the requirements of the FOIA, DOJ has promulgated comprehensive

---

[3]  The Department of Justice includes within its components the FBI, BOP and USMS.  See 28 C.F.R. Part 0, Subparts P, Q and T.

regulations, set forth at 28 C.F.R. §§ 16.1 *et seq.*, governing the procedures requesters must follow in making FOIA requests to DOJ components, as well as procedures components must follow in responding to such requests.  <u>See</u> 5 U.S.C. § 552(a)(1)(A).

Plaintiffs have not paid the fees required within 30 days of their assessment by DOJ.  <u>See</u> Boseker Decl., ¶¶ 11-18, 39-42, 47, 66 and Exh. L.  Accordingly, under DOJ regulations, they have failed to exhaust administrative remedies.  28 C.F.R. § 16.11(i)(3); <u>Maydak</u> v. <u>U.S. Dept. of Justice</u>, 254 F.Supp.2d 23, *50 (D.D.C. 2003) ("The payment or waiver of fees or an administrative appeal from the denial of a fee waiver request is a jurisdictional prerequisite to bringing suit on a FOIA claim in the district court.").  Plaintiff Banks has taken the position that he is not required to pay search fees, <u>see</u> Boseker Decl., ¶ 15 and Exh. J ("The EOUSA cannot charge 'search fees' under the acts and enact improper exemptions.  Only copying fees are permitted.").  In fact, the FOIA generally permits agencies to charge "reasonable standard charges for document search and duplication." <u>See</u> 5 U.S.C. § 552(a)(4)(A)(ii)(III); <u>Kumar</u> v. <u>U.S. Dept. of Justice</u>, Civil Action No. 06-714 RBW, 2007 WL 537723, *2 and n.4 (D.D.C. Feb. 16, 2007) (where nothing in the record suggests a commercial use or a non-commercial use by a scientific or educational institution, and plaintiff is not a representative of the news media, an agency may charge fees for

the search for and duplication of records).  And duplication fees are charged under the Privacy Act in the same way in which they are charged under 28 C.F.R. § 16.11.  <u>See</u> 28 C.F.R. § 16.49. Moreover, under 28 C.F.R. § 16.49, search and review fees may be charged for Privacy Act requests where the records have been exempted from access under 5 U.S.C. § 552a(j)(2) or (k)(2).  The records at issue in this action have been so exempted.  <u>See</u> Bordley Decl., ¶ 8 and 28 C.F.R. § 16.101(a) and (q) (USMS); Hardy Decl., ¶¶ 34-43; 28 C.F.R. § 16.96 (FBI); Boseker Decl., ¶¶ 14, 39 and Exhibits I, L, CC, VV; 28 C.F.R. § 16.81 (U.S. Attorneys' files); Quigley Decl., ¶ 7 and Exhibit 4; 28 C.F.R. § 16.97(a).  In any event, at least 3 hours and 45 minutes of search time charged to Mr. Banks was for information he sought not about himself, but about Vampire Nation.  <u>See</u> Boseker Decl., ¶¶ 38-58, 66 and fn.3.<u>DOS, FinCEN and USPIS</u>

For different reasons, Plaintiffs' claims against the Department of State ("DOS") and FinCEN are subject to dismissal for failure to exhaust, and to the extent that Plaintiff Banks may be seeking documents pursuant to a March 24, 2006 request, he has not exhausted required procedures.

> Federal jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records.  <u>Kissinger</u> v. <u>Reporters Comm. for Freedom of the Press</u>, 445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." <u>Carbe</u> v. <u>BATF</u>, No. 03-1658, 2004 WL 2051359, at * 8 (D.D.C. Aug. 12, 2004). "Without any showing

> that the agency received the request, the agency has no obligation to respond to it." <u>Hutchins</u> v. <u>Dep't of Justice</u>, No. 00-2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

<u>Thomas</u> v. <u>FAA</u>, Civil Action No. 05-2391 CKK, 2007 WL 219988, *3 - 4 (D.D.C. Jan. 25, 2007); <u>see</u> <u>also</u> <u>Pollack</u> v. <u>Department of Justice</u>, 49 F.3d at 117 n.1 ("Pollack's Privacy Act claim was not properly before the district court because Pollack did not first exhaust administrative remedies provided under the Privacy Act").

Neither DOS or FinCEN have received any request from either Plaintiff under the FOIA or Privacy Act. <u>See</u> Declaration of Margaret P. Grafeld, ¶¶ 1-6; Declaration of Gregory Smith, ¶¶ 1-6. Thus, there is no jurisdiction under the FOIA or Privacy Act to enjoin these agencies from withholding anything. <u>Id.</u>; <u>See also</u> 5 U.S.C. § 552(a)(4)(B) (allowing for jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records "improperly withheld").

Plaintiff Banks submitted a request for documents in a March 24, 2006 request to the USPIS. <u>See</u> Katz Decl., ¶ 16. When directed to provide the required notarized signature to verify his identity, however, he failed to respond. <u>Id</u>. Under such circumstances, courts have deemed the failing to constitute a failure to exhaust.

> In the present case, [the plaintiff] has not provided the required notarized Certificate of Identity. 28 C.F.R. § 16.41(d). The first step in exhausting administrative remedies under the FOIA is filing a proper FOIA request. <u>In re Steele</u>, 799 F.2d 461, 466

(9th Cir. 1986).  Since [the plaintiff] has failed to
file a proper FOIA request, he has not satisfied the
first step of the administrative process.  Failure to
submit a proper request is a failure to exhaust
administrative remedies and deprives the court of
jurisdiction.  T.C. Kessler v. United States, 899
F.Supp. 644, 645 (D.D.C. 1995).  Where no attempt to
comply fully with agency procedures has been made, the
courts will assert its lack of jurisdiction under the
exhaustion doctrine.  Hedley v. United States, 594 F.2d
1043, 1044 (5th Cir. 1979).

Wicks v. Coffrey, No. CIV.A. 01-3664, 2002 WL 1000975, *2 (E.D.

La. May 14, 2002).


        C.    The Postal Inspection Service has Properly Withheld
              Records Under 5 U.S.C. § 552(b)(7) and the Privacy Act.

        As reflected in the Declaration of Lawrence Katz Pursuant to

28 U.S.C. § 1746 ("Katz Decl.") and the accompanying Index, the

United States Postal Inspection Service ("USPIS") has processed

the FOIA request from Frederick Banks, see Katz Decl., ¶¶ 5-17,

19-39 and accompanying Index.  Withholdings from responsive

documents were made where permitted by statute.  See Katz Decl.,

¶¶ 20-38 and accompanying Index.  Each document was examined to

determine whether any information could be segregated and

released without destroying the integrity of the document or

without identifying third parties or confidential informants; and

where the documents were withheld in their entirety, the

documents contained no meaningful portions that could be released

without destroying the integrity of the document or disclosing

the protected information.  Id., ¶¶ 34, 40.  Below is a brief

summary of the exemptions applied by the USPIS.  Should the Court have any concern with the withholdings, the USPIS hereby proffers for in camera consideration the documents that remain under consideration by the Court.  See 5 U.S.C. § 552(a)(4)(B).

Exemption B(2)

Pursuant to 5 U.S.C. § 552(b)(2) ("Exemption 2"), the Government is not required to disclose records "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Exemption 2 applies primarily to two types of materials: (1) internal agency matters so routine or trivial that they could not be "subject to ... a genuine and significant public interest" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations.  Department of Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Schiller v. N.L.R.B., 964 F.2d 1205, 1207 (D.C. Cir. 1992); National Treasury Employees Union v. U.S. Customs Service, 802 F.2d 525, 528-30 (D.C. Cir. 1986); Crooker v. Bureau of Alcohol, Tobacco & Firearms, 670 F.2d 1051, 1073-74 (D.C. Cir. 1981); Truesdale v. U.S. Dept. of Justice, 2005 WL 3294004, *4 - *5 (D.D.C. 2005); Gonzalez v. Bureau of Alcohol, Tobacco and Firearms, 2005 WL 3201009, *6 (D.D.C. 2005); Dorsett v. U.S. Dept. of Treasury, 307 F.Supp.2d 28, 35-36 (D.D.C. 2004); Edmonds v. FBI, 272 F.Supp.2d 35, 50 (D.D.C. 2003).

Depending upon the nature of the information, documents will

-13-

fall within either the "low (b)(2) category" or the "high (b)(2) category." Schiller, 964 F.2d at 1207. "Low (b)(2)" information refers to internal procedures and practices of an agency, where disclosure would constitute an administrative burden unjustified by any genuine and significant public benefit. Martin v. Lauer, 686 F.2d 24, 34 (D.C. Cir. 1982); see also Schiller, 964 F.2d at 1207. "Low (b)(2)" information can be protected only if the information qualifies as a personnel rule or internal practice of an agency or is sufficiently related to such a rule or practice. See Schwaner v. Department of Air Force, 898 F.2d 793, 795 (D.C. Cir. 1990); Voinche v. FBI, 46 F.Supp.2d 26, 30 (D.D.C. 1999).

Thus, trivial administrative data, such as file numbers, mail routing stamps, initials, data processing notations, brief references to previous communications, and other like administrative markings are exempt from disclosure. Coleman v. FBI, 13 F.Supp.2d 75, 78-79 (D.D.C. 1998), citing, Lesar v. U.S. Dept. of Justice, 636 F.2d 472 (D.C. Cir. 1980); see also Schiller, 964 F.2d at 1208 (protecting from disclosure internal agency time deadlines and procedures, recordkeeping directions, instructions on which agency official to contact for assistance, and guidelines on clearance procedures); Nix v. United States, 572 F.2d 998, 1005 (4th Cir. 1978)(protecting cover letters of merely internal significance); Scherer v. Kelley, 584 F.2d 170, 175-78 (7th Cir. 1978)(protecting "file numbers, initials, signature and mail routing stamps, references to interagency transfers, and data processing references"); Voinche, 46

-14-

F.Supp.2d at 30 (protecting the file number for an informant and telephone extension of the Public Corruption Unit of the FBI's Criminal Investigation Unit); <u>Wilson</u> v. <u>Department of Justice</u>, 1991 WL 111457, at *2 (D.D.C. 1991) (protecting transmittal slips from low level officials).  The notion behind this reasoning is that administrative agencies should not be burdened by responding to requests for trivial information unlikely to be the subject of public interest.  <u>Martin</u>, 686 F.2d at 34.

In this instance, the Exemption ("High (b)(2)") was applied to withhold handwritten notes and internal forms, internally retrieved data, and purely internal forms without public interest and with personally identifying information.  Katz Decl., ¶¶ 21-23 and accompanying Index, Documents 3, 25, 37, 38, 50 and 64-67.

<u>Exemption B(3)</u>

Exemption 3 protects against the release of "matters that are . . .  (3) specifically exempted from disclosure by statute . . . , provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue ...."  5 U.S.C. § 552(b)(3).  The USPIS withheld one document (Document 49) from Plaintiff under Exemption 3 because those documents concerned "matters occurring before the grand jury," the disclosure of which is prohibited under Rule 6(e) of the Federal Rules of Criminal Procedure.  <u>See</u> Katz Decl., ¶¶ 25-26; Fed. R. Crim. P. 6(e).  More specifically, the USPIS applied the exemption to withhold grand jury information, <u>i.e.</u> information the disclosure of which would

reveal the scope of the grand jury and the direction of the
investigation by providing the identities of the targets of the
investigation, the source of evidence, as well as the potential
and/or actual evidence produced before the grand jury.  Katz
Decl., ¶ 26 and Index (Document 49).  Because the prohibition of
Rule 6(e) has been held to satisfy the Exemption 3 requirement
that it be a statute leaving no discretion to withhold or not to
withhold information, <u>Fund for Constitutional Government</u> v.
<u>National Archives and Records Service</u>, 656 F.2d 856, 867-868
(D.C. Cir. 1981), and because these materials fall within the
protection of Rule 6(e), the withholding was proper.

 <u>Exemption B(5)</u>

 Exemption 5 of FOIA protects from disclosure "inter-agency
or intra-agency memorandums or letters which would not be
available by law to a party . . . in litigation with the agency."
5 U.S.C. § 552(b)(5).  The Supreme Court has made clear that
Exemption 5 protects information "normally privileged in the
civil discovery context," including information protected by the
attorney work product privilege.  <u>NLRB</u> v. <u>Sears, Roebuck & Co.</u>,
421 U.S. 132, 149 (1975).

 Documents created by attorneys in contemplation of
litigation are protected by the attorney work product privilege.
<u>Hickman</u> v. <u>Taylor</u>, 329 U.S. 495, 509-510 (1947); <u>Coastal States
Gas Corp.</u> v. <u>Department of Energy</u>, 617 F.2d 854, 864-866 (D.C.
Cir. 1980); <u>Jordan</u> v. <u>Department of Justice</u>, 591 F.2d 753, 774-
776 (D.C. Cir. 1978) (en banc).  Litigation need not have

-16-

actually commenced at the time the document was created, and the privilege "extends to documents prepared in anticipation of foreseeable litigation, even if no specific claim is contemplated." Schiller v. NLRB, 964 F.2d 1205, 1208 (D.C. Cir. 1992). This extends to law enforcement investigations, when the investigation "represents an attempt to garner evidence against a suspected wrongdoer." SafeCard Services v. SEC, 926 F.2d 1197, 1202 (D.C. Cir. 1991).

> The deliberative process privilege "protects the decisionmaking processes of government agencies and encourages frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fishbowl." Mapother v. Dep't of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (alterations, citations and quotation marks omitted). The privilege "'shelters documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" Nat'l Ass'n of Home Bldrs. v. Norton, 309 F.3d 26, 39 (D.C. Cir. 2003) (quoting Petroleum Info. Corp. v. Dep't of the Interior, 976 F.2d 1429, 1433 (D.C. Cir. 1992)).

Fuller v. CIA, Civil Action No. 04-253 RWR, 2007 WL 666586, *3 (D.D.C. Feb. 28, 2007) (footnote omitted).

USPIS withheld information from the documents under Exemption 5, in conjunction with the attorney-client and the deliberative process privileges. See Katz Decl., ¶¶ 27-29 and Index (referencing Documents 5, 9, 29-31, 33-36). The material withheld was information related to the deliberative process of the USPIS in its consideration of possible criminal actions against Mr. Banks and information protected by the attorney client privilege. Id. To disclose the information would reveal

-17-

pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies.  Id., ¶ 29.  And disclosure of the information would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making.  Id.  In these circumstances, protection under the deliberative process privilege is appropriate.  See Hickman v. Taylor, 329 U.S.  495 (1947) (work-product privilege); In re Sealed Case, 676 F.2d 793, 809-10 (D.C. Cir. 1982) (The "opinions, judgments, and thought processes of  counsel" are generally protected, and the person seeking them must show extraordinary justification); see also Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 324 (D.D.C. 1966), aff'd, 384 F.2d 979 (D.C. Cir. 1967); accord NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 151-53 (1975); EPA v. Mink, 410 U.S. 73, 86-93 (1973).

Exemption B(6)

Exemption B(6) of the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  "The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual."  Lepelletier v. FDIC, 164 F.3d 37, 46 (D.C. Cir. 1999), (emphasis supplied) (quoting Department of State v. Washington Post Co., 456 U.S. 595, 602 (1982)).  The Court has also emphasized that "both the common law and the literal understanding of privacy encompass the individual's

-18-

control of information concerning his or her person." U.S.
Department of Justice v. Reporters Committee for Freedom of the
Press, 489 U.S. 749, 763 (1989).

In order to determine whether there would be a "clearly
unwarranted invasion of personal privacy," the court must balance
the interests of protecting "an individual's private affairs from
unnecessary public scrutiny," and "the public's right to
governmental information." Lepelletier, 164 F.3d at 46 (interior
quotation marks omitted) (citing United States Dept. of Defense
Dept. of Military Affairs v. FLRA, 964 F.2d 26, 29 (D.C. Cir.
1992) (quoting Department of Air Force v. Rose, 425 U.S. 352,
372 (1976))). In determining how to balance the private and
public interests involved, the Supreme Court has sharply limited
the notion of "public interest" under the FOIA: "[T]he only
relevant public interest in the FOIA balancing analysis [is] the
extent to which disclosure of the information sought would
'she[d] light on an agency's performance of its statutory duties'
or otherwise let citizens know 'what their government is up to.'"
Lepelletier, 164 F.3d at 46 (editing by the court, emphasis
supplied, interior quotation marks omitted) (quoting United
States Dept. of Defense v. FLRA, 510 U.S. 487, 497 (1994)). See
also Reporters Committee, 489 U.S. at 773. Information that does
not directly reveal the operation or activities of the federal
government "falls outside the ambit of the public interest that
the FOIA was enacted to serve." Id. at 775. Further,
"something, even a modest privacy interest, outweighs nothing

-19-

every time."  National Ass'n of Retired Fed.  Employees v.

Horner, 879 F.2d 873, 879 (D.C. Cir. 1989); but see Lepelletier,

164 F.3d at 48 (in extraordinary circumstance where the

individuals whose privacy the government seeks to protect have a

"clear interest" in release of the requested information, the

balancing under Exemption 6 must include consideration of that

interest).

    Here, the USPIS applied Exemption B(6) to personal

information related to particular individuals, withholding

information in Documents 24, 26, 27, 39-44, 53, 60, 64, 68, 70,

78-80, 83, 85, 87 and 88.  See Katz Decl., ¶¶ 30-31 and Index.

    Exemption B(7)

    To invoke any of the subsections of Exemption 7, an agency

must first demonstrate that the records were "compiled for law

enforcement purposes."  5 U.S.C. § 552(b)(7); see John Doe Agency

v. John Doe Corp., 493 U.S. 146, 153 (1989).[4]  The records to

which this exemption was applied were compiled for law

enforcement purposes, i.e. in conducting the investigation and

---

[4]  This Court has repeatedly held that in order to satisfy this
threshold requirement, criminal law enforcement agencies need
only show that the records at issue are related to the enforce-
ment of federal laws and that the enforcement activity is within
the law enforcement duty of the agency.  Keys v. Department of
Justice, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing with approval
Pratt v. Webster, 673 F.2d 408, 420-21 (D.C. Cir. 1982)); Shaw v.
FBI, 749 F.2d 58, 63-64 (D.C. Cir. 1984) (mere existence of
plausible criminal reason to investigate shifts burden to plain-
tiff to disprove Exemption 7's applicability); Binion v. Depart-
ment of Justice, 695 F.2d 1189, 1194 (9th Cir. 1983) (only
"rational nexus" between criminal law enforcement agency's duties
and document need be shown).

-20-

prosecution of Mr. Banks.  See Katz Decl., ¶¶ 2, 7, 32.  Thus, the information at issue was collected and maintained for law enforcement purposes.  Id.

Having established that the records at issue qualify as Exemption 7 records, the remaining consideration under Exemption 7(C) is whether their release "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).[5]  In assessing the invocation of Exemption 7(C), the Supreme Court has employed a two-part test: First, whether disclosure could reasonably be expected to constitute an invasion of personal privacy; and second, whether invasion of this interest would be unwarranted.  Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762, 771 (1989).  In determining whether or not the invasion of privacy would be warranted, the invasion of personal privacy must be balanced against the public interest in disclosure.  Id. at 772-73; see Beck v. Department of Justice, 997 F.2d 1489, 1491 (D.C. Cir. 1993).  The FOIA plaintiff bears the burden of establishing for the Court that the public interest in disclosure is both significant and compelling in order to overcome legitimate privacy interests.  Senate of Puerto Rico v. Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

The Supreme Court has instructed: "[B]oth the common law and the literal understandings of privacy encompass the individual's

---

[5]  Exemption B(7)(C), therefore, establishes a less demanding test to withhold personal information than Exemption B(6).

-21-

control of information concerning his or her person." Reporters Comm., 489 U.S. at 763. With regard to law enforcement files, this Court has concluded: "It is surely beyond dispute that 'the mere mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation.'" Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting Branch v. FBI, 658 F. Supp. 204, 109 (D.D.C. 1987)); see Computer Professionals for Social Responsibility v. United States Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996).

In contrast to other FOIA exemptions, Exemption 7(C) does not "require a balance tilted emphatically in favor of disclosure," but rather "recognizes the stigma potentially associated with law enforcement investigations and affords broader privacy rights to suspects, witnesses, and investigators." Bast v. Department of Justice, 665 F.2d 1251, 1254 (D.C. Cir. 1981). Here, Plaintiff seeks official information from government law enforcement files that would identify personal information about third parties. Katz Decl., ¶ 33-35. USPIS has identified no public interest to be furthered by release of the information, but disclosure would impede law enforcement effectiveness. Id. The fact that an individual's identity may be known to Plaintiff does not lessen the individual's privacy interests in the files. See Weisberg v. Department of Justice, 475 F.2d 1476, 1491 (D.C. Cir. 1984). Thus, an alleged status as an informant also does not diminish an individual's privacy interests.

-22-

This Court has previously held that "[t]hose who cooperated with law enforcement should not pay the price of full disclosure of personal detail." Lesar v. Dep't of Justice, 636 F.2d 472, 488 (D.C. Cir. 1980); see also Stone v. FBI, 727 F. Supp. 662 (D.D.C. 1990) (recognizing law enforcement agents' bona fide interest in privacy and noting special danger and animosity engendered by release of names). The government is not, by virtue of a witness' willingness to testify, required to release other, unrelated, information regarding this individual. See Jones v. FBI, 41 F.3d 238, 247 (6th Cir. 1994) ("We must reject plaintiff's argument that certain agents waived 7(C) protection by testifying at plaintiff's habeas proceeding. Exemption 7(C) leaves the decision about publicity--whether and how much to reveal about herself--in the power of the individual whose privacy is at stake."); Brown v. FBI, 658 F.2d 71, 75 (2d Cir. 1981) (Applying Exemption (b)(6), the Court ruled that the appellant's "assertion that, by testifying, [the crime victim] has waived her right to privacy is without foundation in law or logic.").

Thus, there is abundant support for the Agency's determination that the information withheld pursuant to Exemption 7(C) was properly withheld. Katz Decl., ¶¶ 32-35.

Similarly, relying on 5 U.S.C. § 552(b)(7)(D), the Agency has properly withheld certain information that was compiled for law enforcement purposes and that could reasonably be expected to disclose the identity of a witness. See Katz Decl., ¶¶ 36-37.

"[p]ersons involved in FBI investigations – even if they are not the subject of the investigation – 'have a substantial interest in seeing that their participation remains secret.'" See Quinon v. FBI, 86 F.3d 1222, 1230 (D.C. Cir. 1996), quoting Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir. 1990). The mere "mention of an individual's name in a law enforcement file" is generally sufficient to justify nondisclosure because it "will engender comment and speculation and carr[y] a stigmatizing connotation." Fitzgibbon, 911 F.2d at 767, quoting Branch v. FBI, 658 F. Supp. 204, 209 (D.D.C. 1987). Thus, based upon the traditional recognition of strong privacy interests inherent in law enforcement records, the "categorical withholding" of information that identifies third parties in law enforcement records will ordinarily be appropriate. See SafeCard Services v. SEC, 926 F.2d at 1206; see also Nation Magazine Washington Bureau v. U.S. Customs Service, 71 F.3d 885, 896 (D.C. Cir. 1995) (portions of records in investigatory files that would reveal subjects, witnesses, and information in investigatory files is categorically exempt). Exemption 7(D) was, thus, also properly applied. See Katz Decl., ¶¶ 36-37.

Exemption 7(E) was also properly utilized in withholding certain information from Plaintiff. See 5 U.S.C. § 552(b)(7)(E). Exemption 7(E) of the FOIA provides protection for all information compiled for law enforcement purposes when release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for

-24-

law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

"[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope." Mittleman v. Office of Personnel Management, 76 F.3d 1240, 1243 (D.C. Cir. 1996), cert. denied, 519 U.S. 1123 (1997), citing Pratt v. Webster, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982). When, however, a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." Keys v. U.S. Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing Pratt v. Webster, 673 F.2d 408, 418 (D.C. Cir. 1982)). A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" Keys, 830 F.2d at 340(quoting Pratt, 673 F.2d at 421).

The first clause of Exemption 7(E) affords "categorical" protection for "techniques and procedures" used in law enforcement investigations or prosecutions. Smith v. Bureau of Alcohol, Tobacco and Firearms, 977 F.Supp. 496, 501 (D.D.C. 1997) (citing Fisher v. United States Dep't of Justice, 772 F. Supp. 7, 12 n. 9 (D.D.C. 1991), aff'd, 968 F.2d 92 (D.C. Cir. 1992)). While Exemption 7(E)'s protection is generally limited to techniques or procedures that are not well known to the public,

-25-

even commonly known procedures may be protected from disclosure
if the disclosure could reduce or nullify their effectiveness.
See, e.g., Coleman v. FBI, 13 F.Supp. 2d. 75, 83 (D.D.C. 1998)
(applying 7(E) to behavioral science analysis and details of
polygraph examination); Butler v. Treasury, Civil Action No.
95-1931 GK, 1997 WL 138720 at *4 (D.D.C. Jan. 14, 1997) (applying
7(E) to types of monitoring and type of equipment used in
surveillance); Perrone v. FBI, 908 F.Supp. 24, 28 (D.D.C. 1995)
(applying 7(E) to type of polygraph test, type of machine used,
polygraph questions and sequence).

In justifying the application of Exemption 7(E) the agency
may describe the general nature of the technique while
withholding the full details.  See e.g. Bowen v. FDA, 925 F.2d
1225, 1228 (9th Cir. 1991).  The agency is not, however, required
to describe secret law enforcement techniques, even in general
terms, if the description would disclose the very information
sought to be withheld.  Coleman, 13 F.Supp. 2d at 83; Smith, 977
F.Supp. at 501; Butler, 1997 WL 138720 at *4.

Exemption 7(E)'s second clause separately protects
"guidelines for law enforcement investigations or prosecutions if
[their] disclosure could reasonably be expected to risk
circumvention of the law."  5 U.S.C. § 552(b)(7)(E).
Accordingly, this clause of the Exemption protects any "law
enforcement guideline" that pertains to the prosecution or
investigative stage of a law enforcement matter whenever its
disclosure "could reasonably be expected to risk circumvention of

-26-

the law." See, e.g., PHE, Inc. v. United States Dep't of Justice, 983 F.2d 248, 251 (D.C. Cir. 1993) ("release of FBI guidelines as to what sources of information are available to its agents might encourage violators to tamper with those sources of information and thus inhibit investigative efforts"); Jimenez v. FBI, 938 F.Supp. 21, 30 (D.D.C. 1996) (applying 7(E) to gang-validation criteria used by Bureau of Prisons to determine whether individual is gang member).

The USPIS invokes Exemption 7(E) to withhold information which could reveal the incidence and manner of use of various investigative techniques and the assessment of the techniques' relative effectiveness in the investigation. See Katz Decl., ¶¶ 38-39 and Index (discussing Documents 50, 53, 55, 61, 63, 67, 83 and 84). Under Exemption 7(E), an agency is entitled to withhold investigative records compiled for law-enforcement purposes to the extent that disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions ... [and] could reasonably be expected to risk circumvention of the law." Katz Decl, ¶ 38. Thus, Exemption 7(E) has been properly applied here to Documents 50, 53, 55, 61, 63, 67, 83 and 84, to protect law enforcement techniques. Id., ¶¶ 38-39.

Release of Reasonably Segregable Material.

The FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt

-27-

information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); <u>Mead Data Cent., Inc.</u> v. <u>United States Dept. of the Air Force</u>, 566 F.2d 242, 260 (D.C. Cir. 1977). The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue <u>sua sponte</u>." <u>Trans-Pacific Policing Agreement v. United States Customs Service</u>, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements". <u>Mead Data</u>, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification" that the exempt material would effectively be disclosed. <u>Id</u>. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. <u>Armstrong</u> v. <u>Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." <u>Mead Data</u>, 566 F.2d at 261, n.55.

Here, the USPIS has demonstrated that it has segregated and released those portions of all responsive documents that can be properly disclosed. <u>See</u> <u>See</u> Katz Decl., ¶ 40 (each document was evaluated to determine if any information could be segregated and

-28-

released; thus, where a document was withheld in its entirety,

the document contained no meaningful portions that could be

released without destroying the integrity of the document or

without identifying a third party individual or confidential

informant).

      D.    The United States Probation Office and the
              Administrative Office of United States Courts
              <u>are not Agencies under the FOIA or Privacy Act</u>

      The United States Courts are expressly exempt from
the definition of the word "agency", 5 U.S.C. §
551(1)(B), and the Probation Department is an arm of
the United States District Court, <u>see</u> <u>Dorman</u> v.
<u>Higgins</u>, 821 F.2d 133, 137 (2d Cir. 1987); <u>Rankin</u> v.
<u>United States Probation Department</u>, 1989 WL 14067 *1
(E.D. Pa. Feb. 21, 1989).  Therefore, the Probation
Department is exempt from the disclosure requirements
of the FOIA and the Privacy Act.  <u>See</u> <u>Lindsey</u> v. <u>Bureau</u>
<u>of Prisons</u>, 736 F.2d 1462, 1464 (11th Cir. 1984);
<u>United States</u> v. <u>Charmer Indus.</u>, 711 F.2d 1164, 1170
n.6 (2d Cir. 1983) (a court document is not within the
purview of the Privacy Act or the FOIA); <u>Schwartz</u> v.
<u>U.S. Department of Justice</u>, 1995 WL 675462 *7 (S.D.N.Y.
Nov. 14, 1995); <u>Rankin</u>, 1989 WL 14067 *1.

<u>United States</u> v. <u>Chandler</u>, 220 F.Supp.2d 165, 167-68 (E.D.N.Y.

2002).

      A United States Probation Office is not subject to
FOIA's disclosure requirements because it is an arm of
the federal courts.  <u>Maydak</u> v. <u>U.S. Dep't of Justice</u>,
254 F.Supp. 23, 40 (D.D.C. 2003).  The statute
specifically excludes "the courts of the United States"
from its provisions. See 5 U.S.C. § 552(f). Therefore,
plaintiff's claim against the United States Probation
Office must be dismissed, since that office is not
required to comply with FOIA.

<u>Boyd</u> v. <u>Criminal Division, U.S. Dept. of Justice</u>, Civil Action

No. 04-1100 ESH, 2005 WL 555412, *4 (D.D.C. Mar. 9, 2005).

Indeed, inasmuch as Vampire Nation shares an address with that of

-29-

Keith Maydak, the plaintiff in <u>Maydak</u> v. <u>U.S. Dep't of Justice</u>, 254 F.Supp. 23, <u>see</u> January 29, 2007 Motion For Enlargement Of Time, And Memorandum In Support Thereof at 1-2, the Court should consider the filing of the instant complaint against these arms of the judiciary to have been frivolous or malicious; and the filing in this manner avoided the need for Mr. Maydak to provide information regarding his ability to pay the filing fee in advance. <u>See</u> Docket No. 2 (Motion To Proceed In Forma Pauperis). A finding on this point may be useful to ensure that similar future actions are dissuaded. <u>See</u> 28 U.S.C. § 1915(g).

        E.    <u>Privacy Act Exemption (j)(2)</u>

        The Agencies were not required to process all requests under the Privacy Act, where the records were excluded from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). The systems of records at issue, for example, are exempt from the Privacy Act of 1974, 5 U.S.C. § 552a, by virtue of subsection (j)(2) of The Act.  Here, the DOJ records at issue in this action have been exempt from access under the Privacy Act, 5 U.S.C. § 552a(j)(2) or (k)(2).  <u>See</u> Bordley Decl., ¶ 8 and 28 C.F.R. § 16.101(a) and (q) (USMS); Hardy Decl., ¶¶ 34-43; 28 C.F.R. § 16.96 (FBI); Boseker Decl., ¶¶ 14, 39 and Exhibits I, L, CC, VV; 28 C.F.R. § 16.81 (U.S. Attorneys' files); Quigley Decl., ¶ 7 and Exhibit 4; 28 C.F.R. § 16.97(a) (Bureau of Prisons). And the USPIS records have similarly been exempted from the access provisions of the Privacy Act.  <u>See</u> Katz Decl., ¶ 19; 39 C.F.R. § 266.9(b)(2).  Thus, Plaintiffs' access rights would be limited to

-30-

those provided by the FOIA. 5 U.S.C. § 552a(j)(2).

CONCLUSION

WHEREFORE, the above civil action should be dismissed, or summary judgment entered in favor of the defendants.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                    )
          Plaintiff,                )
                                    )
     v.                             ) Civil Action No. 06-1950 EGS
                                    )
DEPARTMENT OF JUSTICE, et al.,      )
                                    )
          Defendants.               )
_____)

DEFENDANTS' STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), the Defendants hereby provide the following statement of material facts as to which there is no genuine dispute:

1.  Neither the United States Department of State ("DOS") nor Financial Crimes Enforcement Network ("FinCEN") have received any request from either Plaintiff under the Freedom of Information Act ("FOIA") or Privacy Act.  See Declaration of Margaret P. Grafeld, ¶¶ 1-6; Declaration of Gregory Smith, ¶¶ 1-6.

2.  Vampire Nation has not submitted requests under the Freedom of Information Act or Privacy Act to any of the Defendants.  See Katz Decl., ¶ 19; Declaration of Kathleen Quigley, ¶ 3; Declaration of Gregory Smith, ¶¶ 1-6; Grafeld Decl., ¶¶ 1-6; see also Boseker Decl., ¶ 4 and Exhibits A, TT, YY; Hardy Decl., Exhibit A.

3.  Vampire Nation is not a citizen of the United States or an alien lawfully admitted for permanent residence.  See Complaint, ¶ 1.

4.  Plaintiff Banks' FOIA request seeking documents from the United States Postal Inspection Service ("USPIS") was processed and records were searched for and released consistent with the March 15, 2007 Declaration of Lawrence Katz and its accompanying Index.  see Declaration of Lawrence Katz, ¶¶ 1-42.

5.  As reflected in the March 15, 2007 Declaration of Lawrence Katz, each document located in the search for records responsive to Plaintiff Banks' FOIA request was evaluated to determine if any information could be segregated and released; thus, where a document was withheld in its entirety, the document contained no meaningful portions that could be released without destroying the integrity of the document or without identifying a third party individual or confidential informant.  See Katz Decl., ¶ 40.

6.  The records responsive to Mr. Banks' request addressed to the USPIS are maintained in a system of records which has been exempted from the access provisions of the Privacy Act.  See Katz Decl., ¶ 19; 39 C.F.R. § 266.9(b)(2).

7.  The records responsive to Mr. Banks' request addressed to the DOJ and its components, the United States Marshals Service, the United States Attorneys Offices, the Federal Bureau of Investigation and the Bureau of Prisons, are maintained in systems of records which have been exempted from the access provisions of the Privacy Act.  See Bordley Decl., ¶ 8 and 28 C.F.R. § 16.101(a) and (q) (USMS); Boseker Decl., ¶¶ 14, 39 and Exhibits I, L, CC, VV; 28 C.F.R. § 16.81 (U.S. Attorneys' files);

-2-

Hardy Decl., ¶¶ 34-43, 28 C.F.R. § 16.96 (FBI); Quigley Decl., ¶ 7 and Exhibit 4; 28 C.F.R. § 16.97(a) (Bureau of Prisons).

8.  Thus, the DOJ records at issue in this action have been exempt from access under the Privacy Act, 5 U.S.C. § 552a(j)(2) or (k)(2).  See Bordley Decl., ¶ 8 and 28 C.F.R. § 16.101(a) and (q) (USMS); Hardy Decl., ¶¶ 34-43; 28 C.F.R. § 16.96 (FBI); Boseker Decl., ¶¶ 14, 39 and Exhibits I, L, CC, VV; 28 C.F.R. § 16.81 (U.S. Attorneys' files); Quigley Decl., ¶ 7 and Exhibit 4; 28 C.F.R. § 16.97(a) (Bureau of Prisons).

9.  The Department of Justice through one or more of its components has incurred search and duplication fees in responding to Mr. Banks' Freedom of Information Act/Privacy Act request in the amount of at least $168.00.  See Boseker Decl., ¶¶ 11-18, 39-42, 50-51, 66 and fn.3 and Exhibits I, J, X, CC, DD, FF, LL, AND NN.

10.  The Department of Justice has written to Mr. Banks seeking payment of the $168.00 in search and duplication fees owed by Mr. Banks pursuant to his requests under the FOIA and Privacy Act, but the requested fees have not been paid; and Mr. Banks has specifically refused to pay those fees.  Id.

11.  Out of the over 8 hours of time expended on searching for documents responsive to Mr. Banks' FOIA requests to the DOJ or its components, at least 3 hours and 45 minutes of search time charged to Mr. Banks by the Department of Justice was for time

spent searching for information he sought not about himself, but about Vampire Nation.  <u>See</u> Boseker Decl., ¶¶ 38-58, 66 and fn.3.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that service of the foregoing Defendants'

Motion To Dismiss or, in the Alternative, Summary Judgment, and a

proposed Order has been made by mailing copies thereof to:

VAMPIRE NATION
613 Cross Street
East McKeesport, PA  15035

and

FREDERICK BANKS
No. 05711-068
PO Box 999
Butner, NC  27509


on the 19th day of March, 2007.


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                    )
          Plaintiffs,               )
                                    )
     v.                             ) Civil Action No. 06-1950 EGS
                                    )
DEPARTMENT OF JUSTICE, <u>et al.</u>,    )
                                    )
          Defendants.               )
_____ )

<u>ORDER</u>

UPON CONSIDERATION of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment, the grounds stated therefor, and the entire record herein, it is this ___ day of _____, 2007, hereby

ORDERED that Defendants' motion to dismiss should be and it hereby is granted; and it is,

FURTHER ORDERED that plaintiff's complaint be and hereby is dismissed.

_____
UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant U.S. Attorney
Civil division
555 4th Street, N.W.
Washington, DC  20530

VAMPIRE NATION
613 Cross Street
East McKeesport, PA  15035

FREDERICK BANKS
No. 05711-068
PO Box 999
Butner, NC  27509