UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                    )
          Plaintiff,                )
                                    )
     v.                             ) Civil Action No. 06-1950 EGS
                                    )
DEPARTMENT OF JUSTICE, <u>et al.</u>,    )
                                    )
          Defendants.               )
_____ )

<u>NOTICE OF FILING</u>

     Defendants hereby provide notice of the filing of the

attached Declarations and Exhibits[1] referenced in support of

Defendants' Motion To Dismiss Or, In The Alternative, For Summary

Judgment, filed March 19, 2007.

                         Respectfully submitted,


                         _____
                         JEFFREY A. TAYLOR, DC Bar #498610
                         United States Attorney


                         _____
                         RUDOLPH CONTRERAS, DC Bar #434122
                         Assistant United States Attorney


                         _____
                         W. MARK NEBEKER, DC Bar #396739
                         Assistant United States Attorney

_____

     [1]  The documents have been redacted, consistent with Local
Civ. R. 5.4(f), to exclude social security numbers and dates of
birth.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Notice Of

Filing and attachments has been made by mailing copies thereof

to:

VAMPIRE NATION
613 Cross Street
East McKeesport, PA  15035

and

FREDERICK BANKS
No. 05711-068
Unit 2AW
P.O. Box 5000
Yazoo City, Mississippi  34194-5000

on this 21st day of March, 2007.[2]

_____
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230

_____

[2]  In addition, a copy of the Court's March 20, 2007 Order
and another copy of the Defendants' Motion To Dismiss Or, In The
Alternative, Summary Judgment, and proposed Order filed March 19,
2007, has been mailed this date to Mr. Banks at the above
address, in light of his recent address change.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ORIGINAL

|  |  |  |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  06-1950 EGS |
| v. | ) | |
| | ) | |
| US DEPARTMENT OF JUSTICE, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF LAWRENCE KATZ**
**PURSUANT TO 28 U.S.C. § 1746**

I, Lawrence Katz, declare the following to be true and correct.  I am aware that this declaration will be submitted in connection with the proceeding captioned above and that it is the legal equivalent of a statement under oath:

1. I am the Chief Counsel for the U.S. Postal Inspection Service ("USPIS"), the law enforcement component of the United States Postal Service in Washington, DC. Prior to my appointment to this position, I was a Deputy Counsel in the Inspection Service Office of Counsel and held this position since March 1999. Prior to my appointment to the position of Deputy Counsel, I was an Inspector-Attorney at our New York Division field office and held this position since January 1990.  In my current capacity as Chief Counsel, I report directly to and serve on the senior management staff of the Chief Postal Inspector, who is the head of the Postal Inspection Service.  I am the executive in charge of the Inspection Service's Office of Counsel.  Also, I am a Postal Inspector and have been since 1974.  I have served in the Office of Counsel at all times relevant to the above-captioned case.

2.  The Chief Postal Inspector is the official custodian of all Inspection Service records, including records relating to criminal investigations that are maintained by the Postal Inspection Service.  One of the delegated functions of my office is the processing of requests for access to Inspection Service records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a. My office reviews requests under these Acts that are referred to the Postal Inspection Service in accordance with both the FOIA and PA, and Postal Service regulations found at 39 C.F.R. § 265.

3. The personnel in the Office of Counsel involved in the processing of these requests have been delegated authority to release or withhold records under the FOIA and PA. These include the USPIS Information Disclosure Technicians, whose responsibilities include receiving and reviewing FOIA requests received by the US Postal Inspection Service, tracking status of pending requests, searching USPIS records to obtain responsive records and responding to requests for records in response to FOIA requests.

4. I make the statements herein on the basis of personal knowledge, as well as information acquired in the performance of my official duties. I have read and am familiar with the Complaint filed in the above-captioned action.

## A. CHRONOLOGY

5. On January 4, 2005, USPIS received a Freedom of Information Act/Privacy Act request from the plaintiff in this case, Mr. Frederick Banks. A copy of his request is attached as Exhibit A to this declaration.  Mr. Banks sought records relating to him, "Vampire Nation, Hexagon LLC, Hexagon Records, Search Syndicate, Inc., Merakesh Armano, HLLC, and HLC." He also sought records relating to nine individuals whose names he listed.  See Exhibit A.

6. By letter dated January 7, 2005, USPIS acknowledged receipt of Mr. Banks' request and advised him that there would be a delay in responding to his

request in order to conduct appropriate file searches. A copy of the letter is attached as Exhibit B to this declaration.

7.  By letter of January 13, 2005, USPIS advised Mr. Banks that the material he had requested was still exempt from mandatory disclosure since it consisted of investigatory records compiled for law enforcement purpose. The material was still withheld from disclosure pursuant to 5 United States Code, section 552(b)(7)(A), where release of information at this time could reasonably be expected to interfere with enforcement proceedings. The USPIS also advised Mr. Banks that he could contact the office in 30 - 60 days to determine whether the case had been closed. Finally, the USPIS warned him that, even if the investigation were closed, other exemptions might be applicable. See Exhibit C.

8.  By letter of January 19, 2005, Mr. Banks submitted two questions which the USPIS declined to answer because they were not requests for agency records. See Exhibits D and E.

9.  By letter dated April 14, 2005, USPIS disclosed 99 pages of record material to Mr. Banks. See Exhibit F. Certain deletions had been made to the material pursuant to Title 5 United States Code, section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; and section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions.

3

10. In addition, the USPIS determined that 187 pages were exempt from disclosure in their entirety in accordance with section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(3), which concerns records specifically exempt from release by statute (Federal Rules of Criminal Procedure, Rule 6(e), 18 U.S.C. Appendix); section 552(b)(6); section 552(b)(7)(C); section 552(b)(7)(D) and section 552(b)(7)(E). See Exhibit F.

11. Further, the USPIS referred review and response regarding two pages of material to the Office of the United States Attorney as that specific material had originated with that agency. See Exhibit F.

12. On April 27, 2005, the USPIS received a request from Mr. Banks for an investigation into alleged irregular mail procedures at the Allegheny County Jail. The USPIS forwarded this request to the Pittsburgh Division of the USPIS, See Exhibits H -J.

14. On May 13, 2005, the USPIS received a copy of a letter from Mr. Banks addressed to the mailroom supervisor at Allegheny County Jail concerning missing newspapers. See Exhibit K. The USPIS forwarded this complaint to its Pittsburgh Division for appropriate attention. See Exhibit L.

15. On July 15, 2005, the USPIS received another "FOIA/Privacy Request" from Mr. Banks. See Exhibit M. USPIS referenced Mr. Banks' January 2005 request, advised him that the records he sought related to an investigation which was still open and denied his request pursuant to 5 U.S.C. 552 (b)(7)(A), where release of information at the time could reasonably be expected to interfere with enforcement proceedings. See Exhibit N. As to the individuals about whom Mr. Banks sought information, the USPIS advised him that the agency was required to obtain the written consent of those persons prior to disclosure of a record concerning them to a third party. (5 U.S.C. 552a(b)).

Without their written permission, disclosure of records relating to them would be a violation of the FOIA. (5 U.S.C. 552 (b)(7(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

16. On March 24, 2006, the USPIS received a renewed request for documents relating to Mr. Banks. See Exhibit O. In accordance with 39 CFR Section 266.6(a), the USPIS required Mr. Banks to submit an original notarized signature to ensure that the records of individuals who are the subject of USPIS systems of records are not wrongfully disclosed. See Exhibit P. By letter of April 4, 2006, the USPIS again solicited the same personal data needed to identify an individual submitting requests under the Privacy Act of 1974, 5 U.S. C. Section 552a. See Exhibit Q. There is no record that Mr. Banks ever furnished this information.

17.    To the best of my knowledge and information, as of Tuesday, February 27, 2007, Case No. 0583-1407269-ECMT(1) remains open.

## B. EXPLANATION OF THE POSTAL INSPECTION SERVICE SYSTEM OF RECORDS

18. The Inspection Service conducts criminal, civil and administrative investigations. The files containing records about active investigations are generally physically located in the responsible Inspection Service field division office and closed case files are stored in Inspection Service Operations Support Centers until transferred to a Federal records center. Investigative files may contain investigative reports, notes and memoranda, background data including arrest records, statements of informants and witnesses, laboratory reports of evidence analysis, search warrants, summons and subpoenas, and other information related to the investigation. Records pertaining to consensual electronic surveillance are also covered by the Investigative File System and

located within the investigative files. Personal data in the Investigative File System may contain fingerprint or handwriting samples, reports of confidential informants, physical identifying data, voiceprints, polygraph test, photographs, and individual personnel and payroll information. The contents of these files are accessible by name and/or Social Security Number. Inspection Service database systems such as the Inspection Service Database Information System ("ISDBIS") and the Inspection Service Integrated Investigative System ("ISIIS") contain additional or summary duplicative case files and other information in support of investigations. Records are maintained one (1) to fifteen (15) years depending on type.

### C. RECORDS SEARCH

19. The Inspection Service processes all requests by individuals for records pertaining to themselves under both the Freedom of Information and the Privacy Acts in order to provide the requester the maximum amount of disclosure authorized by law. However, under the Postal Service regulations promulgated in accordance with the Privacy Act, records maintained in the USPIS' Investigative File System of records are exempt from disclosure under the Privacy Act. See 39 C.F.R. §266.9(b)(2).

Mr. Banks' query was interpreted to be in connection with Case No. 0583-1407269-ECMT(1) and Case No. 0472-1163144-FC-(2). Based on Mr. Bank's initial request for access to Postal Service records that would be located in the Pittsburgh and Washington, DC Field Divisions, a responsible person conducted a thorough and sufficient search for existing records relating to him, "Vampire Nation, Hexagon LLC, Hexagon Records, Search Syndicate, Inc., Merakesh Armano, HLLC, and HLC." Since the entire investigative file pertains to the investigation of violations of criminal law, the records withheld that were responsive to Mr. Banks' request as to himself were not disclosable under the

Privacy Act. Accordingly, the records were reviewed and disclosed or withheld in accordance with the provisions of the FOIA.

Subsequently a responsible person also conducted thorough and sufficient searches by contacting the Inspector in Charge, Pittsburgh Division and or using the ISIIS. The most recent of these searches determined that the investigative file remained open as of Tuesday, February 27, 2007.

A responsible person also has conducted a thorough and sufficient search of USPIS records for a FOIA request from Vampire Nation and determined that there is no record of such a request from a requester with the name Vampire Nation.

### D. DISCLOSURE DETERMINATION

20. By letter dated April 14, 2005, USPIS disclosed 99 pages of record material to Mr. Banks. See Exhibit F. Certain deletions had been made to the material pursuant to Title 5 United States Code, sections 552(b)(5), 552(b)(7)(C), 552(b)(7)(D), and 552(b)(7)(E). In addition, the USPIS determined that 187 pages were exempt from disclosure in their entirety in accordance with sections 552(b)(2), 552(b)(3), 552(b)(6), 552(b)(7)(C), 552(b)(7)(D) and 552(b)(7)(E). See Exhibit F. The basis for the deletions and withholding are discussed below.

### 1. EXEMPTIONS 5 U.S.C. §552(b)(2)

21. Exemption (b)(2) of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2)or the "low" (b)(2). The USPIS applied only the latter category to a single document as more fully discussed below.

22.  "High" (b)(2) protects from disclosure information specific to individual federal employees, such as phone numbers and e-mail address and other personally identifying information, including individual names of law enforcement officers.

23.  The USPIS applied this exemption to Documents 3, 25, 37, 38, 50, and 64 – 67.  "High" (b)(2) was applied to these documents to protect personal identification information.

**2.    EXEMPTION 5 U.S.C. §552(b)(3)**

24.  Exemption (b)(3) prohibits disclosure of information specifically exempted from release by the language of another statute.  For a statute to support  withholding  information under this exemption, the statute must either (A) require that the matters be withheld from the public without discretion, or (B) establish particular criteria for withholding or refer to particular types of matters to be withheld.

25.  Federal Rule of Criminal Procedure 6(e) regulates disclosure of matters occurring before a grand jury.  In order for a Federal Rule of Procedure to qualify as "a statute" it must have been affirmatively enacted into law by Congress.  Rule 6(e) has been held to meet this "statute" requirement, since it was affirmatively enacted by Congress in 1977.  Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the form in which the material is substantively contained.  Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors,

the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations.

26. The USPIS applied this exemption to Document 49 listed in the attached Index, in conjunction with Federal Rule of Criminal Procedure Rule 6(e). This record was withheld because the release of the grand jury-related documents (also withheld by application of other exemptions) would reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual potential and/or actual evidence produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the Government sought to find evidence to develop its case, how the Government developed its case, and who the Government relied upon to develop the elements of the alleged crimes.

### 3.    **EXEMPTION 5 U.S.C. §552(b)(5)**

27. Exemption (b)(5) protects the disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three categories of such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

28. The USPIS applied this exemption to Documents 5, 9, 29-31, 33-36, 56, 58, 59, 73, 74, 79 and 83 because they are related to the deliberative process of the USPIS. These records contain information related to the

deliberative process of the USPIS in its consideration of possible criminal actions against Mr. Banks or are documents protected by the attorney client privilege.

29. To disclose this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies. Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making.

### 4.    EXEMPTION 5 U.S.C. §552(b)(6)

30. Exemption (b)(6) protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The individual's privacy interest must be weighed against the public's right to know.

31. The USPIS applied this exemption to Documents 24, 26, 27, 39 – 44, 53, 60, 64, 68, 70, 78 – 80, 83, 85, 87, and 88 either in part or their entirety because these documents contained personal information related to particular individuals. The USPIS determined that the personal privacy of these individuals prevailed over any rights Mr. Banks might attempt to assert.

### 5.    EXEMPTION 5 U.S.C. §552(b)(7)(C)

32. Exemption (b)(7)(C) protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. All

10

information at issue in this case was compiled for law enforcement purposes in order to investigate and prosecute Mr. Banks.

33. This exemption was applied to Documents 1 – 3, 6 – 8, 10 – 13, 19 – 21, 23, 24, 26, 27, 32, 39 – 48, 51 – 54, 57, 60, 61, 68, 70, 75 – 77, and 80 – 88 to withhold the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of the identifying information could result in unwanted and even unlawful efforts to gain further access to such persons or to personal information about them. It could also lead to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences arising from their connection to the case. In short, disclosure would be detrimental to the persons protected.

34. In certain instances such information was inextricably intertwined with references to Mr. Banks. The USPIS was unable to segregate these references and disclose them without risking the disclosure of a protected confidential source or revealing privacy-protected information of other third party individuals.

35. This exemption was also applied to withhold the identities of individuals such as postal inspectors and local law enforcement personnel all of whom participated in the investigation and prosecution of this case. Individual duties and assignments are not public and the publicity that would likely arise from disclosure would seriously impede, if not totally jeopardize, law enforcement effectiveness in subsequent cases, even subjecting these individuals to

harassment or other harm. These persons have protected privacy interests in the conduct of law enforcement investigations.

### 6.    EXEMPTION 5 U.S.C. §552 (b)(7)(D)

36.    Exemption (b)(7)(D) exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. Protected sources include a state or local agency or authority or any private institution that furnished material on a confidential basis during a law enforcement inquiry. Where a record or information was compiled by a criminal law enforcement authority in the course of a criminal investigation, or by any agency conducting a lawful national security intelligence investigation and furnished by a confidential source, this exemption has been held to apply.

37. This exemption is particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. Disclosure could have a disastrous impact upon the ability to obtain this kind of investigative information in the future, and would have a chilling effect upon the free-flow of information essential to pursue and resolve criminal prosecutions. In addition, release of this information would endanger individual informants, likely making them targets of harassment or other forms of reprisal. To avoid consequences of this nature, and promote cooperation, individual informants and the information which they provided were withheld or redacted in Documents 1 – 4, 6 – 8, 10 – 23, 28, 45 – 48, 51, 52, 54, 57, 61 – 63, 69 – 72, and 83.

### 7.    EXEMPTION 5 U.S.C. §552(b)(7)(E)

38.  Exemption (b)(7)(E) protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." This exemption applies to law enforcement techniques and procedures that are not commonly known to the public.  In particular the exemption protects the disclosure of this information if it is likely to contribute to the specific harm stated in the exemption – circumvention of the law.

39.  The USPIS applied this exemption to Documents 50, 53, 55, 61, 63, 67, 83 and 84 to avoid disclosure of law enforcement techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known.

### E. SEGREGABILITY

40. Each document was evaluated to determine if any information could be segregated and released.  The deletions and documents withheld in their entirety contained no meaningful portions that could be released without destroying the integrity of the document or without identifying a third party individual or a confidential informant.

41. Each step in the handling of Mr. Banks' request has been entirely consistent with the USPIS procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

## F. <u>CONCLUSION</u>

42. The information contained in this declaration constitutes a complete and accurate description of the document materials in the custody or possession of the United States Postal Service, which are responsive to plaintiff's request

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March _15_, 2007

Lawrence Katz
Chief Counsel/Inspector-in-Charge
Office of the Chief Inspector
US Postal Inspection Service

14

Frederick H. Banks
Dec# 120159
Allegheny County Jail
950 Second Ave
Pittsburgh, PA 15219 — 3/100

2005- FPIS-00020

Dezember 28, 2004

RECEIVED
JAN 0 5 2004
Course.
Office of the Chief Inspector

FOIA / PA Officer
U.S. Postal Inspection Service
Washington, DC 20260

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974,
I request the following records:

1. All records relating to me, mentioning me, or pertaining to me;

2. The results of a query using my name in each database accessible
   by the offices listed below;

3. All electronic files that contain my name;

4. All files relating to Vampire Nation, Hexagon LLC, Hexagon Records,
   Search Syndicate Inc., Abeakesh Armano, HLLC, HLC

5. All records relating to the judicial and policing powers of U.S. postal
   Inspectors in their investigative, arresting, searches + seizures, arrests,
   Title 39 etc.

These records are held by or in computer files maintained by:

1. Postal Inspector David Andarchak (Pittsburgh Division)

2. Postal Inspector Robert Schmidt (Pittsburgh Division)

3. Postal Inspector Bruce Hammerle (Pittsburgh Division)

4. Postal Inspector Randy Venazzi (Pittsburgh Division)

5. Chief Postal Inspector (Washington DC Division)

The searches should not be limited to criminal files and in addition to my name
contain the following querys to alleged names used by me;

1. Dave Wescot

2. Mark Howard

# EXHIBIT A

3. Keith Pyle

4. Danny Madigan

5. Rick Locke

6. Frederick Von Hamilton

7. Mike Hanna

8. Chris Marze

9. Frederick Hamilton Banks

I declare under the penalty for perjury that I am the person making this request, and that all identifying information listed below is true. [28 USC § 1746]

Respectfully Submitted,

Frederick B. Banks

Frederick Hamilton Banks

52 South 9th Street

Pittsburgh, PA 15203

SS# : ██████████

DOB : ██████

mailing address : Frederick Banks

DOC# 120759

Allegheny County Jail

950 Second Ave

Pittsburgh, PA 15219   3100

Certificate of Service

I hereby certify that a true and correct copy of the letter to the FOIA/PP officer for the U.S. postal Inspection Service was served on this ___3l___ day of December, 2004, by mail delivery upon the following:

FOIA/PA officer
U.s. postal Inspection Service
Washington, D.C. 20260

Lilit P. Ross



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

January 7, 2005

Mr. Frederick Banks
DOC# 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219-3100

RE:  FOIA # 2005-FPIS-00020

Dear Mr. Banks:

This will acknowledge receipt of your letter dated December 28, 2004, requesting access to certain records which may be in the custody of the U.S. Postal Inspection Service pertaining to you.

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis. We will be in contact with you as soon as possible concerning this matter.

Sincerely,

\s\

L. Freeman
Information Disclosure Technician

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4030
TELEPHONE: 703-292-4421

# EXHIBIT B



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

January 13, 2005

Mr. Frederick Banks
DOC# 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219-3100

RE:  FOIA # 2005-FPIS-00020

Dear Mr. Banks:

This is in further reference to your letter dated December 28, 2004, requesting, pursuant to the Freedom of Information Act, access to certain records which may be in the custody of the U.S. Postal Inspection Service regarding you.  We have interpreted your query to be in connection with Case No.  0583-1407269-ECMT(1).

The material you have requested is exempt from mandatory disclosure since it consists of investigatory records compiled for law enforcement purposes.  Therefore, the material in question is being withheld from disclosure pursuant to title 5, United States Code, section 552(b)(7)(A), where release of information at this time could reasonably be expected to interfere with enforcement proceedings.

You are advised that you should contact this office again in 30-60 days to determine whether the case has been closed.  However, once the case is closed, the record material in question may be exempt from disclosure, in whole or in part, based on other FOIA exemptions.  These exemptions include: section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(3), which concerns records specifically exempt from release by statute; section 552(b)(4), which exempts trade secrets and commercial or financial information obtained from a person which is privileged or confidential; section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(B), where disclosure would deprive a person of a right to a fair trial or an impartial adjudication; section 552(b)(7)(C), where disclosure could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-4041

# EXHIBIT C

2

confidential source and confidential information furnished by that source; section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions; and section 552(b)(7)(F), where disclosure could reasonably be expected to endanger the life or physical safety of any individual.

In addition to the above-referenced case, we have interpreted your query to also be in connection with Case No. 0472-1163144-FC(2). Upon receipt of this case, your request will be processed in accordance with the provisions of the Freedom of Information Act.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis. We will be in contact with you as soon as possible concerning this matter.

In the event you treat this letter as a denial of your request for records, you have a right to appeal this matter to the General Counsel of the U.S. Postal Service, Washington, DC 20260-1100. Information on the appeal procedure is enclosed.

Sincerely,

\s\

L. Freeman
Information Disclosure Technician

Enclosure

Frederic Banks

Doc# 126759

Alleghany County Jail

950 Second Avenue

Pittsburgh, PA 15219-3100

2005
F15-00058

FEB 1 2005

L. Freeman

Information Disclosure Technician

U.S. Postal Inspection Service

Office of Counsel

1735 N. Lynn Street, Room 4039

Arlington, VA 22209-4039

January 19, 2005

RE: FOIA # 2005-F15-00060

To L. Freeman,

Thank you for your response regarding my FOIA request. I will be filing my appeal forthwith and if denied a federal lawsuit. Another question I have pertains to the following information in Title 39: What authority, if any do U.S. Postal Inspectors have to A. make arrests

B. seize people or items other than mail

C. do searches of vehicles or dwellings such as a house that a resident would reside in / not a store front or business.

I have looked extensively through Title 39 and have found no such authority granting inspectors to do these things. please advise.

Thank you.

Respectfully submitted,

Frederick M. Banks

# EXHIBIT D



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

February 2, 2005

Mr. Frederick Banks
DOC# 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219-3100

RE:  FOIA # 2005-FIS-00058

Dear Mr. Banks:

This is in reference to your letter dated January 19, 2005, regarding several questions you would like answered regarding the authority of U.S. Postal Inspectors.

Please be advised that the Freedom of Information Act (FOIA) is a records and documents statute that permits access only to federal agency records.  You are advised your request is not considered a request for agency records.

Regarding your queries, the FOIA does not require an agency to answer questions in order to satisfy the requests of individuals.  Therefore, I respectfully decline to comply with this aspect of your request.

In the event you treat this letter as a denial of your request for records, you have a right to appeal this matter to the General Counsel of the U.S. Postal Service, Washington, DC 20260-1100.  Information on the appeal procedure has been previously provided to you.

Sincerely,


\s\


L. Freeman
Information Disclosure Technician


1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-4041

# EXHIBIT E



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 14, 2005

Mr. Frederick Banks
DOC# 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219-3100

RE:  FOIA # 2005-FPIS-00020

Dear Mr. Banks:

This is in further reference to your letter dated December 28, 2004, requesting, pursuant to the Freedom of Information Act, access to certain records which may be in the custody of the U.S. Postal Inspection Service regarding you.

We regret the delay in responding to your communication which was due to the time involved in processing an unusually large volume of informational requests.

Enclosed are 99 pages of record material which can be released to you.  Certain deletions have been made to this material pursuant to title 5, United States Code, section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; and section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions.

In addition to these enclosures, there are 187 pages which are exempt from disclosure in their entirety in accordance with section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(3), which concerns records specifically exempt from release by statute (Federal Rules of Criminal Procedure, Rule 6(e), 18 U.S.C. Appendix); section 552(b)(5); section 552(b)(6); section 552(b)(7)(C); section 552(b)(7)(D); and section 552(b)(7)(E).

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-4041

# EXHIBIT F

Aside from the above referenced material, there are two pages of record material which originated with the Office of the United States Attorney. Accordingly, I have referred this specific material to this agency for its review and direct response to you.

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is also enclosed.

Sincerely,

A. Freeman

L. Freeman
Information Disclosure Technician

Enclosures

 UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 14, 2005

Ms. Marie A. O'Rourke, Assistant Director
FOIA/PA Unit
Executive Office for United States Attorneys
Department of Justice
600 E Street NW
Room 7300
Washington, DC  20530-0001

RE:  FOIA # 2005-FPIS-00020

Dear Ms. O'Rourke:

Mr. Frederick Banks has requested the release of the enclosed material which originated with your agency.

I have advised Mr. Banks in the enclosed letter that I am referring this material to your agency for necessary attention pursuant to the provisions of the Freedom of Information Act.  Please send your reply directly to Mr. Frederick Banks, DOC# 120759, Allegheny County Jail, 950 Second Avenue, Pittsburgh, PA 15219-3100.

If you have any questions regarding this matter, please contact me at (703) 292-3910 and reference FOIA # 2005-FPIS-00020.

Sincerely,

L. Freeman
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4030
TELEPHONE: 703-292-4421

# EXHIBIT G

Frederick A. Banks
#12-059A
456 Second Avenue
Pittsburgh, PA 15219

United States Postal Inspection Service
Office of Counsel ATTN: Theft or Mail violations Officer
1735 N. Lynn Street, Room 4034
Arlington, VA 22209-4034

RECEIVED
APR 2 7 2005
Office of the Counsel
Postal Inspection

April 24, 2005

In re: theft of the mail, Commercial Mailing Agent

To the Office of Counsel;

I'm writing concerning a very grave and disturbing matter. I have recently learned that Mary Radcliff who is in the mailroom where I am presently incarcerated at Allegheny County Jail has reprimanded or plainly to Confiscate and destroy inmate mail in retaliation for whistleblower activity. Recently, there has been an ongoing continual of staff discord at the Jail due to the overcrowded and involuntary conditions, the incidents proceed material needs. A fellow inmate was using the mails to report the overcrowded and involuntary conditions to the Press media, as a result his mail came up missing. I also on several occasions have had mail disappear. After an investigation I determined that my mail had been taken off the inmate account to send the mailer. However, once it was determined that the mail contained legal documents, against the Jail, Mary Radcliff, put the money back into the inmate account and the mail was not sent and the mail was never returned.

On top of all other careless complaints lost to the mail room, Deputy warden, inspector and County Concept Boards (here is what I was concerned) the mailroom under the direction of Mary Radcliff is still engaging in the mail. This violates the law I could approach it your office could conduct a detailed investigation into these matters. Seek to U.S. Post Office maintains unbroken investigation under 18 U.S.C.

Respectfully submitted,



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 28, 2005

Inspector in Charge
U.S. Postal Inspection Service
Pittsburgh Division
1001 California Avenue, Room 2101
Pittsburgh, PA  15290-9000

RE:  FOIA # 2005-FIS-00118

Dear Inspector in Charge:

The enclosed complaint from Mr. Frederick Banks regarding mail theft and tampering is being forwarded to your office for attention.

I have advised Mr. Banks in the enclosed letter that I am referring his complaint to your office for direct response.  Please send your reply directly to Mr. Frederick H. Banks, #120759, 950 Second Avenue, Pittsburgh, PA 15219 and provide this office with a copy of your response.

Sincerely,

L. Freeman
Information Disclosure Technician

Enclosure

# EXHIBIT I



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 28, 2005

Mr. Frederick H. Banks
# 120759
950 Second Avenue
Pittsburgh, PA  15219-3100

RE:  FOIA # 2005-FIS-00118

Dear Mr. Banks:

This is in reference to your April 24, 2005, letter to the Office of Counsel pertaining to mail theft and tampering occurring at the Allegheny County Jail.

The mail problems which you described in your letter do not fall under the purview of the Office of Counsel.  However, in an attempt to bring resolution to your problem, I have forwarded your complaint to the Pittsburgh Division, 1001 California Avenue, Room 2101, Pittsburgh, PA 15290, for attention and direct response to you.

Sincerely,

L. Freeman
Information Disclosure Technician

# EXHIBIT J

Frederick Banks
#120759, Allegheny County Jail, 9st Sacind Avenue,
Pittsburgh, PA 15219
Ped 3d   cell 217

FOIA #2005-FIS-00127

Lt. Mary Reiben, Mailroom Supervisor
Allegheny County Jail Mail Room
950 Second Avenue
Pittsburgh, PA 15219

RECEIVED

MAY 13 2005

Counsel
Office of the Chief Inspector

May 10, 2005

In Re: Missing Mail, Newspapers, Legal mail

I am yet again contacting you concerning missing newspapers. I contacted the post Gazette who reported that thurs, Fri, Sat, Sun and Mon were sent to the Jail yet I didn't receive any of them. I have reported previous incidents that your office is well aware of to the United States postal Inspection Service and an investigation is underway. I will also be reporting this and future violations of the mail fraud statutes. The USI official told me these incidents could fall under "theft of mail" which is a federal offense punishable up to 20 yrs in prison and a maximum fine of $2,250,000.00. I would appreciate it if you would deliver my mail.

Respectfully Submitted

Frederick Banks

cc. United States Postal Inspection Service
Office of Counsel
1735 N. Lynn Street, Room 4039
Arlington, VA. 22209-4039

# EXHIBIT K

Name: Frederick Banks
Number: BJ 130754
ALLEGHENY COUNTY JAIL
950 2ND AVENUE
PITTSBURGH  PA  15219-3100

ADDRESS MUST BE PRINTED BELOW THIS MESSAGE

United States postal Inspection Service
Office of Counsel
1735 N. Lynn Street, Room 4028
Arlington, VA. 22209-4039

DIVERNS 22209

PRESORTED
FIRST CLASS

RECEIVED

MAY 1 2 2005

Office at Counsel
Office of the Chief Inspector

UNITED STATES POSTAGE
$ 00.27⁸
02 1A
0004340028    MAY11 2005
MAILED FROM ZIP CODE 15219



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

May 17, 2005

Inspector in Charge
Pittsburgh Division
1001 California Avenue, Room 2101
Pittsburgh, PA  15290-9000

RE: FOIA No. 2005-FIS-00127, Mr. Frederick Banks

The attached complaint is being referred to you for appropriate attention since these
requests do not come under the purview of the Freedom of Information/Privacy Acts
unit.  If you have any questions, you may contact me at 703-292-3997.

M. R. Baxter
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4030
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-4041
FAX:  703-292-4083

# EXHIBIT L

Fred Banks
#120759
950 Second Avenue
Pittsburgh, PA 15219-3100

RECEIVED

JUL 2 5 2005

Office of the Chief Inspector

FOIA/PA officer
United States Postal Inspection Service
Office of Counsel
1735 N. Lynn Street, Room 4039
Arlington, VA 22209-4039

July 11, 2005

RE: FOIA/PA Request

Pursuant to the Freedom of Information Act and Privacy Act I request every record that you have in every database as follows;

1. VCD STREET , CDSTREET.com - 6305 N. O'Connor, Suite 122, Irving, TX 75039

2. Intelli-Soft, Matt Andersen, Claudio Lopez - 1492 El Paso Drive, Norco CA 92860
   Intelli-Soft@sbcglobal.net
   Global Business System - need reference    (909) 545-2856
   GHS Systems

3. Microsharp) ebay@meetyourprice.com ; meetyourprice.com

4. ADW International INC - 1408 Raddocks Way, Powder Springs, GA 30127-5500
   Dan Walsh

5. Rob Morgan  P.O. Box 23118, Overland Park KS 66283
   rmorgan4@kc.rr.com
   bsmt-emaccine@kc.rr.com

All responses should be returned to my address above. Failure to respond or to perform an adequate search may result in legal action. I certify under the penalty for perjury that all identifying information listed herein is true and correct to the best of my knowledge. 28 USC 1746.
Very Truly yours,

Fred Banks

6. All "Main" files listing the above referenced queries. 7. All "reference" files listing the above referenced queries 1-5. 8. All files referencing the queries in 1-5 within the "I Drives" of any agent listed in the main or reference files. In addition I am requesting the results of the above referenced queries when placed in each and every database maintained or accessible by the USPIS except the finger print identification record system of the national crime information center system to the extent the queries require any fingerprints. If the query results in a no

**EXHIBIT M**

matches found or similar responses, I am requesting a printout of the response. and again all communications are to be made to the address listed on top of this letter. Sending communications to alternative addresses constitutes an improper withholding of agency records.



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

August 5, 2005

Mr. Frederick Banks
#120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

RE: FOIA No. 2005-FIS-00180

Dear Mr. Banks:

This is in further reference to your letter dated July 11, 2005, requesting, pursuant to the Freedom of Information Act, access to certain records in the custody of the U.S. Postal Inspection Service.

By letter on January 13, 2005, you were advised that the records you requested relate to an open investigation. Subsequent to the receipt of your latest letter, an updated inquiry concerning the status of the investigation has been made. I have been advised by the office of the Inspector in Charge, Pittsburgh Division, that the case remains in an open status. Accordingly, all records associated with the investigation in question remain exempt from disclosure at this time pursuant to FOIA Exemption 552(b)(7)(A).

You may renew your request for records in 60-90 days to determine if the case has been closed. When the investigation is completed, we will give prompt consideration to a renewal of your request at that time.

Concerning the names of individuals listed in your letter, you are advised that the Privacy Act of 1974 requires that an agency obtain the written consent of the person(s) to whom a record pertains prior to disclosure of that record to a third party (5 U.S.C. 552a(b)). In the absence of such an authorization, the requested information and records contained in our files would be exempt from disclosure in accordance with the Freedom of Information Act, title 5, United States Code, section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-4041
FAX: 703-292-4083

# EXHIBIT N

disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

In item 6 of your letter, concerning your queries, you are advised that the Freedom of Information Act does not require an agency to answer questions in order to satisfy the requests of individuals. Therefore, I respectfully decline to comply with this aspect of your request.

Pursuant to title 39, Code of Federal Regulations, part 265.7, a request under the Freedom of Information Act "shall identify the record sought as completely as possible, by name, description, or subject matter, and be sufficient to permit the custodian to locate it with a reasonable amount of effort." Your inquiry is deemed to be general in nature, and this type of requested information is not contained in a system of records that can be readily retrieved. If you can be more specific regarding your request and identify the precise cases or files in which the subject of inquiry is referenced, we will give further consideration to this matter.

Furthermore, the Freedom of Information Act does not require Federal agencies to create records by answering questions, conducting research, compiling statistics or providing explanations in order to respond to requests of individuals.

In the event you treat this letter as a denial of your request for records, you have a right to appeal this matter to the General Counsel of the U.S. Postal Service, Washington, D.C. 20260-1100.

In the event you treat this letter as a denial of your request for records, you have a right to appeal this matter to the General Counsel of the U.S. Postal Service, Washington, DC 20260-1100. Information on the appeal procedure is enclosed.

Sincerely,

T. A. Warner
Information Disclosure Technician

Enclosure

Frederick Banks
#120759
95c Second Avenue
Pittsburgh, PA 15214

2006-FPIS-00167

[stamp: MAR 2 4 2006
Office of the Chief Inspector]

L. Freeman
United States Postal Inspection Service
Office of Counsel
1735 N. Lynn Street, Room 4039
Arlington, VA 22209-4039

March 14, 2006

RE: FOIA #2005-FPIS-00020

To L. Freeman;

    I am renewing my request for records under the Freedom of Information Act and Privacy Act. Previously you cited that there were records relating to an open investigation that could not be disclosed. I am renewing my request because I have learned that the investigation has been closed and I again request every record not previously disclosed about me, pertaining to me or that mentions my name. All responses must be made to the address listed at the top of this letter. Failing to make responses to the above address constitutes an improper withholding of agency records. Thank you for your time and attention to this matter.

Respectfully Submitted,

Frederick Banks

**EXHIBIT O**





UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

March 24, 2006


Mr. Frederick Banks
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219-3100

RE: FOIA No. 2006-FPIS-00167

Dear Mr. Banks:

This is in further reference to your letter dated March 19, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding you.

In accordance with 39 CFR Section 266.6(a) personal data sufficient to identify the individuals submitting requests under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required.  The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Postal Inspection Service systems of records are not wrongfully disclosed by the Service.  Failure to furnish this information will result in no action being taken on your request.  False information on this form may subject the requester to criminal penalties under 18 U.S.C., Section 1001 and/or 5 U.S.C., Section 552a(i)(3).

Please provide your <u>original</u> notarized signature, by mail, using the enclosed form. You may submit a declaration in lieu of a notarized signature.

Upon receipt of the requested information, we will provide further attention to your request for records.


Sincerely,

M. R. Baxter

M. R. Baxter
Information Disclosure Technician


1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-4041
FAX:  703-292-4083


# EXHIBIT P



## NOTARIZED SIGNATURE

Your signature:_____
(To be signed in the presence of a Notary)

Subscribed and sworn to before me, this _____ day of _____, of the

year _____.

Signature of Notary:_____

Expiration Date of Commission:_____

Notary Seal or Stamp

_____

## DECLARATION

Full Name of Requester:_____
(first, middle, last name)

Date of Birth:_____    Place of Birth:_____

Social Security No: _____    Citizenship Status:_____

Current address:_____

This declaration is submitted in lieu of my notarized signature pursuant to title 28, United States Code (U.S.C.), Section 1746.

I declare under penalty of perjury that the foregoing is true and correct, and that I am the person named above. I understand that any falsification of this statement is punishable under the provisions of title 18, U.S.C., Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that knowingly and willfully requesting or obtaining any record(s) concerning an individual under false pretense is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature:_____    Date:_____



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 4, 2006


Mr. Frederick Banks
#120759
Allegheny County jail
950 Second Avenue
Pittsburgh, PA 15219-3100

RE: FOIA No. 2006-FPIS-00167

Dear Mr. Banks:

This is in further reference to your letter dated March 19, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding you.

In accordance with 39 CFR Section 266.6(a) personal data sufficient to identify the individuals submitting requests under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Postal Inspection Service systems of records are not wrongfully disclosed by the Service. Failure to furnish this information will result in no action being taken on your request. False information on this form may subject the requester to criminal penalties under 18 U.S.C., Section 1001 and/or 5 U.S.C., Section 552a(i)(3).

Please provide your <u>original</u> notarized signature, by mail, using the enclosed form. You may submit a declaration in lieu of a notarized signature.

Upon receipt of the requested information, we will provide further attention to your request for records.


Sincerely,

/s/

M. R. Baxter
Information Disclosure Technician


1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-3955
FAX: 703-292-4083


# EXHIBIT Q



NOTARIZED SIGNATURE

Your signature:_____
            (To be signed in the presence of a Notary)

Subscribed and sworn to before me, this _____ day of _____, of the

year _____.

Signature of Notary:_____

Expiration Date of Commission:_____

Notary Seal or Stamp

_____

## DECLARATION

Full Name of Requester:_____
                  (first, middle, last name)

Date of Birth:_____    Place of Birth:_____

Social Security No: _____    Citizenship Status:_____

Current address:_____

This declaration is submitted in lieu of my notarized signature pursuant to title 28, United States Code (U.S.C.), Section 1746.

I declare under penalty of perjury that the foregoing is true and correct, and that I am the person named above. I understand that any falsification of this statement is punishable under the provisions of title 18, U.S.C., Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that knowingly and willfully requesting or obtaining any record(s) concerning an individual under false pretense is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature:_____    Date:_____

**INDEX OF REDACTED/WITHHELD DOCUMENTS WITH FOIA EXEMPTIONS**

| Item | Document | Description of Pages/ Lines Redacted | FOIA Exemption | Explanation of Decision to Redact/Withhold |
|---|---|---|---|---|
| 1 | Handwritten notes re investigation activity | Entire page | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 2 | Handwritten notes re investigation activity | Entire page | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |

| 3 | | | |
|---|---|---|---|
| Handwritten notes investigation activity. | Entire page | 5 U.S.C. 552 (b)(2), (7)(C) and (D) | **Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high" (b)(2) or the "low" (b)(2). "High" (b)(2) was applied to these documents to protect personally identifying information.<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal |

**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.

| | | | |
|---|---|---|---|
| 4 | Memo to file concerning investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(D) | investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 5 | Draft pleading | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 6 | Interview notes | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 7 | Interview notes | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such |

| 8 | Memo to file re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information complied for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(7)(C)** protects the release of records or information complied for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information complied for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 9 | Ltr re investigation | Entire document | 5 U.S.C. 552 | **Exemption (b)(5)** protects disclosure of privileged |

| # | | | | |
|---|---|---|---|---|
| 10 | activity<br><br>Memo to file re investigation activity | Entire document | (b)(5)<br><br>5 U.S.C. 552 (b)(7)(C) and (D) | documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS.<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 11 | Memo to file investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was |

| 12 | Handwritten note re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 13 | Handwritten note re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was |

| | | |
|---|---|---|
| 14 | Memorandum of interview | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 15 | Memorandum of interview | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was |

| 16 | Memo to file re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 17 | Interview notes | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was |

8

| # | Document | | Exemption |
|---|---|---|---|
| 18 | Memo to file re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(D) |
| 19 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) |
| 20 | Interview notes | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) |

**Row 18 explanation:**

particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.

**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.

**Row 19 explanation:**

**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.

**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.

**Row 20 explanation:**

**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS

| | | | |
|---|---|---|---|
| 21 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 22 | External agency report | Entire document | 5 U.S.C. 552 (b)(7)(D) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the |

| 23 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(7)(C)** protects the release or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 24 | Investigation data | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS |

| # | Description | Scope | Statute | Exemption |
|---|---|---|---|---|
| 25 | Internal form | Entire document | 5 U.S.C. 552 (b)(2) | withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2)or the "low" (b)(2). "High" (b)(2) was applied to these documents to protect personally identifying information. |
| 26 | Ltr addressed to outside party | Entire document | 5 U.S.C. 552 (b)(5), (6) and (7)(C) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld or redacted this information because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 27 | Third party | Entire document | 5 U.S.C. 552 | **Exemption (b)(6)** protects the release of records or |

| | communication | | (b)(6) and (7)(C) | Information that are personnel and medical files and similar files – Information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s). |
| --- | --- | --- | --- | --- |
| 28 | Third party communication | Entire document | 5 U.S.C. 552 (b)(7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 29 | Memo to file re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(D) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 30 | Memo to file re investigation activity | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 31 | Memo to file re investigation activity | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| | Memo to file re | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged |

| | | | | |
|---|---|---|---|---|
| 32 | Memo to file re investigation activity | Entire document | (b)(5) | documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 33 | Memo to file re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 34 | Ltr re investigation activity | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 35 | Ltr re investigation activity | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 36 | Pleading | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 37 | Internally retrieved data | Entire document | 5 U.S.C. 552 (b)(2) | **Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2)or the "low" (b)(2). "High" (b)(2) was applied to these documents to protect |

14

| | | | personally identifying information. |
|---|---|---|---|
| 38 | Internally retrieved data | Entire document | 5 U.S.C. 552 (b)(2) | **Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2)or the "low" (b)(2). "High" (b)(2) was applied to these documents to protect personally identifying information. |
| 39 | Internally retrieved data | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s). **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 40 | Internal report | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s). |

| | | | |
|---|---|---|---|
| 41 | Interview notes | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s). |
| 42 | Internal report | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s). |

16

| 43 | Internal report | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s). |
|----|----|----|----|----|
| 44 | Internal report | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or |

17

| 45 | Interview notes | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 46 | Memo to file | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |

| 47 | Interview notes | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
|----|----|----|----|----|
| 48 | Interview memo | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |

| | | | |
|---|---|---|---|
| 50 | 49 | | |
| Handwritten notes re investigation activity | Warrant affidavit | | |
| Entire document | Entire document | | |
| 5 U.S.C. 552 (b)(2) and (7)(E) | 5 U.S.C. 552 (b)(3) | 5 U.S.C. 552 (b)(3) | |
| **Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The exemption was applied to this document to avoid disclosure of law enforcement | **Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2)or the "low" (b)(2). "High" (b)(2) was applied to these documents to protect personally identifying information. | **Exemption (b)(3)** prohibits disclosure of information specifically exempted from release by the language of another statute. The USPIS applied the exemption to this document because release of this information would reveal to the requester where the Government sought to find evidence to develop its case, how the Government developed its case, and who the Government relied upon to develop the elements of the alleged crime(s). | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |

| | | | techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known. |
|---|---|---|---|
| 51 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 52 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was |

21

| 53 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) and (E) | particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld or redacted this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The exemption was applied to this document to avoid disclosure of law enforcement techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known. |
| 54 | Handwritten notes | Entire document | 5 U.S.C. 552 | **Exemption (b)(7)(C)** protects the release of records or |

22

| | | | | |
|---|---|---|---|---|
| | re investigation activity | | (b)(7)(C) and (D) | information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 55 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(E) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.  **Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The exemption was applied to this document to avoid disclosure of law enforcement techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known. |
| 56 | Third party communication | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 57 | Memo to file re investigation | Entire document | 5 U.S.C. 552 (b)(7)(C) and (D) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such |

| | activity | | | release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
|---|---|---|---|---|
| 58 | Ltr re investigation activity | Entire document | 5 U.S.C. 552 (b)(7) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 59 | Ltr re investigation activity | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 60 | Internal report | Entire document | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such |

| 61 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(7)(C), (D) and (E) | release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.

**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.

**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.

**Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The exemption was applied to this document to avoid disclosure of law enforcement techniques that are not commonly known to the public and |
|---|---|---|---|---|

| | | | | the potential circumvention of the law if such techniques and procedures became known. |
|---|---|---|---|---|
| 62 | External agency report | Entire document | 5 U.S.C. 552 (b)(7)(D) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 63 | External agency report | Entire document | 5 U.S.C. 552 (b)(7)(D) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 64 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(2), (6) and (7)(E) | **Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2)or the "low" (b)(2). "High" (b)(2) was applied to these documents to protect personally identifying information.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s). |

| | | | | |
|---|---|---|---|---|
| 65 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(2) and (7)(E) | **Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  The exemption was applied to this document to avoid disclosure of law enforcement techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known.<br><br>**Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency."  This exemption covers two distinct categories of records designated as "high"(b)(2)or the "low" (b)(2).  "High" (b)(2) was applied to these documents to protect personally identifying information. |
| 66 | Handwritten notes re investigation | Entire document | 5 U.S.C. 552 (b)(2) and (7)(E) | **Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  The exemption was applied to this document to avoid disclosure of law enforcement techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known.<br><br>**Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents "related |

27

| 67 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(2) and (7)(E) | **Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The exemption was applied to this document to avoid disclosure of law enforcement |
| --- | --- | --- | --- | --- |
| | activity | | | **Exemption (b)(2)** of the FOIA protects from mandatory disclosure of documents or portions of documents "related solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2) or the "low" (b)(2). "High" (b)(2) was applied to these documents to protect personally identifying information.

**Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The exemption was applied to this document to avoid disclosure of law enforcement techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known.

solely to the internal personnel rules and practices of an agency." This exemption covers two distinct categories of records designated as "high"(b)(2) or the "low" (b)(2). "High" (b)(2) was applied to these documents to protect personally identifying information. |

| 68 | 69 | 70 | |
|---|---|---|---|
| Handwritten notes re investigation activity | External agency report | Handwritten notes re investigation activity | |
| Entire document | Entire document | Entire document | |
| 5 U.S.C. 552 (b)(6) and (7)(C) | 5 U.S.C. 552 (b)(7)(D) | 5 U.S.C. 552 (b)(6), (7)(C) and (D) | |

techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known.

**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally identifying information related to a particular individual(s).

**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.

**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.

**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS withheld this document because it contains personally

| | | | identifying information related to a particular individual(s). |
|---|---|---|---|
| | | | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 71 | External report | Entire document | 5 U.S.C. 552 (b)(7)(D) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| | | | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided. |
| 72 | Internal draft | Entire document | 5 U.S.C. 552 (b)(7)(D) | **Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal |

investigation by withholding their identity and the information provided.

| # | Description | Redaction | Exemption | Explanation |
|---|---|---|---|---|
| 73 | Fax transmission cover | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 74 | Handwritten notes re investigation activity | Entire document | 5 U.S.C. 552 (b)(5) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS. |
| 75 | Internally retrieved data | Redacted information | 5 U.S.C. 552 (b)(7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 76 | Internal report | Redacted information | 5 U.S.C. 552 (b)(7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 77 | Internal form | Redacted information | 5 U.S.C. 552 (b)(7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an |

| 78 | E-mail message | Redacted information | 5 U.S.C. 552 (b)(6) | **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS redacted this document because it contains personally identifying information related to a particular individual(s). |
|---|---|---|---|---|
| 79 | Email message | Redacted information | 5 U.S.C. 552 (b)(5) and (6) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS redacted this document because it contains personally identifying information related to a particular individual(s). |
| 80 | Internal report | Redacted information | 5 U.S.C. 552 (b)(6) and (7)(C) | **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS redacted this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities |

| | | | |
|---|---|---|---|
| 81 | Internal report | Redacted information | 5 U.S.C. 552 (b)(7)(C) | of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 82 | Internal report | Redacted information | 5 U.S.C. 552 (b)(7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 83 | Investigative memo | Redacted information | 5 U.S.C. 552 (b)(5), (6), (7)(C), (D) and (E) | **Exemption (b)(5)** protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. This document relates to the deliberative process of the USPIS.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS redacted this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or |

| 84 | Internal report | Redacted information | 5 U.S.C. 552 (b)(7)(C) | information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
|---|---|---|---|---|

**Exemption (b)(7)(D)** exempts from mandatory release information compiled for law enforcement purposes if its release could reasonably be expected to disclose the identity of a confidential source. This exemption was particularly applied to protect individuals who provided information as confidential sources during a criminal investigation by withholding their identity and the information provided.

**Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The exemption was applied to this document to avoid disclosure of law enforcement techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known.

**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals,

34

| # | | | |
|---|---|---|---|
| | | | the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 85 | Handwritten notes | Redacted information | 5 U.S.C. 552 (b)(6), (7)(C) and (E) | **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS redacted this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(7)(E)** protects all law enforcement information the disclosure of which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." The exemption was applied to this document to avoid disclosure of law enforcement techniques that are not commonly known to the public and the potential circumvention of the law if such techniques and procedures became known. |
| 86 | Handwritten notes | Redacted information | 5 U.S.C. 552 (b)(7)(C) | **Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an |

| | | | | |
|---|---|---|---|---|
| 87 | Pleading | Redacted information | 5 U.S.C. 552 (b)(6) and (7)(C) | unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.<br><br>**Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS redacted this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy. |
| 88 | Internal report | Redacted information | 5 U.S.C. 552 (b)(6) and (7)C | **Exemption (b)(6)** protects the release of records or information that are personnel and medical files and similar files – information which applies to a particular identifiable individual such that disclosure would constitute a clearly unwarranted invasion of personal privacy. The USPIS redacted this document because it contains personally identifying information related to a particular individual(s).<br><br>**Exemption (b)(7)(C)** protects the release of records or information compiled for law enforcement purposes if such release could reasonably be expected to constitute an |

unwarranted invasion of personal privacy. The USPIS withheld or redacted this information to protect the identities of and personal information about third party individuals, the release of which could subject such persons to an unwarranted invasion of their personal privacy.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
Frederick H. Banks, et al.                    )
                                              )
              Plaintiffs,                     )
                                              )
       v.                                     )   Civil Action No.
                                              )        06-1950
Department of State, et al.                   )
                                              )
                                              )
              Defendants.                     )
                                              )

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

    1.    I am the U.S. Department of State's Information and
Privacy Coordinator and the Director of the Department's Office
of Information Programs and Services (IPS).  In these
capacities, I am the Department official immediately
responsible for responding to requests for records under the
Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy
Act, 5 U.S.C. § 552a, and other applicable records access
provisions.  I have been in the employ of the Department of
State since 1974, and have served with the Department's
Information Access Program for most of my tenure with the
Department.  I am authorized to classify and declassify

2

national security information pursuant to Executive Order
(E.O.) 12958, as amended, and Department of State regulations
set forth in 22 CFR §§ 9.7, 9.14.  I make the following
statements based upon my personal knowledge, which in turn is
based on a personal review of the records in the case file
established for the processing of the subject request, and upon
information furnished to me in the course of my official
duties.  I have read the complaint filed by the plaintiffs in
the above-captioned matter, and I am familiar with the efforts
of Department personnel to locate any and all requests that
plaintiffs claim to have submitted.

    2.    IPS is responsible for the receipt,
acknowledgment, and processing of external requests for
Department records.  External requests include those that
have been made by the general public (under the FOIA, the
Privacy Act, or the Mandatory Declassification Review
requirements of E.O. 12958), members of Congress, other
government agencies, and those that have been made pursuant
to judicial processes, such as subpoenas, court orders, and
discovery requests.  IPS also provides retrieval services
for computerized and paper records that are maintained in
the Central Foreign Policy File, the Department's principal
records system, reviews for disclosure Department records

*Frederick H. Banks, et al. v. Department of State, et al.*
*Grafeld Declaration*

3

dealing with the general foreign policy of the United States, and, in general, coordinates all search and review action in response to external requests for Department records.

3.  Through the exercise of my official duties, I have become familiar with the background of this case and have read a copy of the complaint filed by plaintiffs.

4.  As explained in the Department's regulations (22 CFR §171) and on the Department's website, FOIA or Privacy Act requests for Department of State records must be addressed to IPS.

5.  IPS maintains an automated case tracking system which assigns case control numbers to, and tracks the status of, all FOIA and Privacy Act requests received by IPS.  IPS logs all incoming FOIA and Privacy Act requests into this automated case tracking system, and inputs information about each request into the system (including, but not limited to, the requester's name and/or organization and, in the case of FOIA requests, the request's topic).  All requesters are then notified of the case control numbers assigned to their requests.  It is our custom to refer to the case control numbers in all correspondence with requesters.  The automated case tracking system is text searchable on a field-by-field basis.

*Frederick H. Banks, et al. v. Department of State, et al.*
*Grafeld Declaration*

4

6.    Plaintiffs allege that they filed a FOIA and/or
Privacy Act request with the Department of State "during
2004, 2005, and 2006" for records that pertain to plaintiff
Banks and Vampire Nation.  After receiving notice of this
lawsuit, IPS searched appropriate fields in the automated
case tracking system described above for requests from or
about Frederick Banks and Vampire Nation for the time
period January 1, 2004 to the date of plaintiffs' filing,
November 15, 2006.  In addition, we conducted another
search up to January 11, 2007.  Using this method, I can
state that there is no record of any FOIA or Privacy Act
request being received in IPS from or about either Vampire
Nation or Frederick Banks from the relevant time period.
Based on the manner of storing and retrieving this
information in the ordinary course of business within IPS,
I can attest that had such a request been received by IPS
from a requester identifying itself as Vampire Nation or
Frederick Banks that request would have been located
through the search conducted.  Further, had the Department
received any FOIA or Privacy Act request from plaintiffs,
the request would have been assigned a case control number,
and plaintiffs would have been notified of that case
control number.  The Department found no record of

*Frederick H. Banks, et al. v. Department of State, et al.*
*Grafeld Declaration*

5

having received any FOIA or Privacy Act request from plaintiffs, and plaintiffs did not refer in their complaint to any case control number assigned by the Department. Thus, the only logical conclusion to draw is that no FOIA or Privacy Act request was ever received by IPS from plaintiffs.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

        Executed this _19th_ day of January, 2007

        _Margaret P. Grafeld_
        Margaret P. Grafeld

*Frederick H. Banks, et al. v. Department of State, et al.*
*Grafeld Declaration*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK BANKS, ET AL.          )
                                 )
        Plaintiffs,              )
                                 )
    v.                           ) Civil Action No. 06-1950 EGS
                                 )
UNITED STATES DEPARTMENT         )
  OF JUSTICE, et al.,            )
                                 )
        Defendants.              )
_____)

## DECLARATION OF GREGORY SMITH

1.    I am, Gregory Smith, an employee in the Financial Crimes
Enforcement Network ("FinCEN"), a bureau of the United States
Department of the Treasury.  I have served as the bureau's
Freedom of Information Act ("FOIA") and Privacy Act Officer
(a.k.a., "Disclosure Officer") since 24 August 2003.  My duties
in that regard require me to process initial requests for FinCEN
records made pursuant to the FOIA and Privacy Act.

2.    The statements made herein are based upon my review of
the official files and records of FinCEN, my own personal
knowledge, and on the basis of knowledge acquired by me through
the performance of my official duties.

3.    Due to the nature of my official duties, I am familiar
with the procedures followed by this office in responding to any
FOIA/Privacy Act request, and maintaining records of such
requests.

4.    FinCEN maintains an electronic index of each FOIA or
Privacy Act request that is received in its FOIA office.  That

electronic index is maintained on my computer and can be searched by a computer inquiry using the requestor's name. As FinCEN's Disclosure Officer, I have a duty to properly and correctly maintain the information in that index.

5. FinCEN also maintains a paper copy of each FOIA or Privacy Act request that is received in its FOIA office. Those paper copies are maintained in my office and in FinCEN file rooms to which I have access, and can be searched chronologically by the requestor's assigned FOIA tracking number. That collection of papers is maintained by employees of the agency who have a duty properly and correctly to maintain that information.

6. I have personally searched the electronic index using the computer inquiry software and the collection of papers by searching alphabetically through the papers for the requestors' names. Using these methods, I can state that there is no record of any FOIA or Privacy Act request being received by FinCEN from either Frederick Banks or Vampire Nation. Based on the manner of storing and retrieving this information in the ordinary course of business within FinCEN, I can attest that had such a request been received by FinCEN from a requestor identifying itself as Frederick Banks or Vampire Nation, that request would have been located through my search. Thus, the only logical conclusion to draw is that no FOIA or Privacy Act request was ever received by FinCEN from Frederick Banks or

Vampire Nation.

    I declare under penalty of perjury that the foregoing is true to the best of my information and belief.

Executed this 8th day of January 2007.

Gregory Smith
Disclosure Officer
Financial Crimes Enforcement Network

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

Vampire Nation
    Plaintiff,

Frederick Banks                    Civil No. 1:06-CV-01950-EGS
    Plaintiff,

        v.

Bureau of Prisons,
    Defendant,

DECLARATION OF KATHLEEN QUIGLEY

I, Kathleen Quigley, under penalty of perjury do hereby declare,
certify and state :

1.  I am the Paralegal Specialist Trainee for the Federal
Bureau of Prisons (hereinafter BOP), Northeast Regional Office,
Philadelphia, Pennsylvania.  As part of my official duties, I am
responsible for responding to Freedom of Information Act requests
made to the BOP for records maintained in the Northeast Region.
I have access to and am responsible for maintaining the Freedom
of Information Act and Privacy Act (hereinafter FOIA/PA) files
for requests processed in this office.

2.  I have reviewed the instant complaint and understand the
Plaintiffs, Frederick Banks, Register Number 05711-068, who is
currently incarcerated at the Federal Correctional Institution,

Yazoo City, Mississippi, and Vampire Nation, allege the BOP has failed to provide the requested records.

3.  Official records maintained in this office reflect Plaintiff Frederick Banks made three requests under the FOIA/PA, for copies of records.  Plaintiff Vampire Nation did not file any FOIA/PA requests to the Bureau of Prisons.

4.  The first request from the Plaintiff, Frederick Banks, was received by the BOP Central Office, FOIA/PA Section, on or about October 4, 2005.  This request was forwarded to the BOP's Northeast Regional Office on or about November 10, 2005.  The request was assigned Request Number 2006-00951.  A copy of the request is attached as Exhibit 1.

5.  A review of the request reveals the Plaintiff requested all records maintained by the BOP regarding Plaintiff.  By letter dated November 22, 2005, a Certification of Identity was forwarded to Plaintiff to complete and return to this office prior to the processing of the FOI/PA request.  A true and correct copy of this letter is attached hereto as Exhibit 2.

6.  Plaintiff completed and returned the Certification of Identity and a request for responsive documents was forwarded to the Plaintiff's designated federal facility, the United States Penitentiary (USP), Canaan, Waymart, Pennsylvania.

7. The Bureau of Prisons conducted a systematic search by having USP Canaan staff forward a complete copy of Plaintiff's entire central and medical files. Accordingly, these records were received, reviewed and processed in accordance with the provisions of the Freedom of Information Act. I aver that all files likely to contain records responsive to the Plaintiff's request were searched.

8. By letter dated December 12, 2005, Plaintiff was notified that records had been located and processed. Plaintiff was informed that he would receive one hundred three pages in their entirety and four pages were being withheld in their entirety. Plaintiff was advised that four pages were being withheld in their entirety pursuant to 5 U.S.C. §552 (b)(5), (b)(6), (b)(7)(C), and (b)(7)(F). A true and correct copy of this letter is attached hereto as Exhibit 3.

9. Plaintiff appealed the response of the BOP to the Department of Justice, Office of Information and Privacy (OIP), Washington, D.C., where it was subsequently assigned as Appeal No. 06-0978. By letter dated June 5, 2006, OIP responded to his appeal affirming the BOP's action on this request. A true and correct copy of this letter is attached hereto as Exhibit 4.

10. Plaintiff Frederick Banks' second request was received by the BOP Central Office FOIA/PA Section on or about May 1, 2006.

This request was forwarded to the BOP's Northeast Regional Office on or about May 23, 2006. The request was assigned Request Number 2006-06384. A copy of the request is attached as Exhibit 5.

11. A review of the request reveals the Plaintiff requested all database records maintained by the BOP regarding Plaintiff. By letter dated December June 19, 2006, Plaintiff was notified that records had been received and processed. Plaintiff was informed that he would receive twenty-three pages in their entirety. A true and correct copy of this letter is attached hereto as Exhibit 6.

12. Plaintiff Frederick Banks' third request was received by the BOP Central Office FOIA/PA Section on or about June 28, 2006. The request was assigned Request Number 2006-07658. Plaintiff requested all central file records maintained by the BOP regarding Plaintiff.

13. According to the FOIA/PA database, by letter dated June 28, 2006, Central Office FOIA/PA Section informed Plaintiff he may seek a local review of his central file by contacting staff at USP Canaan to make arrangements for review. Copies of disclosable documents may be obtained locally.

14. I have been advised that on or about June 23, 2005, five documents were referred by the U.S. Marshals Service (USMS) to the

BOP for processing under FOIA/PA.  A review of the database indicates the BOP never received, entered or processed this referral from the USMS.

15.  On February 28, 2007, I sent a request to the USMS for information regarding the above-referenced referral.  On March 1, 2007, in response to my inquiry, the USMS provided a copy of the cover letter and five documents referenced above.  A review of these documents indicates that a full release is appropriate.  As such, these documents will be processed in accordance with the applicable FOIA guidelines.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1, 2007.

Kathleen Quigley
Paralegal Specialist Trainee
Federal Bureau of Prisons
Philadelphia, Pennsylvania

**EXHIBIT 1**

Frederick H. Banks
# 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

2006-00951

(SCA)

RECEIVED
OCT  4 2005

FOIA/PA officer
Bureau of Prisons, office of
General Counsel, FOIA/PA Section,
320 First Street, NW, Room 841
Washington, DC 20534

FOIA PA SECTION
FEDERAL BUREAU OF PRISON

Cert of
ID
required

September 24, 2005

RE: FOIA/PA request

To the FOIA/PA officer:

Pursuant to the Freedom of Information Act and Privacy Act of 1974 I request every record in your system about me, that pertains to me or mentions my name. My identifying information is:

Frederick Hamilton Banks
USM # 05711-068
SS # ▓▓▓▓▓▓
Birthdate: ▓▓▓▓▓

All databases are to be searched and any records obtained forwarded to the address above. Failure to disclose records to the above address constitutes an improper withholding of agency records under the FOIA/PA Acts.

This request supercedes all previous requests made to your office. Please provide all records requested forthwith.

Request Submitted,

Frederick Banks

**EXHIBIT 2**

 

U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

November 22, 2005

Frederick Hamilton Banks, #120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, Pennsylvania 15219

RE:  FOIA Request No. 2006-0951

Dear Mr. Banks:

This is in response to your request for information that was
received by this agency on November 4, 2005.  You request a copy
of all records that are maintained by the Federal Bureau of
Prisons regarding you.

As required under the Privacy Act, you must complete the attached
Certification of Identity form and return it to this office,
prior to this office processing your Freedom of Information/
Privacy Act request.

I trust that we have been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosure: 1 page

**EXHIBIT 3**



U.S. Department of Justice

Federal Bureau of Prisons
Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

December 12, 2005

Frederick Hamilton Banks, Reg. No. 05711-068
State ID #120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, Pennsylvania 15219

RE:  Freedom of Information Request No. 2006-00951

Dear Mr. Banks:

This is in response to your request for information that was
received by this agency on November 4, 2005.  You seek a copy of
all records maintained by the Federal Bureau of Prisons regarding
you.

In response to your request, 107 pages of records were received
in this office for a determination of their releasability to you.
Upon review, it has been determined that 103 pages are being
released to you in their entirety.  The remaining four pages are
being withheld in their entirety.

Four pages are being withheld in their entirety because they
contain third-party information and information intended for
staff use only.  Release of this information would tend to
inhibit open and frank communication between Department of
Justice employees, would or could constitute an unwarranted
invasion of personal privacy, and could reasonably be expected to
endanger the life or physical safety of any person.  The
statutory bases for these excisions and withholdings are
5 U.S.C. § 552 (b)(5), (b)(6), (b)(7)(C)  and (b)(7)(F).

I trust that this has been responsive to your request.  However,
if you are dissatisfied with this response, you may appeal to the
Attorney General by filing a written appeal within 60 days of
your receipt of this response to: Attorney General, Office of
Information and Privacy, United States Department of Justice,
FLAG Bldg., Suite 540, N.W., Washington, D.C.  20530.

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosures: 103 pages

**EXHIBIT 4**



U.S. Department of Justice

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

JUN 0 5 2006

DATE RECEIV

JUN - 9 2006

Mr. Frederick H. Banks                    Re:    Appeal No. 06-0978
Register No. 05711-068                           Request No. 06-00951
United States Penitentiary                       KDC:ALB:DJS
Post Office Box 300
Waymont, PA  18472-0800

Dear Mr. Banks:

        You appealed from the action of the Northeast Regional Office of the Federal Bureau of
Prisons (BOP) on your request for access to records pertaining to yourself.

        After carefully considering your appeal, I am affirming BOP's action on your request.
These records are exempt from the access provision of the Privacy Act of 1974 pursuant to
5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.97(a) (2005).  Because these records are not available
to you under the Privacy Act, your request has been reviewed under the Freedom of Information
Act in order to afford you the greatest possible access to them.

        BOP properly withheld certain information that is protected under the FOIA from
disclosure pursuant to:

        5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal
        agency practices;

        5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        constitute an unwarranted invasion of the personal privacy of third parties; and

        5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law
        enforcement purposes the release of which could reasonably be expected to
        endanger the life or personal safety of an individual.

        If you are dissatisfied with my action on your appeal, you may seek judicial
review in accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Daniel J. Metcalfe
                                        Director

RAPINERO

**EXHIBIT 5**

Frederick Banks
#05711-068
USP Canaan
Po Box 300
Waymart, PA 18472-0800

Wanda M. Hunt, Chief, FOIA IPA Section
Federal Bureau of Prisons
320 First Street, N.W.
Room 843, HOLC Building
Washington, D.C. 20534
ATTN: FOIA / Privacy Act Office

RE: FOIA / Privacy Act request

To Wanda M. Hunt / S. Wells

Pursuant to the Freedom of Information Act and Privacy Act of 1974. I request everything in the Federal Bureau of Prisons databases that pertain to me, about me or mention my name. My identifying information is as follows; Frederick Hamilton Banks, Reg No. 05711-068; SS# ████████ DOB ██████, Sex: Male, Age: 38 Residence: Pittsburgh, PA 15203  All databases shall be searched. If no information is found I request a product of the page showing such. This is a renewed request. All information is to be sent to the above listed address. Failing to provide FOIA / Privacy Act information to the address listed above constitutes an improper withholding of agency records. Thank you in advance for your time and attention to this matter.

Respectfully Submitted

Frederick Banks

**EXHIBIT 6**



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office



U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

June 19, 2006

Frederick Hamilton Banks, Reg. No. 05711-068
United States Penitentiary - Canaan
P.O. Box 300
Waymart, Pennsylvania  18472-0800

RE:  Freedom of Information Request No. 2006-06384

Dear Mr. Banks:

This is in response to your request for information received by
this office on May 22, 2006.  You seek a copy of all SENTRY data
maintained by the Federal Bureau of Prisons regarding you.

Twenty-three (23) pages of records were received for release
determination.  Upon review, it has been determined these 23
pages are releasable to you in their entirety and are enclosed
herein.

I trust this has been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosures:  23 pages

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK H. BANKS, )
)
Plaintiff, )
)
v. ) Civ. No. 1:06CV01950(EGS)
)
UNITED STATES DEPARTMENT OF )
JUSTICE, et al.., )
Defendants. )
_____ )

## **DECLARATION OF JOHN F. BOSEKER**

I, John F. Boseker, declare the following to be a true and correct statement of facts:

1) I am an Attorney Advisor in the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice ("DOJ"). I am specifically assigned to the

component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5

U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C.§552a(1988).

2) Due to the nature of my official duties, I am personally familiar with the FOIA/PA

requests made to EOUSA by Mr. Banks, which form the bases for this litigation. This declaration

will address the several files created in conjunction with Mr. Banks' initial directive and

subsequent histories of each file.

3) My official duties include: having the authority to make final disclosure

determinations on records requested by an individual using the FOIA/PA, to assure compliance

with the provisions of the FOIA and PA and DOJ Regulation 28 CFR§16.3 et seq., and §16.40 et

seq., as well as to defend EOUSA's position in litigating challenges to EOUSA's actions.

4) My official duties also include: acting as liaison between EOUSA and the

components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought

from EOUSA and /or the 94 U.S. Attorneys offices ("USAO's"); reviewing request-related

correspondence; reviewing searches performed in response to requests; and reviewing responses

made to those requests.

    5)     The statements that follow are made on the basis of my review of EOUSA's

official files and records, my own personal knowledge, and the information I acquired in

performing my official duties.

## BACKGROUND

### FOIA NO. 05-60 [INITIAL REQUEST LETTER]

    4)     On January 4, 2005 EOUSA received a letter dated December 27, 2004 from

Mr. Banks. This letter sought all records under the FOIA/PA maintained by on himself[1] and an

entity (or entities) identified as Vampire Nation.[2] With respect to records on himself, Mr. Banks

sought to have EOUSA perform searches in multiple USAOs: Western District of Pennsylvania

("WDPA"), District of Columbia ("DDC"), Northern District of Ohio ("NDOH"), District of

Colorado ("DCO"), Eastern District of California ("EDCA"), Middle District of Florida

("MDFL"). **Exhibit A attached.**

    5)     With respect to Vampire Nation et al., EOUSA was not able to clearly ascertain

the USAOs sought to be searched. Consequently, EOUSA sent a letter dated January 12, 2005

(Form 003B) notifying Mr. Banks that his request as to the entities, Vampire Nation et al.,

required that he provide the location(s) of the USAO or USAOs desired to be searched given that

there were more than 100 separate offices throughout the nation where files and records were

---

[1]Mr. Banks listed ten other "alleged names used by me" to be searched under as well.

[2]Mr. Banks listed the following entities in addition to Vampire Nation: Hexogon LLC, Hexogon Records, Search Syndicate Inc., Marakesh Armano, HLLC, HLC.

maintained, and that as to this portion of his request, EOUSA was closing his file. Mr. Banks was advised that he had a right to appeal this determination within 60 days to the Office of Information and Privacy (OIP). **Exhibit B attached.**

6)     With respect to Mr. Banks' request for records maintained on himself, EOUSA created multiple files to reflect the several searches to be performed, as follows: **FOIA No. 05-61 (USAO/WDPA), 05-62 (USAO/DC), 05-63 (USAO/NDOH), 05-64 (USAO/DCO), 05-65 (EDCA), and 05-66 (MDFL).** Each of these searches and their respective results will be discussed below in numerical order.

7)     By letter dated January 24, 2005, Mr. Banks filed an administrative appeal to the Office of Information and Privacy ("OIP") regarding its determination as to the Vampire Nation et al., portion of his request. In this letter Mr. Banks listed the USAOs that he sought to be searched: Eastern District of California, Middle District of Florida, Northern District of Ohio, District of Columbia, Western District of Pennsylvania, and District of Colorado. **Exhibit C attached.**

8)     By letter dated February 9, 2005, OIP notified Mr. Banks that it had received his letter of appeal on January 28, 2005, assigned number 05-0951 to it, and that it would be processed in order of receipt. **Exhibit D attached.**

9)     By letter dated April 18, 2005, OIP notified Mr. Banks that it had determined to remand the matter to EOUSA after discussion with EOUSA personnel for searches to be performed for records on Vampire Nation et al., in the following USAOs: USAO/EDCA, USAO/MDFL, USAO/NDOH, USAO/DC, USAO/WDPA, USAO/DCO. **Exhibit E attached.**

10)    EOUSA split the Vampire Nation et al., portion of Mr. Banks' request into several files as follows: **FOIA No. 05-1622 (USAO/WDPA), 05-1623 (USAO/DC), 05-1624 (USAO/NDOH), 05-1625(USAO/DCO), 05-1626(USAO/EDCA), 05-1627(USAO/MDFL).** Each of the searches conducted and reflected by these separate files are discussed below in numerical order.

### Banks' Requests for Records on Himself

**FOIA NO. 05-61 [USAO/WDPA]**

11)    By letter dated January 13, 2005, EOUSA notified Mr. Banks that it had received his request for records on himself maintained in the USAO/WDPA, (Exhibit A) and assigned it the above file number. The letter explained the processing time, including Project Requests, which could take up to nine months where "all information about myself in criminal case files" was requested, and that fees might be assessed for search and copying charges pursuant to 28 CFR §§ 16.3(c) and 16.11. The letter stated that by making his request he had agreed to pay up to $25.00 in charges for search time and duplication costs. The letter further advised that he could narrow his request to possibly reduce such fees, and that any charges assessed would require payment before the release of any records to him. As well, should payment be assessed and go unpaid, his file would be closed and no documents released until payment was made. This letter contained the an attachment which stated as follows: "In accordance with 5 USC 552 (a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated." **Exhibit F attached.**

12)    Based upon information received from the USAO/WDPA FOIA contact regarding the volume of records located after its search, EOUSA sent Mr. Banks a letter dated February 11, 2005, notifying him of an estimated fee in excess of $25.00. That letter informed him that while

no search time was estimated to exceed the two free hours in this USAO, there were approximately 2000 pages of potentially responsive documents, and that at ten cents per page after the first 100 free pages, the likely charge would exceed $25.00. Pursuant to 28 CFR §16.11(e), EOUSA advised Mr. Banks that it was requiring him to agree to pay the anticipated excess fees or reformulate his request to potentially reduce that sum, understanding that until he had done so, his request was not considered received and no further work would be performed. Finally, Mr. Banks was given 30 days within which to respond to this letter or EOUSA would close his request. A form was provided for his convenience enabling him to choose his preferred course of action under the anticipated fee circumstances. He was also provided with his right to appeal this determination to OIP within 60 days. **Exhibit G attached.**

13)      On February 23, 2005, EOUSA received the form back in response from Mr. Banks, who checked off the option agreeing to pay the anticipated duplication fee for documents. **Exhibit H attached.**

14)      By letter dated August 8, 2005, EOUSA notified Mr. Banks that it had processed records located in the USAO/WDPA, and was prepared to release 36 pages in full, 16 pages in part, and was withholding approximately 300 pages in full. Of critical importance, this letter stated as follows: "In our letter dated July 12, 2005 that accompanied response file number **05-1625 [see 05-1625 discussion below]**, we informed you of aggregated fees associated with your numerous request [sic]." Mr. Banks was reminded that he had previously agreed to pay costs, and that a search fee of $168.00 was being assessed, and that before release of any records, that fee would need to be paid. He was advised that if payment was not received within 30 days from the date of this letter, his request would be closed and any future requests for records would be rejected until payment was received. He was further advised that there were still two open request

files, which could increase the final sum, and that he would be notified when responses were received from the USAOs still outstanding. He was provided with his right to appeal this determination to OIP within 60 days. **Exhibit I attached.**

15)    By letter dated August 11, 2005, Mr. Banks appealed this determination to OIP, challenging EOUSA's ability to charge "search fees." **Exhibit J attached.**

16)    By letter dated September 29, 2005, OIP notified Mr. Banks that it had received his appeal on September 22, 2005, that it had a backlog of pending appeals, that adjudication of his appeal would be placed in approximate order of receipt, and that his appeal had been assigned number 05-2845.

**Exhibit K attached.**

17)    By letter dated October 3, 2005, EOUSA sent the following to Mr. Banks:

> "On August 8, 2005, (regarding 05-61) and on July 26, 2005 (regarding 05-1622), we sent you letters indicating an estimate of aggregated fees charged for processing your Freedom of Information Act requests. We gave you at least 30 days to respond in order to receive the documents. Since we have not heard from you in that time, your request files have been closed. In order to clear up any confusion you may have concerning the fees charged for your requests, please be aware that you are being charged an aggregated fee of $168.00 for six (6) hours of search time that exceeded two (2) hours which are free. If you decide to pay the fees, feel free to contact us and we will re-open your files and send you the documents responsive to your request." **Exhibit L attached.**

18)    EOUSA received no response to this letter and the file was closed for refusal to pay fees.

**FOIA NO. 05-62[USAO/DDC]**

19)    By letter dated January 13, 2005, EOUSA notified Mr. Banks that it had assigned the above number to his request for records in the USAO/DDC. This letter was substantially identical to Exhibit F above. **Exhibit M attached.**

20)    By letter dated December 29, 2006, EOUSA notified Mr. Banks that a search for records in the USAO/DDC had located no records. Mr. Banks was advised that he had the right to appeal this determination to OIP within 60 days. **Exhibit N attached.**

21)    As this search was still in progress at the time the above-captioned action commenced, no administrative appeal was required to be filed..

## FOIA NO. 05-63 [USAO/NDOH]

22)    By letter dated January 13, 2005, EOUSA notified Mr. Banks that it had assigned the above number to his request for records in the USAO/NDOH. This letter was substantially identical to Exhibit F above. **Exhibit O attached.**

23)    By letter dated February 28, 2005, EOUSA notified Mr. Banks that a search for records in the USAO/NDOH had located no records. This letter also provided Mr. Banks with his right to appeal this determination to OIP within 60 days. **Exhibit P attached.**

24)    Mr. Banks did not appeal this determination to OIP prior to commencing the above-captioned action..

## FOIA NO. 05-64 [USAO/DCO]

25)    By letter dated January 13, 2005, EOUSA notified Mr. Banks that it had assigned the above number to his request for records in the USAO/DCO. This letter was substantially identical to Exhibit F above. **Exhibit Q attached.**

26)    By letter dated February 23, 2005, EOUSA notified Mr. Banks that a search had located no records. Mr. Banks was also provided with his right to appeal this determination to OIP within 60 days. **Exhibit R attached.**

27)    Mr. Banks did not appeal this determination to OIP prior to commencing the above-captioned action..

**FOIA NO. 05-65 [USAO/EDCA]**

28)    By letter dated January 13, 2005, EOUSA notified Mr. Banks that it had assigned

the above number to his request for records in the USAO/EDCA. This letter was substantially

identical to Exhibit F above. **Exhibit S attached.**

29)    By letter dated February 23, 2005, EOUSA notified Mr. Banks that a search had

located no records. Mr. Banks was also provided with his right to appeal this determination to OIP

within 60 days. **Exhibit T attached.**

30)    Mr. Banks did not appeal this determination to OIP prior to commencing the

above-captioned action.

**FOIA NO. 05-66 [USAO/MDFL]**

31)    By letter dated January 13, 2005, EOUSA notified Mr. Banks that it had assigned

the above number to his request for records in the USAO/MDFL. This letter was substantially

identical to Exhibit F above. **Exhibit U attached.**

32)    Based upon information received from the USAO/MDFL FOIA contact EOUSA

notified Mr. Banks that the USAO needed more information to further identify him in order to

conduct a proper search. The letter further stated: "Although you provided a Social Security

number, the computer system can search only by name or case number. In order to ensure that

your records and not those of other possible defendants with a similar name, are retrieved, we ask

that you identify the case number of your case if you have it." EOUSA advised Mr. Banks that he

needed to reply within 20 days or this request would be closed. He was also provided with his

right to appeal this determination to OIP within 60 days. **Exhibit V attached.**

33)    By letter dated February 5, 2005, Mr. Banks responded that he considered "a mere

database query" an "inadequate search". He further stated that he "was not a party to any

particular case, but have been informed that the Middle District of Florida engaged in investigatory actions relating to me. The investigation involved the Federal Bureau of Investigation and/or the Postal Inspection Service. The Middle District of Florida may also have involved subpoena service and/or assistance provided to the Western District of Pennsylvania. The actions took place in 1995, 1996, 2003, 2004, and 2005." **Exhibit W attached.**

34)    By letter dated May 20, 2005, EOUSA notified Mr. Banks that a search for records in the USAO/MDFL had located no records. Mr. Banks was further notified that this particular search had, itself, exceeded the two free hours, and that a determination would later be made as to search fee when other requests still open enabled a calculation. Mr. Banks was provided with his right to appeal this determination within 60 days to OIP. **Exhibit X attached.**

35)    By letter dated February 5, 2005, Mr. Banks filed an appeal with OIP in which he basically restated the contents of his letter of this same date (Exhibit W) sent to EOUSA. **Exhibit Y attached.**

36)    By letter dated February 18, 2005, OIP advised Mr. Banks that it had received his appeal letter on February 14, 2005, assigned it number 05-1056, and was placing it in approximate order of receipt for adjudication. **Exhibit Z attached.**

37)    By letter dated July 12, 2005, OIP notified Mr. Banks that it was affirming the EOUSA action taken and response as correct with respect to the search performed in response to this request. It recited the EOUSA request for additional information and a further search, of which he was informed May 20, 2005, that EOUSA was unable to locate any responsive records in its files. **Exhibit AA attached.**

## Banks' Requests for Records on Vampire Nation et al.

### FOIA NO. 05-1622 [USAO/WDPA]

38)    By letter dated June 20, 2005, EOUSA notified Mr. Banks that it had assigned the above number to its search for records pertaining to Vampire Nation et al., in the USAO/WDPA. This letter was in all other respects identical to Exhibit F above. **Exhibit BB attached.**

39)    By letter dated July 26, 2005, EOUSA notified Mr. Banks that it had located and processed records responsive to his request and determined that 3 pages in full could be released. This letter further included the identical language regarding the $168.00 aggregate fee assessment (see paragraph 14 above) and advised him of his right to appeal this determination to OIP within 60 days. **Exhibit CC attached.**

40)    By letter dated August 2, 2005, Mr. Banks filed an appeal with OIP of EOUSA's determination. Mr. Banks asserted that EOUSA could not "charge a search fee under the acts." **Exhibit DD attached.**

41)    By letter dated August 15, 2005, OIP notified Mr. Banks that it had received his appeal on August 9, 2005, assigned it number 05-2501, and that it would be adjudicated in the approximate order of receipt. **Exhibit EE attached.**

42)    By letter dated October 5, 2005, EOUSA sent a letter identical to that identified in FOIA No. 05-61 above and as Exhibit L attached thereto, notifying Mr. Banks that as he had not responded within 30 days to the $168.00 fee assessment, EOUSA was closing his files. **Exhibit FF attached.**

**FOIA NO. 05-1623 [USAO/DDC]**

43)    By letter dated June 20, 2005 EOUSA notified Mr. Banks that it had assigned the above number to its search for records in the USAO/DDC. This letter was identical in all other respects to Exhibit F above. **Exhibit GG attached.**

44)    By letter dated December 29, 2005, EOUSA advised Mr. Banks that there were no records located in the USAO/DDC. Mr. Banks was notified of his right to appeal this determination to OIP within 60 days. **Exhibit HH attached.**

45)    As this search was still in progress at the time the above-captioned action was commenced, no administrative appeal was required.

**FOIA NO. 05-1624 [USAO/NDOH]**

46)    By letter dated June 20, 2005, EOUSA notified Mr. Banks that it had assigned the above number to its search for records in the USAO/NDOH. This letter was identical to Exhibit F above. **Exhibit II attached.**

47)    By letter dated July 13, 2005, EOUSA notified Mr. Banks that it had searched for and  located no records in the USAO/NDOH. It further restated that the July 12, 2005 letter that had accompanied EOUSA's response in FOIA No. 05-1625 (see below) that his numerous requests had aggregated fees. He was provided with notice of his right to appeal this determination to OIP. **Exhibit JJ attached.**

48)    Mr. Banks did not appeal this determination prior to commencing the above-captioned action..

**FOIA NO. 05-1625 [USAO/DCO]**

49)    By letter dated June 20, 2005, EOUSA notified Mr. Banks that it had assigned the

above number to its search for records in the USAO/DCO. This letter was identical to Exhibit F

above. **Exhibit KK attached.**

50)    By letter dated July 13, 2005, EOUSA advised Mr. Banks that a search for records

in the USAO/DO had located no records. Included in this letter was the following:

> "In our June 20, 2005 letter to you, we informed you that search times and
> duplication fees for all districts requested will be aggregated. So far, your requests
> have exceeded the two (2) hour free search by two (2) hours. Since we still have
> open requests, at this time, we can only inform you that each additional hour has a
> fee of $28.00. When we have received all of the responses from all of the districts,
> we will be better able to determine the exact search time fees." Mr. Banks was
> also provided with his right to appeal this determination to OIP within 60 days.
> **Exhibit LL attached.**

51)    Mr. Banks did not appeal this determination prior to commencing the above-

captioned action.

**FOIA NO. 05-1626 [USAO/EDCA]**

52)    By letter dated June 20, 2005, EOUSA notified Mr. Banks that it had assigned the

above number to EOUSA's search for records in USAO/EDCA. This letter was identical to

Exhibit F above.  **Exhibit MM attached.**

53)    By letter dated January 4, 2005, EOUSA notified Mr. Banks that a search had

located no records in the USAO/EDCA. This letter further stated as follows: "In our letter dated

July 12, 2005 that accompanied response file number 05-1625, we informed you of aggregated

fees associated with your numerous request (sic)." Mr. Banks was provided with his right to

appeal to OIP within 60 days. **Exhibit NN attached.**

**FOIA NO. 05-1627 [USAO/MDFL]**

54)    By letter dated June 20, 2005 EOUSA notified Mr. Banks that it had assigned the above number to EOUSA's search for records in USAO/MDFL. This letter was identical to Exhibit F above. **Exhibit OO attached.**

55)    By letter dated September 22, 2005 EOUSA advised Mr. Banks that a search by the USAO/MDFL located no records. Mr. Banks was provided his right to appeal this determination to OIP within 60 days. **Exhibit PP attached.**

56)    By letter dated September 27, 2005, Mr. Banks filed an appeal with OIP regarding EOUSA's determination. **Exhibit QQ attached.**

57)    By letter dated October 13, 2005, OIP notified Mr. Banks that his appeal had been received on October 6, 2005, assigned number 06-0071, and would be adjudicated in the approximate order of receipt. **Exhibit RR attached.**

58)    By letter dated December 29, 2005, OIP advised Mr. Banks that it was affirming the determination made by EOUSA that there were no responsive records. **Exhibit SS attached.**

<u>**Referrals From Other Agencies**</u>

**FOIA No. 05-1199-R [Referral from USPS]**

59)    On April 19, 2005, EOUSA received a referral of 2 pages material from the U.S. Postal Service (USPS) in connection with the USPS processing of Mr. Banks' original request letter (Exhibit A above). **Exhibit TT attached.**

60)    By letter dated May 18, 2005, EOUSA notified Mr. Banks that it had determined to release both pages to him in their entirety, enclosing the pages with the letter. **Exhibit UU attached.**

61)    By letter dated June 4, 2005, Mr. Banks appealed the EOUSA full release to

OIP. **Exhibit VV attached.**

62)    By letter dated June 22, 2005, OIP notified Mr. Banks that it had received his

appeal on June 21, 2005, and assigned it number 05-2075. **Exhibit WW attached.**

63)    By letter dated August 1, 2005, OIP notified Mr. Banks that it had affirmed

EOUSA's determination to release in full the two pages referred by USMS. **Exhibit XX**

**attached.**

**FOIA No. 05-1831-R [Referral from USMS]**

64)    On June 28, 2005 EOUSA received a referral of 12 pages of material from the U.S.

Marshals' Service (USMS) in connection with the USMS processing of a request from Mr.

Banks'. **Exhibit YY attached.**

65)    By letter dated July 15, 2005, EOUSA notified Mr. Banks that it had determined to

release all 12 pages to him in their entirety, enclosing the pages with the letter. **Exhibit ZZ**

**attached.**

## SUMMATION

66)    EOUSA has determined that all USAOs aggregated search time expended totaled

in response to Mr. Banks' request was 530 minutes (8.8 hours, rounded to 9.0 hours) of search

time was expended.[3] Mr. Banks was entitled to 120 minutes (2 hours) of free search time, leaving

410 minutes (or 6.8 hours, rounded to 7.0 hours) assessed at $28.00 per hour or $196.00.

Mr. Banks was assessed a $168.00 search fee at a time when there remained searches in progress

---

[3] Search time expended by USAOs are as follows: 05-60 (0); 05-61(30 min.); 05-62 (40
min.); 05-63 (60 min.); 05-64 (60 min.); 05-65 (60 min.); 05-66 (55 min.); 05-1622 (10 min.);
05-1623 (40 min.);  05-1624 (60 min.); 05-1625 (90 min.); 05-1626 (10 min.); 05-1627 (15
min.).

but records which could be disclosed. He was provided with more than one notice that he had 30 days within which to pay this fee in order for EOUSA to proceed further with completing his request for records. Mr. Banks expressly refused to pay this fee on more than one occasion, and as such, he is deemed not to have a legally cognizable request, and warrants dismissal of this action.

67)     The handling of Mr. Banks' multiple requests has been entirely consistent with the EOUSA and the USAO's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 21, 2007.

JOHN F. BOSEKER
Attorney Advisor, EOUSA

## EOUSA INDEX TO BANKS' EXHIBITS

### FOIA NO. 05-60

    Exh. A - Original Request Letter (dated 12/27/04)
    Exh. B - EOUSA Letter of Defect (re: Vampire Nation only) (1/12/05)
    Exh. C - Banks Appeal to OIP (dated 1/24/05)
    Exh. D - OIP Letter to Banks (2/9/05)
    Exh. E - Remand to EOUSA from OIP (4/18/05)

#### Banks Requests for Records on Banks

### FOIA NO. 05-61 [USAO/WDPA]

    Exh. F - EOUSA Acknowledgment Letter/Aggregate Fee Notice (1/13/05)
    Exh. G - EOUSA Letter Estimate Over $25.00 (2/11/05)
    Exh. H - Banks Return Agreement to Pay (2/23/05)
    Exh. I - EOUSA Aggregate Fee Assessment $168.00/30 days (8/8/05)
    Exh. J - Banks Appeal Letter to OIP (dated 8/11/05)
    Exh. K - OIP Acknowledgment Letter (9/29/05)
    Exh. L - EOUSA Failure to Pay/Close File Letter (10/3/05 x-ref. 05-1622)

### FOIA NO. 05-62 [ USAO/DC]

    Exh. M - EOUSA Acknowledgment Letter (1/13/05)
    Exh. N - "No Records" Letter (12/29/06)

### FOIA NO. 05-63 [USAO/NDOH]

    Exh. O - EOUSA Acknowledgment Letter (1/13/05)
    Exh. P - "No Records" Letter (2/28/05)

### FOIA NO. 05-64 [USAO/DCO]

    Exh. Q - EOUSA Acknowledgment Letter (1/13/05)
    Exh. R - "No Records" Letter (2/23/05)

### FOIA NO. 05-65 [USAO/EDCA]

    Exh. S - EOUSA Acknowledgment Letter (1/13/05)
    Exh. T - "No Records" Letter (2/23/05)

**FOIA NO. 05-66 [USAO/MDFL]**

      **Exh. U - EOUSA Acknowledgment Letter (1/13/05)**
      **Exh. V - EOUSA "further information needed" Letter (1/28/05)**
      **Exh. W - Banks Response Letter (2/5/05)**
      **Exh. X - "No Records" Letter (5/20/05)**
      **Exh. Y - Banks Appeal to OIP (2/5/05)**
      **Exh. Z - OIP Letter to Banks (2/18/05)**
      **Exh. AA- OIP Affirms (7/12/05)**

### Banks Request for Vampire Nation et al.,

**FOIA NO. 05-1622 [USAO/WDPA]**

      **Exh. BB  - EOUSA Acknowledgment Letter (6/20/05)**
      **Exh. CC - EOUSA Search Fee Letter $168.00 (7/26/05)**
      **Exh. DD - Banks Appeal to OIP (8/2/05)**
      **Exh. EE - OIP Letter to Banks (8/15/05)**
      **Exh. FF - EOUSA Failure to Pay/Close File Letter (10/5/05)**

**FOIA NO. 05-1623 [USAO/DC]**

      **Exh. GG - EOUSA Acknowledgment Letter (6/20/05)**
      **Exh. HH - "No Records" Letter (12/29/05)**

**FOIA NO. 05-1624 [USAO/NDOH]**

      **Exh. II  - EOUSA Acknowledgment Letter (6/20/05)**
      **Exh. JJ - "No Records" Letter (7/13/05)**

**FOIA NO. 05-1625 [USAO/DCO]**

      **Exh. KK - EOUSA Acknowledgment Letter (6/20/05)**
      **Exh. LL - "No Records" Letter & Fee Notice (7/13/05)**

**FOIA NO. 05-1626 [USAO/EDCA]**

      **Exh. MM - EOUSA Acknowledgment Letter (6/20/05)**
      **Exh. NN -  "No Records" Letter & Fee Notice (7/13/05)**

**FOIA NO. 05-1627 [USAO/MDFL]**

> Exh. OO - EOUSA Acknowledgment Letter (6/20/05)
> Exh. PP  - "No Records" Letter & Fee Notice (9/22/05)
> Exh. QQ - Banks Appeal to OIP (9/27/05)
> Exh. RR - OIP Letter to Banks (10/13/05)
> Exh. SS  - OIP Affirms (12/29/05)

## Other Agency Referrals

**FOIA NO. 05-1199-R [from USPS]**

> Exh. TT  - Referral Letter (4/19/05)
> Exh. UU - EOUSA Release in Full Letter (5/18/05)
> Exh. VV - Banks Appeal to OIP (6/4/05)
> Exh. WW- OIP Letter to Banks (6/22/05)
> Exh. XX - OIP Affirms (8/1/05)

**FOIA NO. 05-1831-R [from USMS]**

> Exh. YY - Referral Letter (6/28/05)
> Exh. ZZ - EOUSA Release in Full Letter (7/15/05)

# **EXHIBITS**

# 05-60

# Exhibits A-E

Frederick H. Banks
Allegheny County Jail
950 Second Ave
Pittsburgh, PA 15219

EGSA/FOLVER                                    December 27, 2004

07 JAN -4 PM 3:13

FOIA/PA Officer

Executive Office For United States Attorneys

U.S. Department of Justice

Washington, DC 20530

To the FOIA/PA Officer:

　　　　Pursuant to the Freedom of Information Act and the Privacy Act of 1974,

I request the following records:

　　　　1. All records relating to me, mentioning me, or pertaining to me;

　　　　2. The results of a query using my name in each database accessible
　　　　　by the offices listed below;

　　　　3. All electronic files that contain my name;

　　　　4. All files relating to Vampire Nation, Hexagon LLC, Hexagon Records,
　　　　　Search Syndicate Inc., Morakesh Armono, HLLC, HLC

These records are held by or in computer files maintained by:

　　　1. Assistant U.S. Attorney Paul Hull (Western District of PA)

　　　2. Assistant U.S. Attorney Breadon T. Conway (Western District of PA)

　　　3. Assistant U.S. Attorney Constance Bowden (Western District of PA)

　　　4. U.S. Attorney Mary Beth Buchanan (Western District of PA)

　　　5. Office of U.S. Attorney for the Western District of Pennsylvania

　　　6. Office of U.S. Attorney for the District of Columbia

　　　7. Office of U.S. Attorney for Cleveland Ohio

　　　8. Office of U.S. Attorney for Boulder, Colorado

　　　9. Office of U.S. Attorney for Norca, California

　　　10. Office of U.S. Attorney for Orlando, Florida

The searches should not be limited to criminal files and in addition to my name

GOVERNMENT
EXHIBIT
A
Banks

contain the following querys to alleged names used by me:

    1. Dave Weissman

    2. Mark Howard

    3. Keith Ryhe

    4. Danny Madigan

    5. Rick Lucke

    6. Fredrik Von Hamilton

    7. Mike Hanna

    8. Frederick Von Hamilton

    9. Chris Morze

    10. Frederick Hamilton Banks

I declare under the penalty for perjury that I am the person making this request and that all identifying information listed below is true: [28 USC § 1746]

    Respectfully Submitted,

    Frederick H. Banks

Frederick Hamilton Banks

52 South 8th Street

Pittsburgh, PA 15203

SS #: █████████

DOB: █████████

mailing address:  Frederick Banks

               doc # 120759

               Allegheny County Jail

               950 Second Ave

               Pittsburgh, PA 15219

Certificate of Service

I hereby certify that a true and correct copy of the letter to the FOIA/PA officer for the Executive office for United States Attorneys was served this ___28___ day of December, 2004, by mail delivery upon the following:

FOIA/PA Officer

Executive Office for United States Attorneys

U.S. Department of Justice

Washington, DC 20530

Frederick B. Banks



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JAN 1 2 1995

Requester: <u>Frederick H. Banks</u>          Request Number: <u> 05-60 </u>

Subject of Request: <u>Vampire Nation, etc.(item 4)</u>

Dear Requester:

Your Freedom of Information Act/Privacy Act request has been received. Since the files and records of United States Attorneys are located in more than 100 separate offices throughout the country, we ask that you identify the specific U.S. Attorney's office(s) where you believe the requested records exist. This would primarily be the district(s) in which <u>prosecution or litigation</u> occurred.

By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. §16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. §16.11(k)). Indigency does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. §16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you state in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you.

(Page 1 of 2)
Form No. 003B - 6/02

GOVERNMENT EXHIBIT

COPY

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

(Page 2 of 2)
Form No. 003B - 6/02



Frederick H. Banks
DOC# 120759
950 Second Avenue
Pittsburgh, PA  15219

January 24, 2005

FOIA / PA Appeals Officer
Office of Information and Privacy
U.S. Department of Justice
Washington, DC  20530

      In re:  EOUSA  05-60

To the FOIA/ PA Appeals Officer:

I appeal the improper withholding of agency records related to Vampire Nation.  The
Executive Office for United States Attorneys conducted an inadequate search and refused
to process the request.  The request listed the offices to be searched as CAE, FLM, OHN,
DDC, PAW, and DCO.

As such, I trust that the Office of Information and Privacy will compel a full search of the
files.

Very truly yours,

Frederick H. Banks

OFFICE OF INFORMATION
AND PRIVACY

JAN 2 8 2005

RECEIVED



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

**FEB 0 9 2005**

Mr. Frederick H. Banks
DOC No. 120759
950 Second Avenue
Pittsburgh, PA 15219

   Re:  Request No. 05-09 - Vampire Nation

Dear Mr. Banks:

  This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on January 28, 2005.

  The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-0951**. Please mention this number in any future correspondence to this Office regarding this matter.

  We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

      Sincerely,

      Priscilla Jones
      Chief, Administrative Staff



EousA



U.S. Department of Justice

Office of Information and Privacy

_Telephone: (202) 514-3642_                              _Washington, D.C. 20530_

**APR 1 8 2005**

Mr. Frederick H. Banks                    Re:  Appeal No. 05-0951
DOC No. 120759                                 Request No. 05-60
950 Second Avenue                              RLH:ALB:JTR
Pittsburgh, PA  15219

Dear Mr. Banks:

     You appealed from the action of the Executive Office for United
States Attorneys on your request for access to records concerning
Vampire Nation, Hexagon LLC, Hexagon Records, Search Syndicate, Inc.,
Marakesh Armano, HLLC, and HLC.

     After carefully considering your appeal, and as a result of
discussions between EOUSA personnel and a member of my staff, I have
decided to remand your request for a further search for responsive
records.  Per your request, searches will be conducted in the Eastern
District of California, the Middle District of Florida, the Northern
District of Ohio, the District of Columbia, the Western District of
Pennsylvania, and the District of Colorado.  If the EOUSA locates
responsive records by these searches, they will send the releasable
portions of them to you directly.  If you are dissatisfied with the
EOUSA's ultimate action on your request, you may appeal again to this
Office.

     If you consider my response to be a denial of your appeal, you
may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,


                              Richard L. Huff
                              Co-Director



# 05-61

# Exhibits F-L


Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 05-61

JAN 13 2005

Subject: SELF/PAW

Requester: FREDERICK H. BANKS

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

Marie A. O'Rourke

Marie A. O'Rourke
Assistant Director

Form No. 001 - 9/03



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 616-6478*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.



United States Department of Justice

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                        *FAX (202) 616-6478*
*Washington, DC 20530*

**THIS IS NOT A BILL.  DO NOT SEND ANY MONEY AT THIS TIME.**

Request Number: 05-61

Requester: Frederick H. Banks                    FEB 1 1 2005

Dear Mr. Banks:

    We are currently searching for documents responsive to your FOIA/PA request, and we have reached the two hours of search time provided to you at no charge.  We estimate that no search charge will be required.  However, the Western District of Pennsylvania has informed us that they have about 2000 pages of documents that are potentially responsive to your request.  This includes court records (pleadings, etc.) and correspondence as well as some records that probably can not be released.  Although not all of these pages are likely to be released to you, you should note that we charge $0.10 per page for duplication of documents that are released to you after the first 100 pages, which are free.  Therefore it is clear that charges will exceed $25.

    In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been notified that estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be completed until the requester agrees to pay the anticipated fees.  If you wish to reduce the amount of fees, you may reformulate your request.   Records identified for release after processing will not be released until payment has been received.

    In order for your request to be processed, we must hear from you within 30 days or we will close your request.  Please complete the attached form and return to the above address.  If you have any questions about this letter or the form to be completed, or if you wish to discuss the possible narrowing of your request you may call Attorney-Advisor Garry Stewart at 202-616-3450.

                            Sincerely,

                            ᘺ ᘗ ᕐ

                            Marie A. O'Rourke
                            Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington D.C., 20530.

Form No. 017p1 - 4/2000      **THIS IS NOT A BILL.  DO NOT SEND MONEY!**



Requester Frederick H. Banks                    Request Number 05-61

## CHOOSE ONE

___**I understand that I am entitled to the first 100 pages free.** If you have found releasable documents, send me the free documents and close my case.

___Please do not process any longer. I wish to withdraw my request.

___I agree to pay the duplication fee for documents indicated above.

___I wish to reformulate my request in an attempt to reduce fees. Please limit my request to the following documents, and notify me of any revised fee amount._____

_____

_____

_____

_____


_____                    _____
Name                                               Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

Requester Frederick H. Banks          Request Number 05-61

### CHOOSE ONE

___ **I understand that I am entitled to the first 100 pages free.** If you have found releasable documents, send me the free documents and close my case.

___Please do not process any longer. I wish to withdraw my request.

✓ I agree to pay the duplication fee for documents indicated above.

___I wish to reformulate my request in an attempt to reduce fees. Please limit my request to the following documents, and notify me of any revised fee amount._____

_____

_____

_____

_____


Name  _Frederick A. Banks_          _2/14/04_
                                      Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530



Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Requester:  **Frederick H. Banks**          Request Number:  **05-61**

AUG  −8  2005

Subject of Request:  **Self / Western District of Pennsyvania**

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

 **36**  page(s) are available to be released in full (RIF);
 **16**  page(s) are available to be released in part (RIP);
 **approx. 300**  page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

**In our letter dated July 12, 2005 that accompanied response file number 05-1625, we informed you of aggregated fees associated with your numerous request.**

[    ]   After reviewing all the documents, we have determined that we can make a partial release. You previously agreed to pay search and/or copying costs. A **$ 168.00** search fee is being assessed for these records. If you would like these records, please send a check or money order for **$ 168.00,** payable to the Treasury of the United States. Payment should be mailed to the Freedom of Information Act/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530. **If payment is not received within 30 days from the date of this letter, your request will be closed and any future requests for records will be rejected until payment is received.** Please note that this may not be the final costs associated with processing your numerous requests. There are still open requests **(05-1623 and 05-1627)** that will increase the final search/copying fees. We will be able to determine the final costs after we have received responses from all of the districts listed in your requests. We will notify you accordingly at that time.



You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy<br>
United States Department of Justice<br>
Flag Building, Suite 570<br>
Washington, D.C.  20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke<br>
Assistant Director

Enclosure(s)

(Page 2 of 3)<br>
Form No. 021 - fee - 3/04

Frederick H. Banks
DOC# 120759
950 Second Avenue
Pittsburgh, PA  15219

August 11, 2005

FOIA / PA Appeal
Office of Information and Privacy
U.S. Department of Justice
Flag Building Suite 570
Washington, DC  20530

      In re: EOUSA Request No. 05-61
             Response to Letter Dated August 8, 2005

I appeal the improper withholding of agency records.  The EOUSA cannot charge "search fees" under the acts and enact improper exemptions.  Only copying fees are permitted. Therefore, all the records must be immediately released.

Sincerely,

Frederick H. Banks

**RECEIVED**

SEP 2 2 2005

Office of Information and Privacy



**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

2005 OCT -3 PM 3:53

DEPT. OF JUSTICE/ECUSA
FOIA

Telephone: (202) 514-3642          *Washington, D.C. 20530*

SEP 2 9 2005

Mr. Frederick H. Banks
No. 120759
950 Second Avenue
Pittsburgh, PA 15219

        Re:  Request No. 05-61

Dear Mr. Banks:

        This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on September 22, 2005.

        The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2845**.  Please mention this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                        Sincerely,

                        Priscilla Jones
                        Chief, Administrative Staff





**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: **Frederick H. Banks**                                    OCT – 3 2005

Request Number:  **05-61**

Subject of Request: **Self / Western District of Pennsylvania**

Dear Requester:

On August 8, 2005 (regarding 05-61) and on July 26, 2005 (regarding 05-1622), we sent you letters indicating an estimate of aggregated fees charged for processing your Freedom of Information Act requests. We gave you at least 30 days to respond in order to receive the documents. Since we have not heard from you in that time, your request files have been closed.

**In order to clear up any confusion you may have concerning the fees charged for your requests, please be aware that you are being charged an aggregated fee of $168.00 for six (6) hours of search time that exceeded two (2) hours which are free.**

If you do decide to pay the fees, feel free to contact us and we will re-open your files and send you the documents responsive to your request.

Sincerely,

Marie A. O'Rourke
Assistant Director



# 05-62

# Exhibits M-N



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 05-62

JAN 13 2005

Subject: SELF/DDC

Requester: FREDERICK H. BANKS

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

Marie A. O'Rourke

Marie A. O'Rourke
Assistant Director



Form No. 001 - 9/03



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 616-6478*


In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

DEC 2 9 2006

Request Number:  05-62 & 05-1623          Date of Receipt:  January 4, 2005

Requester:  Frederick H. Banks

Subject:  Self & Vampire Nation- U.S. Atty District of Columbia

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [ ]    A search for records located in this office has revealed no records.

2.    [ x ]    A search for records located in the United States Attorney's Office(s) for the District of Columbia   has revealed no records.

3.    [ ]    The records which you have requested cannot be located.

4.    [ ]    This office is continuing its work on the other subject/districts mentioned in your request.

5.    [ x ]    This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

William G. Stewart II
Acting Assistant Director



Form No. 005 - 1/06

# 05-63

# Exhibits O-P


Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 05-63                                                                    JAN 13 2005

Subject: SELF/OHN

Requester: FREDERICK H. BANKS

Dear Requester:

       The Executive Office for United States Attorneys (EOUSA) has received your Freedom
of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number.
Please give us this number if you write about your request. If we need additional information, we
will contact you within two weeks.

       Your request will be placed in the order in which it was received for processing, unless it
is a very large request (Project Request). Then, it will be placed in a separate group of Project
Requests, which are also processed in the order received.

       EOUSA makes every effort to process most requests within a month (20 working days).
There are some exceptions, for example, Project Requests take approximately nine months to
process. Requests for "all information about myself in criminal case files" are usually Project
Requests. If you have made such a request, you may either write us and narrow your request for
specific items, or you may expect that the processing of your request may take nine months from
the date of this letter.

       By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28
CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R.
16.11, we are required to charge fees for time used to search for the documents you have
requested and for duplication of all pages released to you. Normally, search time is charged at a
rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per
page after the first 100 pages which are free. Please do not send any payment at this time! If we
anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than
$25), we will normally notify you of our estimate of fees. After we have received your
agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and
we have processed your request, we will require payment for the accumulated charges before we
release documents to you. Without such payment, your request file will be closed without further
action.

                                                   Sincerely,

                                                   Marie A. O'Rourke

                                                   Marie A. O'Rourke
                                                   Assistant Director



                                                                    Form No. 001 - 9/03



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 616-6478*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Request Number:___**05-63**_____     Date of Receipt:___**January 4, 2005**_____

Requester:_____**Frederick H. Banks**_____

Subject:_____**Self**_____

FEB 2 8 2005

Dear Requester:

    In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [   ]    A search for records located in this office has revealed no records.

2.    [ X ]    A search for records located in the United States Attorney's Office(s) for the **Northern District of Ohio** has revealed no records.

3.    [   ]    The records which you have requested cannot be located.

4.    [ X ]    This office is continuing its work on the other subject/districts mentioned in your request.

5.    [ X ]    This is the final action my office will take on this particular request.

    You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

    Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 11/02

# 05-64

# Exhibits Q-R


Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 05-64 _____

JAN 13 2005

Subject: SELF/DCO _____

Requester: FREDERICK H. BANKS _____

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                Sincerely,

                *Marie A. O'Rourke*

                Marie A. O'Rourke
                Assistant Director

                                  Form No. 001 - 9/03



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 616-6478*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

Request Number: **05-64**                    Date of Receipt: **January 4, 2005**

Requester:   **Frederick H. Banks**

Subject:     **Self / DCO**

FEB 2 3 2005

Dear Requester:

         In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [  ]    A search for records located in this office has revealed no records.

2.    [ X ]   A search for records located in the United States Attorney's Office(s) for the **District of Colorado** has revealed no records.

3.    [  ]    The records which you have requested cannot be located.

4.    [ X ]   This office is continuing its work on the other subject/districts mentioned in your request.

5.    [ X ]   This is the final action my office will take on this particular request.

         You may appeal my decision in this matter by writing within sixty (60) days, to:

                    Office of Information and Privacy
                    United States Department of Justice
                    Flag Building, Suite 570
                    Washington, D.C. 20530

         Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

         After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

                                        Sincerely,

                                        Marie A. O'Rourke
                                        Assistant Director



Form No. 005 - 11/02

# 05-65

# Exhibits S-T


Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: 05-65 _____        JAN 1 3 2005

Subject: SELF/CAE _____

Requester: FREDERICK H. BANKS _____

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number.  <u>Please give us this number if you write about your request.</u>  If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days).  There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  <u>Please do not send any payment at this time!</u>  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

                    Sincerely,

                    *Marie A. O'Rourke*

                    Marie A. O'Rourke
                    Assistant Director



                                    Form No. 001 - 9/03



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 6i5-6478*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: **05-65**                    Date of Receipt: **January 4, 2005**

Requester: **Frederick H. Banks**

Subject: **Self**

Dear Requester:                                                    FEB 2 3 2005

     In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.   [   ]  A search for records located in this office has revealed no records.

2.   [ X ]  A search for records located in the United States Attorney's Office(s) for the **Eastern District of California** has revealed no records.

3.   [   ]  The records which you have requested cannot be located.

4.   [ X ]  This office is continuing its work on the other subject/districts mentioned in your request.

5.   [ X ]  This is the final action my office will take on this particular request.

     You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

     Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

     After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 11/02

# 05-66

# Exhibits U-AA


Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

Request Number: 05-66

JAN 13 2005

Subject: SELF/FLM

Requester: FREDERICK H. BANKS

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

Marie A. O'Rourke

Marie A. O'Rourke
Assistant Director



Form No. 001 - 9/03



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*     *(202) 616-6757*
*600 E Street, N.W.*                     *FAX (202) 616-6478*
*Washington, DC 20530*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.



**United States Dep    nent of Justice**

Executive Office for United States Attorneys

| | | |
|---|---|---|
| FOIA Unit | *Suite 7300, Bicentennial Building* | *(202) 616-6757* |
| | *600 E Street, N.W.* | *FAX (202) 616-6478* |
| | *Washington, DC 20530* | |

Request Number: 05-66

Requester: Frederick H. Banks

JAN 2 8 2005

Dear Mr. Banks:

   We are currently searching for documents responsive to your FOIA/PA request. The Middle District of Florida has contacted us to ask for further identifying information from you so that they may conduct a proper search for records pertaining to you. Although you provided a Social Security number, the computer system can search only by name or case number. In order to ensure that your records, and not those of other possible defendants with a similar name, are retrieved, we ask that you identify the case number of your case if you have it.

   In order for your request to be processed, we must hear from you within 20 days or we will close your request. Please send the clarifying information to the above address. If you have any questions about this letter you may call Attorney-Advisor Garry Stewart at 202-616-3450.

                              Sincerely,

                              Marie A. O'Rourke
                              Assistant Director


Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington D.C., 20530.



Frederick H. Banks
DOC# 120759
950 Second Avenue
Pittsburgh, PA  15219

February 5, 2005

Garry Stewart, Esq.
Executive Office for United States Attorneys
U.S. Department of Justice
Suite 7300
600 E. Street, N.W.
Washington, DC  20530

In re:  FOIA  05-66

Dear Attorney-Advisor Stewart:

I am in receipt of the January 28, 2005, letter from Marie A. O' Rourke, Assistant
Director.

Be advised that a mere database query constitutes an inadequate search.  I was not a party
to any particular case, but have been informed that the Middle District of Florida engaged
in investigatory actions relating to me.  The investigation involved the Federal Bureau of
Investigation and/or the Postal Inspection Service.  The Middle District of Florida may
also have involved subpoena service and/or assistance provided to the Western District of
Pennsylvania.

The actions took place in 1995, 1996, 2003, 2004, and 2005.

Respectfully submitted,

Frederick H. Banks



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: __05-66_____    Date of Receipt: **January 4, 2005**

Requester: __Frederick H. Banks_____    MAY 2 0 2005

Subject: ____Self / FLM_____

Dear Requester:

      In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [   ]   A search for records located in this office has revealed no records.

2.    [ X ]   A search for records located in the United States Attorney's Office(s) for the **Middle District of Florida** has revealed no records.

3.    [   ]   The records which you have requested cannot be located.

4.    [ X ]   This office is continuing its work on the other subject/districts mentioned in your request. **(05-61, 05-62, and 05-63)**

5.    [ X ]   This is the final action my office will take on this particular request. **Also, please note that this request has exceeded the 2 hours search time that is free of charge. A determination will be made of any fees and you will be notified. The search time on the requests that are still open will determine the amount of, if any, fees you will need to pay.**

      You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

      Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

      After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 11/02

Frederick H. Banks
DOC# 120759
950 Second Avenue
Pittsburgh, PA 15219

February 5, 2005

FOIA / PA Appeals Officer
Office of Information and Privacy
U.S. Department of Justice
Washington, DC 20530

      In re: EOUSA  No. 05-66 (January 28, 2005 response)

To the FOIA/ PA Appeals Officer:

I appeal the improper withholding of agency records by the Executive Office of United
States Attorneys. Specifically, I asked for all records listing my name within the Middle
District of Florida. It appears that the EOUSA conducted an inadequate search where it
requests that I notify it of the case number. I was not indicted and was only the subject of
an investigation in which the Middle District of Florida participated. The Middle District
of Florida also assisted the Western District of Pennsylvania.

Therefore, I provided the EOUSA with adequate information, and I do not simply request
a search of filed cases.

Respectfully submitted,

Frederick H. Banks

OFFICE OF INFORMATION
AND PRIVACY

FEB 1 4 2005

RECEIVED





**U.S. Department of Justice**

EOUSA/FOIA/PA

Office of Information and Privacy

05 MAR -1 PM 1:50

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**FEB 18 2005**

Mr. Frederick H. Banks
DOC No. 120759
950 Second Avenue
Pittsburgh, PA 15219

     Re: Request No. 05-66

Dear Mr. Banks:

     This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on February 14, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1056**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Priscilla Jones
               Chief, Administrative Staff



EOUSA

Office of Information and Privacy

RECEIVED

Telephone (202) 514-3642

2005 JUL 11 AM 2:04

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Washington, D.C. 20530

**JUL 1 2 2005**

Mr. Frederick H. Banks
DOC No. 120759
950 Second Avenue
Pittsburgh, PA  15219

Re:  Appeal No. 05-1056
     Request No. 05-66
     RLH:KDC:ALB

Dear Mr. Banks:

    You appealed from the action of the Executive Office for United States Attorneys on your request for access to records concerning you and various entities.

    I note that the EOUSA administratively separated your request into multiple files based on the subject area and federal district to be searched.  Request No. 05-66, which is the subject of this appeal, was assigned to the portion of your request for access to records concerning you in the Middle District of Florida.

    After carefully considering your appeal, I have decided to affirm the EOUSA's action on your request.

    By letter dated January 28, 2005, the EOUSA asked you to provide additional information concerning your request, which you interpreted as an "improper withholding of agency records" and "an inadequate search."  Subsequent to your appeal, the EOUSA conducted a further search and informed you by letter dated May 20, 2005, that it was unable to locate any responsive records in its files.  It has been determined that the EOUSA's response is correct.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                              Sincerely,


                              Richard L. Huff
                              Co-Director




EOUSA

# 05-1622

# Exhibits BB-FF



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JUN 2 0 2005

Request Number:  05-1622          Requester:  Frederick H. Banks

Subject:  Vampire Nation, etc (item 4)/PAW

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

               Sincerely,

               Marie A. O'Rourke
               Assistant Director



Form No. 001 -6/05

**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 616-6478*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester:  **Frederick H. Banks**          Request Number:  **05-1622**

Subject of Request:  **Vampire Nation, etc (item 4) Western Pennsylvania**          JUL 26 2005

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

**3**__ page(s) are available to be released in full (RIF);
____ page(s) are available to be released in part (RIP);
____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

**In our letter dated July 12, 2005 that accompanied response file number 05-1625, we informed you of aggregated fees associated with your numerous request.**

[ X ]    After reviewing all the documents, we have determined that we can make a partial release. You previously agreed to pay search and/or copying costs. A **$ 168.00** **aggregated** search fee is being assessed for these records. If you would like these records, please send a check or money order for **$ 168.00**, payable to the Treasury of the United States. Payment should be mailed to the Freedom of Information Act/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530. **If payment is not received within 30 days from the date of this letter, your request will be closed and any future requests for records will be rejected until payment is received.** Please note that this may not be the final costs associated with processing your numerous requests. There are still open requests **(05-1623 and 05-1627)** that will increase the final search/copying fees. We will be able to determine the final costs after we have received responses from all of the districts listed in your requests. We will notify you accordingly at that time.



Frederick Banks
#12075a

rec'd 8-9-05

05-2501

PA
Ⓐ
EDNSA

950 Second Avenue

Pittsburgh, PA 15219

FOIA/PA Officer
Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530
ATTN: Freedom of Information Act
Privacy Act Appeal

OFFICE OF INFORMATION
AND PRIVACY

AUG 0 9 2005

RECEIVED

August 2, 2005

RE: Request # 05-1622
Response to letter dated
July 26, 2005

To the FOIA/PA appeals officer;

I appeal the improper withholding of agency records. The
EOUSA cannot charge a "search fee" under the acts. I demand that the records
be immediately released to me at the above captioned address.

Sincerely,

Frederick Banks



GOVERNMENT

 
**U.S. Department of Justice**

RECEIVED

Office of Information and Privacy

2005 AUG 22  PM 2: 36

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Telephone: (202) 514-3642    Washington, D.C. 20530

AUG 15 2005

Mr. Frederick Banks
No. 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

Re:  Request No. 05-1622

Dear Mr. Banks:

This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on August 9, 2005.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2501**.  Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

for Priscilla Jones
Chief, Administrative Staff

 EOUSA



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: **Frederick H. Banks**

OCT  -5

Request Number:  **05-1622**

Subject of Request: **Self / Western District of Pennsylvania**

Dear Requester:

On August 8, 2005 (regarding 05-61) and on July 26, 2005 (regarding 05-1622), we sent you letters indicating an estimate of aggregated fees charged for processing your Freedom of Information Act requests. We gave you at least 30 days to respond in order to receive the documents. Since we have not heard from you in that time, your request files have been closed.

**In order to clear up any confusion you may have concerning the fees charged for your requests, please be aware that you are being charged an aggregated fee of $168.00 for six (6) hours of search time that exceeded two (2) hours which are free.**

If you do decide to pay the fees, feel free to contact us and we will re-open your files and send you the documents responsive to your request.

Sincerely,

Marie A. O'Rourke
Assistant Director



# 05-1623

# Exhibits GG-HH


**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

JUN 2 0 2005

Request Number: __05-1623__     Requester: __Frederick H. Banks__

Subject:_ Vampire Nation, etc (item 4)/DDC

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                    Sincerely,

                    Marie A. O'Rourke
                    Assistant Director.



Form No. 001 -6/05

**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                       *FAX (202) 616-6478*
*Washington, DC 20530*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

U.S. Department of Justice

DEC 2 9 2006

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number:   05-62 & 05-1623        Date of Receipt:   January 4, 2005

Requester:   Frederick H. Banks

Subject:   Self & Vampire Nation- U.S. Atty District of Columbia

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [  ]    A search for records located in this office has revealed no records.

2.    [ x ]   A search for records located in the United States Attorney's Office(s) for the District of Columbia   has revealed no records.

3.    [  ]    The records which you have requested cannot be located.

4.    [  ]    This office is continuing its work on the other subject/districts mentioned in your request.

5.    [ x ]   This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
1425 New York Avenue, Suite 11050
Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

William G. Stewart II
Acting Assistant Director



Form No. 005 - 1/06

# 05-1624

# Exhibits II-JJ


**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JUN 2 0 2005

Request Number:  05-1624        Requester:  Frederick H. Banks

Subject:  Vampire Nation, etc (item 4)/OHN

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

     Sincerely,

*Marie A. O'Rourke*
Marie A. O'Rourke
Assistant Director



Form No. 001 -6/05

**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*          *FAX (202) 616-6478*
*Washington, DC 20530*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number:  **05-1624**          Date of Receipt: **January 4, 2005**

Requester:  **Frederick H. Banks**

Subject:  **Vampire Nation, etc (item 4)**

Dear Requester:

    In response to your Freedom of Information Act and/or Privacy Act request, the      JUL 13
paragraph(s) checked below apply:

1.    [ ]    A search for records located in this office has revealed no records.

2.    [ X ]    A search for records located in the United States Attorney's Office(s) for the Northern
District of Ohio has revealed no records. **In our letter dated July 12, 2005 that accompanied
response file number 05-1625, we informed you of aggregated fees associated with your
numerous request.**

3.    [ ]    The records which you have requested cannot be located.

4.    [ ]    This office is continuing its work on the other subject/districts mentioned in your request.

5.    [ X ]    This is the final action my office will take on this particular request.

    You may appeal my decision in this matter by writing within sixty (60) days, to:

                    Office of Information and Privacy
                    United States Department of Justice
                    Flag Building, Suite 570
                    Washington, D.C. 20530

    Both the envelope and the letter of appeal must be clearly marked "Freedom of Information
Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in
the United States District Court for the judicial district in which you reside or have your principal
place of business; the judicial district in which the requested records, if any, are located; or in the
District of Columbia.

                    Sincerely,

                    Marie A. O'Rourke
                    Assistant Director



                                        Form No. 005 - 11/02

# 05-1625

# Exhibits KK-LL



*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

JUN 2 0 2005

Request Number:  05-1625          Requester:  Frederick H. Banks

Subject:  Vampire Nation, etc (item 4)/DCO

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

     Sincerely,

Marie A. O'Rourke
Assistant Director



Form No. 001 -6/05



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                    *FAX (202) 616-6478*
*Washington, DC 20530*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number: **05-1625**　　　　Date of Receipt: **January 4, 2005**

Requester: **Frederick M. Banks**

Subject:　**Vampire Nation, etc (item4) / District of Colorado**

Dear Requester:

　　In response to your Freedom of Information Act and/or Privacy Act request, the *JUL 1 3 2005* paragraph(s) checked below apply:

1.　[　]　A search for records located in this office has revealed no records.

2.　[ X ]　A search for records located in the United States Attorney's Office(s) for the **District of Colorado** has revealed no records. **In our June 20, 2005 letter to you, we informed you that search times and duplication fees for all districts requested will be aggregated. So far, your requests have exceeded the two (2) hour free search by two (2) hours. Since we still have open requests, at this time, we can only inform you that each additional hour has a fee of $28.00. When we have received all of the responses from all the districts, we will be better able to determine the exact search time fees.**

3.　[　]　The records which you have requested cannot be located.

4.　[ X ]　This office is continuing its work on the other subject/districts mentioned in your request.

5.　[ X ]　This is the final action my office will take on this particular request.

　　You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy<br>
United States Department of Justice<br>
Flag Building, Suite 570<br>
Washington, D.C. 20530

　　Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

　　After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke<br>
Assistant Director

Form No. 005 - 11/02



# 05-1626

# Exhibits MM-NN



U.S. Department of Justice

Executive Office for United States Attorneys   JUN 2 0 2005
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

Request Number: 05-1626                Requester:       Frederick H. Banks

Subject:  Vampire Nation, etc. (item 4)/CAE

     The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

     Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

     EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

     By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

     Sincerely,

*Marie A. O'Rourke*

Marie A. O'Rourke
Assistant Director



Form No. 001 6/05



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 616-6478*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E.Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

Request Number: **05-1626**        Date of Receipt: **January 4, 20005**

Requester: **Frederick H. Banks**

Subject: **Vampire Nation, etc (item 4)**

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the *JUL 13 2005*
paragraph(s) checked below apply:

1.    [  ]    A search for records located in this office has revealed no records.

2.    [ X ]    A search for records located in the United States Attorney's Office(s) for the **Eastern
District of California** has revealed no records.

3.    [  ]    The records which you have requested cannot be located.

4.    [ X ]    This office is continuing its work on the other subject/districts mentioned in your request.
**In our letter dated July 12, 2005 that accompanied response file number 05-1625, we
informed you of aggregated fees associated with your numerous request.**

5.    [ X ]    This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information
Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in
the United States District Court for the judicial district in which you reside or have your principal
place of business; the judicial district in which the requested records, if any, are located; or in the
District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director



Form No. 005 - 11/02

# 05-1627

# Exhibits OO-SS



U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

JUN 2 0 2005

Request Number: 05-1627            Requester:        Frederick H. Banks

Subject:   Vampire Nation, etc. (item 4)/FLM

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

Marie A. O'Rourke

Marie A. O'Rourke
Assistant Director



Form No. 001 -6/05

**U.S. Department of Justice**

Executive Office for United States Attorneys

---

FOIA Unit

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

*(202) 616-6757*
*FAX (202) 616-6478*

In accordance with 5 USC 552(a)(6)(B)(vi) providing for aggregating requests, the search times and duplication fees for all districts requested will be aggregated.

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

Request Number:  **05-1627**              Date of Receipt: **January 5, 2005**

Requester:  **Frederick H. Banks**

Subject:  **Vampire Nation, etc (item 4)**

SEP 22 2005

Dear Requester:

        In response to your Freedom of Information Act and/or Privacy Act request, the
paragraph(s) checked below apply:

1.      [  ]    A search for records located in this office has revealed no records.

2.      [ X ]   A search for records located in the United States Attorney's Office(s) for the **Middle
District of Florida** has revealed no records.

3.      [  ]    The records which you have requested cannot be located.

4.      [ X ]   This office is continuing its work on the other subject/districts mentioned in your request.
                **(05-1623)**

5.      [ X ]   This is the final action my office will take on this particular request.

        You may appeal my decision in this matter by writing within sixty (60) days, to:

                        Office of Information and Privacy
                        United States Department of Justice
                           Flag Building, Suite 570
                           Washington, D.C. 20530

        Both the envelope and the letter of appeal must be clearly marked "Freedom of Information
Act/Privacy Act Appeal."

        After the appeal has been decided, you may have judicial review by filing a complaint in
the United States District Court for the judicial district in which you reside or have your principal
place of business; the judicial district in which the requested records, if any, are located; or in the
District of Columbia.

                                Sincerely,

                                Marie A. O'Rourke
                                Assistant Director

Form No. 005 - 11/02



Frederick Burks
#120789
950 Second Avenue
Pittsburgh PA 15219

Executive Office for United States Attorneys
Freedom of Information / Privacy Act Staff
600 E Street N.W. Room 7300
Washington, D.C. 20530

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

September 27th, 2005

RE: Request number 05-1627
Response to Letter dated January
5, 2005, Freedom of Information
Act / Privacy Act Appeal

I appeal the improper withholding of agency records the EOUSA failed to perform an adequate search and also did not provide a print out of the search screen that showed that no records were found. Therefore, I again request that all records be produced and provided to me under the Acts.

Sincerely,

Frederick Burks

OFFICE OF INFORMATION
AND PRIVACY

OCT 0 6 2005

RECEIVED



**U.S. Department of Justice**

Office of Information and Privacy RECEIVED

2005 OCT 14   AM 10:45

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*   DEPT. OF JUSTICE/EOUSA
                                                                        FOIA

OCT 1 3 2005

Mr. Frederick Banks
No. 120759
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219-3100

        Re:  Request No. 05-1627  CAS

Dear Mr. Banks:

        This is to advise you that your administrative appeal from the action of the Executive Office for
United States Attorneys on your request for information from the files of the Department of Justice was
received by this Office on October 6, 2005.

        The Office of Information and Privacy, which has the responsibility of adjudicating such
appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford
each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals
in the approximate order of receipt. Your appeal has been assigned number **06-0071**. Please mention
this number in any future correspondence to this Office regarding this matter.

        We will notify you of the decision on your appeal as soon as we can. The necessity of this
delay is regretted and your continuing courtesy is appreciated.

                                Sincerely,

                                *Priscilla Jones*

                                Priscilla Jones
                                Chief, Administrative Staff



EOUSA

**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

2005 DEC 30  AM 11: 01

DEPT OF JUSTICE EOUSA

Telephone: (202) 514-3642                                    *Washington, D.C. 20530*

DEC 29 2005

Mr. Frederick Banks
No. 120759
Allegheny County Jail                       Re:     Appeal No. 06-0071
950 2ⁿᵈ Avenue                                        Request No. 05-1627
Pittsburgh, PA  15219-3100                            BVE:ALB:CL

Dear Mr. Banks:

        You appealed from the action of the Executive Office for United States Attorneys on your
request for records concerning Vampire Nation.

        Please be advised that the EOUSA has administratively separated your Freedom of
Information Act request into six files.  This appeal concerns only the portion of your initial request
relating to the U.S. Attorney's Office for the Middle District of Florida.  The EOUSA assigned Request
Nos. 05-1622 through 05-1626, to the portions of your request concerning records in five other
federal districts.

        After carefully considering your appeal, I have decided to affirm the EOUSA's action on your
request.

        The EOUSA informed you that it could locate no responsive records in the Middle District of
Florida.  It has been determined that the EOUSA's response is correct.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        *m Pustay*

                                        Melanie Ann Pustay
                                        Deputy Director



EOUSA

# 05-1199-R

# Exhibits TT-XX



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 14, 2005

Ms. Marie A. O'Rourke, Assistant Director
FOIA/PA Unit
Executive Office for United States Attorneys
Department of Justice
600 E Street NW
Room 7300
Washington, DC  20530-0001

RE:  FOIA # 2005-FPIS-00020

Dear Ms. O'Rourke:

Mr. Frederick Banks has requested the release of the enclosed material which
originated with your agency.

I have advised Mr. Banks in the enclosed letter that I am referring this material to
your agency for necessary attention pursuant to the provisions of the Freedom of
Information Act.  Please send your reply directly to Mr. Frederick Banks, DOC#
120759, Allegheny County Jail, 950 Second Avenue, Pittsburgh, PA 15219-3100.

If you have any questions regarding this matter, please contact me at
(703) 292-3910 and reference FOIA # 2005-FPIS-00020.

Sincerely,

L. Freeman
Information Disclosure Technician

Enclosure

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4030
TELEPHONE:  703-292-4421





UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

April 14, 2005

Mr. Frederick Banks
DOC# 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

RE: FOIA # 2005-FPIS-00020

Dear Mr. Banks:

This is in further reference to your letter dated December 28, 2004, requesting, pursuant to the Freedom of Information Act, access to certain records which may be in the custody of the U.S. Postal Inspection Service regarding you.

We regret the delay in responding to your communication which was due to the time involved in processing an unusually large volume of informational requests.

Enclosed are 99 pages of record material which can be released to you. Certain deletions have been made to this material pursuant to title 5, United States Code, section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy; section 552(b)(7)(D), which exempts information that could reasonably be expected to disclose the identity of a confidential source and confidential information furnished by that source; and section 552(b)(7)(E), where disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions.

In addition to these enclosures, there are 187 pages which are exempt from disclosure in their entirety in accordance with section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(3), which concerns records specifically exempt from release by statute (<u>Federal Rules of Criminal Procedure, Rule 6(e)</u>, 18 U.S.C. Appendix); section 552(b)(5); section 552(b)(6); section 552(b)(7)(C); section 552(b)(7)(D); and section 552(b)(7)(E).

Aside from the above referenced material, there are two pages of record material which originated with the Office of the United States Attorney. Accordingly, I have referred this specific material to this agency for its review and direct response to you.

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is also enclosed.

Sincerely,

L. Freeman
Information Disclosure Technician

Enclosures

Frederick H. Banks
Dec # 130759
Allegheny County Jail
950 Second Ave
Pittsburgh, PA 15219 / 3100

FP15-00020

December 28, 2004

FOIA / PA Officer

U.S. Postal Inspection Service

Washington, DC 20260

RECEIVED

JAN 0 5 2004

Counsel,
Office of the Chief Inspector

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974,
I request the following records:

I. All records relating to me, mentioning me, or pertaining to me;

2. The results of a query using my name in each database accessible
   by the offices listed below;

3. All electronic files that contain my name;

4. All files relating to Vampire Nation, Hexagon LLC, Hexagon Records,
   Search Syndicate Inc., Marakesh Armano, HLLC, HLC

5. All records relating to the judicial and policing powers of U.S. Postal
   Inspectors in their investigative, arresting, searches + serving, arrests,
   Title 39 etc.

These records are held by or in computer files maintained by:

1. Postal Inspector David Anderchak (Pittsburgh Division)

2. Postal Inspector Robert Schmidt (Pittsburgh Division)

3. Postal Inspector Bruce Hammarle (Pittsburgh Division)

4. Postal Inspector Randy Venanzi (Pittsburgh Division)

5. Chief Postal Inspector (Washington DC Division)

The searches should not be limited to criminal files and in addition to my name
contain the following querys to alleged names used by me:

1. Dave Wessant

2. Mark Howard

3. Keith Pyle

4. Danny Madrigan

5. Rick Lucke

6. Frederick Von Hamilton

7. Mike Homa

8. Chris Merze

9. Frederick Hamilton Banks

I declare under the penalty for perjury that I am the person making this request and that all identifying information listed below is true. [28 usc § 1746]

Respectfully Submitted,

Frederick H. Banks

Frederick Hamilton Banks

52 South 8th Street

Pittsburgh, PA 15203

SS# ████████████

DoB: ████████

mailing address; Frederick Banks

Doc# 120759

Allegheny County Jail

950 Second Ave

Pittsburgh, PA 15219   3100

Certificate of Service

I hereby certify that a true and correct copy of the letter to the FOIA/PA officer for the U.S. postal Inspection Service was served on this ___28___ day of December, 2004, by mail delivery upon the following:

FOIA/PA officer
U.S. postal Inspection Service
Washington, D.C. 20260

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: __**Frederick Banks**__

Request Number: __05-1199-R__                                    MAY 1 8 2005

Government Component that referred material: __**United States Postal Inspection Service**__

Dear Requester:

      This is in reply to your Freedom of Information Act/Privacy Act request of __January 5, 2004__  Records were referred to us by the government component above for direct response to you.

      The referred material has been considered under both the FOIA and the Privacy Act to provide you the greatest degree of access.  Exemptions have been applied when deemed appropriate either for withholding records in full or for excising certain information.  The exemptions cited are marked below.  An enclosure to this letter explains the exemptions in more detail.

|  Section 552 | | | Section 552a |
|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | [ X ] (j)(2) |
| [   ] (b)(2) | [   ] (b)(5) | [   ] (b)(7)(C) | [   ] (k)(2) |
| [   ] (b)(3) | [   ] (b)(6) | [   ] (b)(7)(D) | [   ] (k)(5) |
| _____ | [   ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] _____ |
| _____ | | [   ] (b)(7)(F) | |

      We have reviewed _ 2 _ page(s) of material:

__2___ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF) and
_____ pages were duplicate copies of material already processed.

      You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

      Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

(Page 1 of 2)
Form No. 024 - 11/02

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

This is the final action this office will take concerning your request.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

Frederick H. Banks
DOC# 120759
950 Second Avenue
Pittsburgh, PA 15219

June 4, 2005

FOIA / PA Appeals Officer
Office of Information and Privacy
U.S. Department of Justice
Washington, DC 20530

In re: EOUSA No. 05-1199-R (May 18, 2005 response)

To the FOIA/ PA Appeals Officer:

I appeal the improper withholding of agency records by the Executive Office of United
States Attorneys. Specifically, I asked for all records listing my name, about me or
pertaining to me. It appears that the EOUSA conducted an inadequate search where it
enacted Section 552a(j)(2) but failed to explain how the exemptions applied to me and
why only two records were found. It seems virtually impossible and highly improbable
that only <u>two</u> records exist and additionally the records released appear to be a press
release. I was six times indicted and the subjection of investigations in the Western
District of Pennsylvania and beyond.

Therefore, I provided the EOUSA with adequate information, and I do not simply request
a search of filed cases.

Respectfully submitted,

Frederick H. Banks

RECEIVED

JUN 2 1 2005

Office of Information and Privacy



**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

2005 JUN 27 PH 2:50

Telephone: (202) 514-3642/EOUSA
DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

*Washington, D.C. 20530*
**JUN 2 2 2005**

Mr. Frederick H. Banks
No. 120759
950 Second Avenue
Pittsburgh, PA 15219

    Re:  Request No. 05-1199-R

Dear Mr. Banks:

    This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on June 21, 2005.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-2075**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Priscilla Jones
               Chief, Administrative Staff



EouSA



**U.S. Department of Justice**

Office of Information and Privacy

RECEIVED

2005 AUG -2 PH 12: 07

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

Telephone: (202) 514-3642    *Washington, D.C. 20530*

AUG 0 1 2005

Mr. Frederick H. Banks
No. 120759                           Re:   Appeal No. 05-2075
950 Second Avenue                          Request No. 05-1199-R
Pittsburgh, PA  15219                      RLH:ALB:NSQ

Dear Mr. Banks:

     You appealed from the action of the Executive Office for United
States Attorneys on documents referred to it by the United States
Postal Inspection Service in response to your request for access to
records concerning yourself and various other subjects.

     After carefully considering your appeal, I have decided to
affirm the EOUSA's action on the records referred to it.

     The EOUSA released in full the two pages referred to it.  The
function of the Office of Information and Privacy is limited to the
adjudication of appeals from denials of access to information
pursuant to the Freedom of Information and Privacy Acts by components
of the Department of Justice.  Inasmuch as this action resulted in a
full release of the records referred to the EOUSA, I am closing your
Freedom of Information Act appeal in this Office.

     If you wish the EOUSA to conduct a search of its file for any
responsive records, you must make a new request, if you have not
already done so, directly to the EOUSA.

                              Sincerely,



                              Richard L. Huff
                              Co-Director



# 05-1831-R

# Exhibits YY-ZZ

**U.S. Departm. ..nt of Justice**

RECEIVED

2005 JUN 28 PH 12: 31

DEPT OF JUSTICE/EOUSA
FOIA/PRIVACY UNIT

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-1000*

**MEMORANDUM TO:**    EOUSA
FOIA/Privacy Unit
Room 7300, 600 E. Street, N.W.
Washington D.C. 20530-0001

**JUN 2 3 2005**

**FROM:**    Ɗ. Baude for
William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

**SUBJECT:**    **Freedom of Information/Privacy Act Request -
Frederick Banks- 2005USMS8084**

In searching our files pursuant to a Freedom of Information/Privacy Act request by the above-named individual, we located 12 documents which originated with or contain information which originated with your agency.  Pursuant to 28 C.F.R. § 16.42(d), these documents are being referred to your office for action and direct response to the requester.

A copy of said documents and the request is attached.  If you have any questions, please contact Shauna Baude on 202 307-9865.



Frederick Hamilton Banks - DOC #120759 - Allegheny County Jail - 950 Second Avenue - Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer
United States Marshal Service
12th Floor, CS-3
600 Army Navy Drive
Arlington, VA 22203

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974, I hereby request all documents, electronic and physical, within the above named field office that relate to me, mention me, or otherwise list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed in the main or reference files.
In addition, I am requesting the results of my name when placed in each and every database maintained or accessible by United States Marshals Service except the fingerprint identification record system of the national crime information center system to the extent the queries require my fingerprints. if the query results in a no matches found or similar response, I am requesting a printout of the response.

All communications are to be made to the address listed on top of this letter. Sending communications to alternative addresses constitutes an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth ████████; Place of Birth - Pittsburgh; SS# ███████████; USM# 05711068; FBI# 872486CB1. However, files may be held in systems not sorted or accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this request, and that all identifying information listed herein is true. 28 USC 1746.

Respectfully submitted,

Frederick H. Banks

Frederick H. J. KS

Doc# 120759

Allegheny County Jail

950 Second Avenue

Pittsburgh PA 15219


U.S. Department of Justice

United States Marshals Service

Office of General Counsel

Washington DC 20530 - 1000

February 27, 2005

RE: FOIA/Privacy Act Request

No. 2005 USMS 8084

To SHAARON L. KEYS;

There should be records pertaining to me in the Western District of Pennsylvania, The Middle District of Florida. If it is possible to also do a nationwide search I would appreciate that as well.

Respectfully Submitted,

Frederick H. Banks

RECEIVED
DEPUTY COUNSEL
05 MAR -7 AM 9:55
U.S. MARSHALS SERVICE

Name: Frederick Banks
Number: 120759
ALLEGHENY COUNTY JAIL
0 2ND AVENUE
PITTSBURGH  PA  15219-3100

MAIL

ADDRESS MUST BE PRINTED BELOW THIS MESSAGE.




Sharron L. Keys
U.S. Department of Justice
United States Marshals Service
Office of General Counsel
Washington, D.C. 20530-1000

WASHINGTON 20530

PRESORTED
FIRST CLASS



UNITED STATES POSTAGE
PITNEY BOWES

02 1A
000432823.7    $ 00.27⁸
MAILED FROM ZIP CODE 15219    FEB 28 2005



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7100*
*Washington, D.C. 20530*
*202-616-6757 Fax 202-616-6478*

Requester: **Frederick H. Banks**

Request Number: **05-1831-R**

Government Component that referred material: **United States Marshals Service**

Dear Requester:                                                                                                    JUL 15 20..

      This is in reply to your Freedom of Information Act/Privacy Act request of **January 20, 2005.** Records were referred to us by the government component above for direct response to you.

      The referred material has been considered under both the FOIA and the Privacy Act to provide you the greatest degree of access. Exemptions have been applied when deemed appropriate either for withholding records in full or for excising certain information. The exemptions cited are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552                                                                                    Section 552a

| | | |
|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) |
| [   ] (b)(2) | [   ] (b)(5) | [   ] (b)(7)(C) |
| [   ] (b)(3) | [   ] (b)(6) | [   ] (b)(7)(D) |
| _____ | [   ] (b)(7)(A) | [   ] (b)(7)(E) |
| _____ | | [   ] (b)(7)(F) |

Section 552a

[X] (j)(2)
[   ] (k)(2)
[   ] (k)(5)
[   ] _____

      We have reviewed **12** page(s) of material:

**12**   page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF) and
_____ pages were duplicate copies of material already processed.

      You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

      Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

(Page 1 of 2)
Form No. 024 - 11/02



After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

This is the final action this office will take concerning your request.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 024 - 11/02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VAMPIRE NATION, et al., | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 06-CV-1950 |
| v. | ) |
| DEPARTMENT OF JUSTICE, et al., | ) |
| Defendants. | ) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 203 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the

review of FBI information for classification purposes as mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) . Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA/Privacy Act requests of plaintiffs for documents related to plaintiff, Frederick H. Banks.

(4) The purpose of this declaration is to provide the Court and plaintiffs with an overview of the FBI's RIDS, and an explanation for the delay associated with the FBI's processing of documents responsive to plaintiffs' FOIA/Privacy Act requests. For the reasons which will be discussed below in greater detail, the FBI is submitting this declaration in support of a stay of proceedings for approximately nine (9) months, three (3) months for the case to rise to the top of the backlog queue and six (6) months for processing, no later than December 1, 2007, in order to allow the FBI to complete the processing and release of documents responsive to plaintiffs' requests.

## OVERVIEW OF THE FBI'S FOIA/PRIVACY ACT BACKLOG

(5) · The number of FOIA and Privacy Act requests received by the FBI increased .

---

[1] 60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2] 5 U.S.C. § 552(b)(1).

dramatically from the early 1980s. The Freedom of Information and Privacy Acts ("FOIPA") Section [the predecessor to RIDS] began processing requests in 1975. Initially overwhelmed by the number of requests, by 1981, the FBI had achieved a steady backlog of between 4,000-7,000 requests. Beginning in 1985, the unavailability of additional employees and a steady, large stream of new requests increased the backlog substantially until in 1996 there were in excess of 16,000 requests. In 1996, the median time for a pending request was in excess of three years.

(6)    During the years that the backlog continued to grow, the FBI repeatedly sought additional funding for the creation of new FOIPA positions. It was not until the 1997 fiscal year budget that Congress appropriated funds which provided for the funding of 129 additional employees, and in the 1998 fiscal year budget provided for the funding of 239 additional employees. In 2002, RIDS moved to paperless processing through its FOIPA Document Processing System ("FDPS"). The FDPS allows the user to scan FBI files, documents, and correspondence, and enables the user to process pages electronically rather than manually. RIDS is now using this system to process virtually all of its FOIA/Privacy Act requests. The new process required the FBI to redistribute some of its FOIPA personnel to other sections within the RMD in order to support the scanning and archival services necessary for automated processing. Despite an additional reduction of RIDS personnel following September 11, 2001, to support the war on terrorism, the new efficiencies allowed the FBI to make great strides in reducing further its FOIA/Privacy Act backlog. For example, requests in RIDS in various stages of processing between December 31, 1996 and December 31, 2006, dropped from 16,244 to 1,672, resulting in a reduction of 14,572 requests. The median time for a pending request dropped from 1,160 days on December 31, 1996, to 156 days on December 31, 2006.

(7)    During 2006, there was an increase in requests, up from an average of 911 per month in 2005 to an average of 1,277 per month. Despite this increase, the FBI met or surpassed its primary goal of reducing the time required to process requests. The median time for

processing small queue requests (less than 500 pages) decreased by 10%; the median time for processing medium queue requests (501 pages -2500 pages) decreased by 16%. However, the median time for the processing of large queue requests (over 2500 pages) increased by 22%. This increase was due to a concerted effort to reduce the backlog of the older, larger cases. This effort resulted in the number of pending large queue requests decreasing from 122 to 51.

(8)    RIDS has taken all possible steps – using available technologies – to aid in the streamlining and reduction of the FOIA/Privacy Act backlog. These include the use of direct on-line computer searches to locate responsive records, the use of forms which eliminate delays associated with word processing, the formation of specific teams to target backlog issues, the development of alternative methods to handle consultations with other government agencies, and the formation of the RIDS FOIPA LSU, which handles all FOIA/Privacy Act litigation. RIDS has a FOIPA Process Board and an Information Technology Change Management Board to improve existing processes, including the use of information technology enhancements to the existing automated processing system. These boards provide a systematic methodology to implement continuous process improvement for the future.

(9)    Currently, the FBI is taking two steps to update its technology and facilities that have the potential to reduce dramatically the amount of time it takes the FBI to respond to FOIA and Privacy Act requests: (a) the development of the electronic investigative case file (the Sentinel Project); and (b) the establishment of an FBI Central Records Complex. The Sentinel Project is an on-going, multi-year project that will result in the elimination of paper investigative case files. With an embedded Records Management Application ("RMA"), FBI employees will be able to search for and retrieve these records electronically. Concurrently, the FBI has begun the process of designing and building a new, state-of-the art Central Records Complex ("CRC") in Frederick County, Virginia. This initiative will consolidate all closed FBI paper records from more than 265 different storage locations to one central site. When requested, paper records will

-4-

be scanned and forwarded electronically. These initiatives will significantly improve RIDS's search and record retrieval capabilities by increasing search accuracy, by decreasing search time, by reducing lost files and missing serials, and by eliminating the manual movement of files. RIDS expects these initiatives, after they are fully implemented, to reduce by 40% the time required to process a FOIA/Privacy Act request. Phase One of the Sentinel Program is scheduled to be launched in the spring of 2007. During 2006, RIDS completed its first phase of moving to an interim facility in Frederick County, Virginia, to recruit and train new employees in anticipation of the construction of the CRC. While this move is essential to future FBI FOIA/Privacy Act operations, it has created significant strains on the FBI's FOIA/Privacy Act resources.

## STRAINS ON THE FBI'S FOIA RESOURCES

(10)    Two significant factors impact the FBI's ability to process recently located records: (a) the physical relocation of a portion of the Section's personnel and resources from FBIHQ to the interim facility in Frederick County, Virginia; and (b) several urgent and competing litigation deadlines, both of which will be discussed in further detail below.

### RMD Relocation to Frederick County, Virginia

(11)    The decision to locate the permanent CRC site in Frederick County, Virginia, is currently pending with the U.S. General Services Administration. The FBI has begun the temporary relocation of RMD sections to interim sites in Frederick County, Virginia, and will continue with a full relocation of its workforce once the permanent CRC is built and ready for occupancy, sometime around the year 2010. The interim sites are approximately 90 miles out of the Washington, D.C. metropolitan area – about a 1½-hour drive from FBIHQ.

(12)    RIDS began relocation of its operations in February 2006 by establishing an advance team to prepare for the eventual relocation of RIDS in incremental stages. During the summer of 2006, RIDS began the first phase by relocating five and one half of its ten FBIHQ unit

functions to an interim site, specifically half of the Service Request Unit, and all of Work Process Unit One, Work Process Unit Two, FOIPA Unit One, FOIPA Unit Two, and Classification Unit Two. To ensure continuing RIDS operations during the move, half of the Service Request Unit function and the functions of FOIPA Unit Three, Classification Unit One, Classification Unit Three, and the Litigation Support Unit remain at FBIHQ. These FBIHQ units, with a total of 85 employees currently on board, consist of the most senior and experienced RIDS employees.

(13)    As evidenced by the FBI's 2006 FOIA/Privacy Act statistics, RIDS is making every effort to minimize disruption to operations during this transition period. This has been made all the more challenging as many employees have opted not to transfer with their unit function, opting to either retire or find other jobs rather than relocate to Frederick County, Virginia. Unfortunately, many of these employees were among the most senior and experienced in their area of expertise. Since RMD announced its off-site relocation plans, a total of 58 former RIDS employees have either resigned, retired, or found other jobs in the Washington, D.C. Metropolitan area, rather than relocate with their unit. To date, a total of 64 RIDS employees from FBIHQ have relocated with their unit to Frederick County, Virginia.

(14)    The FBI is engaged in aggressive and intense recruitment and hiring efforts in the Frederick County, Virginia area. In response to several recent postings for new hires, RIDS selected 333 individuals for interviews in June and November of 2005 and in January, February, March, August, October, and December of 2006, collectively. Of the 333 individuals selected for interviews, 82 candidates advised they were no longer interested prior to their interview; of the remaining 251 candidates interviewed, 94 either declined the initial offer of conditional employment following their interview or were disqualified during their background investigation; 35 employees have come on board; and the remaining are still pending in the background process. Past experience has shown that approximately 33% of those in FBI background investigations successfully complete the hiring process. With approximately 203 employees

-6-

currently on the rolls, RIDS is 108 positions under its funded staffing level of 311 employees due to attrition and the reasons explained above. In addition, in light of the continuing resolution pursuant to which much of the federal government is operating, and which has resulted in a hiring freeze until further notice, RMD may not be able to hire any new support employees in the immediate future. The new RIDS employees who have less than one year of experience are in various stages of professional development, but none are yet operating as experienced employees. It takes an average of three years to adequately train a new employee in the FOIA/PA process to be able to work independently in a productive, efficient, and effective manner. Accordingly, RIDS has only a limited number of experienced employees processing FOIA/PA requests at this time.

### Pending FOIA Litigations

(15)    Simultaneously with this resource drain, RIDS has experienced a significant increase in its FOIA litigation workload, including several urgent and competing federal district court litigation deadlines:

(16)    In Gerstein v. CIA, et al., Civ. A. No. 06-4643 (N.D. Cal.), plaintiff seeks, inter alia, access to all documents related to criminal referrals submitted to the U.S. Department of Justice or the FBI since January 1, 2001 regarding unauthorized disclosures of classified information to the press or public. The Court has ordered the FBI to expedite plaintiff's request, which has resulted in the FBI's intense search and identification of over 2,500 pages of potentially responsive records, with the search still ongoing. The FBI sought and received an additional 120 days from the original date of January 5, 2007, initially ordered by the court to complete its review and processing of this material. The FBI must now review, process and release over 2,500 pages by April 27, 2007.

(17)    In the FBI's largest FOIA litigation in its history, Rosenfeld v. U.S. Department of Justice, et al., Civ. A. Nos. 90-3576-MHP, 85-1709-MHP and 85-2247-MHP (N.D. Cal.), the

FBI has been ordered to conduct hand searches of its COINTELPRO files for numerous subjects and to open 13 new FOIA requests on individual subjects. In order to comply with these demands, the FBI has again had to realign its personnel resources and has made a substantial commitment of resources to address these court-ordered issues.

(18)    In Hidalgo v. FBI, Civ. A. No. 06-CV-1513 (D.D.C.), the FBI has had to review and process over 3,000 pages of documents responsive to plaintiff's request for documents related to an acknowledged FBI informant, with a completion date of March 16, 2007.

(19)    In Electronic Frontier Foundation v. Dep't of Justice, Civ. A. No. 06-CV-1708 (D.D.C.), the FBI is requesting an Open America stay from each of the Courts in the next several weeks. If this request is either denied by the Courts or the requested time is substantially reduced, additional shifting of already strained employee resources will become necessary.

(20)    In the past, the backlog in RIDS has been exacerbated by the high volume of administrative appeals which require review and response by the RIDS personnel. RIDS personnel work closely with the staff of the U.S. Department of Justice, Office of Information and Privacy ("OIP") to review and assist with OIP's responses and determinations regarding pending appeals. During 2006, the FBI received a total of 1015 administrative appeals. As of January 31, 2007, 525 administrative appeals were pending resolution. While this number does not represent an increase, the aggregate number of appeals remains another significant drain on resources because, inevitably, the time spent by RIDS personnel handling these appeals reduces the amount of time that they are able to devote to regular processing duties.

### HOW A FOIA REQUEST IS PROCESSED IN RIDS

(21)    Over the years, FOIA management at FBIHQ has continuously re-engineered the process of responding to FOIA/Privacy Act requests in an effort to better serve the needs of requesters who seek information from the FBI. In 2002, reorganization of various divisions at FBIHQ resulted in the formation of the RMD, which now handles all FOIA/Privacy Act requests

through the RIDS. These most recent re-engineering efforts have resulted in a new organizational plan which will be discussed in more detail below.

(22)    The mission of RIDS is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information. RIDS provides program and policy management that pertains to the research, review, analysis, processing, and classification/declassification work related to the FOIA and Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. RIDS also provides prepublication review of material written by current and/or former FBI employees concerning FBI matters as mandated by the FBI's employment agreement, executes the FBI's historic declassification program, and assists in managing defense discovery efforts in large counterterrorism criminal trials. RIDS currently employs approximately 203 personnel, most of whom are Legal Administrative Specialists ("LASs"), and who are assigned among the 11 units within RIDS. RIDS employees intake, review, process, and release information in response to FOIA and Privacy Act requests. To accomplish this mission, RIDS consists of the following 11 Units: one Service Request Unit ("SRU"), two Work Process Units ("WPU"), three Classification Units ("CU"), four FOIPA Units,[3] and the Litigation Support Unit ("LSU").

(a)    Service Request Unit: The Service Request Unit ("SRU") is composed of the Negotiation Team, which works with individuals whose requests generate a large volume of records in an attempt to narrow the scope of responsive records and facilitate a more rapid response. Since 1995, this team has eliminated over 13 million pages from FOIA/Privacy Act requests. The Unit has a RIDS Public Information Official, who is responsible for assisting requesters with issues concerning their request. The Government Response Team ("GRT"), also

---

[3] One of the four FOIPA Disclosure Units operates at an off-site location in Savannah, Georgia.

a part of SRU, provides timely feedback to other federal agencies and other DOJ components with regard to referrals of documents which are either FBI-originated or contain FBI-originated information.[4] Referred documents are sent to the FBI for consultation or for direct response to the requester. Finally, SRU handles administrative appeals and criminal discovery matters.

      (b)   Work Process Units:

          (i)    The two Work Process Units ("WPUs") are responsible for reviewing and sorting all correspondence/incoming requests for information from the public, Congress, Presidential Libraries, foreign governments, other federal and state agencies, and other FBI entities (i.e., FBI field offices, Legats). The WPUs handle various initial tasks required to "perfect" a FOIA/Privacy Act request, including sending letters to acknowledge requests, advising a requester to provide identifying data so that an accurate records search can be made and/or to submit a notarized signature/Privacy Act waiver, and advising a requester when no responsive records are located. The WPUs also open new requests, assign a FOIA/Privacy Act ("FOIPA") Request Number, and enter the perfected requests into the FDPS tracking system. The WPUs are responsible for preparing "perfected" requests for transfer to the four FOIPA Disclosure Units. A request is considered "perfected" when all administrative tasks have been completed and all responsive documents have been scanned into FDPS. Once a request has been "perfected," it is placed in the backlog for assignment to a FOIPA Disclosure Unit for processing. The WPUs conduct searches of the general indices for identifiable records, confirm responsive documents, stamp files for retention, address fee issues (other than fee waiver reviews), retrieve and forward files for scanning into FDPS, respond to status inquiries, and maintain requests prior to their transfer to the FOIPA Disclosure Units.

---

[4] The Government Response Team ("GRT") was formerly known as the "Government Response & Prepublication Review Unit." However, an internal reorganization resulted in shifting the GRT and its functions to the SRU, and shifting the Prepublication Review Team to the RIDS front office.

(ii)    After the WPUs perfect a request, it is sent to the "perfected backlog." To ensure fairness to all requesters and to equitably administer the deluge of FOIA/Privacy Act requests received by the FBI, a request is assigned based on the date of receipt on a "first in/first out" basis from within each of three queues according to sound administrative practices.[5] The FBI uses a three-queue system as a way to fairly assign and process new requests.[6] The three-queue system established "multi-track" processing for requests, based on the amount of time and work involved in handling a particular request.[7] The system nevertheless preserves the principle that, within the three queues, requests are still assigned and processed on a first-in/first out basis. The placement of a request in one of the three queues depends on the total amount of material responsive to that request -- 500 pages or less ("small queue"), 501 to 2,500 pages ("medium queue"), or more than 2,500 pages ("large queue"). This standard operating procedure, coupled with the FBI's "first in/first out" policy, permits requests to be addressed in the order in which they are received, while obviating the inequities to other requesters whose interests relate only to a small number of documents. As described earlier, individuals whose requests have been placed in the large queue are given the opportunity, through contact with SRU's Negotiation Team, to reduce the scope of their requests and accelerate assignment of their requests by relocating them to a more advantageous queue.

(c)    Classification Units: The three Classification Units ("CUs") are responsible for complying with the classification/declassification review of FBI records under Executive Order 12958, as amended, and for conducting mandatory declassification review consistent with Executive Order 12958, as amended. The CUs review documents responsive to

---

[5] See 28 C.F.R. § 16.5(a).

[6] This system went into effect on July 10, 1997, superseding the previous system of two queues (one for 100 pages or less, the other for requests greater than 100 pages).

[7] See 5 U.S.C. § 552(a)(6)(D)(I) and 28 C.F.R. § 16.5(b).

FOIA/Privacy Act requests, criminal and civil discovery requests, Congressional and Presidential mandates, Presidential Library requests, mandatory declassification requests, Office of Inspector General Reports, and other federal agency requests in order to determine whether such material should remain classified or be declassified. In addition, the CUs review and prepare classified material for review by the Department of Justice Review Committee ("DRC").[8]

      (d)    FOIPA Disclosure Units: The four FOIPA Disclosure Units perform the actual processing of records pursuant to the provisions of the FOIA and Privacy Act. "Processing" involves a page-by-page, line-by-line review of the responsive documents to determine which, if any, FOIA and/or Privacy Act exemptions may apply. This includes redaction of the exempt material and notation of the applicable exemption(s) in the margin of each page and/or preparation of deleted page information sheets when pages are withheld in their entireties, which is now done electronically in FDPS. During the course of their review, the FOIPA Disclosure Units consult with other government agencies, as necessary, for their determination as to the releasability of the other agency's information contained within FBI records, or refer non-FBI documents to those originating agencies for processing and direct response to the requester. The FOIPA Disclosure Units ensure that FOIA and/or Privacy Act exemptions have been applied properly, no releasable material has been withheld, no material meriting protection has been released, all necessary classification reviews have been completed by transferring applicable cases to the CUs, and other government agency information and/or entire documents originating with other government agencies have been handled properly.

      (e)    Litigation Support Unit: The Litigation Support Unit ("LSU") is responsible for providing legal support and administrative assistance to the FBI's Office of the General Counsel and Chief Division Counsels and Associate Division Counsels in the FBI's field

---

[8] The DRC is the FBI's appellate authority with regard to the implementation and administration of Executive Order 12958, as amended, and related directives and guidelines concerning classified information. See 28 C.F.R. § 17.14.

offices, in all FOIA/Privacy Act requests that result in federal litigation. The LSU coordinates the progress of the FBI's response to a particular FOIA/Privacy Act request as it progresses through the units described above, the receipt of substantive litigation-related information from involved FBI Special Agents ("SAs") in the field offices and the operational Divisions at FBIHQ, and the referral of documents to other DOJ components and/or government agencies. The LSU prepares the administrative record, drafts both procedural and substantive declarations, codes documents processed by the FOIPA Disclosure Units,[9] and drafts detailed declarations justifying the assertion of all applicable FOIA/Privacy Act exemptions.

(23)    To promote administrative efficiency, LASs work on more than one request at a time. Certain cases may require that the usual processing be halted midstream. This can occur for a variety of reasons, including the resolution of classification issues, the location of additional records, or consultation with other government agencies as to the nature and propriety of releasing certain information. In the interest of efficiency during this waiting period, the LAS may process fully other requests. Large requests are often processed on parallel tracks with smaller requests in an attempt to ensure that one requester does not consume a disproportionate share of RIDS' resources.

(24)    Consistent with standard administrative procedure, any records referred to the FBI from other DOJ components or other government agencies in response to a particular request are added to that pending FOIA/Privacy Act request. This process is an equitable way for RIDS to

---

[9] A coded format is used in cases to assist the Court and parties in reviewing information which the FBI withholds within the context of processed documents. Each instance of information withheld pursuant to the FOIA is accompanied by a coded designation that corresponds to specified categories. For example, if "(b)(7)(C)-1" appears on a document, the "(b)(7)(C)" designation refers to Exemption (b)(7)(C) of the FOIA, which concerns "Unwarranted Invasion of Privacy." The numerical designation "(-1)" following the "(b)(7)(C)" narrows the main category to the more specific subcategory, " Names and/or Identifying Data of Third Parties Merely Mentioned." Although adding codes is a time-consuming process, it helps the Court and the parties in those jurisdictions that accept coded declarations to more clearly explain the nature of the withheld material.

-13-

maintain administrative control of FOIA/Privacy Act requests. Under this system, the same LAS

assigned to process a particular request will also handle the review of records referred by other

DOJ components or government agencies. By ensuring continuity in the processing of FOIA

requests, this system is not only fair to all persons seeking information under the FOIA, but is

also administratively efficient.

## CHRONOLOGY OF PLAINTIFFS' FOIA REQUEST

(25)    By separate letters dated January 15, 2005, addressed to FBIHQ and the

Pittsburgh Field Office, Frederick H. Banks submitted FOIA/Privacy Act requests on behalf of

himself for the following records:

   1. All "main" files listing my name;
   2. All "reference" files listing my name;
   3. All files referencing me within the "I-drives" of any agent listed in the main
   or reference files. (**See Exhibit A.**)

(26)    By seven separate letters dated January 20, 2005, addressed to each of the

following field offices: Washington, Cleveland, Atlanta, Seattle, Denver, Boulder, and Los

Angeles Field Offices, Frederick H. Banks submitted  FOIA/Privacy Act requests on behalf of

himself for the following records:

   1. All "main" files listing my name;
   2. All "reference" files listing my name;
   3. All files referencing me within the "I-drives" of any agent listed in the main
   or reference files. (**See Exhibit B.**)

(27)    By letter dated January 28, 2005, FBIHQ wrote to plaintiff and requested a

notarized authorization from plaintiff prior to processing any documents pertaining to his

FOIA/Privacy Act request.  (**See Exhibit C.**)

(28)    Our administrative records show that, plaintiff responded to FBIHQ's

January 28, 2005 letter with a notarized authorization dated February 3, 2005.  (**See Exhibit D.**)

(29)    By letter dated January 31, 2005, the Pittsburgh Field Office acknowledged

receipt of plaintiff's January 15, 2005 FOIA/Privacy Act request, and notified plaintiff that the

request had been assigned FOIPA Request No. 1012662-000.  (<u>See</u> **Exhibit E.**)

(30)    By letter dated February 22, 2005, FBIHQ acknowledged receipt of plaintiff's January 15, 2005 FOIA/Privacy Act request, and notified plaintiff that the request had been assigned FOIPA Request No. 1012662.  (<u>See</u> **Exhibit F.**)

(31)    By letter dated March 16, 2005, FBIHQ notified plaintiff that no records pertinent to his FOIA/Privacy Act request were located by a search of the automated indices at FBIHQ, and the following field offices: Atlanta, Cleveland, Denver, Los Angeles, Seattle, and the Washington Field Office.  FBIHQ also notified the plaintiff that the material requested from the Pittsburgh Field Office is located in an investigative file which is exempt from disclosure pursuant to Title 5, United States Code, Section 552, subsection (b)(7)(A).  (<u>See</u> **Exhibit G.**)

(32)    By letter dated March 28, 2005, plaintiff appealed FBIHQ's March 16, 2005 "no records" determination and the denial of records under Exemption (b)(7)(A) to the DOJ Office of Information and Privacy ("OIP").  (<u>See</u> **Exhibit H.**)

(33)    By letter dated April 8, 2005, OIP acknowledged receipt of plaintiff's administrative appeal and advised plaintiff that it had been assigned Appeal Number 05-1436. (<u>See</u> **Exhibit I.**)  As of January 22, 2007, OIP advised that this appeal had not been handled at which time the appeal was closed administratively since the requester filed a lawsuit prior to the appeal being reviewed by OIP.

## EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM

(34)    The Central Records System ("CRS") enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. CRS is organized into a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may correspond to an individual, organization, company, publication,

activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ, whereas records that are pertinent to specific field offices of the FBI are maintained in those field offices. While the CRS is primarily designed to serve as an investigative tool, the FBI searches the CRS for documents that are potentially responsive to FOIA/Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").

(35)    On or about October 16, 1995, the ACS system was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched. More than 105 million records from the CRS were converted from automated systems previously utilized by the FBI. Automation did not change the CRS; instead, automation has facilitated more economic and expeditious access to records maintained in the CRS.

(36)    The retrieval of data from the CRS is made possible through the ACS using the General Indices, which are arranged in alphabetical order.[10] The entries in the General Indices fall into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.
>
> (b) A "reference" entry --"Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file on a different subject matter.

---

[10] The General Indices, which became fully automated on September 24, 1987, also include index cards which allow a manual search for records prior to that date.

(37)    Searches made in the General Indices to locate records concerning a particular subject, such as Frederick H. Banks, are made by searching the subject requested in the index.

(38)    The ACS consists of three integrated, yet separately functional, automated applications that support case management functions for all FBI investigative and administrative cases:

(a)  Investigative Case Management ("ICM") – ICM provides the ability to open, assign, and close investigative and administrative cases as well as set, assign, and track leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed, opens a case. The field offices that receive leads from the OO are referred to as Lead Offices ("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using the file number "196E-PG-71633," which is one of the files responsive in this case, as an example, an explanation of the UCFN is as follows: "196E" indicates the classification for the specific type of investigation, i.e., Internet Fraud; "PG" is the abbreviated form used for the OO of the investigation, which in this case is the Pittsburgh Field Office; and "71633" denotes the individual case file number for the particular investigation.

(b)  Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c)  Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 97.6 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are

-17-

recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(39)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") – and on occasion, support employees – assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal and national security statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Frederick H. Banks.

## SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFFS' REQUESTS

(40)    In this case, the FBI has employed several mechanisms as part of its search efforts to identify documents responsive to plaintiffs' requests. As a result, the FBI initiated a standard search of records in the CRS, as well as an individualized inquiry of the most logical offices at FBIHQ which could have potentially responsive records.

(41)    On February 1, 2005, the RIDS staff initiated a search in the CRS for records responsive to plaintiffs' requests. The specific search inquiry in CRS included the following search terms: Frederick Hamilton Banks, Frederick H. Banks, Frederick Banks, and Fred Banks. The scope of the search included the Automated Data Base ("ADB") and the search sought main files and cross-references, whether security or criminal. As a result of this CRS search, approximately 2500 pages were identified as potentially responsive to plaintiffs' requests.

-18-

(42)    As a result of these search efforts, which are now complete, a total of approximately 2500 pages of records potentially responsive to plaintiffs' requests have been located.

(43)    The responsive documents are being scanned into electronic format and will be forwarded to the "perfected" case backlog for assignment to a FOIPA processing analyst. Based on the page count of approximately 2500, plaintiffs' requests will be placed in the large queue of the "perfected" case backlog. As explained earlier, in order to ensure fairness to all requesters and to administer equitably the deluge of FOIA/Privacy Act requests received by the FBI, a request is assigned based on the date of receipt on a "first in/first out" basis from within each of three queues according to sound administrative practices. Based on the date of plaintiff's requests – January 15, 2005 and January 20, 2005 – the FBI anticipates that the earliest plaintiffs' request will be assigned to a FOIPA Disclosure Unit for processing is in approximately three (3) months, which is the estimated time for this request to rise to the top of the large queue.[11]  The FBI will be able to review and process approximately 450 pages every four (4) weeks, and anticipates that it will require approximately six (6) months to review and process the responsive documents. Due to the volume and complexity of the material, the FBI will release documents on a rolling basis. As the processing of a significant number of documents is completed, the FBI will make releases approximately every four (4) weeks until the production is complete, rather than delay the release until the entire production is ready.

(44)    The FBI takes its responsibilities with regard to the administration of the FOIA/Privacy Act program very seriously, and all reasonable efforts are being made to comply with the statutory deadlines. Regrettably, compliance with these deadlines is often not possible.

---

[11] Once the FBI and/or DOJ grants a request for expedited processing, that request is moved to the head of the backlog queue. As a result, a request which has been granted expedition could conceivably jump ahead of plaintiff's requests as would any perfected request with a date antecedent to that of plaintiffs'.

-19-

However, as explained supra, the FBI has made tremendous strides in reducing its backlog over time. This reduction has occurred even while the FBI continues to receive hundreds of new FOIA/Privacy Act requests. Nevertheless, the most equitable way to reduce the backlog and ensure that each request receives the attention it deserves, is to process these requests based on the date of receipt according to sound administrative practices as explained above. It would be unfair to assign plaintiffs' request for processing before other individuals whose requests were in the queue ahead of plaintiffs. Each court order which requires that one request be given priority ahead of the others invariably works to the detriment of the other more patient requesters and encourages other requesters to seek relief in the courts, thereby undermining the FBI's attempt to manage the thousands of FOIA/Privacy Act requests it receives annually in a fair and consistent fashion.

(45)    For the above reasons, the FBI submits this declaration in support of its request in support of a stay of proceedings for approximately nine (9) months, three (3) months for the case to rise to the top of the backlog queue and six (6) months for processing, no later than December 1, 2007, in order to allow the FBI to complete the processing and release of those documents responsive to plaintiffs' requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through I attached hereto are true and correct copies.

Executed this _____ day of February, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

-21-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VAMPIRE NATION<br>613 Cross Street<br>East McKeesport, PA 15035;<br><br>FREDERICK BANKS<br>No. 05711-068<br>PO Box 999<br>Butner, NC 27509<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>  FEDERAL BUREAU OF INVESTIGATION,<br>  et.al.<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:06CV01950

# EXHIBIT  A

Allegheny County Jail
950 Second Avenue
Pittsburgh, PA. 15219

FOIA/PA Officer
David M. Hardy
Federal Bureau of Investigation
Records/Information Dissemination Section
Records Management Division
Washington, DC 20535

January 15, 2005

To the FOIA/PA officer

Pursuant to the Freedom of Information Act and the Privacy Act of 1974, I hereby request all documents, electronic and physical, within the DC field office that relate to me, mention me, or otherwise list my name. This includes, but is not limited to: 1. All "Main" files listing my name;

2. All "reference" files listing my name;

3. All files referencing me within the "I-drive" of any agent listed in the main or reference files.

In addition, I am requesting the results of my name when placed in each and every database maintained or accessible by the FBI excess the fingerprint Identification result system of the National Crime Enforcement Center System to the extent that system require my fingerprints, if the query results in a no-matches found or similar response, I am requesting a printout of the response.

All communication are to be made to the address listed on top of this letter. Sending court mailings to alternative addresses constitutes an improper withholding of agency records. My identifying information is: Frederick Hamilton Banks; SS# ███████, FBI# 897248 6C82; USM# 05711048; Date of Birth ███████ Place of Birth - Pittsburgh. However files may be held in systems not locatable or accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this Request, and that all identifying information listed herein is true. 28 USC 1746.

Respectfully Submitted,

Frederick H. Banks

Frederick H Banks

Doc # 120759

Allegeny County Jail

950 Second Avenue

Pittsburgh PA 15219


FOIA/PP Officer

Federal Bureau of Investigation

3311 East Carson Street

Pittsburgh PA 15203


January 15, 2005


To the FOIA / PA Officer


Pursuant to the Freedom of Information Act and the Privacy Act of ___ ___ ___ I request all documents, electronic and physical, within the Pittsburgh field ___ ___ ___ to me, mention me, or otherwise list my name. This includes, but is ___ ___ ___

To: 1. All "Main" files listing my name.

2. All "reference" files listing my name

3. All files referencing me within the "I-drives" of any agent ___ ___ main or reference files

In addition, I am requesting the results of my name when placed or ___ ___ ___ database maintained or accessible by the FBI ~~except~~ the fingerprint ___ ___ ___ system of the National Crime Information Center System to the exte ___ ___ ___ require my fingerprints, if the query results in a no matches found or ___ ___ ___ I am requesting a printout of the response.


All communications are to be made to the address listed on top of this ___ ___ ___ communications to alternative addresses constitutes an improper withholding ___ ___ ___ My identifying information is: Frederick Hamilton Banks; SS# ▓▓▓▓▓ ___ ___ 872486CB1; USmid 05711069, Date of Birth ▓▓▓▓▓; Place of Birth ___ ___ ___ However files may be held in systems not sorted or accessible through the ___ ___ ___ identifiers

I certify under the penalty for perjury that I am the person ___ ___ ___

and that all identifying information listed herein is true. 28 USC 1746

Respectfully submitted,

Frederick H Banks

FOIA / PA Officer
Federal Bureau of Investigation
3311 East Carson Street
Pittsburgh, PA 15203

Name: Everett (...)
Number: (...)
ALLEGHENY COUNTY JAIL
950 2ND AVENUE
PITTSBURGH PA 15219-3100

LRWJEMS15283

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION                                )
613 Cross Street                              )
East McKeesport, PA 15035;                    )
                                              )
FREDERICK BANKS                               )
No. 05711-068                                 )
PO Box 999                                    )
Butner, NC 27509                              )
                                              )    Civil Action No. 1:06CV01950
            Plaintiffs,                        )
                                              )
        v.                                    )
                                              )
UNITED STATES DEPARTMENT OF JUSTICE, )
  FEDERAL BUREAU OF INVESTIGATION,  )
  et.al.                                      )
            Defendants.                        )
                                              )

# EXHIBIT  B

Frederick Hamilton Banks - DOC #120759 - Allegheny County Jail -
950 Second Avenue - Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer

Federal Bureau of Investigation
Washington John field office
601 4th St, NW.
Washington DC 20535-0002

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974,
I hereby request all documents, electronic and physical, within the
above named field office that relate to me, mention me, or otherwise
list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed
in the main or reference files.
In addition, I am requesting the results of my name when placed in each
and every database maintained or accessible by ___FBI___ except
the fingerprint identification record system of the national crime
information center system to the extent the queries require my fingerprints,
if the query results in a no matches found or similar response, I am
requesting a printout of the response.

All communications are to be made to the address listed on top of this
letter. Sending communications to alternative addresses constitutes
an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth
███████ Place of Birth - Pittsburgh; SS# ███████; USM# 05711068;
FBI# 872486CB1. However, files may be held in systems not sorted or
accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this
request, and that all identifying information listed herein is true.
28 USC 1746.

Respectfully submitted,

Frederick H. Banks

Name: _Frehowill Bowes_

Number: _120179_
ALLEGHENY COUNTY JAIL
950 2ND AVENUE
PITTSBURGH  PA  15219-3100

ADDRESS MUST BE PRINTED BELOW THIS MESSAGE.

PRESORTED
FIRST CLASS



UNITED STATES POSTAGE
$ 00.27⁸

02 1\
0004348026   JAN 26 2005
MAILED FROM ZIP CODE 15219

FBI
washington metro field office
601 4th St, N.W.
Washington DC 20535 - 0002

LIWJEMS 20535

Frederick Hamilton Banks – DOC #120759 – Allegheny County Jail –
950 Second Avenue – Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer
Federal Bureau of Investigation
1501 Lakeside avenue
Cleveland OH 44114

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974,
I hereby request all documents, electronic and physical, within the
above named field office that relate to me, mention me, or otherwise
list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed
in the main or reference files.
In addition, I am requesting the results of my name when placed in each
and every database maintained or accessible by  FBI          except
the fingerprint identification record system of the national crime
information center system to the extent the queries require my fingerprints,
if the query results in a no matches found or similar response, I am
requesting a printout of the response.

All communications are to be made to the address listed on top of this
letter. Sending communications to alternative addresses constitutes
an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth
▇▇▇▇▇; Place of Birth – Pittsburgh; SS# ▇▇▇▇▇▇▇; USM# 05711068;
FBI# 872486CB1. However, files may be held in systems not sorted or
accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this
request, and that all identifying information listed herein is true.
28 USC 1746.

Respectfully submitted,

Frederick H. Banks

Name: Frederick Banks

Number: 120759

ALLEGHENY COUNTY JAIL
950 2ND AVENUE
PITTSBURGH  PA  15219-3100

ADDRESS MUST BE PRINTED BELOW THIS MESSAGE.



PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
$ 00.27⁸
02 1A         JAN 26  2005
0004346026
MAILED FROM ZIP CODE 15219

FBI
1501 Lakeside Avenue
Cleveland, OH 44114

LIWJEM544114

Frederick Hamilton Banks – DOC #120759 – Allegheny County Jail –
950 Second Avenue – Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer
Federal Bureau of Investigation
Suite 400, 2635 Century Center Parkway, N.E.
Atlanta GA 30345

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974,
I hereby request all documents, electronic and physical, within the
above named field office that relate to me, mention me, or otherwise
list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed
in the main or reference files.
In addition, I am requesting the results of my name when placed in each
and every database maintained or accessible by ___FBI___ except
the fingerprint identification record system of the national crime
information center system to the extent the queries require my fingerprints,
if the query results in a no matches found or similar response, I am
requesting a printout of the response.

All communications are to be made to the address listed on top of this
letter. Sending communications to alternative addresses constitutes
an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth
▇▇▇▇; Place of Birth – Pittsburgh; SS# ▇▇▇▇▇▇▇; USM# 05711068;
FBI# 872486CB1. However, files may be held in systems not sorted or
accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this
request, and that all identifying information listed herein is true.
28 USC 1746.

Respectfully submitted,

Frederick H. Banks

Frederick Hamilton Banks - DOC #120759 - Allegheny County Jail -
950 Second Avenue - Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer
Federal Bureau of Investigation
1110 Third Ave.
Seattle. WA 98101-2901

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974,
I hereby request all documents, electronic and physical, within the
above named field office that relate to me, mention me, or otherwise
list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed
in the main or reference files.
In addition, I am requesting the results of my name when placed in each
and every database maintained or accessible by ___FBI___ except
the fingerprint identification record system of the national crime
information center system to the extent the queries require my fingerprints,
if the query results in a no matches found or similar response, I am
requesting a printout of the response.

All communications are to be made to the address listed on top of this
letter. Sending communications to alternative addresses constitutes
an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth
____; Place of Birth - Pittsburgh; SS# _____; USM# 05711068;
FBI# 872486CB1. However, files may be held in systems not sorted or
accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this
request, and that all identifying information listed herein is true.
28 USC 1746.

Respectfully submitted,

Frederick H. Banks

Frederick Hamilton Banks - DOC #120759 - Allegheny County Jail -
950 Second Avenue - Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer
Federal Bureau of Investigation
1823 Byron G. Rogers Federal Building
1961 Start Street, Suite 1823
Denver, Co 80294
To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974,
I hereby request all documents, electronic and physical, within the
above named field office that relate to me, mention me, or otherwise
list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed
in the main or reference files.
In addition, I am requesting the results of my name when placed in each
and every database maintained or accessible by ___FBI___ except
the fingerprint identification record system of the national crime
information center system to the extent the queries require my fingerprints,
if the query results in a no matches found or similar response, I am
requesting a printout of the response.

All communications are to be made to the address listed on top of this
letter. Sending communications to alternative addresses constitutes
an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth
_____; Place of Birth - Pittsburgh; SS#_____; USM# 05711068;
FBI# 872486CB1. However, files may be held in systems not sorted or
accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this
request, and that all identifying information listed herein is true.
28 USC 1746.

Respectfully submitted,

Frederick H. Banks

Frederick Hamilton Banks - DOC #120759 - Allegheny County Jail - 950 Second Avenue - Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer

Federal Bureau of Investigation
1000 Walnut, suite 219
Boulder CO 80302

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974, I hereby request all documents, electronic and physical, within the above named field office that relate to me, mention me, or otherwise list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed in the main or reference files.
In addition, I am requesting the results of my name when placed in each and every database maintained or accessible by ___FBI___ except the fingerprint identification record system of the national crime information center system to the extent the queries require my fingerprints, if the query results in a no matches found or similar response, I am requesting a printout of the response.

All communications are to be made to the address listed on top of this letter. Sending communications to alternative addresses constitutes an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth ███████; Place of Birth - Pittsburgh; SS# ███████; USM# 05711068; FBI# 872486CB1. However, files may be held in systems not sorted or accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this request, and that all identifying information listed herein is true. 28 USC 1746.

Respectfully submitted,

Frederick H. Banks

Name: Frederik Burks

Number: 120719

**ALLEGHENY COUNTY JAIL**
950 2ND AVENUE
PITTSBURGH  PA  15219-3100

ADDRESS MUST BE PRINTED BELOW THIS MESSAGE.

FBF

1050 Walnut, Suite 219

Boulder, Co 80302



PRESORTED
FIRST CLASS

UNITED STATES POSTAGE

$ 00.27°
02 1A
0004346025   JAN 26 2005
MAILED FROM ZIP CODE 15219

LIWJEM588302      lllllllllllllllllllllllllllllllllllllll

Frederick Hamilton Banks - DOC #120759 - Allegheny County Jail -
950 Second Avenue - Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer

Federal Bureau of Investigation
11000 Wilshire Blvd, Suite 17700
Los Angeles, CA 90024

To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974,
I hereby request all documents, electronic and physical, within the
above named field office that relate to me, mention me, or otherwise
list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed
in the main or reference files.
In addition, I am requesting the results of my name when placed in each
and every database maintained or accessible by ___FBI___ except
the fingerprint identification record system of the national crime
information center system to the extent the queries require my fingerprints,
if the query results in a no matches found or similar response, I am
requesting a printout of the response.

All communications are to be made to the address listed on top of this
letter. Sending communications to alternative addresses constitutes
an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth
██████; Place of Birth - Pittsburgh; SS# ██████████; USM# 05711068;
FBI# 872486CB1. However, files may be held in systems not sorted or
accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this
request, and that all identifying information listed herein is true,
28 USC 1746.

Respectfully submitted,

Frederick H. Banks

Name: Fredrick Banks

Number: 110759
ALLEGHENY COUNTY JAIL
950 2ND AVENUE
PITTSBURGH  PA  15219-3100

ADDRESS MUST BE PRINTED BELOW THIS MESSAGE.



PRESORTD.
FIRST CL 03

UNITED STATES POSTAGE
FIRST CLASS
02.1A
0004348026     JAN 28  2005
MAILED FROM ZIP CODE 15219
$ 00.27⁸

FBI

. 1100 Wilshire Blvd, Suite 1700
Los Angeles, CA 90024

LIVJEM590017

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAMPIRE NATION<br>613 Cross Street<br>East McKeesport, PA 15035;<br><br>FREDERICK BANKS<br>No. 05711-068<br>PO Box 999<br>Butner, NC 27509<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>  FEDERAL BUREAU OF INVESTIGATION,<br>  et.al.<br>        Defendants. | Civil Action No. 1:06CV01950 |

# EXHIBIT  C



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 28, 2005

Frederick H. Banks
**120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

Dear Mr. Banks:

Your Freedom of Information-Privacy Acts (FOIPA) request is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: _____

Current Address: _____

Date of Birth: _____ Place of Birth: _____

Daytime Telephone Number: _____

You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek. _____

_____

_____

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature_____ Date_____

To initiate your FOIPA request, please returned the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You may fax your response directly to the RID Section at 202-324-3752.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION                              )
613 Cross Street                           )
East McKeesport, PA 15035;                 )
                                           )
FREDERICK BANKS                            )
No. 05711-068                              )
PO Box 999                                 )
Butner, NC 27509                           )
                                           )   Civil Action No. 1:06CV01950
          Plaintiffs,                      )
                                           )
     v.                                    )
                                           )
UNITED STATES DEPARTMENT OF JUSTICE,       )
  FEDERAL BUREAU OF INVESTIGATION,         )
  et.al.                                   )
          Defendants.                      )
                                           )

# EXHIBIT  D



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 28, 2005

Frederick H. Banks
**120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219

Dear Mr. Banks:

Your Freedom of Information-Privacy Acts (FOIPA) request is being returned. Your letter did not contain sufficient information to conduct an accurate search of the central records system at FBI Headquarters. The following information is necessary:

Full Name: <u>Frederick Hamilton Banks</u>

Current Address: <u>#120759, Allegheny County Jail, 950 Second Avenue, Pittsburgh, PA 15219</u>

Date of Birth: ▮▮▮▮▮▮   Place of Birth: <u>Pittsburgh</u>

Daytime Telephone Number: <u>NONE</u>

You may also wish to provide prior addresses, employments, aliases, etc., which you believe may assist the FBI in locating the information you seek. <u>52 South 8th Street - Pittsburgh PA 15203.</u>

<u>Vampire Nation, Hexagon LLC, Hexagon Records, Seanh Syndicate Inc., Mark Howard, Reunkhamer@aol.com</u>
<u>Dave Wessant, Rick Lucke, John Cam, Mark Adams, Rick Burgess, Forthy@aol.com, Hexagonrep@aol.com</u>
                                                                    <u>28 USC 4740</u>

~~Under penalty of perjury, I hereby declare that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code, Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, United States Code, Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000.~~

Signature_____ Date <u>2/3/05</u>

To initiate your FOIPA request, please returned the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You may fax your response directly to the RID Section at 202-324-3752.

Sincerely yours,

David M. Hardy

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAMPIRE NATION<br>613 Cross Street<br>East McKeesport, PA 15035;<br><br>FREDERICK BANKS<br>No. 05711-068<br>PO Box 999<br>Butner, NC 27509<br><br>       Plaintiffs,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>  FEDERAL BUREAU OF INVESTIGATION,<br>et.al.<br>       Defendants. | Civil Action No. 1:06CV01950 |

# EXHIBIT   E



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

January 31, 2005

Mr. Frederick Hamilton Banks
**120759
950 Second Avenue
Pittsburgh, PA 15219-3100

Request No.: 1012662- 000
Subject:Banks, Frederick Hamilton

Dear Mr. Banks:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. Your request was forwarded to FBI Headquarters from the Pittsburgh Field Office.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION                                    )
613 Cross Street                                  )
East McKeesport, PA 15035;                        )
                                                  )
FREDERICK BANKS                                   )
No. 05711-068                                     )
PO Box 999                                        )
Butner, NC 27509                                  )
                                                  )        Civil Action No. 1:06CV01950
            Plaintiffs,                           )
                                                  )
        v.                                        )
                                                  )
UNITED STATES DEPARTMENT OF JUSTICE, )
   FEDERAL BUREAU OF INVESTIGATION,  )
   et.al.                                         )
            Defendants.                           )
                                                  )

# EXHIBIT  F



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535-0001

February 22, 2005

Mr. Frederick H. Banks
**120759
950 Second Avenue
Pittsburgh, PA 15219

Request # 1012662

Dear Mr. Banks:

This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request
to the FBI Headquarters. The FOIPA number listed above has been assigned to your
request.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAMPIRE NATION<br>613 Cross Street<br>East McKeesport, PA 15035;<br><br>FREDERICK BANKS<br>No. 05711-068<br>PO Box 999<br>Butner, NC 27509<br><br>       Plaintiffs,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>  FEDERAL BUREAU OF INVESTIGATION,<br>et.al.<br>       Defendants. | Civil Action No. 1:06CV01950 |

# EXHIBIT G



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR FREDERICK HAMILTON BANKS                                  March 16, 2005
**120759
950 SECOND AVENUE
PITTSBURGH, PA 15219 3100

Request No.: 1012662- 000
Subject: BANKS, FREDERICK HAMILTON

Dear Mr. Banks:

    This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request for information pertaining to the above subject.

    We concentrate on identifying main files in the Central Records System at FBI Headquarters. No records pertinent to your FOIPA request were located by a search of the automated indices at FBI Headquarters and the following field offices: Atlanta, Cleveland, Denver, Los Angeles, Seattle, and the Washington Field Office.

    In addition, the material you requested from our Pittsburgh Field Office is located in an investigative file which is exempt from disclosure pursuant to Title 5, United States Code, Section 552, subsection (b)(7)(A). For an explanation of this exemption see enclosed Form OPCA-16a. Please note if this file is reviewed under FOIPA in the future, additional exemptions may be applied at that time.

    You may appeal this denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C., 20530, within sixty days from receipt of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may easily be identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VAMPIRE NATION<br>613 Cross Street<br>East McKeesport, PA 15035;<br><br>FREDERICK BANKS<br>No. 05711-068<br>PO Box 999<br>Butner, NC 27509<br><br>       Plaintiffs,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br> FEDERAL BUREAU OF INVESTIGATION,<br> et.al.<br>       Defendants. | Civil Action No. 1:06CV01950 |

# EXHIBIT  H

Frederick H. Banks
DOC# 120759
950 Second Avenue
Pittsburgh, PA 15219

March 28, 2005

FOIA / PA Appeals Officer
Office of Information and Privacy
U.S. Department of Justice
Washington, DC 20530

In re: FBI 1012662-000

To the FOIA/ PA Appeals Officer:

I appeal the improper withholding of agency records by the FBI. The FBI conducted an inadequate search by only searching for "main" files and not pursuing the databases listed in the request.

As to Exemption (b)(7)(A), not all the records are subject to this exemption. The enforcement proceeding has concluded.

As such, the records must be disclosed forthwith.

Respectfully submitted,

Frederick H. Banks

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION                          )
613 Cross Street                        )
East McKeesport, PA 15035;              )
                                        )
FREDERICK BANKS                         )
No. 05711-068                           )
PO Box 999                              )
Butner, NC 27509                        )
                                        )        Civil Action No. 1:06CV01950
            Plaintiffs,                 )
                                        )
       v.                               )
                                        )
UNITED STATES DEPARTMENT OF JUSTICE,    )
  FEDERAL BUREAU OF INVESTIGATION,      )
  et al.                                )
            Defendants.                 )
                                        )

# EXHIBIT I



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

**APR 0 8 2005**

Mr. Frederick H. Banks
DOC No. 120759
950 Second Avenue
Pittsburgh, PA 15219

  Re: Request No. 1012662-000

Dear Mr. Banks:

  This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on April 1, 2005.

  The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **05-1436**. Please mention this number in any future correspondence to this Office regarding this matter.

  We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

       Sincerely,

       **Priscilla Jones**
       **Chief, Administrative Staff**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FREDERICK BANKS )
)
)
Plaintiff, )
)
v. )    Case No. 1:06CVO1950
)
DEPARTMENT OF JUSTICE, et al. )
Defendants. )
_____)

## DECLARATION

I, WILLIAM E. BORDLEY, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Associate General Counsel and the Freedom of Information/Privacy Act Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel (OGC), in Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

## Background

2. On January 28, 2005, OGC, USMS received a letter from plaintiff dated January 20, 2005, requesting a copy of all records pertaining to him. (See Exhibit A.)

3. The OGC replied by letter dated February 14, 2005, asking plaintiff for the judicial districts he wanted searched. (See Exhibit B.)

4. Plaintiff responded by letter dated February 27, 2005, stating his records should be in the Western District of Pennsylvania and the Middle District of Florida. (See Exhibit C.)

5. The OGC acknowledged receipt of plaintiff's request by letter dated March 25, 2005, advising him that a search for responsive documents had commenced and that he would be contacted when the processing of his request was completed. (See Exhibit D.)

6. The search for records pertaining to the plaintiff was directed to the USMS FOI/PA liaisons in the district offices referenced in plaintiff's request, i.e., the Western District of Pennsylvania and the Middle District of Florida. The USMS does not maintain a central file management system; instead, files are decentralized and maintained by individual USMS districts or components. The USMS FOI/PA liaisons routinely coordinate and/or conduct document searches in their district offices in response to FOIA and PA requests. The FOI/PA liaisons are knowledgeable about the records and files maintained by their particular office, as well as other personnel within their office likely to know if records regarding a specific subject matter exist within the office.

7. Records relating to federal prisoners in U.S. Marshals' custody are electronically indexed and maintained in nationwide USMS systems of records entitled Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS) JUSTICE/USM-005, and/or the Warrant Information Network (WIN) system of records, JUSTICE/USM-007. Decentralized

segments of these two systems are located in each of the 94 USMS district offices and consist of computerized databases and manual file records corresponding to the electronic indices. In this case, these systems of records were searched using the plaintiff's name, date of birth, social security number and prisoner registration number as identifiers. These systems of records are routinely searched in the applicable USMS offices in response to all requests for access to prisoner records in the particular USMS office(s) specified by the requester or as otherwise identified by the FOI/PA staff based on the contents of the request.

8. As a result of this search, 186 pages of records pertaining to plaintiff were located by the USMS office in the Western District of Pennsylvania. No records were found in the Middle District of Florida. The records were located in the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007, system of records. These systems assist the USMS in carrying out its statutory law enforcement responsibilities related to the execution of federal arrest warrants and the investigation of fugitives, along with the receiving, processing, transporting, and maintaining custody of federal prisoners from the time of their arrest by a law enforcement officer until the prisoners are committed by the court to the Attorney General for service of sentence, returned to the custody of the U.S. Parole Commission or Bureau of Prisons, or released from custody. See Rule 4, Fed. R. Cr. Procedure, 18 U.S.C. § 4086, 28 U.S.C. § 566, and 28 C.F.R. § 0.111(a),(j), (k), (q). As such, these systems of records are exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. 552a(j)(2). See 28 C.F.R. § 16.101(a),(q). Therefore, to ensure maximum access, plaintiff's records were processed for disclosure pursuant to the FOIA, 5 U.S.C. § 552.

9. By letter dated June 23, 2005, the USMS responded to plaintiff's request. The USMS

informed plaintiff that 186 pages were located that were responsive to his request and that 133

documents were released in their entirety and 14 were being disclosed with minimal deletions

pursuant to exemption 7(C) of the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(C).

Additionally, the letter stated that four documents were being withheld in their entirety pursuant

to exemption 7(C). The plaintiff was also notified that 35 pages were referred to other agencies

for disclosure determination and direct response to the plaintiff in accordance with 28 C.F.R. §

16.4 and/or § 16.42. (See Exhibit E.)

 10. By memorandum dated June 23, 2005, the USMS referred 18 documents to the

Federal Bureau of Investigation for review and direct response to the requester. (See Exhibit F.)

 11. By memorandum dated June 23, 2005, the USMS referred five documents to the

Federal Bureau of Prisons for review and direct response to the requester. (See Exhibit G.)

 12. By memorandum dated June 23, 2005, the USMS referred 12 documents to the

Executive Office of United States Attorneys for review and direct response to the requester. (See

Exhibit H.)

 13. Plaintiff by letter dated August 7, 2005, filed an administrative appeal to the Office of

Information and Privacy (OIP), Department of Justice. OIP acknowledged receiving the appeal

on October 14, 2005. Plaintiff appealed the redactions made by the USMS. (See Exhibit I.)

 14. By letter dated April 5, 2006, OIP affirmed the USMS action on plaintiff's request

and advised him of his right to seek judicial review. (See Exhibit J.)

 15. Plaintiff by letter dated September 24, 2005, filed another request for all his records.

(See Exhibit K.)

 16. The OGC responded by letter dated October 26, 2005, to plaintiff's renewed request

stating that his records had been sent to him on June 23, 2005. OGC also asked plaintiff if he

wanted a duplicate copy of his records. (See Exhibit L.)

17. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). This exemption was applied to 14 documents released to plaintiff to withhold the names of **law enforcement officers, prisoners and other third-party individuals. The phone number of a third-party individual was also withheld.** Plaintiff presented no legitimate public interest in disclosing the identities of law enforcement officers and other third-party individuals or their phone numbers. Protecting law enforcement officers and other government employees' identities provides a legitimate public interest by promoting the efficient performance of official duties as law enforcement officers and government employees are shielded from unnecessary public attention, harassment, annoyance, or danger. Public identification of these individuals could also subject them to harassment, unwarranted scrutiny, and danger in their private lives. Additionally, releasing the names of prisoners and other third-party individuals could subject these persons to unwarranted public attention, embarrassment, harassment, and annoyance for being associated with a criminal law enforcement matter. Finally, releasing the identifying information pertaining to law enforcement officers, prisoners, and other third-party individuals would not shed any light on the USMS's performance of its statutory duties. Therefore, there is no legitimate public interest that would outweigh the privacy of these individuals. Disclosure to the plaintiff would be equivalent to disclosure to the public, and, as such, would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. §552(b)(7)(C).

18. Exemption 7(C) was applied to withhold the names of **law enforcement officers, prisoners, and other third-party individuals, along with one person's telephone number**

from the following records disclosed to plaintiff:

**Item 1:** Form PS-3811, Domestic Return Receipt, dated June 30, 1997. (A third-party individual's signature was deleted from this document.)  **One page**

**Item 2:** FBI Fingerprint Card (front page), dated April 19, 1996. (The name of a third-party was deleted from this document.) **One page**

**Item 3:** FBI Fingerprint Card (back page), dated April 19, 1996. (A law enforcement officer's name was deleted.) **One page**

**Item 4:** USM Form 41, Prisoner Remand or Order to Deliver and Receipt for United States Prisoners, dated September 29, 2004; September 30, 2004; October 01, 2004 (two); October 6, 2004; October 12, 2004; and October 13, 2004. (The names of prisoners and law enforcement officers were deleted.) **Seven pages**

**Item 5:** Pennsylvania Department of Transportation Driver Detail printout, dated June 24, 2004. (The name of a third-party individual was deleted.) **One page**

**Item 6:** NLETS computer printout, dated June 24, 2004. (A law enforcement officer's name was deleted.) **One page**

**Item 7:** Movement printout, dated March 15, 2005. (A third-party individual's name was deleted.) **One page**

**Item 8:** USMS letter to the Bureau of Prisons, dated March 8, 2005. (Names of government employees and one telephone number have been deleted.) **One page**

19. The USMS also withheld four documents in their entirety pursuant to exemption 7(C). These four documents consist of NCIC printouts on third-party individuals.

20. In summary, 186 documents were located pertaining to plaintiff; 18 pages were referred to the FBI; 12 pages were referred to the Executive Office of United States Attorneys;

five were referred to the Bureau of Prisons; 133 pages were released to plaintiff in their entirety;

14 pages were released with minimal deletions; and the remaining four pages were withheld in

their entirety. No additional documents pertaining to plaintiff were located and all non-exempt

portions of responsive documents have been segregated and released to plaintiff.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true

and correct to the best of my information and belief.

**DEC 1 3 2006**

Date Executed

WILLIAM E. BORDLEY

Frederick Hamilton Banks - DOC #120759 - Allegheny County Jail - 950 Second Avenue - Pittsburgh, PA 15219

January 20, 2005

FOIA/PA Officer
United States Marshal Service
12th Floor, CS-3
600 Army Navy Drive
Arlington, VA 22203
To the FOIA/PA Officer:

Pursuant to the Freedom of Information Act and the Privacy Act of 1974, I hereby request all documents, electronic and physical, within the above named field office that relate to me, mention me, or otherwise list my name. This includes, but is not limited to:
1. All "Main" files listing my name;
2. All "reference" files listing my name;
3. All files referencing me within the "I-drives" of any agent listed in the main or reference files.
In addition, I am requesting the results of my name when placed in each and every database maintained or accessible by United States Marshals Service except the fingerprint identification record system of the national crime information center system to the extent the queries require my fingerprints if the query results in a no matches found or similar response, I am requesting a printout of the response.

All communications are to be made to the address listed on top of this letter. Sending communications to alternative addresses constitutes an improper withholding of agency records.

My identifying information is: Frederick Hamilton Banks; Date of Birth ██████; Place of Birth - Pittsburgh; SS# ████████; USM# 05711068; FBI# 872486CB1. However, files may be held in systems not sorted or accessible through the above referenced identifiers.

I certify under the penalty for perjury that I am the person making this request, and that all identifying information listed herein is true. 28 USC 1746.

Respectfully submitted,

Frederick H. Banks

# EXHIBIT A

February 14, 2005

Frederick H. Banks
Reg. No. 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

Re:    **Freedom of Information/Privacy Act Request
        No. 2005USMS 8084**

Dear Mr. Banks:

The U.S. Marshals Service is in receipt of your request letter dated January 20, 2005 seeking any records maintained by this Bureau pertaining to you.

In order for us to conduct an adequate search for any Marshals Service documents pertaining to you, please identify the judicial districts where you have reason to believe the Marshals Service may have information pertaining to you. Your request will be acknowledged upon receipt of this information.

Sincerely,

SHAARON L. KEYS
Acting FOI/PA Officer
Office of General Counsel



Frederick H. B ᵏs
Doc# 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219


U.S. Department of Justice
United States Marshals Service
Office of General Counsel
Washington DC 20530 - 1000

February 27, 2005

RE: FOIA/Privacy Act Request
    No. 2005USMS8084

To SHIARon L. Keys;
        There should be records pertaining to me in the western
District of Pennsylvania, The Middle District of Florida. If it is possible
to also do a nationwide search I would appreciate that as well.


Respectfully Submitted,


Frederick H. Banks


EXHIBIT C

March 25, 2005

Frederick H. Banks
Reg. No. 120759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

  Re: **Freedom of Information/Privacy Act Request**
   **No. 2005USMS8084**

Dear Mr. Banks:

  The United States Marshals Service is in receipt of your request for records maintained by this Bureau. We have commenced a search for any documents responsive to your request and will contact you when our processing is complete.

  Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

       Sincerely,

       **SHAARON L. KEYS**
       **Acting FOI/PA Officer**
       **Office of General Counsel**



FILE COPY

JUN 2 3 2005

Frederick Banks
No: 120759
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA  15219-3100



Re: Freedom of Information/Privacy Act Request No. 2005USMS8084

Dear Mr. Banks:

The United States Marshals Service is responding to your request for certain records in this agency's files pertaining to you.

Pursuant to your request, [X] the Marshals Service conducted a search of its files and located all documents indexed to your name, or [X] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you.  The paragraphs checked below apply:

[ ] All documents located or [ ] all documents referred from another agency are being released to you without deletions.

[X ] Documents are being released to you; however, certain documents or portions of documents are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a.  Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

[X] Our search located document(s) which originated with or contain(s) information which originated with (an)other component(s) of the Department of Justice or with (an)other government agency(ies).

[ ] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42.  The Marshals Service will correspond with you again upon completion of this consultation.

[X] Records which originated with the (an)other agency(ies) and a copy of your request have been referred to that agency for disclosure determination and direct response to you in accordance with 28 C.F.R. § 16.4 and/or § 16.42.

# EXHIBIT E

[ ] Your request is being denied pursuant to the Freedom of Information Act and/or Privacy Act exemptions(s) identified by mark(s) on the following list.

[X] If you are dissatisfied with my action on this request, you may appeal from this (partial) denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Room 570, Flag Building, Washington, D.C. 20530, within 60 days of your receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

[X] The enclosed material is provided for your further information.

Sincerely,

**William E. Bordley**
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosures

| | |
|---|---|
| Number of Documents Located or referred from another agency: | <u>186</u> |
| Number of Documents Released: | <u>147</u> |
| Number of Documents Referred: | <u>35</u> |
| Number of Documents Withheld: | <u>4</u> |

Freedom of Information Act          Privacy Act
5 U.S.C. 552                        5 U.S.C. § 552a

Exemptions cited                   Description of Information Withheld:

[] (b)(1)    [] (b)(2)  [ ] (b)(3)   [ ] (d)(5)  [ ] (j)(2)    [ ] Administrative marking(s)
[ ] (b)(4)   [ ] (b)(5) [ ] (b)(6)   [ ] (k)(1)  [ ] (k)(2)   [X] Names of and/or information on
[] (b)(7)(A) [] (b)(7)(B)            [] (k)(5) [] (k)(6)           government employees
[X] (b)(7)(C) [ ] (b)(7)(D)                                   [X] Names of and/or information
[ ] (b)(7)(E) [ ] (b)(7)(F)                                       pertaining to third-party individual(s)
                                                             [X] Names of and/or information
                                                                 pertaining to other prisoners
                                                             [ ] Confidential source information
                                                             [ ] Other: Under continuing control of the
                                                             courts.

# FREEDOM OF INFORMATION ACT
## 5 U.S.C. § 552

Disclosure mandates of the Freedom of Information Act do not apply to matters that are –

(b)(1) specifically authorized and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(b)(2) related solely to the internal rules and practices of an agency;

(b)(3) specifically exempted from disclosure by another statute;

(b)(4) privileged or confidential trade secrets and commercial or financial information obtained from a person;

(b)(5) Predecisional information, including attorney work-product and attorney-client material, reflective of the deliberative process and contained in inter-agency or intra-agency correspondence which is not routinely available to a private party in litigation with an agency;

(b)(6) personnel, medical and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes to the extent that the production of such records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigation or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

## PRIVACY ACT
### 5 U.S.C. § 552a

(d) (5) Nothing in the Privacy Act shall allow an individual access to any information compiled in reasonable anticipation of civil action or proceeding.

**Further, an agency may exempt from the access provisions and other provisions of the Privacy Act**
(j)(2) Material related to the enforcement of criminal laws including efforts to prevent, control or reduce crime or to apprehend criminals;

(k)(1) Materials specifically authorize and properly classified pursuant to an Executive order to be kept secret in the interest of national defense or foreign policy;

(k)(2) Materials compiled during civil investigations for law enforcement purposes:

(k)(5) Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment, military service, Federal contracts, or access to classified information, the disclosure of which would reveal the identity of a source who furnished information to the Government under an express promise that the source's identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6) Testing or examination material used solely to determine individual qualifications for appointment or promotion in the Federal service.

JUN 2 3 2005

**MEMORANDUM TO:**     David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Department of Justice
935 Pennsylvania Avenue, N.W.
Washington, D.C.  20535-0001

*SAB  6/22/05*

**FROM:**     William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

**SUBJECT:**     **Freedom of Information/Privacy Act Request -**
**Frederick Banks-2005USMS8084**

In searching our files pursuant to a Freedom of Information/Privacy Act request by the above-named individual, we located 18 documents which originated with or contain information which originated with your agency.  Pursuant to 28 C.F.R. § 16.42(d), these documents are being referred to your office for action and direct response to the requester.  The name of a USMS employee has been deleted pursuant to exemption 7(C) of the Freedom of Information Act.    The U.S. Marshals Service has no objections to the release of the remaining information.

A copy of said documents and the request is attached.  If you have any questions, please contact Shauna Baude on 202 307-9865.





JUN 2 3 2005

**MEMORANDUM TO:**     Wanda M. Hunt, Chief FOIA Section
FOIA/Privacy Act Requests
Federal Bureau of Prisons
Department of Justice
Room 841, HOLC Building
Washington, D.C.   20534

**FROM:**     William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

**SUBJECT:**     **Freedom of Information/Privacy Act Request -**
**Frederick Banks- 2005USMS8084**

    In searching our files pursuant to a Freedom of Information/Privacy Act request by the above-named individual, we located five (5) documents which originated with or contain information which originated with your agency.  Pursuant to 28 C.F.R. § 16.42(d), these documents are being referred to your office for action and direct response to the requester.  The name of a USMS employee has been deleted pursuant to exemption 7(C) of the Freedom of Information Act.   The U.S. Marshals Service has no objections to the release of the remaining information.

    A copy of said documents and the request is attached.  If you have any questions, please contact Shauna Baude on 202 307-9865.



EXHIBIT 6

JUN 2 3 2005

**MEMORANDUM TO:**     EOUSA
FOIA/Privacy Unit
Room 7300, 600 E. Street, N.W.
Washington D.C. 20530-0001

**FROM:**     William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

**SUBJECT:**     **Freedom of Information/Privacy Act Request -**
**Frederick Banks- 2005USMS8084**

In searching our files pursuant to a Freedom of Information/Privacy Act request by the above-named individual, we located 12 documents which originated with or contain information which originated with your agency. Pursuant to 28 C.F.R. § 16.42(d), these documents are being referred to your office for action and direct response to the requester.

A copy of said documents and the request is attached. If you have any questions, please contact Shauna Baude on 202 307-9865.

EXHIBIT H





RECEIVED
GENERAL COUNSEL
05 NOV -2 PM 12: 43
U.S. MARSHALS SERVICE

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642

*Washington, D.C. 20530*

OCT 20 2005

Mr. Frederick Banks
No. 120759
Allegheny County Jail
950 2ⁿᵈ Avenue
Pittsburgh, PA 15219-3100

    Re: Request No. 2005USMS8084

Dear Mr. Banks:

    This is to advise you that your administrative appeal from the action of the United States Marshals Service on your request for information from the files of the Department of Justice was received by this Office on October 14, 2005.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0180**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

               Sincerely,

               Priscilla Jones
               Chief, Administrative Staff

EXHIBIT I

USMS

Frederick Banks
#120759
950 Second Avenue
Pittsburgh PA 15219

06-0180

OFFICE OF INFORMATION PRIVACY

4 2005

RECEIVED

10/14/05

PA
A
USMS

Co-Director
Office of Information and Privacy
United States Department of Justice
Room 570, Flag Building
Washington, DC 20530
Foia /PA Act Appeal

August 1, 2005

RE: Freedom of Information/Privacy Act
Request No. 2005USMS8084

To the Co-Director,

I appeal the improper withholding of agency records. The USMS cannot enact exemption (b)(7)(c) relating to personal privacy under the facts for public officials pertaining to public information or specifically my personal information. Therefore I request that you resubmit the records with no redactions to comply with the Acts forthwith. I respectfully demand immediate release of all requested records

Sincerely,

Frederick A. Banks



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

APR - 5 2006

Mr. Frederick Banks                    Re:    Appeal No. 06-0180
PA DOC No. 120759                             Request No. 2005USMS8084
Allegheny County Jail                         BVE:GLB:KAM
950 Second Avenue
Pittsburgh, PA  15219-3100

Dear Mr. Banks:

You appealed from the action of the United States Marshals Service on your request for access to records concerning yourself.

After carefully considering your appeal, I have decided to affirm the USMS's action on your request. These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.101 (2005). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

The USMS properly withheld certain information that is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(C). This provision concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties. I have also determined that this information is not appropriate for discretionary release.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

By

Janice G. McLeod
Senior Counsel



EXHIBIT

USMS

Frederick H. Banks
# 1207759
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

RECEIVED
GENERAL COUNSEL
06 OCT -6 PM 1:48
U.S. MARSHALS SERVICE

FOIA/PA Officer
United States Marshall Service
Office of general counsel
Washington, DC 20530-1000

September 24, 2005

RE: Renewed FOIA/PA requests

To the FOIA/PA officer;

Pursuant to the Freedom of Information Act and Privacy Act
of 1974, I request every record in your System about me, that pertains
to me or mentions my name. My identifying information is:

Frederick Hamilton Banks
USM # 05711-068
SS#
Birthdate

All databases are to be Searched and any records obtained forwarded to
the address above. Failure to disclose records to the above address constitutes an
improper withholding of agency records under the FOIA/PA Acts.

This request Supercedes all previous requests made to your office. Please provide
all records requested forthwith.

Respectfully Submitted,

EXHIBIT K

Frederick Banks

October 26, 2005

Frederick Banks
No. 120759
Alleghany County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100

Re:    **Freedom of Information/Privacy Act Request No. 2005USMS8084**
       **Subject: Self**

Dear Mr. Banks:

Reference is made to your recent letter dated September 24, 2005, seeking records pertaining to you.

By letter dated June 23, 2005 (copy enclosed), we responded to your request by disclosing all documents maintained by the Marshals Service pertaining to you. However, should you desire a duplicate of the documents previously disclosed to you by the Marshals Service, please let us know.

Upon receipt of this information, we will correspond with you again.

Sincerely,

WILLIAM E. BORDLEY
Associate General Counsel/FOIPA Officer
Office of General Counsel

Enclosure

EXHIBIT L