**RECEIVED**

APR 05 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
District of Columbia

Vampire Nation; Frederick Banks,  )
      Plaintiffs,  )
)
     vs.  )    Civil Action No. 06-1950 EGS
)
Department of Justice, et al.,  )
      Defendants.  )

Plaintiff's Response in Opposition to Defendants'
Motion to Dismiss or in the Alternative, For
Summary Judgment; and Cross Motion for Summary
Judgment; and Plaintiff's Statement of Material
Facts as to Which There is a Genuine Issue and Declaration

Plaintiffs Frederick Banks and Vampire Nation hereby respond to Defendants' above captioned motions, move for summary judgment, and file their statement of material facts as to which there is a genuine issue and represents as follows; (together "Banks")

Plaintiffs oppose the government's motions in their entirety and oppose the filed declarations in their entirety. Under rule 11(a) Banks signed for Vampire Nation because he is the sole proprietor for that company which he may represent pro se since he owns and operates the business by himself. Banks, as the government is well aware is a musician, international recording artist and record producer, writer, and filmmaker and the fact that he referred to his company Vampire Nation as a "dark electronic music project" is simply an element of Banks promotion style and is not of any consequence to this Lawsuit. With respect to defendants' request that court impose Rule 11 sanctions on plaintiff, court may grant plaintiff benefit of doubt because he is proceeding pro se. Blume v. Leake 618 F. Supp 95, 85-2 (DC Idaho 1985) In this case Banks properly signed for his company as a prose litigant who solely owns and operates Vampire Nation regardless of how Vampire Nation was described in the initial pleading. Plaintiff's good faith response precludes sanctions under Rule 11. Eastway Constr. Corp. v. New York 762 F.2d 243 (2nd cir. 1985); Atkins v. Fischer, 232 FRD 116 (DC Dist Col 2005). Defendants also state that "Nor has Vampire Nation made FOIA requests in its own name." Defendants Motion at 2. However, Defendants own Declarations show that Vampire Nation has indeed submitted request for responsive records. See Declaration of Lawrence Katz exhibit A. Though Banks made the request he properly did so.

(1)

as Sole proprietor of Vampire Nation, a dark electronic music project company that he owns and operates. Therefore Banks "lawfully represented This Plaintiff" Vampire Nation was also correct in making the requests under the Privacy Act because Courts and the government have reffered to Banks using the Vampire Nation moniker as one of Banks's alias. See. Vampire Nation a/k/a Fredrik Von Hamilton a/k/a Frederick Hamilton Banks, 451 F.3d 189 (3rd cir. 2006) at caption, Thus "The term 'individual'" applys to Vampire Nation in this case since Banks is a citizen and Vampire Nation is purportedly an alias that Banks uses under 5 USC § 552a(a)(2). Therefore Counts 1, 2, 3, 4, 9, 10, 13, and 14, may survive, along with the other Counts, Defendants motion to dismiss because Banks never refused to pay outstanding fees he merely contested if under the Freedom of Information and Privacy Act Defendants may request Search fees and Summary Judgment by Defendants is not appropriate. The Court has jurisdiction over this Lawsuit because Banks placed all of his FOIA/PA requests as mentioned in the lawsuit in the mail. If the requests were not received by the government agencies or were sent to the wrong department is immaterial as Banks is in federal prison under the care and control of the government and cannot be the gatekeeper for sloppy handling of his mail by federal officials. Dayton Newspapers, Inc. v. Dep't of Veteran Affairs 257 F Supp 2d 988 (SO Ohio 2003). Thus none of Banks's claims including DOJ, FBI, BOP, and USMS and Postal Inspection Service is subject to dismissal. Under the FOIA Privacy Acts "Any person making a request to any agency for records under paragraph (1)(2) or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph". 5 § 552 (a)(6)(C). Many of the agencies Banks filed letters and requests with did not respond and the government is now claiming the request were not received thus the determinations of the agencies as to Banks's requests were not "immediate" or "prompt". Since § 552(a)(6)(C) was violated the Court maintains jurisdiction over the action and Banks is deemed to have exhausted his administrative remedies on all his claims. Banks did not receive sufficient notice from the agencies that did not respond to his requests. The Postal Inspection Service records are not subject to withholdings under the FOIA

(2)

because now that the USPIS investigation is over as Banks has been convicted and sentenced the exemptions do not apply and the records must be released. The Administrative Office of the United States Courts is subject to the FOIA and Privacy Act because while it is not a Court itself it is an agency under article III of the US Constitution of the United States, though it is a different "creature of creation" than other agencies of the United States it is still an agency that handles administrations for the Courts.

The claims against Fincen and the Department of State may survive because Banks mailed his requests to the entities while under the care and control of the federal government. The government is claiming the requests were not received but that is immaterial because under the Acts Banks made the requests and the governments response to Banks complaint acknowledges that Fincen and the Department of State are well aware of the requests Banks made. Banks should not be penalized for the governments mishandling of his inmate mail. All of Defendants affidavits and declarations are not detailed, conclusory, and impugned by bad faith excuses and evidence as to why Plaintiffs may not have requested records that pertain to them. Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000). The FBI had the audacity to claim to this Court that it was underfunded for such requests to respond timely yet it is common knowledge that the FBI is probably the most funded government agency of them all and Plaintiffs feel that the FBIs desire ~~has none~~ to hold onto the records probably has more to do with the secrets it wants to hide rather than it's lack of budget. Indeed, Banks was subject to one of those secrets first hand when an FBI agent named Timothy Pivnichny out of the Pittsburgh field office tampered with evidence in his criminal case by fixing a CD copies that the government claimed that Banks used to commit crimes. USA v. Banks, 03-245 (WDPA). Yet nothing was done when Banks claimed this to the Department of Justice instead the government used Pivnichny's perjured testimony against Banks in a second prosecution. USA v. Banks, 04-176 (WDPA) which was another miscarriage of justice. Thus, Banks understands why the FBI would want to withhold Plaintiffs records however Plaintiffs

③

are entitled to the records under the acts and Defendants may not legitimately invoke any exemptions especially now that all prosecutions have ended. The declarations of Defendants are not sufficient and Defendants haven't even begun to release all the non-exempt responsive documents at issue Because non of the records are exemptable. However, Banks does agree with the government on one issue. "For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts and a courts decision to allow a government agency to withhold records is subject to de novo review by the appeals court. Maydak v. United States 361 US App DC 76, 79, 363 F.3d 515 (DC Cir. 2004); Maydak v. United States 342 US App DC 393 (DC Cir. 2004) (reversing and remanding to district court and ordering release of all requested documents to the appellant).

Plaintiffs claim that only Frederick Banks sought records is without merit. Banks sought records on his behalf and requested records pertaining to Vampire Nation, his company and therefore Banks and Vampire Nation have standing to sue and make such requests. Plaintiffs exhausted all administrative remedies as to their claims in the complaint as explained above. Banks did not request the records for commercial use so 5 USC § 552(a)(4)(A)(I) Plaintiffs only requested the records for personal use and therefore 552(a)(4)(A)(I) does not apply and fees should have been waived in this case and this defense to Banks request cannot hold water. Under 28 C.F.R. § 16.11(b)(1) Commercial use refers to a request from or on behalf of a person "that furthers his or her commercial, trade, or profit interests ... including through litigation." Since Banks seeks the records along with Vampire Nation for only personal use these sections of FOIA/Privacy Acts and C.F.R. may not be applied to this case and Defendants must release the requested records. Therefore Defendants jurisdictional defense fails on its face. Since commercial fees may not be charged remedies have been exhausted and the exemptions may not be applied. The records must be released. Also, Banks never received any request from USPIS requesting his notarized signature and such signature is not required because Banks verified that he was the person making the request under the penalty of perjury by invoking 28 USC 1746. Defendants may not invoke any exemption in this

(4)

case without the court holding an in camera review of each of the documents asserted to be exempt/else because the agencies have acted in bad faith by invoking exemptions that do not apply to this case and claiming defenses that are not applicable. Defendants violated the FOIA/PA acts and Summary Judgment in favor of Defendants must be denied. All records sought in this case are of interest to Plaintiffs even if it is considered trivial to the general public. Martin, 686 F.2d at 34 thus Plaintiffs are entitled to the records since all information including "trivial" is of interest to the Plaintiffs. While an agency may have discretion in withholding documents under certain exemptions the Court in this case must supervise said discretion because of the bad faith activities of the Defendants. Also, as Banks stated the investigations are closed and now that Banks is convicted the records must be released. Safecard Services v. Sec., 926 F.2d 1197, 1202 (DC Cir. 1991). There are no personal privacy exemptions that may be invoked in this case as all records involve Banks prosecution which was of public record and therefore Banks meets the balancing test of private and public interests. None of the requested records are within the duty of law enforcement now that the cases have ended.

The government seems to be claiming that others had something to do with the filing of his complaint but Plaintiffs and Plaintiffs alone implemented this litigation and the claims against the Judiciary are neither frivolous nor malicious. None of the requested records are exempt under the FOIA or privacy act because as stated Banks and Vampire Nation sought the records for personal use not "Commercial use" as Defendants claim make them entitled to exemptions.

Pursuant to Local Civil Rule 7(h), Plaintiffs hereby provide the following statement of material facts as to which there is no genuine dispute:

1. The Defendants cannot invoke exemptions and request fees under their defenses because Banks requested the records under and for private use not commercial use as Defendants claim was the information sought related to Banks prosecution.

2. Banks sent requests to all defendants while under the care and control of the Federal Bureau of Prisons and if defendants did not receive the requests it is not Banks responsibility as to the mishandling of his inmate mail once he placed the letters and

requests in the institutions mail box system.

3. Vampire Nation submitted requests as shown by Defendants various declaration's by Banks who the government has claimed is one of Banks alias.

4. Vampire Nation is a citizen of the United States because the government has claimed that Vampire Nation is an alias of Frederick Banks who is a citizen of the United States.

5. Not all the records were released or recieved by Plaintiffs relating to the March 15, 2007 declaration of Lawrence Katz.

6. Defendants improperly withheld records responsive to Plaintiff's requests as reflected in the March 15, 2007 of Lawrence Katz.

7. None of the records of the USPS are exemptable Plaintiffs sought records for personal use.

8. None of the records of the other defendants are exemptable Plaintiffs sought records for personal use.

9. The Department of Justice did not properly calculate the search fees and did not explain adequately how it arrived at said calculation.

10. Banks never refused to pay the fee he simply questioned the charges and Plaintiffs were never informed of any possible waivers of the fee.

11. Vampire Nation is alleged to be an alias of Banks by the government and therefore any time spent searching for records pertaining to Vampire Nation was a search for records about Frederick Banks.

WHEREFORE, Plaintiffs request that Defendants motion be denied and Plaintiffs motion be granted.

Frederick Banks
#05711-068
Unit 2Au
PO Box 5000
Yazoo City, MS 39194


Vampire Nation by a/k/a
Frederick Banks

Executed this 29th day of March, 2007 under the penalty for perjury 28 USC. 1746.

Frederick Banks

Vampire Nation by
a/k/a Frederick Banks

United States District Court
District of Columbia

Vampire Nation; Frederick Banks,
                    Plaintiffs          )
                                        )
                                        )
                                        )
      vs.                               )     Civil Action No. 06-1950 EGS
                                        )
Department of Justice, et al.,          )
                    Defendants.          )
                                        )
                                        )

## ORDER

UPON CONSIDERATION of Defendants Motion To Dismiss or, In The Alternative, For Summary Judgment, And Plaintiffs cross motion for Summary Judgment, the grounds stated therefor, and the entire record herein; it is this _____ day of _____, 200_, hereby

ORDERED that Defendants motion to dismissed should be and it hereby is denied; and it is, ORDERED that Plaintiffs motion is granted; and it is,

FURTHER ORDERED that Defendants release all responsive records requested to Plaintiffs.

_____
United States District Judge


W. Mark Nebeker, AUSA
Civil Division
555 4th Street., N.W.
Washington, DC 20530

Vampire Nation
613 Cross Street
East McKeesport, PA 15035


Frederick Banks
No. 05711-068
Unit 2AW
PO Box 5000
Yazoo City, MS 39194-5000

Certificate of Service

I hereby certify that on this 29th day of March 2007 I served a true and correct copy of the foregoing by mail delivery upon the following;

W. Mark Nebeker, AUSA
Civil Division
555 4th Street, N.W.
Washington, DC 20530

Frederick Banks