UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civil Action No. 06-1950 EGS
                                   )
DEPARTMENT OF JUSTICE, et al.,     )
                                   )
          Defendants.              )
_____)

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OPPOSITION
TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

     Defendants have moved for dismissal or summary judgment

under Fed. R. Civ. P. 11(a); 12(b)(1), 12(b)(6) and 56.

     Plaintiff has not specifically addressed the factual

statements presented in the statement of material facts

accompanying Defendants' filing.

          To survive summary judgment, the nonmoving party must
          offer more than mere allegations, Anderson [v. Liberty
          Lobby, Inc., 477 U.S. 242, 249 (1986)], by going
          "beyond the pleadings and by its own affidavits, or by
          the 'depositions, answers to interrogatories, and
          admissions on file,' designate 'specific facts showing
          that there is a genuine issue for trial.'" Celotex
          Corp. v. Catrett, 477 U.S. 317, 324 (1986).
                              *  *  *
          [L]egal conclusions "cloaked" as facts are not
          sufficient to create a genuine issue of material fact.
          And, of course, the parties are obligated, pursuant to
          Local Rule 108(h) [now Local Civ. R. 7(h) and 56.1], to
          identify the material facts and point to evidence of
          record that supports their respective positions.
          Jackson v. Finnegan, Henderson, Farabow, Garrett, 101
          F.3d 145, 150-51 (D.C. Cir. 1996).

United States v. BCCI Holdings, 977 F. Supp. 1, 6 (D.D.C. 1997),

aff'd mem., 159 F.3d 637 (D.C. Cir. 1998).  Plaintiff has not

addressed the facts identified and supported by Defendant; and they should be deemed admitted.  See Local Civ. R. 7(h); 56.1.[1]

These facts, for instance, include that: DOS and FinCEN have never received any FOIA requests from Plaintiffs; Vampire Nation has not submitted any requests to any of the defendants; Vampire Nation is not a citizen of the United States or an alien lawfully admitted for permanent residence; Mr. Banks' FOIA request to the USPIS was processed and records were searched for and released consistent with the Declaration of Lawrence Katz and its accompanying Index; the records sought from USPIS and the Department of Justice and its components are in systems of records exempt from the access provisions of the Privacy Act; and Mr. Banks has incurred and been billed for $168.00 in outstanding FOIA fees that have not been paid.  And these, along with the remaining undisputed facts, warrant summary judgment in favor of the defendants.

Vampire Nation.  As noted by defendants, Vampire Nation does not satisfy the definition of an "individual" able to file a Privacy Act claim.  See 5 U.S.C. § 552a(a)(2) ("the term 'individual' means a citizen of the United States or an alien lawfully admitted for permanent residence"); 5 U.S.C. §

---

[1]  Plaintiff Banks has demonstrated a knowledge of the Local Rule by proffering his own statement of purported facts "[p]ursuant to Local Civil Rule 7(h). . ."  See Plaintiff's Opp. at 5.  Yet he has failed to identify where the record would contradict the specifically enumerated facts set forth by the Defendants.

552a(d)(1) (allowing limited access by "any individual").  Nor
has Vampire Nation made FOIA requests in its own name.

Plaintiff Banks argues that because the government in a
criminal case noted that Vampire Nation was an alias of Mr.
Banks, he may pursue a case in the name of what he now describes
as a corporation.  Plaintiff's Opp. at 1-2.  Mr. Banks argues
that he was earlier imprecise in his claims about Vampire Nation
being only a "dark electronic music project," and that regardless
of how the allegations in the Complaint read, Vampire Nation is a
"company" which he alone "owns and operates."  Plaintiff's Opp.
at 1-2.

Banks, however, does not purport to be an attorney, and only
an attorney may represent a corporation in Court.  Research Air,
Inc. v. Norton, Civil Action No. 05-623 RMC, 2006 WL 508341, *4
n.6 (D.D.C.) (D.D.C. March 1, 2006) ("Corporations must be
represented by counsel.") (citing Rowland v. Cal. Men's Colony,
506 U.S. 194, 201-02 (1993); Palazzo v. Gulf Oil Corp., 764 F.2d
1381, 1385 (11th Cir. 1985); and Am. Airways Charters, Inc. v.
Regan, 746 F.2d 865, 873 n. 14 (D.C. Cir. 1984)).  Thus, even if
one ignores the allegations in the Complaint and believes that
Vampire Nation is its own legal entity, Mr. Banks cannot act as
its representative, because he is not an attorney able to
practice in this jurisdiction.  See Plaintiff's Opp. at 1 (Mr.
Banks is "a musician, international recording artist and record

-3-

producer" proceeding "pro se").  "A corporation must be
represented by counsel, and representation by the president of
the corporation is not an adequate substitute."  Fisher-Cal
Industries v. FAA, No. 98-1486, 1999 WL 229041, *1 (D.C. Cir.
Mar. 15, 1999) (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381,
1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986);
American Airways Charters, Inc. v. Regan, 746 F.2d 865, 873 n.14
(D.C. Cir. 1984)).

Even if Mr. Banks could act as the legal representative of
Vampire Nation, the claims by Vampire Nation would fail.  When
Mr. Banks makes the claim that he sought records on behalf of
Vampire Nation, he refers the Court to the FOIA request attached
to the Katz Declaration as Exhibit A.  See Plaintiffs' Opp. at 1.
A review of that exhibit makes clear that Mr. Banks is the only
FOIA requester identified in the request.  Although he seeks
information about Vampire Nation, he nowhere indicates that he is
seeking the information on behalf of Vampire Nation.  See Katz
Decl., Exhibit A.  Courts confronting the same or similar
situations have consistently held that absent a match between the
requester and the plaintiff, the case must be dismissed.
McDonnell v. United States, 4 F.3d 1227, 1236-38 (3d Cir. 1993).
The McDonnell court has been cited with approval by this Court:

> "Accordingly, a person [. . .] whose name does not
> appear on a FOIA request for records may not sue in
> district court ... because [it] has not
> administratively asserted a right to receive them in

> the first place." <u>McDonnell</u>, 4 F.3d at 1237.
> This conclusion is supported by the Federal Rules of
> Civil Procedure, which require that "[e]very action
> shall be prosecuted in the name of the real party in
> interest." Fed. R. Civ. P. 17(a) (1998). As a result,
> only plaintiff's attorney had standing to bring this
> suit when defendant failed to comply within the
> statutory time limits. Therefore, plaintiff's
> attorney, but not plaintiff, is the real
> party-in-interest to this suit. "Any arrangements
> [plaintiff's attorney] had with a third party are
> legally irrelevant for the purposes of [t]his FOIA
> request." <u>Burka</u> v. <u>United States Dep't of Health &
> Human Services</u>, 142 F.3d 1286, 1291 (D.C. Cir. 1998).
> Consequently, plaintiff lacks standing to bring this
> lawsuit.

<u>MAXXAM, Inc.</u> v. <u>FDIC</u>, Civil Action No. 98-0989 EGS, 1999 WL
33912624, *2 (D.D.C. Jan. 29, 1999)(footnote omitted). Thus, the
rule applies even where an attorney makes a FOIA request on
behalf of a client. <u>Id.</u>; <u>Unigard Ins. Co.</u> v. <u>Department of
Treasury</u>, 997 F. Supp. 1339, 1342 (S.D. Cal. 1997) (holding that
an attorney's client lacked standing to appeal under FOIA where
the attorney had made the request individually without indicating
that he represented his client). Although Plaintiffs attempt to
distract the Court from the plain evidence that the FOIA
requester at issue was not Vampire Nation, they are ultimately
unsuccessful because the text of the FOIA request they cite
belies their argument. <u>See</u> Katz Decl., Exhibit A.

Similarly, Plaintiff Banks cannot simply redefine his
company as a "citizen" for purposes of 5 U.S.C. §§ 552a(a)(2) and
552a(d)(1). The Privacy Act constitutes a limited waiver of
sovereign immunity. As the Supreme Court has often observed,

-5-

waivers of sovereign immunity must be "unequivocally expressed in the statutory text" and "strictly construed, in terms of its scope, in favor of the sovereign." Tri-State Hospital Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003) (quoting Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999) (internal quotations omitted)).  Thus, Plaintiff cannot unilaterally expand the definition of citizen to include all corporations that a citizen owns.  See id.

Moreover, Plaintiffs have not explained how it is that Mr. Banks can claim to be the "sole proprietor" and he "owns and operates the business by himself," yet the address listed on the Complaint for Vampire Nation is not the same as Mr. Banks', but is the same as that once used by another inmate (Keith Maydak). Local Civ. R. 5.1(e) requires the complaint to include the addresses of the parties, and that the parties keep the Court apprised of any change in address.  Id.  Thus, looking at the complaint itself, Mr. Banks and Vampire Nation are not the same entities.  Thus, Vampire Nation's claims may not proceed.

The False In Forma Pauperis Affidavit

In any event, even assuming that Vampire Nation is a corporation and an alter ego of Mr. Banks, and further assuming that Plaintiff Banks could represent the company, this action would be subject to dismissal pursuant to 28 U.S.C. § 1915, because the Plaintiffs have proceeded without prepayment of

costs, based on the Application to Proceed Without Prepayment Of Fees And Affidavit ("Application"), filed November 15, 2006. In that Application, Mr. Banks indicated that he owns no "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value." Docket No. 2 at 2. If he does, in fact, own a company as he now alleges, he failed to note this asset in his affidavit seeking leave to proceed without prepayment of costs.

Plaintiffs' action is therefore subject to dismissal because the allegation of poverty set out in the <u>in forma pauperis</u> application is untrue. Plaintiffs secured permission from the Court to proceed without the prepayment of costs, as allowed under 28 U.S.C. § 1915. <u>See</u> Application (Docket No. 2); November 15, 2006 Order (Docket No. 4) at 2. The <u>In Forma Pauperis</u> statute, however, provides in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue.

28 U.S.C. § 1915(e)(2)(A).

In the Application, Plaintiff Banks stated that "because of my poverty I am unable to pay the costs of this case or to give security therefor. . ." and answered "No" to the question: "<u>Do you own any</u> real estate, <u>stocks</u>, bonds, <u>securities</u>, other financial instruments, automobiles, or <u>any other thing of value</u>?" Docket No. 2 at 2. Plaintiff Banks now avers that he is the

-7-

owner of a company, namely Vampire Nation. Plaintiff's Opp. at 1-2. This falsehood offers more than adequate basis for the Court to conclude that Plaintiffs' allegation of poverty is untrue. As a result, the Court should dismiss this action under 28 U.S.C. § 1915(e)(2); see also Mathis v. New York Life Insurance Co., 133 F.3d 546, 547-48 (7th Cir. 1998) (district courts have discretion to dismiss with prejudice a claim under Section 1915(e), as with the former 1915(d), where an applicant intentionally misrepresents his true financial status); c.f. Marts v. Hines, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc) (noting that dismissals under Section 1915(e)(2) as frivolous or malicious should be presumed to be dismissed with prejudice unless the district court specifies otherwise); Romesburg v. Trickey, 908 F.2d 258, 259-60 (8th Cir. 1990) (affirming district court's dismissal of IFP complaint based on failure to disclose real property); Dawson v. Lennon, 797 F.2d 934, 935-36 (11th Cir. 1986) (per curiam) (affirming revocation of IFP status and dismissal of complaint where plaintiff failed to disclose substantial assets held in name of sham church); Thompson v. Carlson, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam) (affirming dismissal after IFP status revoked for intentional misrepresentations of financial status); Harris v. Cuyler, 664 F.2d 388, 389-91 (3rd Cir. 1981).

<u>    Failure To Pay Fees.</u>

In any event, Plaintiffs have not paid the fees required to be entitled to further documents from the Department of Justice and its components.  A FOIA lawsuit "is subject to dismissal for lack of subject matter jurisdiction if [the plaintiff] fails to exhaust all administrative remedies."  <u>Trueblood</u> v. <u>U.S. Dept. of Treasury, I.R.S.</u>, 943 F. Supp. 64, 67-68 (D.D.C. 1996); <u>see also</u> <u>Dettmann</u> v. <u>United States Dep't of Justice</u>, 802 F.2d 1472, 1477 (D.C. Cir. 1986); <u>Center to Prevent Handgun Violence</u> v. <u>U.S. Dept. of Treasury</u>, 981 F.Supp. 20, 23 (D.D.C. 1997); <u>Crooker</u> v. <u>United States Secret Serv.</u>, 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Indeed, "strict enforcement of the exhaustion doctrine is favored in FOIA cases."  <u>Center to Prevent Handgun Violence</u>, 981 F. Supp. at 23.  Plaintiffs' failure to pay the assessed fees is therefore fatal to their claims.  As the Court has concluded in a similar case:

> In a FOIA case, exhaustion of administrative remedies is a condition precedent to judicial review. <u>Stebbins</u> v. <u>Nationwide Mutual Insurance</u>, 757 F.2d 364, 366 (D.C. Cir. 1985).  Thus, a plaintiff's FOIA claims are subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust administrative remedies.  <u>Dettmann</u> v. <u>U.S. Department of Justice</u>, 802 F.2d 1472, 1477 (D.C. Cir. 1986).  Exhaustion of administrative remedies does not occur until the required fees are paid or an appeal is taken from the government's refusal to waive fees.  <u>Oglesby</u> v. <u>U.S. Department of Army</u>, 920 F.2d 57, 66 (D.C. Cir. 1990); <u>Trueblood</u> v. <u>U.S. Department of the Treasury</u>, 943 F.Supp. 64, 68-69 (D.D.C. 1996).  In support of its motion for summary judgment, the government argues that the Court lacks jurisdiction because Jeanes failed to

pay the assessed search fees and also failed to appeal the denial of his request for a fee waiver.  Jeanes responds that this Court has subject matter jurisdiction because he constructively exhausted his administrative remedies when the agency did not respond to his request within the statutory period, and then only notified him of the estimated fees for processing his request after he had already filed suit.  Moreover, Jeanes asserts that after the government filed its motion for summary judgment, he attempted to pay the estimated fees, but was unable to do so.

The Court finds that it lacks subject matter jurisdiction over this action because there is no evidence in the record that Jeanes has properly paid the fees assessed by the agency to process his request.

Jeanes v. U.S. Department of Justice, 357 F. Supp. 2d 119, 122-23 (D.D.C. 2004); accord Judicial Watch, Inc. v. FBI, 190 F.Supp.2d 29, 33 (D.D.C. 2002) ("The court deems the plaintiff's constructive exhaustion argument irrelevant, however . . ., the plaintiff never paid the fees imposed by the defendant.  The D.C. Circuit has held that failure to pay FOIA fees constitutes a failure to exhaust administrative remedies.") (citing Oglesby, 920 F.2d at 66 and Crooker v. United States Secret Serv., 577 F.Supp. 1218, 1220 (D.D.C. 1983) (granting the defendant's motion to dismiss because the plaintiff failed to respond to or appeal the defendant's request for payment)).

The same conclusion that was reached in Jeanes applies to the instant action, where Plaintiffs have failed to pay the requisite fees.  Mr. Banks does not dispute that he has failed to pay the fees; rather, he simply says that he never "refused" to pay them and only said that he should not have to pay them.

Plaintiff's Opp. at 2.  Regardless of semantics, Plaintiffs have not paid the fees required within 30 days of their assessment by DOJ.  <u>See</u> Boseker Decl., ¶¶ 11-18, 39-42, 47, 66 and Exh. L. Accordingly, under DOJ regulations, they have failed to exhaust administrative remedies.  28 C.F.R. § 16.11(i)(3); <u>Maydak</u> v. <u>U.S. Dept. of Justice</u>, 254 F.Supp.2d 23, 50 (D.D.C. 2003) ("The payment or waiver of fees or an administrative appeal from the denial of a fee waiver request is a jurisdictional prerequisite to bringing suit on a FOIA claim in the district court.").

Plaintiffs still take the position that they are not required to pay search fees.  <u>See</u> Plaintiffs' Opp. at 2, 4-5; Boseker Decl., ¶ 15 and Exh. J ("The EOUSA cannot charge 'search fees' under the acts and enact improper exemptions.  Only copying fees are permitted.").  This appears to be based on Mr. Banks' claim that he is not seeking the records for a commercial use. Plaintiffs' Opp. at 4.[2]  In fact, the FOIA generally permits agencies to charge "reasonable standard charges for document search and duplication."  <u>See</u> 5 U.S.C. § 552(a)(4)(A)(ii)(III); <u>Kumar</u> v. <u>U.S. Dept. of Justice</u>, Civil Action No. 06-714 RBW, 2007

---

[2]  Plaintiffs assert that the records sought are only for personal use not a commercial use, "therefore 552(a)(4)(I) does not apply and fees should be waived in this case."  <u>See</u> Plaintiffs' Opp. at 4.  While it may be true that 5 U.S.C. § 552(a)(4)(I) does not apply, it does not follow that search fees cannot therefore be applied.  <u>See</u> 5 U.S.C. § 552(a)(4)(III) (allowing search and duplication fees "for any request not described in [5 U.S.C. § 552(a)(4)] (I) or (II)").

WL 537723, *2 and n.4 (D.D.C. Feb. 16, 2007).  The distinction between commercial and non-commercial uses in the FOIA fees provision simply allows an agency to also charge to commercial requesters the costs of reviewing the documents once they have been located.  See 5 U.S.C. § 552(a)(4)(A)(ii)(I).[3]  And duplication fees are charged under the Privacy Act in the same way in which they are charged under 28 C.F.R. § 16.11.  See 28 C.F.R. § 16.49.  Moreover, under 28 C.F.R. § 16.49, search and review fees may be charged for Privacy Act requests where the records have been exempted from access under 5 U.S.C. § 552a(j)(2) or (k)(2).  The records at issue in this action have been so exempted.  See Bordley Decl., ¶ 8 and 28 C.F.R. § 16.101(a) and (q) (USMS); Hardy Decl., ¶¶ 34-43; 28 C.F.R. § 16.96 (FBI); Boseker Decl., ¶¶ 14, 39 and Exhibits I, L, CC, VV; 28 C.F.R. § 16.81 (U.S. Attorneys' files); Quigley Decl., ¶ 7 and Exhibit 4; 28 C.F.R. § 16.97(a).

Thus, the claims against the Department of Justice and its components should be dismissed.

DOS and FinCEN never received any FOIA requests

Neither DOS or FinCEN have received any request from either Plaintiff under the FOIA or Privacy Act.  See Declaration of

---

[3]  Plaintiffs have never asserted that they are educational or scientific institutions engaged in scholarly research or representatives of the news media, such that 5 U.S.C. § 552(a)(4)(A)(ii)(II) would apply.  See Complaint, ¶ 1; Plaintiffs' Opp. at 1.

Margaret P. Grafeld, ¶¶ 1-6; Declaration of Gregory Smith, ¶¶ 1-6. Thus, there is no jurisdiction under the FOIA or Privacy Act to enjoin these agencies from withholding anything. Thomas v. FAA, Civil Action No. 05-2391 CKK, 2007 WL 219988, *3 -4 (D.D.C. Jan. 25, 2007); see also Pollack v. Department of Justice, 49 F.3d 115, 117-20 and n.1 (4th Cir. 1995).

Mr. Banks asserts that he mailed such requests, but that he cannot be responsible for their loss or misdirection. Plaintiffs' Opp. at 2. In fact, he asserts that, because the agencies failed to meet the timeliness requirements of 5 U.S.C. § 552(a)(6)(C), he has exhausted as to even these claims, regardless of whether the agencies ever learned that he was seeking documents from them.[4] Id. The requirements set forth in that paragraph, however, do not begin to run until "after the

---

[4] Mr. Banks suggests that because he was in the custody of the Federal Bureau of Prisons, all agencies should be deemed to have received the requests even when they were lost in the mails. In fact, the attachments to the Katz Declaration make clear that Mr. Banks' difficulties with lost mail through his jailers predated his transfer to the Federal prison system. See, e.g., Katz Decl., Exhibits A-G (noting Mr. Banks' address in a county jail); Exhibit H (April 24, 2005 Letter from Mr. Banks in which he complains about his lost mail while in the county, not Federal, jail); Exhibit K (a similar May 10, 2005 Letter from plaintiff); Exhibit M (July 11, 2005 FOIA request from the County jail address); Exhibit N (August 5, 2005 letter to Mr. Banks at the county jail); Exhibit O (March 19, 2006 letter from Mr. Banks at the county jail address); Complaint, ¶ 3 (noting that plaintiffs sought records "[d]uring 2004, 2005 and 2006," which would include the period when Mr. Banks' mail was reportedly being lost at the county jail). In any event, the DOS and FinCEN cannot properly be held responsible for actions or inactions by another party, such as Mr. Banks' jailer.

-13-

receipt of any such request. . ."  5 U.S.C. § 552(a)(6)(A)(1).

"If no FOIA request is received, an agency has no reason to

search or produce records and similarly has no basis to respond."

Carbe v. Bureau of Alcohol, Tobacco and Firearms, Civil Action

No.  03-1658, 2004 WL 2051359 *8 (D.D.C. Aug. 12, 2004) (quoted

in Hutchins v. Department of Justice, Civil Action No. 00-2349

HHK, 2005 WL 1334941, *1-*2 (D.D.C. June 6, 2005)).  As the Court

in Hutchins concluded:

> Although plaintiff shows that he mailed a FOIA request
> on or about November 29, 1997 . . . .  Without any
> showing that the agency received the request, the
> agency has no obligation to respond to it.

Hutchins v. Department of Justice, Civil Action No. 00-2349 HHK,

2005 WL 1334941, *1-*2.

> In this instance, the unrefuted facts show that the
> offices with jurisdiction over the city, state and zip
> code information are the regional offices. . . .
> Carollo's request must be made to the individual
> offices.  The fact that the OGC failed to notify
> Carollo of this does not necessitate ordering the OGC
> now to collect and disclose the information.  Because
> the OGC does not maintain the records Carollo seeks, it
> did not violate the FOIA in refusing to disclose the
> cities, states and zip codes of tort claimants.  The
> same is true with respect to information contained in
> any other data fields not maintained by the OGC.  On
> this issue, the VA's Motion for Summary Judgment is
> SUSTAINED and Carollo's OVERRULED.

Dayton Newspapers, Inc. v. Department of Veteran Affairs, 257

F.Supp.2d 988, 1000-1001 (S.D. Ohio 2003).

Moreover, it appears that Mr. Banks may simply have used an

incorrect address for DOS.  The address in the caption of the

Complaint that Plaintiffs use for the Department of State, for instance, is a different one than is used for submitting FOIA/PA requests. see 22 C.F.R. § 171.5(a) ("Requests for records in accordance with this chapter may be made by mail addressed to the Information and Privacy Coordinator, U.S. Department of State, SA-2, 515 22nd Street, NW., Washington, DC 20522-6001"). In any event, DOS FOIA responses are triggered in the order of receipt. See 22 C.F.R. § 171/5(e) (requests "are processed in the order in which they are received.") Plaintiffs' purported requests to DOS and FinCEN were never received. See Grafeld Decl., ¶¶ 3-6; Smith Decl., ¶¶ 3-6. Mr. Banks himself has provided the basis why, i.e., the loss of his mail. Accordingly, the claims against the DOS and FinCEN should be dismissed.

<u>The USPIS Has Complied with the FOIA</u>

Plaintiffs argue that Mr. Banks' criminal conviction means that the entire investigation from which he has sought records must be completed. Specifically, Mr. Banks claims that because his criminal prosecution has ended with his conviction, the government may not legitimately invoke any FOIA exemptions. Plaintiff's Opp. at 4-5. In fact, the pendency of the investigation would only affect a claimed exemption under Exemption b(7)(A). See 5 U.S.C. § 552(b)(7)(A) (authorizing agencies to withhold "records or information compiled for law enforcement purposes, but only to the extent that production of

such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings").[5]  As reflected in the 37-page index accompanying the Katz Declaration, however, only other exemptions have been employed at this time.  See Katz Decl., ¶¶ 7, 9, 15, 19-39. Regardless, one of the investigations does, in fact, remain pending.  See id., ¶¶ 14-17.

Mr. Banks argues as follows: "There are no personal privacy exemptions that may be invoked in this case as all records involve Bank's [sic] prosecution which was of public record and therefore Banks meets the balancing test of private and public interests."  Plaintiff's Opp. at 5.  In short, he appears to assert that because his criminal conviction followed a public trial, that nothing in the law enforcement records relating to the investigation is subject to withholding.  Such a novel approach has never been adopted in this or any other circuit.

> [T]he only public interest relevant for purposes of
> Exemption 7(C) is one that focuses on 'the citizens'
> right to be informed about what their government is up
> to.' " Davis v. U.S. Dep't of Justice, 968 F.2d 1276,
> 1282 (D.C. Cir. 1992) (quoting [U.S. Dep't of Justice
> v.] Reporters Comm. [for Freedom of the Press, 489 U.S.

_____

[5]  In defending an Exemption 7(A) withholding, the agency must show that (1) a law enforcement proceeding is pending, or reasonably regarded as prospective, see Manna v. United States Dep't of Justice, 51 F.3d 1158, 1164 (3rd Cir. 1995), or as preventative, see, e.g., Moorefield v. United States Secret Serv., 611 F.2d 1021, 1026 (5th Cir. 1980), and (2) that the release of the information could reasonably be expected to cause some articulable harm.  See Manna, 51 F.3d at 1164.

749,] at 773 [(1989)]).  Details that "reveal little or
nothing about an agency's own conduct" are not part of
the public interest equation for Exemption 7(C)
purposes. <u>Blanton</u> v. <u>United States Dep't of Justice</u>, 63
F.Supp.2d 35, 45 (D.D.C. 1999) (<u>quoting</u> <u>Davis</u>, 968 F.2d
at 1282).  And in the absence of any evidence that the
government agency has engaged in illegal activity,
information that interferes with a third party's
privacy is exempt from disclosure. <u>Spirko</u> v. <u>United
States Postal Serv.</u>, 147 F.3d 992, 999 (D.C. Cir.
1998); <u>Voinche</u> v. <u>FBI</u>, 46 F.Supp.2d 26, 33 (D.D.C. 1999).
Here, plaintiff has not identified a public interest or
alleged agency misconduct. . . .  Plaintiff's desire
for the information is irrelevant. [<u>National Archives
and Records Administration</u> v.] <u>Favish</u>, [541 U.S. 157,]
174 [(2004)]; <u>Reporters Comm.</u> at 773.  The fact that
plaintiff seeks the information to advance a private
agenda is not a proper basis for disclosure under the
FOIA. <u>See</u>, e.g., <u>Horowitz</u> v. <u>Peace Corps</u>, 428 F.3d 271,
278-79 (D.C. Cir. 2005) (plaintiff's need for records
to pursue civil suit irrelevant), <u>cert</u>. <u>denied</u>, 126
S.Ct. 1627 (2006); <u>Taylor</u> v. <u>U.S. Dep't of Justice</u>, 268
F.Supp.2d 34, 36 (D.D.C. 2003) (no public interest in
disclosure of information to assist plaintiff in
challenging conviction).  Therefore, the EOUSA properly
withheld the records under Exemption 7(C).

<u>Lipsey</u> v. <u>U.S. Dept. of Justice Executive Office For U.S.</u>

<u>Attorneys</u>, 2007 WL 842956, *5-*6 (D.D.C. 2007).

In short, the Defendants submit that the details contained

in the proffered index pursuant to <u>Vaughn</u> v. <u>Rosen</u>, 484 F.2d 820

(D.C. Cir. 1973), are more than adequate for the Court to assess

the applicability of the cited FOIA exemptions and to address the

uncontested segregability analysis performed by the USPIS.  <u>See</u>

Katz Decl., ¶¶ 20-42, and attached Index.  To the extent that the

Court might desire further details regarding the relevant

documents, the defendants would join in Plaintiffs' request for

in camera review of the documents[6] before ordering the release of any document.

Plaintiffs' Cross-Motion For Summary Judgment

Plaintiffs have failed to establish that any relief in their favor is appropriate pursuant to their Cross-Motion For Summary Judgment. As noted above, Mr. Banks cannot represent any other party in this matter. Thus, Vampire Nation is not entitled to any relief pursuant to the Cross-Motion. Moreover, because, as set forth herein and in support of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment, Defendants, not Plaintiffs, are entitled to prevail on all claims.

Plaintiffs' efforts to secure judgment on this record is, however, also misplaced for other reasons. First, Plaintiffs have not properly supported their statement of proffered undisputed material facts. The purported facts are, in truth, nothing but numerous legal conclusions made by Mr. Banks, without offering any basis to believe that he had either the expertise to render such legal opinions nor even a factual basis to support

---

[6] Plaintiff Banks has argued that Defendants may not invoke any exception in this case without the court holding an in camera review of each of the documents asserted, because the agencies have acted in bad faith by including exemptions that do not apply to this case and claiming defenses that are not applicable. Plaintiff's Opp. at 5. In fact, the Defendants' arguments are supported by the law and facts.

his direct knowledge of the purported facts.  A proper statement of facts must be supported by an affiant with personal knowledge and must set forth such facts as would be admissible in evidence.  See Fed. R. Civ. P. 56(e).  "The court disregards all legal conclusions set forth in the statement of undisputed material facts in support of their summary judgment." People for Ethical Treatment of Animals v. U.S. Dept. of Agriculture, Civil Action No. 03 C 195-SBC, 2005 WL 1241141, *1 (D.D.C. May 24, 2005) (citing Petrolite Corp. v. United States Environmental Protection Agency, 519 F.Supp. 966, 974-5 (D.D.C. 1981)).  As set forth in greater detail in the accompanying response to Plaintiffs' Purported Material Facts, the Plaintiffs have not satisfied the requirements of Rule 56.

WHEREFORE, the above civil action should be dismissed, or summary judgment entered in favor of the defendants, and Plaintiff's motion for summary judgment should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                   )
          Plaintiff,               )
                                   )
     v.                            )  Civil Action No. 06-1950 EGS
                                   )
DEPARTMENT OF JUSTICE, et al.,     )
                                   )
          Defendants.              )
_____)

DEFENDANTS' RESPONSE TO PLAINTIFFS' PURPORTED STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), the Defendants hereby
provide the following response to the purported statement of
material facts proffered by Plaintiffs:

1.  This purported statement of fact constitutes a legal
conclusion and contains no citation in the record to support the
statement.  Moreover, to the extent that Plaintiff Banks may be
seeking to offer a legal opinion based on some expertise, he has
not established the requisite basis to render such an opinion
admissible.  See Fed. R. Evid. 701-703.  The statement is also
contrary to law, as is set forth in the Memorandum Of Points And
Authorities In Support Of Defendants' Motion To Dismiss Or, In
The Alternative, Summary Judgment and the reply/opposition that
accompanies this filing.

2.  Plaintiff Banks' suggestion that he was under the care
custody and control of the Federal Bureau of Prisons when he made
his Freedom of Information Act requests is contradicted by the
FOIA correspondence attached to the Declaration of Lawrence Katz.

<u>See</u> Katz Decl., Exhibits A-G (noting Mr. Banks' address in a county jail); Exhibit H (April 24, 2005 Letter from Mr. Banks in which he complains about his lost mail while in the county, <u>not Federal</u>, jail); Exhibit K (a similar May 10, 2005 Letter from plaintiff); Exhibit M (July 11, 2005 FOIA request from the County jail address); Exhibit N (August 5, 2005 letter to Mr. Banks at the county jail); Exhibit O (March 19, 2006 letter from Mr. Banks at the county jail address); <u>see</u> <u>also</u> Complaint, ¶ 3 (noting that plaintiffs sought records "[d]uring 2004, 2005 and 2006," which would include the period when Mr. Banks' mail was reportedly being lost at the county jail).  The remainder of this purported statement of fact constitutes a legal conclusion and contains no citation in the record to support the statement.  Moreover, to the extent that Plaintiff Banks may be seeking to offer a legal opinion based on some expertise, he has not established the requisite basis to render such an opinion admissible.  <u>See</u> Fed. R. Evid. 701-703.  The statement is also contrary to law, as is set forth in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, Summary Judgment and the reply/opposition that accompanies this filing.

    3.  Plaintiff Banks' suggestion that Vampire Nation submitted FOIA requests through Mr. Banks constitutes a legal conclusion and contains no citation in the record to support the statement.  Moreover, to the extent that Plaintiff Banks may be

-2-

seeking to offer a legal opinion based on some expertise, he has not established the requisite basis to render such an opinion admissible.  See Fed. R. Evid. 701-703.  The statement is also contrary to law, as is set forth in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, Summary Judgment and the reply/opposition that accompanies this filing.

4.  This purported statement of fact constitutes a legal conclusion and contains no citation in the record to support the statement.  Moreover, to the extent that Plaintiff Banks may be seeking to offer a legal opinion based on some expertise, he has not established the requisite basis to render such an opinion admissible.  See Fed. R. Evid. 701-703.  The statement is also contrary to law, as is set forth in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, Summary Judgment and the reply/opposition that accompanies this filing.

5.  Defendant does not dispute that certain information was withheld from the records sought by Mr. Banks.  Indeed, the Declaration of Lawrence Katz identifies the withheld information and the proper bases for the withholdings.  See Katz Decl., ¶¶ 20-42 and accompanying Index.

6.  Defendant does not dispute that certain information was withheld from the records sought by Mr. Banks.  Indeed, the

-3-

Declaration of Lawrence Katz identifies the withheld information and the proper bases for the withholdings.  See Katz Decl., ¶¶ 20-42 and accompanying Index.  To the extent that Mr. Banks has argued that the withholdings were improper, his purported statement of fact constitutes a legal conclusion and contains no citation in the record to support the statement.  Moreover, to the extent that Plaintiff Banks may be seeking to offer a legal opinion based on some expertise, he has not established the requisite basis to render such an opinion admissible.  See Fed. R. Evid. 701-703.  The statement is also contrary to law, as is set forth in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, Summary Judgment and the reply/opposition that accompanies this filing.

7-8.  These purported statements of fact constitute legal conclusions and contain no citation in the record to support the statement.  Moreover, to the extent that Plaintiff Banks may be seeking to offer a legal opinion based on some expertise, he has not established the requisite basis to render such an opinion admissible.  See Fed. R. Evid. 701-703.  The statements are also contrary to law, as is set forth in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, Summary Judgment and the reply/opposition that accompanies this filing.

9.  This purported statement of fact constitutes a legal

-4-

conclusion about the propriety of the fees calculated by the Department of Justice and contains no citation in the record to support the statement.  Moreover, to the extent that Plaintiff Banks may be seeking to offer a legal opinion based on some expertise, he has not established the requisite basis to render such an opinion admissible.  See Fed. R. Evid. 701-703.  The statement is also contrary to law, as is set forth in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, Summary Judgment and the reply/opposition that accompanies this filing.  See also Declaration of John F. Boseker, ¶¶ 12-18, 66; 28 C.F.R. § 16.11.

10.  To the extent that Mr. Banks asserts that he has never "refused" to pay the fees assessed by the Department of Justice, the issue is not material; rather the relevant inquiry is whether he has paid the fees.  To the extent that he might be trying to suggest that he has paid such a fee, he has provided no citation to the record to support such an assertion.  Moreover, such an assertion would be incorrect.  See Boesker Decl., ¶ 66; Defendants' Statement Of Material Facts As To Which There Is No Genuine Dispute, ¶ 10, to which plaintiffs have not responded.

11.  Plaintiff Banks' suggestion that Vampire Nation must be deemed to be Mr. Banks for all purposes constitutes a legal conclusion and contains no citation in the record to support the statement.  Moreover, to the extent that Plaintiff Banks may be

-5-

seeking to offer a legal opinion based on some expertise, he has not established the requisite basis to render such an opinion admissible. <u>See</u> Fed. R. Evid. 701-703. The statement is also contrary to law, as is set forth in the Memorandum Of Points And Authorities In Support Of Defendants' Motion To Dismiss Or, In The Alternative, Summary Judgment and the reply/opposition that accompanies this filing.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that service of the foregoing Reply To

Plaintiff's Opposition To Defendants' Motion To Dismiss Or, In

The Alternative, For Summary Judgment And Opposition To

Plaintiff's Cross-Motion For Summary Judgment Defendants' Motion

To Dismiss Or, In The Alternative, Summary Judgment, And

Defendants' Response To Plaintiffs' Purported Statement Of

Material Facts As To Which There Is No Genuine Issue has been

made by mailing copies thereof to:


FREDERICK BANKS
No. 05711-068
Unit 2AW
PO Box 5000
Yazoo City, Mississippi  39194-5000

on the 26th day of April, 2007.


                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney
                              Civil Division
                              555 4th Street, N.W.
                              Washington, DC  20530
                              (202) 514-7230