UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VAMPIRE NATION and FREDERICK BANKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1950 (EGS) |
| | ) | |
| DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Defendants have filed a motion to dismiss or for summary judgment. Because a ruling on defendants' motion potentially could dispose of this case, the Court hereby advises the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the rules of this Court.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id*. at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The plaintiff's attention is also directed to Rule 56 of the Federal Rules of Civil

1

Procedure regarding summary judgment, which states in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> (1) In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Accordingly, it is hereby

ORDERED that plaintiff shall file an opposition or other response to defendant's motion to dismiss or for summary judgment by **June 2, 2008**. If plaintiff fails to respond by this date, the Court may treat the motion as conceded.

SO ORDERED.

Signed:     EMMET G. SULLIVAN
            United States District Judge

Dated:      May 9, 2008