```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                   )
        Plaintiffs,                )
                                   )
   v.                              ) Civil Action No. 06-1950 EGS
                                   )
DEPARTMENT OF JUSTICE, et al.,     )
                                   )
        Defendants.                )
                                   )
```

DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF BANKS'
"MOTION TO ADVANCE COSTS OF FBI AND EOUSA DOCUMENTS"

Defendants hereby oppose Plaintiff Banks' "Motion To Advance Costs Of FBI And EOUSA Documents" ("Motion To Advance Costs").

Plaintiff Banks, a federal prisoner, is pursuing this Freedom of Information Act/Privacy Act civil action in an effort to secure large numbers of documents maintained by, inter alia, the Federal Bureau of Investigation ("FBI") and Executive Office for United States Attorneys ("EOUSA"). Although requested to remit the estimated fees pursuant to the applicable agency regulations, Plaintiff Banks has failed to make the necessary payments. See March 17, 2008 Mem. Op. at 4, 8-12. Rather than make the required payments or, in the case of the FBI, propose some less onerous document production below the 100-page limit offered by FBI for free, Mr. Banks now attempts to have the Court direct the "United States advance costs for the release of 3,205 documents to Banks or waive the fee, and advance costs in the amount of $168.00 to the Executive Office for US Attorneys for release of the records Banks sought in connection with this case

and or waive the fee." Motion To Advance Costs at 1.

Mr. Banks suggests that this advancement or waiver of fees is permitted by 28 U.S.C. § 1915, the in forma pauperis statute. Motion To Advance Costs at 1-2. He is mistaken. Section 1915 provides for the court to "authorize the commencement, prosecution or defense of any suit . . without prepayment of fees or security therefor. . ." 28 U.S.C. § 1915(a)(1). The "fees" which are intended to be subject to Section 1915 are those for commencing the action or appeal. See 28 U.S.C. § 1914(a) (requiring the parties to civil actions to "pay a filing fee of $350.00. . ."); see also 28 U.S.C. § 1915(b)(1) (noting that prisoners "shall be required to pay the full amount of a filing fee" and the court "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee [using a specified calculation method].")

Mr. Banks does not seek to have the United States pay any filing fee at issue in the case at this stage; rather, he seeks payment of the fees called for under the FOIA. See 5 U.S.C. § 552(a)(4). These are fees charged not for commencement, prosecution or defense of his suit, but for compliance with the requirements of the FOIA. See 5 U.S.C. § 552(a)(4)(A). Should a person want the waiver of FOIA fees, he or she may seek to establish that the criteria set forth in 5 U.S.C. §

552(a)(4)(A)(iii) are satisfied. Mr. Banks has made no effort to establish that he or the records he seeks from the FBI and EOUSA can meet these criteria.[1]

> A fee waiver or reduction is warranted if the FOIA requester shows that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); accord 28 C.F.R. § 16.11(k) (DOJ regulations). "[F]ee waiver requests must be made with reasonable specificity . . . and based on more than conclusory allegations." Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003) (internal quotation marks and citation omitted). In

---

[1] Indeed, Mr. Banks has conceded that his request for records is intended to facilitate his efforts to challenge his criminal conviction and the forfeiture of his property, a decidedly private interest. See Motion To Advance Costs at 1; Harrington v. Department of Justice, Civil Action No. 06-0254 ESH, 2007 WL 625853 at *4 (D.D.C. Feb. 27, 2007). The Court in Harrington aptly noted:

> Nothing in the record of this case suggests that disclosure is likely to contribute significantly to public understanding of the operations or activities of the federal government. At most, granting a fee waiver and disclosing these public records advances nothing other than plaintiff's own understanding of his criminal case. This private interest is not relevant to the fee waiver analysis. See, e.g., McClain v. U.S. Dep't of Justice, 13 F.3d 220, 220-21 (7th Cir. 1993) (fee waiver denied to indigent prisoner who pursued private interest, a challenge to his criminal conviction, in seeking FBI records about himself). Furthermore, plaintiff's indigence alone, without a showing of a public benefit, is not a valid basis for granting a fee waiver. See Ely v. U.S. Postal Serv., 753 F.2d 163, 165 (D.C. Cir. 1985) (per curiam); Durham v. U.S. Dep't of Justice, 829 F.Supp. 428, 435 n.10 (D.D.C. 1993).

Harrington v. Department of Justice, 2007 WL 625853 at *4.

> reviewing the agency's denial, "the court shall determine the matter de novo [based on] the record [that was] before the agency" at the time of its decision. 5 U.S.C. § 552(a)(4)(A)(vii).
>
> In each request, plaintiff stated that he was seeking the information for non-commercial purposes, that he was "indigent and unable to pay for this request," and that "disclosure is in the public's interest and is likely to contribute significantly to the public's interest and is likely to contribute to the public understanding of the operations of the government." A.R. at 1-5. Indigence alone is not sufficient to justify a fee waiver. See Ely v. United States Postal Service, 753 F.2d 163, 165 (D.C.Cir.1985) ("Prior decisions clearly tie fee waivers to public benefit."). Plaintiff did not specify the public interest, identify the governmental activity or operation on which he intended to shed any light, or explain how disclosure of the requested information would contribute to the public's understanding of such activity or operation. Defendant rightly determined that plaintiff had not satisfied the factors for a fee waiver set forth at 28 C.F.R. § 16.11(k)(2)(ii), (iii), (iv). A.R. at 15. Moreover, plaintiff's failure to state his ability and intention to disseminate the information to the public was "alone [ ] a sufficient basis for denying the fee waiver request." Larson v. CIA, 843 F.2d 1481, 1483 (D.C. Cir. 1988).
>
> Because defendant properly denied plaintiff's fee waiver request, summary judgment will be entered for the defendant on that claim. Plaintiff will be required to pay the assessed fee before pursuing his FOIA requests or obtaining judicial review of unfavorable action thereafter. See Oglesby, [v. United States Dep't of the Army, 920 F.2d 57, 65-67 (D.C. Cir. 1990)]; Trueblood v. U.S. Dep't of Treasury, I.R.S., 943 F.Supp. 64, 68-69 (D.D.C. 1996)(citing Pollack v. Dep't of Justice, 49 F.3d 115, 120 (4th Cir.), cert. denied, 516 U.S. 843, 116 S.Ct. 130, 133 L.Ed.2d 78 (1995)); see also Judicial Watch, Inc. v. FBI, 190 F.Supp.2d 29, 33 (D.D.C. 2002) (plaintiff's failure to pay fees deprived court of subject matter jurisdiction).

Smith v. Federal Bureau of Prisons, 517 F.Supp.2d 451, 454-55

(D.D.C. 2007) (footnote omitted).

Moreover, Mr. Banks does not even assert that he has sought a fee waiver from EOUSA or the FBI.  His correspondence with EOUSA reveals only that he complained that "EOUSA cannot charge 'search fees'. . ."  See February 27, 2007 Declaration of John F. Boseker, ¶¶ 15, 40 and Exhibit J and Exhibit DD (Docket No. 23).[2]  Mr. Banks' correspondence with the FBI does not reveal even this effort to address the payment of fees.  See May 1, 2008 Declaration of David M. Hardy, Exhibit A-C, E, H (Docket No. 34).

> As a general proposition, "a party seeking review of agency action [must] exhaust its administrative remedies before seeking judicial review." NRDC v. United States Environmental Protection Agency, 824 F.2d 1146, 1150 (D.C. Cir. 1987) (en banc).  We have specifically held that "[e]xhaustion of [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review." Stebbins v. Nationwide Mutual Insurance Co., 757 F.2d 364, 366 (D.C. Cir. 1985).  Moreover, the FOIA specifically provides that judicial review of a decision regarding waiver of fees, although de novo in the district court, "shall be limited to the record before the agency." 5 U.S.C. § 552(a)(4)(A)(vii).  Since that record does not include a request to waive the search fee required by the Bureau, we decline to consider the appellants' claimed entitlement thereto.

American Federation of Government Employees, Local 2782 v. U.S.

---

[2] The language of the FOIA itself provides that the fees may include "reasonable standard charges for document search, duplication, and review, when records are requested for commercial use; . . . reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by an educational or noncommercial scientific institution, whose purpose is scholarly or scientific research; or a representative of the news media; and [otherwise]. . . fees shall be limited to reasonable standard charges for document search and duplication."  5 U.S.C. § 552(a)(4)(A)(ii) (emphasis added).

Dept. of Commerce, 907 F.2d 203, 209 (D.C. Cir. 1990).

Thus, Mr. Banks has failed to establish that he is entitled to be excused from the requirement that he pay the appropriate fees associated with his FOIA requests as required by Department of Justice regulations. See 28 C.F.R. § 16.11. Accordingly, Defendants submit that the "Motion To Advance Costs Of FBI And EOUSA Documents" should be denied.

                        Respectfully submitted,

_____  
JEFFREY A. TAYLOR, DC Bar #498610  
United States Attorney

_____  
RUDOLPH CONTRERAS, DC Bar #434122  
Assistant United States Attorney

_____ /s/  
W. MARK NEBEKER, DC Bar #396739  
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Memorandum In Opposition To Plaintiff Bank's "Motion To Advance Costs Of FBI And EOUSA Documents" and a proposed order has been made by mailing copies thereof to:

FREDERICK BANKS
No. 05711-068
PO Box 5000
Yazoo, City, MS  39194

on this 12th day of May, 2008.

                                            /s/
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                   )
        Plaintiffs,                )
                                   )
    v.                             ) Civil Action No. 06-1950 EGS
                                   )
DEPARTMENT OF JUSTICE, et al.,     )
                                   )
        Defendants.                )
_____)
```

ORDER

Upon consideration of Plaintiff Banks' "Motion To Advance Costs Of FBI And EOUSA Documents" for the reasons set forth in Defendants' memorandum in opposition thereto, and based upon the entire record herein, it is this ____ day of _____, 2008,

ORDERED that Plaintiff Banks' Motion To Advance Costs Of FBI And EOUSA Documents be and is hereby denied.

_____
UNITED STATES DISTRICT JUDGE


W. MARK NEBEKER
Assistant U.S. Attorney
Civil division
555 4th Street, N.W.
Washington, DC  20530

FREDERICK BANKS
No. 05711-068
PO Box 5000
Yazoo, City, MS  39194