UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 12 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Vampire Nation and Frederick Banks, )
    Plaintiffs, )
    v. ) Civil Action No. 06-1950 EGS
Department of Justice, et al., )
    Defendants. )
)

Plaintiff's REPLY IN OPPOSITION TO RENEWED MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Plaintiffs Vampire Nation and Frederick Banks ("Banks") hereby respond to the defendants renewed motion to dismiss or, in the alternative, for summary judgment and represent as follows.

Banks first objects that the previous Motion to Dismiss the Complaint should have been denied with prejudice as to Counts Three, Four, Five, Six, Nine and Ten. Defendants should not receive multiple chances to dismiss Banks complaint as Banks cannot defend such a moving target and constant onslaught by the Defendants.

BOP's search was far from adequate. Moreover, Banks never received any of the requested files. The Non disclosable Privacy Act files in Banks Central file the BOP maintains are only releasable to Banks through a FOIA/Privacy Act Request through the BOP central office in DC. See PS 1351.05 page 17 at b. Banks filed multiple requests and to date has not seen any of his records. The BOP did not provide the requested records.

As Banks stated he never refused to make payments on the due fees he simply inquired more into the basis for those fees. Also, since Banks has moved the Court pursuant to his indigency to advance the cost of the fees by order to the United States which Banks would ultimately be responsible for paying over time Defendants Motion to dismiss should be denied on this basis. See Defendant's Renewed Motion to Dismiss at page 4. There is a dispute that Banks has failed to pay the amount due under the FOIA as a result of the fees incurred in his request to EOUSA whereas here he has moved the Court to advance the fees as a pauper. Further, the Court should again reject Defendants argument at it's previous opinion at footnote 6. Since there is

no "Controlling authority for such agency-wide application of regulations for aggregating requests and fees.".. While the BOP and FBI may be components of the Department of Justice they are seperate agencies. Applying an agency wide application of the fees would for instance suggest that a plaintiff could assert a privacy act claim for damages against an agency which would be automatically extended to the other agencies under the "mothership." Finally, the Court should reject Defendants arguments because Banks has sent a request to the FBI requesting that the fees be waived. Block v. Department of Justice, 49 F.3d 115, 117, 119-20 (4th cir. 1995).

Conclusion

For the foregoing reasons, the Court should deny in full Defendants Renewed Motion to Dismiss or, in the alternative, for Summary Judgment.

Respectfully submitted,

Frederick Banks, ESQ
05711-068, IAu
PO Box 5000
Yazoo City, MS 39194

PLAINTIFF

for *[signature]*
Vampire Nation

PLAINTIFF

Certificate of Service

I hereby certify that service of the foregoing to the Court has been made by mailing a copy thereof to:

W. Mark Nebeker, AUSA [via electronic notification]
Civil Division
555 4th Street, N.W.
Washington, DC 20530

on the 8th day of May, 2008

Frederick Banks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Vampire Nation and Frederick Banks,
            Plaintiff,
    v.
Department of Justice,
            Defendants.

Civil Action No. 06-1950 EGS

(Evidentiary hearing requested)

CROSS ~~COUNTER~~ CLAIM; AND Supplemental Statement of Material Facts AS TO WHICH THERE IS A GENUINE ISSUE AND Supplemental Declaration of Frederick Banks

Plaintiffs file the foregoing Supplemental Statements of Material facts as to which there is a genuine issue.

1. The Bureau of prisons practice did not furnish Banks with <u>any</u> records he was entitled to under the FOIA or Privacy Act.

2. I was not given access to my central file FOIA/PA disclosable, non disclosable or medical files and to date <u>still</u> do not have these records.

3. The records claimed to be copied by Kathleen Quigley including Central and Medical Files were never released to Banks. The forwarded files were <u>never</u> received by Banks and Quigley does not state where these forwarded Central and Medical Files were sent. They were not sent to Banks because I never received them.

4. Banks sought records from all BoP databases. Quigley asserted that only Sentry a single database was searched. Quigley did not indicate if this database was the only one the BoP maintains, however, if there are other databases the BoP maintains, it is clear from Quigley's Declarations that they were not searched.

5. The FBI's search of the records is gravely inadequate because it does not describe any of the tactics it used or databases it searched for responsive records. The only statement David Hardy makes in his declaration is "Specifically, I am aware of the treatment which has been afforded the FOIA/Privacy Act requests for documents related to Plaintiff, Frederick H. Banks." Hardy further seeks the reducing of the scope of Banks request to the Pittsburgh Field Office ("PGFO"). This is not possible and in fact Banks requests that the FBI expand the request to the Philadelphia field office and

conduct the same search as well as a search for "Richard Hertosh".

6. All other facts in dispute are objected to and opposed in full and Banks objects to the fact that the Office of Information and Privacy did not ever decide the Appeals in two years. Banks also objects to the Time estimates for release of responsive records, seeks a waiver from defendants for the fees and moves the Court to order the immediate release of all responsive records and to perform an adequate search of all databases.

Finally Banks files this Counter claim requesting the Court to determine that defendants acted adversely and denying the records and delaying constituted an adverse determination under the Privacy Act. Banks therefore requests $1,000.00 in damages for each record sought totaling $400,000.00 or more. Banks also requested a print out showing no records found to the extent this occurred this was never provided.

Conclusion

The Court should order that the records be released, adequate searches be performed, the fees waived and Banks awarded damages exceeding $400,000.00 dollars plus costs interest and fees. Finally, the Court should order that a telephone evidentiary hearing be held to determine the extent of the damages.

Respectfully submitted,

Frederick Banks, ESQ
05711-068, IAW
PO Box 5000
Yazoo City, MS 39194

PLAINTIFF

Certificate of Service

I Hereby Certify that service of the foregoing to the Court has been made by mailing a copy thereof to:

W. Mark Nebeker, AUSA    [via electronic notification]
Civil Division
555 4th Street, N.W.
Washington, DC 20530

on the 8th day of May, 2008

                                                       /s/ Frederick Banks
                                                       Frederick Banks

MAY 1 5 2008