UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION and FREDERICK BANKS,)
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civil Action No. 06-1950 EGS
                                   )
DEPARTMENT OF JUSTICE, et al.,     )
                                   )
          Defendants.              )
_____)

REPLY TO "PLAINTIFF'S REPLY IN OPPOSITION TO RENEWED MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT"

     The remaining Defendants, the Federal Bureau of Prisons ("BOP") and the Federal Bureau of Investigation ("FBI") have renewed their request for dismissal or summary judgment in this action.  Plaintiff has been warned repeatedly that unsupported assertions would not suffice to challenge the declarations supplied by Defendants.  See Docket Nos. 22 and 36 (citing Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)); Docket No. 20 at 1-2, fn.2; Docket No. 28 at 1-2; Docket No. 32 at 2, fn.2.  Nevertheless, Plaintiff Banks has offered no proper evidence to challenge the assertions supported by Defendants' declarations.  There is, therefore, no basis to challenge the facts proffered by Defendants.

     Plaintiff Banks suggests that the Court should not even consider the FBI's demand that Plaintiff pay the fees required by the Freedom of Information Act and applicable DOJ regulations, because "the previous Motion to Dismiss should have been denied

with prejudice as to Counts Three, Four, Five, Six, Nine and Ten." Plaintiff's Opp. at 1. In fact, however, the Court's earlier resolution of the dispositive motion as to those counts was "without prejudice," see March 16, 2008 Mem. Op. at 19, and Plaintiff Banks has not offered any reason why the Court's decision to resolve the matter as it did was in error.

Plaintiff Banks makes unfounded assertions that BOP has not produced materials that are recounted in the declarations used to support summary judgment. See March 1, 2007 Declaration of Kathleen Quigley, ¶¶ 8, 11, and Exh. 6; April 30, 2008 Supplemental Declaration of Kathleen Quigley, ¶¶ 3, 7. Plaintiff has not specifically addressed the individually enumerated factual statements presented in the statement of material facts accompanying Defendants' filing.

> To survive summary judgment, the nonmoving party must offer more than mere allegations, Anderson [v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)], by going "beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
> * * *
> [L]egal conclusions "cloaked" as facts are not sufficient to create a genuine issue of material fact. And, of course, the parties are obligated, pursuant to Local Rule 108(h) [now Local Civ. R. 7(h) and 56.1], to identify the material facts and point to evidence of record that supports their respective positions. Jackson v. Finnegan, Henderson, Farabow, Garrett, 101 F.3d 145, 150-51 (D.C. Cir. 1996).

United States v. BCCI Holdings, 977 F. Supp. 1, 6 (D.D.C. 1997),

aff'd <u>mem.</u>, 159 F.3d 637 (D.C. Cir. 1998).  Because Plaintiff has
not addressed the facts identified and supported by Defendants,
they should be deemed admitted.  <u>See</u> Local Civ. R. 7(h); 56.1.[1]

Moreover, Plaintiff's unsupported argument that he has not
received anything from the Bureau of Prisons is belied by the
documentation.[2]  For instance, as reflected in the previous
filings in this case, over a hundred pages of documents were
forwarded to Mr. Banks with a December 12, 2005 Letter.  <u>See</u>
March 1, 2007 Declaration of Kathleen Quigley, ¶ 8 and Exh. 3,
thereto.[3]  Mr. Banks obviously received the letter, because he
challenged the "exemptions cited" in the letter when he appealed
the withholdings.  <u>See</u> January 2, 2006 Letter from Banks
(Attached Exhibit 2) ("I appeal the improper holding of agency

---

[1]  Plaintiff Banks has demonstrated a knowledge of the Local Rule
by proffering his own statement of purported facts "[p]ursuant to
Local Civil Rule 7(h). . . ."  <u>See</u> Plaintiff's Opp. at 5.  Yet he
has failed to identify where the record evidence would contradict
the specifically enumerated facts set forth by the Defendants.

[2]  The Bureau of Prisons has identified five pages of documents
referred to it by the United States Marshals Service, which it
has now released in full to Mr. Banks.  <u>See</u> Letter to Frederick
Banks dated June 4, 2008 (Attached Exhibit 1).  To the extent his
claims may have been founded on those 5 pages, his claims are
moot.

[3]  This exhibit to the March 1, 2007 Declaration of Kathleen
Quigley is a December 12, 2005 Letter to Mr. Banks noting the
"statutory bases for . . . excisions and withholdings based on 5
U.S.C. § 552(b)(5), (b)(6), (b)(7)(C) and (b)(&)(F)."  The letter
indicates that enclosed with the letter were 103 pages of
documents.  <u>See</u> March 1, 2007 Declaration of Kathleen Quigley, ¶
8 and Exh. 3, thereto.

records.  The exemptions cited cannot be enacted and one in violation of my constitutional rights.  I request that the records be sent forthwith.").  Thus, there is no proper basis to conclude that the Bureau of Prisons has failed to satisfy its obligations under the FOIA.  Although Plaintiff has not specified any particular withholding that was improperly applied, the BOP proffers to provide the redacted documents at issue in the case for an analysis of the withholdings, should the Court feel the need sua sponte to assess the withholdings.  Given the refusal by Mr. Banks to satisfy his obligation to remit the required fees to the Department of Justice, and his failure properly and accurately to contest the facts presented to the Court in the BOP declarations, Plaintiff Banks cannot prevail and judgment should be entered in favor of the Bureau of Prisons.

Similarly, the claims against the FBI should be dismissed. Again, Plaintiff does not, and cannot, challenge the plain language of the Department of Justice regulations that permit DOJ components to decline processing of FOIA requests whenever "a requester has previously failed to pay a properly charged FOIA fee to any component or agency within 30 days of the date of billing. . ."  See 28 C.F.R. § 16.11(i)(3)-(4).  The regulations specifically define what constitutes a "component."  See 28 C.F.R. § 16.1(b) ("As used in this subpart, *component* means, each separate bureau, office board, division, commission, service, or

administration of the Department of Justice."); see also 28
C.F.R. Part 0 (identifying the organizational units of the
Department of Justice, including the Executive Office for United
States Attorneys, the Bureau of Prisons, the United States
Marshals Service and the Federal Bureau of Investigation).

Defendants view these regulations as controlling, even if
not reduced to authority from the Supreme Court or District of
Columbia Circuit in specific case law.

> When agencies are authorized to prescribe law through
> substantive rulemaking, the administrator's regulation
> is not only due deference, but is accorded "legislative
> effect." See, e.g. Schweiker v. Gray Panthers, 453 U.S.
> 34, 43-44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981);
> Batterton v. Francis, 432 U.S. 416, 97 S.Ct. 2399, 53
> L.Ed.2d 448 (1977).  These regulations bind courts and
> officers of the federal government, may pre-empt state
> law, see, e.g., Fidelity Federal Savings & Loan Assoc.
> v. De la Cuesta, 458 U.S. 141, 102 S.Ct. 3014, 73
> L.Ed.2d 664 (1982), and grant rights to and impose
> obligations on the public.  In sum, they have the force
> of law.

I.N.S. v. Chadha, 462 U.S. 919, 986 (1983) (footnote omitted).
Here the FOIA specifically calls for agencies to establish
regulations such as those adopted by the Department of Justice.
See 5 U.S.C. § 552(a)(4)(A).  Indeed, the statute specifically
anticipates that agencies will adopt regulations calling for the
advanced payment of a fee where "the requester has previously
failed to pay fees in a timely fashion, or the agency has
determined that the fee will exceed $250."  5 U.S.C. §
552(a)(4)(A)(v).

Defendants therefore ask that the Court revisit its earlier limitation on the application of this aspect of the exhaustion defense to EOUSA and apply it equally to the remaining DOJ components.  See March 17, 2008 Memorandum Opinion at 12, fn.6.

The FBI has demonstrated its application of the regulations, even going above and beyond the requirements of the regulations. The FBI's correspondence warned Mr. Banks that it required prepayment of the amounts due to the Executive Office for United States Attorneys.  Nevertheless, the FBI offered to discuss the issues and even to provide the first 100 pages free of charge. Mr. Banks did not avail himself of the offer to reduce the costs and the FBI nevertheless processed (free of charge) the first 100 pages, making a release to Mr. Banks on May 19, 2008.  See Attached Exhibit 3 (Second Declaration of David Hardy), ¶¶ 6-8.

The undisputed facts thus establish that the remaining Defendants have complied with all aspects of the FOIA, while Plaintiff has not met the requirements of a FOIA requester.

WHEREFORE, the above civil action should be dismissed, or summary judgment entered in favor of the defendants.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

_____I HEREBY CERTIFY that service of the foregoing Reply To

"Plaintiff's Reply In Opposition To Renewed Motion To Dismiss Or,

In The Alternative, For Summary Judgment" and a proposed order

has been made by mailing copies thereof to:

FREDERICK BANKS
No. 05711-068
Unit 2AW
PO Box 5000
Yazoo City, Mississippi  39194-5000

on the 5th day of June, 2008.

_____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

June 4, 2008

Frederick Banks, Reg. No. 05711-068
FCI Yazoo City Low
Federal Correctional Institution
P.O. Box 5000
Yazoo City, Mississippi 39194

Re:  Freedom of Information Request No. 2006-00951

Dear Mr. Banks:

This is a supplemental response to your request for information
referenced above.  Due to an oversight, it appears the enclosed
pages may not have been forwarded to you upon receipt from
another government agency.

Five (5) pages of records were received in this office from the
United States Marshals Service for a release determination.  Upon
review, it has been determined all five (5) pages are releasable
to you in their entirety.  They are enclosed herein.

I trust that this has been responsive to your request.

Sincerely,

Henry J. Sadowski
Regional Counsel


Enclosure: 5 pages

EXHIBIT
1
cv 06-1950 EGS

06-0978  PA
Ⓐ
BOP/NERO

1/10/06

Frederick H. Banks
Reg No. 05711-068
USP Canaan
PO Box 300
Waymort, PA 18472-0800

January 2, 2006

Federal Bureau of Prisons
US Dept of Justice
Northeast Regional Office
US CustomHouse - 17th Floor
2nd & Chestnut Streets
Philadelphia, PA 19106
ATTN: Henry J. Sadowski

Attorney General,
Office of Information and Privacy
US Dept of Justice
Flag Bldg., Suite 540, N.W.
Washington, D.C. 20530

RE: Freedom of Information Request No. 2006-00451

To the Attorney General;

I appeal the improper holding of agency records. The exemptions cited cannot be enacted and are in violation of my Constitutional Rights. I request that the records be sent forthwith.

Respectfully Submitted,

Frederick Banks

RECEIVED
JAN 10 2006
Office of Information and Privacy

EXHIBIT
2
CA 06-1950 EGS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAMPIRE NATION, <u>et al.</u>,       ) | |
|     Plaintiffs,          ) | |
|                v.      ) | Civil Action No. 06-CV-1950 |
| U.S. DEPARTMENT OF JUSTICE, <u>et al.</u>,   ) | |
|     Defendants.        ) | |

## <u>SECOND DECLARATION OF DAVID M. HARDY</u>

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C.  I have held this position since August 1, 2002.  Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.  From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters.  I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 190 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.  The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my



EXHIBIT

3

CA 06-1950 EGS

official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the FOIA/Privacy Act requests for records received from plaintiff, Frederick H. Banks.

(4)     The purpose of this declaration is to provide the Court and plaintiff with an updated progress report on the FBI's response to plaintiff's FOIA/Privacy Act requests for records.

## CHRONOLOGY OF PLAINTIFF'S FOIA REQUESTS

(5)     The previous correspondence in this matter is detailed in the Hardy Declaration, dated May 1, 2008,  at ¶¶ 5-16.

(6)     As stated in that Declaration, by letter dated April 9, 2008, the FBI wrote to plaintiff regarding his January 15, 2005 FOIA/Privacy Act request to the Pittsburgh Field Office ("PGFO").[1]  In this letter, the FBI informed plaintiff that records potentially responsive to his request were located in a file containing approximately 3,205 pages, and that in accordance with the Department of Justice ("DOJ") FOIA regulations, 28 C.F.R. §§ 16.11(i) and 16.49, since the estimated duplication fees exceed $250 and plaintiff had failed to pay a properly charged FOIA fee to another component of DOJ, the FBI was requesting advance payment of $310.50 before it

---

[1]  As detailed in the May 1, 2008 Hardy Declaration, by letter dated March 16, 2005, the FBI notified plaintiff that no records responsive to his FOIA/Privacy Act requests were located by a search of the automated indices at FBIHQ, and the following field offices: Atlanta, Cleveland, Denver, Los Angeles, Seattle, and the Washington Field Office.  The records responsive to plaintiff's request to the PGFO had previously been withheld in full pursuant to FOIA Exemption 7(A), which was communicated to plaintiff in a March 16, 2005 letter from the FBI.  See supra ¶ 11.  Subsequent to this letter being sent, the FBI closed its investigation concerning the plaintiff, and therefore, Exemption 7(A) no longer applies to the responsive records.

commenced processing these records. Plaintiff was also informed about the possibility of 1) reducing the scope of his request in order to reduce the amount of fees or 2) paying nothing and receiving only the first 100 pages of responsive records. Finally, this letter stated that if within 30 days from the date of this letter,[2] plaintiff had not remitted the fees detailed above or responded via telephone or letter regarding how he wished to proceed, the FBI would process only the first 100 releasable pages and close plaintiff's request administratively. (**See Exhibit A.**)

(7)     As of this date, the FBI has no record of being contacted by plaintiff with regard to its April 9, 2008 letter.

(8)     By letter dated May 19, 2008, the FBI released 100 pages in response to plaintiff's January 15, 2005 FOIA/Privacy Act request to the PGFO. Plaintiff was advised that certain information was withheld pursuant to FOIA Exemptions 2, 6, 7(C), 7(D), and 7(E), 5 U.S.C. §§ 552 (b)(2), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E) and Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2). The plaintiff was informed that since he had not responded to the FBI's letter dated April 9, 2008, only the first 100 releasable pages were made available to him in response to his FOIA/Privacy Act request. Plaintiff was also advised of the procedure to appeal any denial of information to the DOJ Office of Information and Privacy ("OIP"). (**See Exhibit B.**)

(9)     In accordance with this May 19, 2008 letter, the FBI provided plaintiff with the first 100 pages responsive to his FOIA/Privacy Act request to the PGFO, which is the number of responsive pages which must be provided to a non-commercial requester for free pursuant to 28 C.F.R. § 16.11(d)(3)(i). Each of the documents was individually reviewed for segregability, and all reasonably segregable material has been released to plaintiff. This information cannot be further segregated without revealing the protected information itself.

---

[2] Because the April 9, 2008 letter was initially sent to plaintiff's previous address, the FBI calculated this 30 day time period from April 15, 2008, which is the date that the letter was sent to plaintiff's current address. Thirty days from April 15, 2008, was May 15, 2008.

(10)    Also, plaintiff states in his Reply in Opposition to Renewed Motion to Dismiss or, in the Alternative, for Summary Judgment, filed with the Court on May 12, 2008, that he submitted a fee waiver request to the FBI.  As of this date, the FBI has not received a fee waiver request from plaintiff.

(11)    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A and B attached hereto are true and correct copies.

Executed this _____5ᵗʰ_____ day of June, 2008.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VAMPIRE NATION, et al.,                       )
                                              )
          Plaintiffs,                         )
                                              )
                v.                            )   Civil Action No. 06-CV-1950
                                              )
DEPARTMENT OF JUSTICE, et al.,                )
                                              )
          Defendants.                         )
                                              )

# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D. C. 20535-0001

April 9, 2008

Mr. Frederick Hamilton Banks
**120759
950 Second Avenue
Pittsburgh, PA 15219-3100

Dear Mr. Banks:

Reference is made to your April 6, 2006 Freedom of Information Act (FOIA) request to the FBI Pittsburgh Field Office (PGFO) for records concerning yourself.

The FBI conducted a search of the Central Records System at PGFO and records potentially responsive to your request were located in a file containing approximately 3,205 pages. Pursuant to 28 C.F.R. § 16.11(c)(2), all documents found to be releasable will be subjected to a duplication cost of ten cents per page. The first hundred pages of a release are provided at no cost. 28 C.F.R. § 16.11(d)(3)(i). If all of the potentially responsive records are determined to be actually responsive and releasable, duplication costs would total $310.50. In accordance with the Department of Justice ("DOJ") regulations, 28 C.F.R. §§ 16.11(i) and 16.49, since the estimated duplication fees exceed $250 and you have failed to pay a properly charged FOIA fee to another component of DOJ, we are requesting advance payment before processing commences. No duplication fees will be assessed for pages that are withheld in their entireties pursuant to any FOIA/Privacy Act exemption.

## ADVANCE PAYMENT

As detailed above, the estimated total cost for the duplication of records responsive to your request is $310.50. Because this amount is above $250.00, we will require you to pay the total amount before we will provide you with more than 100 pages of records responsive to your request. This requirement to pay fees is made pursuant to the DOJ FOIA regulations, which state that:

> Where a component determines or estimates that a total fee to be charged under this section will be more than $250.00, it may require the requester to make an advance payment of an amount up to the amount of the entire anticipated fee before beginning to process the request, except where it receives a satisfactory assurance of full payment from a requester that has a history of prompt payment.

28 C.F.R. § 16.11(i)(2). Furthermore, DOJ regulations state that:

> Where a requester has previously failed to pay a properly charged
> FOIA fee to any component or agency within 30 days of the date of
> billing, a component may require the requester to pay the full
> amount due, plus any applicable interest, and to make advance
> payment of the full amount of any anticipated fee, before the
> component begins to process a new request or continues to process
> a pending request from that requester.

28 C.F.R. § 16.11(i)(3). We have been advised by the Executive Office for United States
Attorneys ("EOUSA") that you have failed to pay fees assessed by that office in response to a
FOIA/PA request. Since you have failed to pay EOUSA, another component of DOJ, for search
fees,[1] the FBI requires that you make advance payment of the total amount of estimated
duplication fees before we will process more than the first 100 pages of records responsive to
your request.

## REDUCTION OF THE SCOPE OF YOUR REQUEST

Pursuant to DOJ regulations, we are notifying you that anticipated duplication fees
for your request exceed $25.00 and that you have "an opportunity to discuss the matter with
[FBI] personnel in order to reformulate the request to meet [your] needs at a lower cost." 28
C.F.R. §§ 16.11 and 16.49.

In an effort to address our backlog of FOIA/Privacy Act requests more
competently and more fairly, the FBI uses a three-queue system to assign and process new
requests. The placement of a request in one of the three queues depends on the total number of
pages responsive to that request – 500 pages or less (small queue), 501 pages to 2500 pages
(medium queue), or more than 2500 pages (large queue). The small queue has the fastest rate of
processing. To accelerate the processing of your request, you may wish to consider reducing the
scope of your request so that it will fall within one of the smaller queues. The rate of assignment
for processing of responsive records in our large queue is considerably less than the medium
queue, which in turn has a rate of assignment less than our small queue. Because the number of
pages to be reviewed in response to your request exceeds 2,500 pages, your request has been
placed in our large queue.

We hope that there is a material interest in reducing the scope of your request, and
thereby reducing your duplication costs. What follows is a descriptive and approximate page
count of the files potentially responsive to your request. This information will enable you to
make an informed decision concerning reducing the scope of your request.

As discussed above, the PGFO located one file responsive to your request. This
file, 196E-PG-71633, concerns an internet fraud investigation. The time period covered by the
file is February 6, 2003 to January 9, 2007. The file is comprised of three main sections and
eight sub-files. The three main sections total approximately 990 pages. The eight sub-files were
created to house information about specific aspects of the investigation. A breakdown of these
sub-files is enclosed for your review. See Attachment A. The breakdown identifies the sub-files,

---

[1] See Banks v. Department of Justice, et al., March 3, 2008 Memorandum Opinion, p. 8-
12.

2

provides a short description of each sub-file, and an estimated page count for each sub-file. This breakdown may enable you to reduce the scope of your request to only the main sections of the file and/or specific sub-files in which you are interested. Additionally, there are other options available to you to reduce the scope of your request: you may be interested in information concerning a very narrow span of time, or a specific incident, such as an arrest. These methods of reducing the scope of your request can be applied singularly or in combination.

In order to reposition your request in a smaller queue, you must reduce the pages to be processed to 500 to 2,500 pages for the medium queue or to 500 pages or less for our small queue. For example, should you wish to receive only the main file, your request would be placed in our medium queue (991 pages), its assignment would be accelerated, and there would be greatly reduced duplication charges. If you decide not to reduce the scope of your request, your request will remain in our large queue and its assignment for processing will be delayed. Currently, a large queue request can wait in line for processing for up to 24 months. Furthermore, as discussed above, if you decide not to reduce the scope of your request, we will require you to submit the entire amount of $310.50 prior to the start of processing of records responsive to your request.

We ask that you review the above information, consider your options, and advise us of how you wish to proceed, e.g., (1) not reduce the scope of your request and make an advance payment of $310.50 in estimated duplication costs; (2) reduce the scope of your request and make an advance payment of a lower amount of fees, the amount of which would be determined and then sent to you in a subsequent letter; or (3) pay nothing and receive only the first 100 pages of responsive records. Please remember to take into consideration that if you choose the first or second option, full payment must be received prior to any further processing of your request. If you wish to discuss your options please contact Mr. Charles R. Miller of my staff at 540-868-4719 or write to him at the Work Processing Unit, Record/Information Dissemination Section, Records Management Division, 170 Marcel Drive, Winchester, VA 22602.

We look forward to hearing from you in advance of May 1, 2008, which is the due date for a status report set by the Court's March 16, 2008 Order, but no later than April 28, 2008. If within 30 days from the date of this letter, you have not remitted the fees detailed above or responded via telephone or letter regarding how you wish to proceed, we will process only the first 100 releasable pages and, thereafter, close your request administratively.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

3

**ATTACHMENT A**
**BREAKDOWN OF SUB-FILES FOR 196E-PG-71633**

| Sub | Description |
|-----|-------------|
| 1A | Original notes of interviews; evidence gathered. (1,786 pages) |
| 1B | Tracks evidence acquired during investigation, FD-192s (105 pages) |
| FF | Administrative file (5 pages) |
| FF1 | Pre-seizure file (5 pages) |
| FF2 | Seizure/forfeiture of 1995 BMW (64 pages) |
| FF3 | Seizure/forfeiture of miscellaneous computer equipment (71 pages) |
| FF4 | Seizure/forfeiture of art work collection (3 coins)(54 pages) |
| FF5 | Seizure/forfeiture of 1988 Pontiac Fiero-Ferrari Kit Car (37 pages) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VAMPIRE NATION, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 06-CV-1950 |
| v. | ) |
| | ) |
| DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

MR FREDERICK HAMILTON BANKS                      May 19, 2008
REGISTER NO. 05711-068
FEDERAL CORRECTIONAL INSTITUTION
POST OFFICE BOX 5000
YAZOO CITY, MS 39194

Subject: BANKS, FREDERICK HAMILTON

FOIPA No.  1012682- 001

Dear Banks:

    The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5,
United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure,
with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was
inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked
below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

    189  page(s) were reviewed and 100  page(s) are being released.

☐   Document(s) were located which originated with, or contained information concerning other
    Government agency(ies) [OGA]. This information has been:

        ☐   referred to the OGA for review and direct response to you.

        ☐   referred to the OGA for consultation. The FBI will correspond with you regarding this
            information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in
    writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425
    New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the
    date of this letter. The envelope and the letter should be clearly marked "Freedom of Information
    Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it
    may be easily identified.

    ☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was
    the focus of the investigation. Our search located additional references, in files relating to other
    individuals, or matters, which may or may not be about your subject(s). Our experience has shown,

when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosures (2)

Reference is made to our letter dated April 9, 2008. As stated in our letter, we would make available to you 100 pages if we had not received a response from you within 30 days from the date of the letter. Since we have not received a response from you, enclosed are the first 100 releasable pages from Pittsburgh file number 196E-PG-71633 section 1.