UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FREDERICK BANKS,  )
  )
      Plaintiff,  )
  )
v.  )   Civil Action No. 06-1950 (EGS)
  )
DEPARTMENT OF JUSTICE, *et al.*,  )
  )
      Defendants.  )

## MEMORANDUM OPINION

Plaintiff filed a ten-count Complaint under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, and the Privacy Act, *see* 5 U.S.C. § 552a, against various government entities, alleging their failure to release requested information about himself, other individuals, and corporate entities. This matter is before the Court on the parties' cross-motions for summary judgment with respect to plaintiff's FOIA claims against the United States Postal Investigation Service ("USPIS") (Counts Five and Six) and the Federal Bureau of Prisons ("BOP") (Counts Nine and Ten). The Court will deny the motions without prejudice.

### I. BACKGROUND

*A. United States Postal Investigation Service (Counts Five and Six)*

According to the Complaint, "[p]laintiff[] propounded a renewed request to the [USPIS] under the [FOIA]," Compl. ¶ 13, and the USPIS "did not provide the requested records." *Id.* ¶ 14. Plaintiff neither specified a particular request by tracking number, nor indicated the date on which he submitted the request. *See id.*

1

According to the USPIS, between 2005 and 2009, plaintiff submitted seven FOIA requests, three of which are relevant to this action. *See* Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss and for Summ. J. [Dkt. #54], Ex. B ("Baxter Decl.") [Dkt. #54-3] ¶ 4. These three requests were dated December 28, 2004, July 11, 2005, and March 19, 2006, and the USPIS assigned each a separate tracking number. *Id.* ¶¶ 4-5, 11 and 14.

The Court already has granted summary judgment in the USPIS' favor with respect to the March 19, 2006 request (FOIA No. 2006-FPIS-00167), which the agency received on March 24, 2006. *Banks v. Dep't of Justice*, 538 F. Supp. 2d 228, 234-35 (D.D.C. 2008). Remaining for this Court's resolution, then, are the adequacy of the USPIS' search for records responsive to plaintiff's December 28, 2004, and July 11, 2005, FOIA requests (respectively, FOIA Nos. 2005-FPIS-00020 and 2005-FPIS-00180), and the agency's justification for withholding certain information under Exemptions 2, 3, 5, 6 and 7. *See id.*; *Banks v. Dep't of Justice*, 605 F. Supp. 2d 131, 142 (D.D.C. 2009).

### B. Federal Bureau of Prisons (Counts Nine and Ten)

The Court already has concluded that the BOP's search for records responsive to plaintiff's FOIA request was adequate and reasonable under the circumstances. *See Banks*, 605 F. Supp. at 140. Missing from the record at that time was an explanation for the agency's decision to withhold in full "four pages of records found in plaintiff's Central and Medical Files" under FOIA Exemptions 5, 6, 7(C), and 7(F). *Id.* For this reason, the Court denied summary judgment without prejudice as to Counts Nine and Ten. *Id.*

## II. DISCUSSION

### *A. Summary Judgment in a FOIA Case*

The Court may grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when these submissions describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

*B. The USPIS' Motion for Summary Judgment Will Be Denied Without Prejudice*

1. <u>The USPIS Does Not Demonstrate that its Searches for Records Responsive to Plaintiff's FOIA Requests Were Adequate</u>

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (citing *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982) (per curiam)). "The agency is required to set forth the search terms used and the search conducted, . . . as well as to describe the structure of the file systems searched[.]" *Int'l Counsel Bureau v. United States Dep't of Defense*, 657 F. Supp. 2d 33, 38 (D.D.C. 2009) (citations omitted). The agency "may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith" to demonstrate the adequacy of its search. *Weisberg*, 705 F.2d at 128 (citations omitted). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127; *see Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

a. The USPIS Investigative File System

The USPIS is the "law enforcement component of the United States Postal Service[.]" Baxter Decl. ¶ 1. "The Chief Postal Inspector is the official custodian of all Inspection Service

records, including records relating to criminal investigations that are maintained by the [USPIS]." Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss or, in the Alternative, for Summ. J. [Dkt. #20], Decl. of Lawrence Katz ("Katz Decl.") [Dkt. #23-1] ¶ 2. Files containing records of the USPIS' active criminal, civil and administrative investigations generally are located "in the responsible Inspection Service field division office[,] and closed case files are stored in Inspection Service Operations Support Centers until transferred to a Federal records center." *Id.*

Investigative files "may contain investigative reports, notes and memoranda, background data including arrest records, statements of informants and witnesses, laboratory reports of evidence analysis, search warrants, [and] summons[es] and subpoenas," and also may contain records pertaining to consensual electronic surveillance. Katz Decl. ¶ 18. In addition, the Investigative File System may contain personal data such as fingerprint and handwriting samples, voiceprints, photographs, and individual personnel and payroll information. *Id.* In order to retrieve personal data from these files, one uses an individual's name or Social Security number as a search term. *Id.* Two systems of records, the Inspection Service Database Information System ("ISDBIS") and the Inspection Service's Integrated Information System ("ISIIS"), "contain additional or summary duplicative case files and other information in support of investigations." *Id.* For example, the ISIIS "contains the case management system utilized by postal inspectors to track and document USPIS criminal investigative cases." Baxter Decl. ¶ 5.

### b. Request No. 2005-FPIS-00020

In his December 28, 2004 request, plaintiff sought information pertaining to himself and entities called Vampire Nation, Hexagon, LLC, Hexagon Records, Search Syndicate, Inc., Merakesh Armano, HLLC, and HLC. Katz Decl., Ex. A at 1. In addition, plaintiff requested

records pertaining to nine individuals. *Id.* at 1-2. He specified that "[t]he searches should not be limited to criminal files." *Id.* at 1. The USPIS acknowledged receipt of the request, and assigned the matter a tracking number, FOIA No. 2005-FPIS-00020. *Id.*, Ex. B (January 7, 2005 letter from L. Freeman, Information Disclosure Technician, Office of Counsel, USPIS). Staff conducted "an electronic record search . . . of . . . ISIIS[,]" which yielded two files: "an open case 0583-1407269-ECMT(1) in the [USPIS] Pittsburgh Division[,] and a closed case[,] 0472-1163144-FC(2)." Baxter Decl. ¶ 5. USPIS staff obtained from the Procurement and Administrative Service Center in Bala Cynwyd, Pennsylvania, a photocopy of the original case file for closed Case No. 0472-1163144-FC(2). *Id.* ¶ 9. From this closed case file, the USPIS released 99 pages of redacted records on April 15, 2005. *Id.* ¶ 9.

c. Request No. 2005-FPIS-00180

In his July 11, 2005 FOIA request, plaintiff sought "every record that [the USPIS has] in every database" pertaining to the following corporate entities and individuals: VCD Street, Intelli-Soft, Matt Anderson, Claudio Lopez, Global Business System, GHS Systems, Microsharp, ebay@meetyourprice.com, meetyourprice.com, ADW International, Inc., Dan Wash, and Rob Morgan. Katz Decl., Ex. M (FOIA/PA Request) at 1. The USPIS acknowledged receipt of the request, and assigned the matter a tracking number, FOIA No. 2005-FPIS-00180. *Id.*, Ex. N (August 5, 2005 letter from T.A. Warner, Information Disclosure Technician, Office of Counsel, USPIS) at 1. Staff interpreted the request as one for "all database records . . . regarding VCD STREET, Intelli-Soft, Global Business System, GHS Systems, Microsharp, ADW International, Inc., and four individuals." Baxter Decl. ¶ 11. An electronic search of ISIIS for records yielded one open case, No. 0583-1407269-ECMT(1). *Id.* ¶ 12.

6

### d. Plaintiff's Challenge to the USPIS' Searches

Plaintiff contends that the USPIS did not conduct adequate searches for records responsive to his requests because the agency "only searched certain databases[,]" notwithstanding his request that "<u>all databases</u> . . . be searched." Pl.'s Reply to Defs. United States Postal Investigation Serv. and Fed. Bureau of Prisons Mot. for Summ. J. and Pl.'s Mot. for Summ. J. ("Pl.'s Opp'n and Cross-Mot. for Summ. J.") at 3.

"The [C]ourt applies a 'reasonableness' test to determine the 'adequacy' of a search methodology[.]" *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (quoting *Weisberg*, 705 F.2d at 1351). Although an agency need not search every record system, *see Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), an "agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Id*. In this case, the USPIS, through its supporting declarations, explains the manner by which the searches were conducted, and suggests the search terms used. However, in light of plaintiff's explicit request that the USPIS' searches not be limited to criminal files, the agency does not explain why plaintiff's requests for information about himself are presumed to implicate investigative files maintained in the ISIIS. Moreover, the USPIS does not explain sufficiently its interpretations of plaintiff's FOIA requests. With respect to Request No. 2005-FPIS-00020, the USPIS does not explain a rationale for "routinely interpret[ing]" a request such as plaintiff's for information about himself and specified corporate entities as one from "an individual seeking records maintained in the Inspection Service Investigative File System." Baxter Decl. ¶ 5. Nor does the USPIS explain its interpretation of Request No. 2005-FPIS-00180 to include VCD STREET, Intelli-Soft, Global Business System, GHS Systems,

7

Microsharp, ADW International, Inc., and four individuals, *id.* ¶ 11, while excluding

ebay@meetyourprice.com and meetyourprice.com. The USPIS, then, does not demonstrate that

it has searched the files or systems of records most likely to contain records responsive to

plaintiff's FOIA requests.

### 2. The USPIS Does Not Justify Its Decisions to Withhold Records Under Exemptions 2, 3, 5, and 6, 7(A), 7(C), 7(D), and 7(E)

Under the FOIA, an agency may withhold documents responsive to a FOIA request only if they fall within one of nine enumerated statutory exemptions. *See* 5 U.S.C. § 552(b). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the [FOIA's] inspection requirements." *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978); *see also Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001). "[W]hen an agency seeks to withhold information, it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Morley v. Cent. Intelligence Agency*, 508 F.3d 1108, 1122 (D.C. Cir. 2007) (quoting *King v. United States Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987)) (internal quotation marks omitted). For example, "[b]arren assertions that an exempting statute has been met cannot suffice to establish that fact." *Founding Church of Scientology of Washington, D.C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 831 (D.C. Cir. 1979). Nor can an agency meet its obligation simply by quoting the statutory language of an exemption. *See, e.g., Army Times Pub. Co. v. Dep't of the Air Force*, 998 F.2d 1067, 1070 (D.C. Cir. 1993) (remarking that affidavits "[p]arroting the case law" were

insufficient); *Voinche v. Fed. Bureau of Investigation*, 412 F. Supp. 2d 60, 69 (D.D.C. 2006) (concluding that the FBI did not justify its decision to withhold information under Exemption 7(E) where the declaration "merely quote[d] the statutory language of Exemption (E)"); *Scott v. Cent. Intelligence Agency*, 916 F. Supp. 42, 48 (D.D.C. 1996) (finding a declaration inadequate because it failed to provide the date of the documents, the number of documents withheld, and the nature and type of material contained in the documents).

      a. Exemptions 2, 3, 5, 6 , 7(C), 7(D), and 7(E)

In support of its motion, the USPIS relies on the declaration of Lawrence Katz to explain the agency's decision to disclose 99 pages of records in part and to withhold 187 pages of records in full under Exemptions 2, 3, 5, 6, 7(C), 7(D), and 7(E). *See* Katz Decl. ¶¶ 20-39; *see id.*, Ex. ("*Vaughn* index"). The Court has reviewed the declaration and *Vaughn* index, and finds the agency's submission inadequate. The *Vaughn* index dutifully lists each document by number, offers a brief description of the nature of the document (such as "internal report" or "warrant affidavit"), indicates whether the entire document or only a portion of the document is withheld, and sets forth the exemption or exemptions on which it relies. The index falls short, however, both in its failure to discuss the nature or type of information withheld and its tendency to restate the statutory language of the exemptions claimed as its sole justification for withholding the relevant information. The accompanying declaration offers no additional information to compensate for the *Vaughn* index's deficiencies.

For example, the USPIS relies on Exemption 2 to withhold "personal identification information" from Documents 3, 25, 37, 38, 50, and 64-67. Katz Decl. ¶ 23. Although the declarant explains that information such as employees' telephone numbers and e-mail addresses

9

may fall within the scope of Exemption 2, *see id.* ¶ 22, it is unclear from the declaration and corresponding *Vaughn* index entries that information such as telephone numbers and e-mail addresses is, indeed, the information withheld under the claimed exemption. Nor does the USPIS' submission establish that the withholding of information under Exemption 2 otherwise is permissible under the prevailing law.

In another example, the USPIS withholds Document 49, described as a warrant affidavit, in its entirety under Exemption 3 in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure, which regulates the disclosure of matters before a grand jury. Katz Decl. ¶ 26; *Vaughn* index at 20 (Doc. No. 49). In this Circuit, the grand jury exception is limited to material which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such . . . as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of Puerto Rico v. United States Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). The phrase "grand jury" does not appear in the *Vaughn* index explanation, and the declaration does not state expressly that this warrant affidavit qualifies as grand jury material within the scope of Exemption 3.

A third example is the USPIS' explanation for withholding Document Nos. 5, 9, 29-31, 33-36, 56, 58-59, 73-74 and 83 under Exemption 5. The declarant states that these documents "contain information related to the deliberative process of the USPIS in its consideration of possible criminal actions against [plaintiff] or are documents protected by the attorney client privilege." Katz Decl. ¶ 28. With respect to documents withheld under the deliberative process privilege, neither the declaration nor the corresponding *Vaughn* index entries indicates "what

deliberative process is involved, and the role played by the documents at issue in the course of that process." *Heggestad v. United States Dep't of Justice*, 182 F. Supp. 2d 1, 7 (D.D.C. 2000) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980)). The USPIS is no more successful in establishing that any of these records, including the draft pleading withheld in its entirety, *see Vaughn* index at 3 (Doc. No. 5), are materials prepared by an attorney in anticipation of litigation, *see Hickman v. Taylor*, 329 U.S. 495 (1947), or contain the "mental impressions, conclusions, opinions or legal theories of an attorney." FED. R. CIV. P. 26(b)(3). The deficiencies of the USPIS' submissions are not limited to these three examples, as its purported justification for withholding information under Exemptions 6 and 7 offers little more than a repetition of the statutory language.

b. Exemption 7(A)

Exemption 7(A) protects law enforcement records "to the extent that production of . . . records or information [] could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). "The principal purpose of Exemption 7(A) is to prevent disclosures which might prematurely reveal the government's cases in court, its evidence and strategies, or the nature, scope, direction, and focus of its investigations, and thereby enable suspects to establish defenses or fraudulent alibis or to destroy or alter evidence." *Maydak v. United States Dep't of Justice*, 218 F.3d 760, 762 (D.C. Cir. 2000) (citing *Nat'l Labor Relations Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 241-42 (1978)), *cert. denied*, 533 U.S. 950 (2001). An agency "must show, by more than [a] conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding." *Campbell v. Dep't of Health and Human Servs.*, 682 F.2d 256, 259 (D.C. Cir. 1982). "[T]he

11

government need not justify its withholdings document-by-document; it may instead do so category-of-document by category-of-document." *Crooker v. Bureau of Alcohol, Tobacco & Firearms*, 789 F.2d 64, 67 (D.C. Cir. 1986). Accordingly, the agency must define its categories functionally, determine, document-by-document, the category into which each document falls, and explain "how the release of each category would interfere with enforcement proceedings." *Bevis v. Dep't of State*, 801 F.2d 1386, 1389-90 (D.C. Cir. 1986).

The USPIS withholds under Exemption 7(A) all records pertaining to open Case No. 0583-1407269-ECMT(1). Katz Decl. ¶¶ 7, 15; Baxter Decl. ¶¶ 6-8. The declarants offer no justification for this decision beyond two conclusory statements: that these "investigatory records [were] compiled for law enforcement purpose[s,]" and that their release "could reasonably be expected to interfere with enforcement proceedings." Katz Decl. ¶ 7; *see id*. ¶ 15. The mere fact that the underlying investigation remains open is not a sufficient basis for withholding the entire case file; such a decision is justified only on a showing that the release of each category of documents could reasonably be expected to interfere with enforcement proceedings.

    *C. The BOP's Motion for Summary Judgment Will Be Denied Without Prejudice*

"[I]n keeping with recent developments in government FOIA policy, and in consultation with Department of Justice employees, [the] BOP re-examined the four . . . withheld documents." Defs.' Mem., Ex. A ("Herbin-Smith Decl.") ¶ 8. The BOP since has released in its entirety a one-page Victim Notification Record, *id.* ¶¶ 7-8, and has released in part "a one-page Notification Report print out from the Victim Notification System (VNS) which allows federal agencies to share victim information (the 'Notification Report')[,]" and a two-page letter from the BOP "concerning victim-witness procedures which includes sensitive victim information (the

'letter')," *id.* ¶ 7, after having redacted information under Exemptions 7(C) and 7(F). *Id.* ¶¶9-12; *see id.*, Ex. 4.

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982). In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7. *See Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).

As plaintiff notes in his opposition, *see* Pl.'s Opp'n and Cross-Mot. for Summ. J. at 1, the BOP's supporting declaration does not address the threshold requirement of Exemption 7. Rather, the agency appears to rely solely on its status as a law enforcement agency as the premise from which the Court should conclude that any record it maintains was compiled for law enforcement purposes. Absent a showing that the relevant records were compiled for law enforcement purposes, the BOP cannot justify its decisions to withhold the names of third parties, the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552 (b)(7)(C), or which "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). Moreover, with respect to the BOP's reliance on Exemption 7(F), its supporting declaration does not explain "whether there is some nexus between disclosure and possible harm" to such third parties. *Linn v. United States Dep't of Justice*, No. 92-1406, 1995 WL 631847, at *8 (D.D.C. Aug. 22, 1995).

*D. Plaintiff's Motion for Summary Judgment Will Be Denied Without Prejudice*

Plaintiff moves for summary judgment arguing that he is entitled to the release of all the records requested from the USPIS and the BOP, and he advances three novel arguments in support of his motion. First, he declares "that he is a Lakota Sioux Native American Indian of a Federally recognized tribe" to whom the FOIA and the Privacy Act do not apply. Pl.'s Opp'n and Cross-Mot. for Summ. J. at 1-2. He further argues that he "seeks to use [the requested records] to challenge his criminal conviction," and the withholding of the records violates his right to due process. *Id.* at 3. Lastly, he argues that the withholding of the records violates his First Amendment right to the free exercise of his religion. *Id.* at 4. According to plaintiff, "his religion, Thelema, mandates that he access the records to purge all the negative energy from his life in a religious ritual." *Id.* None of these arguments is persuasive.

Any person, whether an individual, partnership or corporate or government entity, can make a FOIA request. *See* 5 U.S.C. § 551(2) (defining the term "person" for purposes of the FOIA). The FOIA does not concern itself with the identity of a requester or his intended use of the requested records. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004) ("As a general rule, citizens seeking documents subject to FOIA disclosure are not required to explain why they seek the information."); *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989) (stating that the requester's identity has "no bearing on the merits of his . . . FOIA request"); *see also Willis v. U.S. Dep't of Justice*, 581 F. Supp. 2d 57, 76 (D.D.C. 2008) (quoting *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773) ("[A]n individual's personal interest in challenging his criminal conviction is not a public interest under FOIA because it 'reveals little or nothing about an agency's own conduct.'"). Nor

is the FOIA a means by which plaintiff can vindicate his constitutional rights. *See McGehee v. Casey*, 718 F.2d 1137, 1147 (D.C. Cir. 1983) ("A litigant seeking release of government information under FOIA, therefore, relies upon a statutory entitlement – as narrowed by statutory exceptions – and not upon his constitutional right to free expression."); *see also Mingo v. U.S. Dep't of Justice*, No. 08-2197, 2009 WL 2618129, at *2 (D.D.C. Aug. 24, 2009) (rejecting argument that the agency deliberately withheld exculpatory information in violation of the Fifth Amendment because the government's constitutional obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory material to a defendant in a criminal proceeding is not coextensive with the agency's statutory obligations under the FOIA). Neither plaintiff's status as a Native American nor his intended use of the requested records leads inexorably to the conclusion that he is entitled to the release in full of all the records he has requested.

### III. CONCLUSION

The parties have not met their respective burdens on summary judgment, and, accordingly, the parties' motions will be denied without prejudice. An Order accompanies this Memorandum Opinion.

Signed:      EMMET G. SULLIVAN
               United States District Judge

Dated:      March 26, 2010