UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1950 (EGS) |
| | ) | |
| DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff filed a ten-count Complaint under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, and the Privacy Act, *see* 5 U.S.C. § 552a, against various government entities, alleging their failure to release requested information about himself, other individuals, and corporate entities. This matter is before the Court on the parties' cross-motions for summary judgment with respect to plaintiff's FOIA claim against the Federal Bureau of Prisons ("BOP") (Counts Nine and Ten), a component of the United States Department of Justice ("DOJ"). For the reasons discussed below, the Court will grant summary judgment for the BOP and deny plaintiff's motion.

I. BACKGROUND

Plaintiff submitted three FOIA requests to the BOP, one of which is relevant to this action. *See* Notice of Filing [Dkt. #23], Decl. of Kathleen Quigley ("Quigley Decl.") ¶¶ 3-4.[1]

---

[1] The Notice of Filing included the declarations and exhibits supporting Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. #20].

1

That request, assigned Request Number 2006-00951, sought "every record in [BOP's] system about [plaintiff], that pertains to [him], or mentions [him] by name." *Id.* ¶ 4; *see id.*, Ex. 1 (FOIA/PA Request dated September 24, 2005) & Ex. 2 (Letter from H.J. Sadowski, Regional Counsel, Northeast Regional Office, BOP, dated November 22, 2005). The BOP released 103 pages of records in full and withheld four pages in full under FOIA Exemptions 5, 6, 7(C), and 7(F). Quigley Decl. ¶ 8; *see id.*, Ex. 3 (Letter from H.J. Sadowski dated December 12, 2005).

The Court already has concluded that the BOP's searches for records responsive to plaintiff's FOIA request were adequate and reasonable under the circumstances. *Banks v. Dep't of Justice*, 605 F. Supp. 2d 131, 140 (D.D.C. 2009). Missing from the record at that time was an explanation for the agency's decision to withhold in full "four pages of records found in plaintiff's Central and Medical Files" under the claimed exemptions. *Id.* The BOP since has released in its entirety one additional page, described as "a Victim Notification Record which consists of log entries obtained for law enforcement purposes." Def. Bureau of Prisons' Mem. of P. & A. in Supp. of its Renewed Mot. for Summ. J. ("BOP Mem."), Decl. of Vanessa Herbin-Smith ("Herbin-Smith Decl.") ¶ 7; *see id.*, Ex. 4 (Victim Notification Record).[2]

At issue are the three remaining pages, described as "a one page Notification Report print out from the Victim Notification System (VNS) . . . and a two page letter from the BOP concerning victim-witness procedures which include[] sensitive victim information (the 'letter')," Herbin-Smith Decl. ¶ 7, from which information has been redacted under FOIA Exemptions 7(C) and 7(F), *see Banks v. Dep't of Justice*, 700 F. Supp. 2d 9, 18 (D.D.C. 2010).

---

[2] The declaration of Vanessa Herbin-Smith originally was filed in support of a prior motion for summary judgment [Dkt. #54].

## II. DISCUSSION

### A. *Summary Judgment in a FOIA Case*

"A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of [a] claim." FED. R. CIV. P. 56(a). The Court generally should render the judgment sought "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when these submissions describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

B. *Exemption 7*

1. Law Enforcement Records

FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," 5 U.S.C. § 552(b)(7), if the material satisfies the requirements of one of the subparts of Exemption 7, *see Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982). In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted). The BOP asserts that the three pages of records at issue in this case were compiled for law enforcement purposes. *See* BOP Mem. at 6-8.

The declarant explains that the BOP is a law enforcement agency, the principal mission of which "is to protect society by confining offenders in the controlled environments of prisons . . . that are safe, humane, cost-efficient, and appropriately secure, and that provide work and other self-improvement opportunities to assist offenders in becoming law-abiding citizens." BOP Mem., Supp. Decl. of Vanessa Herbin Smith ("Supp. Herbin-Smith Decl.") ¶ 7. That mission includes "protecting inmates, staff, and the community, to include victim(s)." *Id.* (citing 18 U.S.C. §§ 3050, 4042).

The DOJ's Victim Notification System ("VNS") "provide[s] information and notification to victims of Federal crimes." Supp. Herbin-Smith Decl. ¶ 9.[3] Participating agencies are linked

---

[3] According to the VNS website ( www.notify.usdoj.gov), the Federal Bureau of Investigation, the United States Attorneys' Offices, the BOP and the Office for

(continued...)

through the DOJ's Intranet, the declarant states, to "share victim information, thus ensuring continuous service to crime victims throughout the criminal justice process." *Id.* Information about crime victims "is entered into the system at the time they are identified following the commission of a crime," and law enforcement agencies use this "information . . . to make notification(s) during the arrest, arraignment, prosecutorial and confinement phases," *id.*, either by letter, access to a toll-free call center, or an internet site, *id.* ¶ 10. The declarant explains that each crime victim is assigned a Victim Identification Number (VIN) and a Personal Identification Number (PIN), and these identification numbers are required in order for a victim to obtain information from the call center or internet site, to receive notifications, to change contact information, or decline to receive further notifications. *Id.*

The BOP's Victim/Witness Notification Program, "established as a result of the 1982 Victims and Witness Protection Act, the 1994 Violent Crime Control and Law Enforcement Act, and the Attorney General's Guidelines for Victims and Witness Assistance," is designed to "advise victims and witnesses at critical stages of the criminal justice process." Supp. Herbin-Smith Decl. ¶ 8. The declarant states that the BOP "implemented procedures . . . to respond to the needs of crime victims and witnesses," *id.*, ostensibly by sending "information about significant events during an offenders' [sic] incarceration," *id.* ¶ 10. The records at issue "are used to generate or are copies of notices to victims of their rights." *Id.*

Plaintiff argues that the BOP incorrectly characterizes its mission as one "to protect

---

[3](...continued)
Victims of Crime provide the notification service in cooperation with the United States Postal Inspection Service. A victim can receive information matters related to a BOP inmate's release, such as placement in a community corrections center, furlough, parole hearings, escape, and the inmate's death.

5

society by confining offenders." Pl.'s Reply to Def. Bureau of Prisons' Renewed Mot. for Summ. J. ("Pl.'s Opp'n") at 1. "For starters, the BOP does not confine offenders courts do and secondly protecting society is not listed as one of BOP's duties" under 18 U.S.C. § 4042. *Id.* Plaintiff asserts that the BOP's mission is to protect, instruct and discipline persons charged with or convicted of federal offenses, such that it "is tasked for protecting offenders not society." *Id.* For these reasons, plaintiff contends that the records at issue were not compiled for law enforcement purposes.

Agency declarations are accorded a presumption of good faith, and lacking from plaintiff's submission is an affidavit, declaration, or discovery material to rebut this presumption. Moreover, the BOP cannot and does not now rely solely on its status as a law enforcement agency as a justification for withholding information under Exemption 7. Among the BOP's duties is to "provide notice of release of prisoners," 18 U.S.C. § 4042(a)(5), and focusing on the circumstances under which the records were compiled, it is apparent that records compiled in order to effect notice to crime victims of significant events during plaintiff's incarceration were compiled for law enforcement purposes. The Court concludes that the BOP meets its threshold showing – these three pages of records are law enforcement records for purposes of Exemption 7.

### 2. Exemption 7(C)

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of individuals mentioned in the records against the

public interest in disclosure.  *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993).  The privacy interest at stake belongs to the individual, not the government agency, *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-65 (1989); *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (noting individual's significant privacy interest "in avoiding the unlimited disclosure of his or her name and address"), and "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity."  *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91-92 (D.C. Cir. 1984).  "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'"  *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773); *see also Sussman*, 494 F.3d at 1115.  It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant.  *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

Redacted from these three pages of records is "information compiled by law enforcement concerning third parties."  Herbin-Smith Decl. ¶ 10; *see* Supp. Herbin-Smith Decl. ¶ 11.  The BOP withholds "personal information relating to the victims" of plaintiff's criminal activities because its disclosure "could cause those persons to be contacted which could result in harassment, harm and exposure to unwanted and derogatory inferences all arising in connection with their participation in the law enforcement investigation and prosecution."  Supp. Herbin-Smith Decl. ¶ 11.  The declarant asserts that revealing this personal information "provided exclusively to victims as part of the VNS could also allow others to access this very personal

7

information and interfere or prevent the victims from receiving notice" through the VNS. *Id.* In the agency's view, release of this information "would constitute an unwarranted invasion of personal privacy," and these victims have "a substantial interest in having [their] privacy protected." *Id.* The BOP identifies no public interest to outweigh the victims' privacy interest. *Id.*

Plaintiff asserts that "the records were not compiled for law enforcement purposes but simply as a courtesy to victims," and therefore the BOP cannot rely on Exemption 7(C) to withhold information about the victims. Pl.'s Opp'n at 2. Courtesy or not, the information maintained by the BOP in the VNS includes personal information about third parties, and information identifying third parties mentioned in law enforcement records is "categorically exempt" from disclosure under Exemption 7(C) in the absence of an overriding public interest in its disclosure. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir.1995); *accord Mays v. Drug Enforcement Admin.*, 234 F.3d 1324, 1327 (D.C. Cir. 2000).

Exemption 7(C) "takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." *Dunkelberger v. U.S. Dep't of Justice*, 906 F.2d 779, 781 (D.C. Cir. 1990) (internal quotation marks omitted); *see also Sussman*, 494 F.3d at 1115 (holding that Exemption 7(C) protects "the privacy interests of all persons mentioned in law enforcement records, whether they be investigators, suspects, witnesses, or informants," and their names are "generally exempt from disclosure"). Accordingly, "[t]he D.C. Circuit has consistently held that Exemption 7(C) protects the privacy interests of all persons mentioned in law enforcement records, including investigators, suspects, witnesses, and informants." *Fischer v. U.S. Dep't of*

8

*Justice*, 596 F. Supp. 2d 34, 47 (D.D.C. 2009) (citing *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003)). Such protection extends to crime victims whose names appear in law enforcement records. *See Blackwell v. Fed. Bureau of Investigation*, 680 F. Supp. 2d 79, 93-94 (D.D.C. 2010) (withholding "information likely to identify. . . FBI special agents and support personnel, non-FBI federal law enforcement employees, state and local law enforcement personnel, victims, third parties who provided information, and third parties merely mentioned in the files" under Exemption 7(C)); *Kishore v. U.S. Dep't of Justice*, 575 F. Supp. 2d 243, 256-57 (D.D.C. 2008) (same); *Elliott v. Fed. Bureau of Investigation*, No. 06-1244, 2007 WL 1302595, at *6 (D.D.C. May 2, 2007) (withholding name of juvenile victim of sexual assault); *Coleman v. Fed. Bureau of Investigation*, 13 F. Supp. 2d 75, 79 (D.D.C. 1998) (withholding autopsy records and photographs of victims). In accordance with these rulings, the Court concludes that the BOP properly withheld the names of and identifying information about the crime victims mentioned in the law enforcement records relevant to this case.[4] The Court further concludes that all reasonably segregable information has been released.

---

[4] Because the BOP withholds the same information under both Exemptions 7(C) and 7(F) and because it properly is withheld under Exemption 7(C), the Court need not address whether Exemption 7(F) applies. *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1994).

## III. CONCLUSION

The BOP has established that there is no genuine issue of material fact as to its compliance with the FOIA and that it is entitled to judgment as a matter of law. Accordingly, its motion for summary judgment will be granted. Plaintiff has failed to meet his burden on summary judgment, and his motion will be denied. An Order accompanies this Memorandum Opinion.

Signed:        EMMET G. SULLIVAN
                 United States District Judge

Dated:         December 23, 2010