## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                              :
FREDERICK BANKS,                              :
                                              :
                    Plaintiff,                :
                                              :
           v.                                 :        Civil Action No. 06-1950 (EGS)
                                              :
DEPARTMENT OF JUSTICE, *et al.*,              :
                                              :
                    Defendants.               :
_____            :

## MEMORANDUM OPINION

This matter is before the Court on Defendant United States Postal Inspection Service's

Motion to Dismiss and for Summary Judgment.  For the reasons discussed below, the motion

will be granted in part and denied in part.[1]

### I.  BACKGROUND

Between 2005 and 2009, plaintiff submitted seven FOIA requests to the United States

Postal Inspection Service ("USPIS"), *see* Def. U.S. Postal Inspection Serv.'s Mem. of P. & A. in

Supp. of Renewed Mot. to Dismiss and for Summ. J. ("Def.'s Mem."), Decl. of Mildred R.

Baxter ("2009 Baxter Decl.") ¶ 4, three of which are relevant to this action.[2]  The Court already

has granted summary judgment in the USPIS' favor with respect to plaintiff's March 2006

request (FOIA No. 2006-FPIS-00167).  *Banks v. Dep't of Justice*, 538 F. Supp. 2d 228, 234-35

(D.D.C. 2008).  Remaining for this Court's consideration are the USPIS' responses to the

_____

[1]        In addition, the Court will deny plaintiff's Motion for *In Camera* Examination [Dkt. #80] and  Motion for Relief from Judgment [Dkt. #89] with respect to the December 28, 2010 Memorandum Opinion and Order.

[2]        The 2009 Baxter Declaration first was submitted in support of Defendants' United States Postal Investigation Service and Federal Bureau of Prisons Motion for Summary Judgment [Dkt. #54].

requests dated December 28, 2004, and July 11, 2005 (respectively, FOIA Nos. 2005-FPIS-00020 and 2005-FPIS-00180).  *See id.*; *Banks v. Dep't of Justice*, 605 F. Supp. 2d 131, 142 (D.D.C. 2009).

### A.  FOIA No. 2005-FPIS-00020

Plaintiff sought information pertaining to himself and entities called Vampire Nation, Hexagon, LLC, Hexagon Records, Search Syndicate, Inc., Merakesh Armano, HLLC, and HLC. Def.'s Mem., Decl. of Mildred R. Baxter ("2010 Baxter Decl."), Ex. A (Letter to FOIA/PA Officer, USPIS, from plaintiff dated December 28, 2004) at 1.  In addition, plaintiff requested records pertaining to nine individuals: Dave Wessant, Mark Howard, Keith Pyle, Danny Madigan, Rick Lucke, Frederick Von Hamilton, Mike Hanna (or Mike Harris), Chris Morze (or Chris Marze).  *Id.*, 2010 Baxter Decl., Ex. A at 1-2.  He specified that "[t]he searches should not be limited to criminal files."  *Id.*, 2010 Baxter Decl., Ex. A at 1.  The USPIS acknowledged receipt of the request, and assigned the matter a tracking number, FOIA No. 2005-FPIS-00020. *Id.*, 2010 Baxter Decl., Ex. B (Letter to plaintiff from L. Freeman, Information Disclosure Technician, Office of Counsel, USPIS, dated January 7, 2005).

A search of the Inspection Service Integrated Information System ("ISIIS"), where the USPIS maintains "records relating to all criminal investigations," *id.*, 2010 Baxter Decl. ¶ 20, yielded two criminal case files: "an open case 0583-1407269-ECMT(1) in the U.S. Postal Inspection Service Pittsburgh Division[,] and a closed case 0472-1163144-FC(2)."  *Id.*, 2009 Baxter Decl. ¶ 5.  The postal inspector to whom the open case was assigned confirmed on January 10, 2005 "that the investigation was ongoing and expected to go to trial."  *Id.*, 2009 Baxter Decl. ¶ 7.  The USPIS determined that "the material [plaintiff] had requested was . . . exempt from mandatory disclosure [under FOIA Exemption 7(A)] since it consisted of investigatory records compiled for law enforcement purpose[s]" and its release "could

reasonably be expected to interfere with enforcement proceedings." *Id.*, 2010 Baxter Decl. ¶ 7. The USPIS so notified plaintiff in writing, and advised him "to contact [the USPIS] again in 30-60 days to determine whether the case [had] been closed." *Id.*, 2010 Baxter Decl., Ex. C (Letter to plaintiff from L. Freeman, Information Disclosure Technician, USPIS, dated January 13, 2005) at 1. Its written notice also informed plaintiff of his "right to appeal this matter to the General Counsel of the U.S. Postal Service." *Id.*, 2010 Baxter Decl., Ex. C at 2.

USPIS staff obtained from the Procurement and Administrative Service Center in Bala Cynwyd, Pennsylvania, a photocopy of the original case file for the closed case, No. 0472-1163144-FC(2). Def.'s Mem., 2009 Baxter Decl. ¶ 9. From this case file, the USPIS released 99 pages of records after having deleted certain information under FOIA Exemptions 5, 6, 7(C), 7(D), and 7(E), and withheld in full 187 pages of records under FOIA Exemptions 2, 3, 5, 6, 7(C), 7(D), and 7(E). *Id.*, 2010 Baxter Decl., Ex. F (Letter to plaintiff from L. Freeman dated April 14, 2005) at 1. This notice also advised plaintiff of his right to appeal this determination administratively. *Id.*, 2010 Baxter Decl., Ex. F at 2.

The USPIS also referred to the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"), two pages of records that had originated from that agency. *Id.*, 2010 Baxter Decl. ¶ 11. The EOUSA was to respond directly to plaintiff, Def.'s Mem., 2010 Baxter Decl., Ex. G (Letter from L. Freeman to Marie A. O'Rourke, Assistant Director, FOIA/PA Unit, EOUSA, DOJ, dated April 14, 2005), but nothing is known of the outcome of this referral.[3]

---

[3]    Notwithstanding the referral of records to another federal government entity, the USPIS remains obligated either to state that these records were disclosed in full or to justify the reasons for withholding the records in full or in part. *See Williams v. Fed. Bureau of Investigation*, No. 92-5176, 1993 WL 157679, at *1 (D.C. Cir. May 7, 1993) (per curiam) (remanding case for the FBI to justify the withholding of a document referred to the DEA for direct response to

*B.   FOIA No. 2005-FPIS-00180*

Plaintiff sought "every record that [the USPIS has] in every database" pertaining to the following corporate entities and individuals: VCD STREET, Intelli-Soft, Matt Anderson, Claudio Lopez, Global Business System, GHS Systems, Microsharp, ebay@meetyourprice.com, meetyourprice.com, ADW International, Inc., Dan Wash, and Rob Morgan.  Def.'s Mem., 2010 Baxter Decl., Ex. M (Letter to FOIA/PA Officer, USPIS, from plaintiff dated July 11, 2005) at 1. The USPIS acknowledged receipt of the request, and assigned the matter a tracking number, FOIA No. 2005-FPIS-00180.  *Id.*, 2010 Baxter Decl., Ex. N (Letter to plaintiff from T.A. Warner, Information Disclosure Technician, Office of Counsel, USPIS, dated August 5, 2005) at 1.  Staff searched ISIIS for "records maintained by the USPS regarding VCD STREET, Intelli-Soft, Global Business System, GHS Systems, Microsharp, ADW International, Inc., and four individuals,"[4] *id.*, 2009 Baxter Decl. ¶ 11, and the search yielded one open case, No. 0583-1407269-ECMT(1), *id.*, 2009 Baxter Decl. ¶ 12, the same open case file located in the search for records responsive to plaintiff's earlier request, FOIA No. 2005-FPIS-00020.   These records were "related to an investigation which was still open," and the USPIS "denied his request pursuant to [FOIA Exemption 7(A)]" on the ground that release of the records "could reasonably be expected to interfere with enforcement proceedings."  *Id*, 2010 Baxter Decl. ¶ 15.  Further, because plaintiff had not "obtain[ed] the written consent" of the four individuals about whom he requested information, the USPIS determined that "disclosure of records relating to them would

---

appellant); *Schoenman v. Fed. Bureau of Investigation*, 604 F. Supp. 2d 174, 204 (D.D.C. 2009) (directing the FBI to "provide a complete accounting of all referrals made and indicate whether all documents so referred have been processed and released to Plaintiff, as appropriate").

[4]      "It is not possible to search for documents in the system using an email address as a search identifier," Def.'s Mem., 2010 Baxter Decl. ¶ 24, and the USPIS did not search for ebay@meetyourprice.com or "meetyourprice.com."

be a violation of . . . FOIA [Exemption 7(C)]." *Id.*, 2010 Baxter Decl. ¶ 15.  Plaintiff was advised that, if he treated this response as a denial of his request, he "ha[d] a right to appeal this matter to the General Counsel of the U.S. Postal Service." *Id.*, 2010 Baxter Decl., Ex. N (Letter to plaintiff from T.A. Warner dated August 5, 2005) at 2.  The USPIS had "no record that [plaintiff] either provided the required written consent" of these individuals "or appealed this requirement" administratively. *Id.*, 2010 Baxter Decl. ¶ 15.

## II.  DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing . . . to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Liberty Lobby, Inc.*, 477 U.S. at 248.  Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary.  *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

A FOIA case typically is decided on a motion for summary judgment.  *See, e.g., Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); *Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  On summary judgment, the

defendant agency must demonstrate that no material facts are in dispute, that it has conducted an adequate search for responsive records, and that each responsive record it finds has been released to the plaintiff or is exempt from disclosure.  *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001).  The Court may grant summary judgment based solely on information provided in an agency's supporting affidavits or declarations if they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B.  Exhaustion of Administrative Remedies

Defendant moves to dismiss the complaint in part because plaintiff failed to exhaust his administrative remedies in two respects: (1) plaintiff did not appeal administratively the USPIS' decisions to withhold in full under Exemption 7(A) information in the open investigation file, and (2) plaintiff's requests for information about third parties did not comply with agency regulations.  *See* Def.'s Mem. at 7-10.  The Court treats the motion as one for summary judgment because "matters outside the pleadings are presented to and not excluded by the [C]ourt."  FED. R. CIV. P. 12(d).

"Exhaustion of administrative remedies is generally required before seeking judicial review" under the FOIA.  *Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 677 (D.C. Cir.

2004) (per curiam).   Exhaustion, which includes the pursuit of an administrative appeal, *see*

*generally Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-63 (D.C. Cir. 1990), allows "the

agency . . . an opportunity to exercise its discretion and expertise on the matter and to make a

factual record to support its decision."  *Wilbur*, 355 F.3d at 677 (quoting *Oglesby*, 920 F.2d at

61).  It is not a jurisdictional requirement, *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d

1256, 1258 (D.C. Cir. 2003), but instead is a prudential consideration.  *Wilbur*, 355 F.3d at 677.

If a requester has not exhausted his administrative remedies prior to the filing of a civil action,

his claim is subject to dismissal.  *See Hidalgo*, 344 F.3d at 1258.

1. Information Withheld Under FOIA Exemption 7(A)

USPIS regulations require that a FOIA requester submit his request in writing to the

custodian of the requested record, 39 C.F.R. § 265.7(a)(1), (2), and "identify the record sought as

completely as possible, by name, description, or subject matter, and be sufficient to permit the

custodian to locate it with a reasonable amount of effort."  *Id*. § 265.7(a)(1).  The custodian

determines "whether to comply with or deny the request."  *Id*. § 265.7(b)(1).  If he locates

responsive records, the custodian "shall ensure that the record is made available promptly and

shall immediately notify the requester where and when and under what reasonable conditions, if

any, including the payment of fees, the record[s] will be available."  *Id*. § 265.7(c)(1).  If the

custodian denies a request in whole or in part, he must notify the requester in writing, *id.* §

265.7(d)(1), and the notice shall include "[a] statement of the right to appeal and of the appeal

procedure within the Postal Service," *id.* § 265.7(d)(2)(iii).  The requester "shall submit his

appeal in writing within 30 days of the date of the denial or of the other action complained of,"

*id.* § 265.7(e)(2), to the General Counsel of the U.S. Postal Service.  *Id*. § 265.7(e)(1).  "The

decision of the General Counsel . . . constitutes the final decision of the Postal Service on the right of the requester to inspect or copy a record."  *Id*. § 265.7(f)(1).

Records responsive to plaintiff's FOIA request No. 2005-FPIS-00020 included those in the file of an open investigation, No. 0583-1407269-ECMT(1), which the USPIS withheld in full under FOIA Exemption 7(A).  According to the USPIS, because the case remained open, the "release of the information at that time could reasonably be expected to interfere with enforcement proceedings."  Def.'s Mem., 2010 Baxter Decl. ¶ 15.  The USPIS had "no record that [plaintiff] . . . appealed" this determination to the General Counsel of the U.S. Postal Service.  *Id.*, 2010 Baxter Decl. ¶ 15; Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss and for Summ. J. ("Def.'s Reply"), Second Suppl. Decl. of Mildred R. Baxter ("2011 Baxter Decl.") ¶ 4.[5]  Absent any submission from plaintiff to overcome defendant's showing, the Court concludes that plaintiff failed to exhaust his administrative remedies with respect to the USPIS' decision to withhold in full under Exemption 7(A) information contained in the then-open investigative file No. 0583-1407269-ECMT(1).

### 2.  Information Pertaining to Third Parties

For purposes of the FOIA, a proper request is one which "reasonably describes" the requested records and "is made in accordance with published rules" of the agency.  5 U.S.C. § 552(a)(3)(A).  USPIS regulations exempt from mandatory disclosure under the FOIA files which are "personal in nature, including medical and personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  39 C.F.R. § 265.6(b)(6). "Investigatory files compiled for law enforcement purposes, whether or not considered closed,

---

[5]     Plaintiff "later renewed his request in a separate FOIA request in 2009," assigned FOIA Request No. 2009-FPIS-00191.  Def.'s Reply, 2011 Baxter Decl. ¶ 4.  The USPIS' response to this request, *see id.*, 2011 Baxter Decl., Attach. A (Letter to plaintiff from B.L. White, FOIA Manger, USPIS, dated February 2, 2011), is not at issue in this lawsuit.

are exempt . . . from mandatory disclosure," *id*. § 265.6(c), if, among other reasons, their release

"could reasonably be expected to constitute an unwarranted invasion of personal privacy," *id*. §

265.6(c)(1)(iii).  USPIS regulations also require that "[a]nyone desiring to review or copy

records pertaining to another person must have the written consent of that person."  *Id*. §

266.6(a)(2).

Plaintiff sought records pertaining to Dave Wessant, Mark Howard, Keith Pyle, Danny

Madigan, Rick Lucke, Frederick Von Hamilton, Mike Hanna (or Mike Harris), Chris Morze (or

Chris Marze), *see* Def.'s Mem., 2010 Baxter Decl., Ex. A at 1-2, and to Matt Anderson, Claudio

Lopez, Dan Walsh and Rob Morgan, *see id.*, Ex. M at 1.  He did not submit a written waiver

from each of these individuals authorizing the USPIS to release information about him to

plaintiff.  *Id.*, 2010 Baxter Decl. ¶ 15; *see id.*, 2010 Baxter Decl., Ex. N at 1.  Defendant contends

that plaintiff's FOIA request failed to comply with USPIS regulations, that the deficiency never

was cured, and, therefore, that the requests for information pertaining to these third parties were

not proper FOIA requests.  Def.'s Mem. at 9.

Plaintiff responds by explaining that the names listed in FOIA No. 2005-FPIS-00180

"were alleged to be aliases" of his, and, therefore, he need not submit consent forms.  Plaintiff's

Statement of Material Facts To Which There Is No Genuine Issue and Mot. for Summ. J. and

Mot. for In Camera Examination and Pl.'s Resp. in Decl. Form to Def. US Postal Inspection

Serv.'s Mot. to Dismiss and for Summ. J. ("Pl.'s Opp'n") [Dkt. #78] ¶ 4.  Nothing in the request

itself suggests that plaintiff was requesting information about himself when he listed the four

individuals' names in his FOIA request, and the USPIS' response to the request was reasonable

under the circumstances.

The Court concludes that plaintiff failed to exhaust his administrative remedies with respect to his request for information about the third parties named in FOIA Request Nos. 2005-FPIS-00020 and 2005-FPIS-00180.  USPIS regulations require that a requester submit written authorization for the release of records pertaining to third parties, and defendant establishes that plaintiff failed to do so.

## C. Defendant's Searches for Responsive Records

"[T]o meet its burden to show that no genuine issue of material fact exists, . . . the agency must demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents."  *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (internal quotations omitted); *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).  The agency may rely on affidavits or declarations that explain in reasonable detail the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA.  *Id.* at 127.  Conclusory assertions that do not describe which files were searched, who searched them, or otherwise fail to set out a system for searching for documents, cannot sustain an agency's burden for summary judgment purposes.  *See Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551-52 (D.C. Cir. 1994).  If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper."  *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Valencia-Lucena*, 180 F. 3d at 326.

## 1.  USPIS' Systems of Records

The USPIS' declarant explains that the "Chief Postal Inspector is the official custodian of all Inspection Service records . . ., including those relating to criminal investigations," and that

the ISIIS is the "computer database that has records relating to all criminal investigations." Def.'s Mem., 2010 Baxter Decl. ¶ 20.  In addition to the ISIIS, the Inspection Service is authorized to maintain records of (1) contractor fingerprint screening, (2) building access and computer access authorizations, (3) emergency management, (4) mail cover programs, (5) vehicular violations, and (6) classified matters pertaining to national defense and foreign relations.  *Id.*, 2010 Baxter Decl. ¶ 20; *see id.*, 2010 Baxter Decl., Attach. R-W (excerpts from the Guide to Privacy, the Freedom of Information Act, and Records Management dated September 2005).

The ISIIS contains records relating to investigations "including person name(s), Social Security Number(s), case number, addresses, reports of postal inspectors and third parties; physical identifying characteristics (including fingerprints, voiceprints, handwriting samples, polygraph tests, photographs, or other biometrics; and employment and payroll information." Def.'s Mem., 2010 Baxter Decl., Attach. X (excerpt from the Guide to Privacy, the Freedom of Information Act, and Records Management, regarding USPIS 700.000, Inspection Service Investigative File System).  "[R]ecords relating to an individual who is unknown to have either been a USPIS contractor or employee" would be located in the ISIIS.  *Id.*, 2010 Baxter Decl. ¶ 21.  "It is searchable by entering specific identifiers, such as names, and requesting that the records be searched for those identifiers."  *Id.*, 2010 Baxter Decl. ¶ 22.  The system searches "automatically to determine whether any records contain matches with the search terms that have been input into it."  *Id.*, 2010 Baxter Decl. ¶ 22.

### 2.  Responsive Records Located in the ISIIS

The declarant explains that the agency interpreted plaintiff's FOIA requests as requests "from an individual seeking records maintained in the ISIIS because that is the most likely

location for the type of information he sought." *Id.*, 2010 Baxter Decl. ¶ 21.  "[M]ost individuals

other than USPIS employees or contractors come into contact with USPIS" in the course of its

investigation of violations of criminal laws, and "given [plaintiff's] incarceration, it was

suspected that he may have been the subject of an USPIS investigation that ultimately resulted in

his conviction." *Id.*, 2010 Baxter Decl. ¶ 21.  For these reasons, USPIS staff deemed "ISIIS . . .

the place where records relating to [plaintiff] were reasonably calculated to be located," and

limited the search initially to only this system of records. *Id.*, 2010 Baxter Decl. ¶ 21.

Subsequently, because plaintiff requested that the search "not be limited to criminal files," *id.*,

Baxter Decl., Ex. A at 1, USPIS staff "searched all the systems of records that the USPIS

actually maintains," all of which "are . . . electronic and searchable by inputting specified

identifiers, such as names." [6] *Id.*, 2010 Baxter Decl. ¶ 24.  Using variations of plaintiff's name

"as well as the names of the entities/companies he provided" as search terms, *id.*, 2010 Baxter

Decl. ¶ 22, the only responsive records located were those in ISIIS, *id.*, 2010 Baxter Decl. ¶¶ 24-

25; Def.'s Reply, 2011 Baxter Decl. ¶ 5.

   Plaintiff argues that "the USPIS still has not performed an adequate search for responsive

records," noting that "in an entire investigation and prosecution of plaintiff it did not provide one

single record of said investigation."  Pl.'s Opp'n ¶ 4.  "[I]t would be ludicrous to state that [these

records] don't exist," *id.*, plaintiff contends.  But the USPIS does not assert that there are no

responsive records; rather, it sets forth reasons for having withheld in full information in the

then-open case, No. 0583-1407269-ECMT(1), and for having redacted information in the closed

case, No. 0472-1163144-FC(2).  Defendant demonstrates that its searches for responsive records

---

[6]     The declarant explains that the USPIS does not maintain emergency management records
or classified records pertaining to national defense and foreign relations, even though the agency
is authorized to do so.  Def.'s Mem., 2010 Baxter Decl. ¶ 20, nn.2-3.

were reasonable under the circumstances, and plaintiff fails to produce any affidavits or other evidence to support his contention that an agency's declarations do not show the USPIS' compliance with the FOIA's search requirement.

### D. Exemptions

#### 1. Exemption 6

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Information that applies to a particular individual meets the threshold requirement for Exemption 6 protection. *See U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982). The exemption requires "a balancing of the individual's right of privacy against the preservation of the basic purpose of the [FOIA] Act to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976) (internal quotation marks omitted); *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989).

In only one instance does the USPIS invoke Exemption 6 alone, and it has redacted from a list of newspapers "personally identifiable information (i.e. names and telephone numbers) of law enforcement personnel." Def.'s Reply, 2011 Baxter Decl., Ex. A (Supplemental Index of Redacted/Withheld Documents with FOIA Exemptions, Item 16) at 5. According to the declarant, "withholding the names and or personal identifiers of law enforcement personnel was necessary to protect them from potential harassment and efforts to gain further access to [them] or to additional personal information, and ensure their personal safety." Def.'s Mem., 2010 Baxter Decl. ¶ 28. The declarant further explains that their "privacy interests . . . are great," Def.'s Reply, 2011 Baxter Decl. ¶ 9, and after weighing these interests against the public interest

in disclosure, the agency determined that disclosure was not warranted – it "would not reveal anything additional about how the government operates that would not have already been revealed in the material disclosed." *Id.*, 2011 Baxter Decl. ¶ 9; *see* Def.'s Mem., 2010 Baxter Decl. ¶ 27.  The Court concludes that the agency properly withheld this information under Exemption 6.  *See United States Dep't of State v. Ray,* 502 U.S. 164, 176 n.12 (1991) (finding a "significant" privacy interest under Exemption 6 in the nondisclosure of personal information that would subject individuals "to possible embarrassment and retaliatory action").

In all other instances, the USPIS invokes Exemption 6 in conjunction with Exemption 7(C).  *See generally* Def.'s Mem., 2010 Baxter Decl., Ex. Z (Index of Released/Redacted/Withheld Documents with FOIA Exemptions); Def.'s Reply, 2011 Baxter Decl., Ex. A.  The Court will not discuss Exemption 6 further, and will consider instead  the USPIS' reliance on Exemption 7(C) to withhold information pertaining to third parties.  *See Simon v. Dep't of Justice*, 980 F.2d 782, 785 (D.C. Cir. 1994); *see also Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011) ("If the information withheld here was 'compiled for law enforcement purposes,' thus implicating Exemption 7(C), then we would have no need to consider Exemption 6 separately because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)").

## 2.  Exemption 7

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm.  5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).  "To show that the disputed documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between the investigation and one of

the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law." *Blackwell v. Fed. Bureau of Investigation*, 646 F.3d 37, 40 (D.C. Cir. 2011)  (internal quotation marks and citations omitted).

The declarant explains that the USPIS "is a law enforcement agency whose mission . . . is to conduct investigations of possible violations of federal criminal statutes such as mail fraud." Def.'s Mem., 2010 Baxter Decl. ¶ 30.  "The majority of the documents responsive to [plaintiff's] FOIA requests were prepared as a part of USPIS's investigation of whether [plaintiff] and others committed violations of federal criminal statutes for which prosecutions should be brought." [7] *Id.*, 2010 Baxter Decl. ¶ 30.  Contrary to plaintiff's assertion that the USPIS "provided no evidence that it is a law enforcement agency," Pl.'s Opp'n ¶ 5, defendant does demonstrate that the responsive records are law enforcement records for purposes of FOIA Exemption 7.

### a.  Exemption 7(C)

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552 (b)(7)(C).  In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure.  *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993).  The privacy interest

---

[7]    "On October 14, 2004, a jury in the Western District of Pennsylvania convicted Frederick Banks on charges of mail fraud, criminal copyright infringement, uttering and possessing counterfeit or forged securities, and witness tampering.  These convictions stemmed from Banks's sales of illegally copied ('pirated') versions of copyrighted Microsoft software products through an Internet marketplace website, Amazon.com."  *United States v. Vampire Nation*, 451 F.3d 189, 192 (3d Cir. 2006) (affirming convictions and sentence); *see United States v. Banks*, 300 Fed. App'x 145, 150-52 (3d Cir. 2008) (concluding that Postal Service inspectors properly exercised investigative authority and affirming conviction on eight counts of mail fraud).

at stake belongs to the individual, not the government agency, *see Reporters Comm*, 489 U.S. at 763-65; *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (noting individual's significant privacy interest "in avoiding the unlimited disclosure of his or her name and address"), and "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773); *see also Sussman*, 494 F.3d at 1115. It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

The USPIS withholds under Exemption 7(C) "(1) the names of agents; (2) the names & personal information such as address and phone numbers of individuals who provided information in the investigation; (3) Social Security numbers, drivers' license numbers, credit card numbers and license plate numbers." Def.'s Mem., 2010 Baxter Decl. ¶ 31; *see* Def.'s Reply, 2011 Baxter Decl. ¶ 10. If the USPIS were to disclose this information, the declarant states, it "would allow [someone] to contact those [third parties], which could result in unwanted contacts and even threats," as well as "stigmatization and harassment for being connected with a criminal investigation." Def.'s Mem., 2010 Baxter Decl. ¶ 31. After weighing "the substantial privacy interests of the individuals against the relevant public interest, i.e., the general public's right to know what their government is doing," the privacy interests prevailed. *Id*., 2010 Baxter Decl. ¶ 31.

Courts have "long recognized the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." *Roth*, 642 F.3d at 1174 (internal quotation marks and citations omitted).  Under Exemption 7(C), an agency may withhold the identities of targets of a law enforcement investigation, witnesses, informants, and law enforcement officers.  *See SafeCard Servs.,* 926 F.2d at 1205; *Nix v. United States*, 572 F.2d 998, 1006 (4th Cir. 1978) ("Public identification of [law enforcement personnel] could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives.").

Plaintiff's argument that the USPIS "failed to provide any specific examples of past unwarranted contacts, harassment, humiliation or stigmatization of the privacy rights of these . . . individuals," Pl.'s Opp'n ¶ 5, is unpersuasive, and no agency bears such a burden on summary judgment.  *Cf. Martin v. Dep't of Justice*, 488 F.3d 446, 457 (D.C. Cir. 2007) (noting that "privacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated").  The USPIS' decision to withhold such third party information under Exemption 7(C) is entirely appropriate, particularly in the absence of any credible showing by plaintiff to the contrary.  *See Sussman*, 494 F.3d at 1115 (withholding the names, addresses, telephone numbers, social security numbers, and other such private information regarding law enforcement officials, a "judicial protectee," other government employees, and unnamed third-parties); *Schoenman v. Fed. Bureau of Investigation*, 763 F. Supp. 2d 173, 198 (D.D.C. 2011) (withholding information about FBI agents and support personnel, non-FBI federal government personnel, local or foreign law enforcement personnel, third parties of investigative interest, third parties who provided information to the FBI and third parties incidentally mentioned in FBI records); *Banks v. Dep't of Justice*, 757 F. Supp. 2d 13, 18

17

(D.D.C. 2010) (withholding names of and identifying information about crime victims

mentioned in the law enforcement records of the Federal Bureau of Prisons).

b.  Exemption 7(D)

Exemption 7(D) protects from disclosure those records or information compiled for law

enforcement purposes that:

> could reasonably be expected to disclose the identity of a
> confidential source . . . [who] furnished information on a
> confidential basis, and, in the case of a record or information
> compiled by criminal law enforcement authority in the course of a
> criminal investigation . . ., information furnished by a confidential
> source.

5 U.S.C. § 552(b)(7)(D).  There is no general "presumption that a source is confidential within

the meaning of Exemption 7(D) whenever [a] source provides information [to a law enforcement

agency] in the course of a criminal investigation."  *U.S. Dep't of Justice v. Landano*, 508 U.S.

165, 181 (1993).  Rather, a source's confidentiality must be determined on a case-by-case basis,

*id.* at 179-80, and a presumption of confidentiality arises only in narrowly defined circumstances,

*id.* at 181.  "A source is confidential within the meaning of [E]xemption 7(D) if the source

'provided information under an express assurance of confidentiality or in circumstances from

which such an assurance could be reasonably inferred.'"  *Williams v. Fed. Bureau of*

*Investigation*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (quoting *Landano*, 508 U.S. at 170-74).

The USPIS withholds "both the confidential sources and the information they provided to

law enforcement during the investigation of the illegal activity which resulted in [p]laintiff's

incarceration."  Def.'s Mem., 2010 Baxter Decl. ¶ 33.  This information "was obtained during

interviews with these private individuals . . . with the understanding that the USPIS would ensure

the confidentiality of the discussions and protect the personal privacy of the individuals

providing the information."  *Id.*, 2010 Baxter Decl. ¶ 33.  The declarant neither offers "probative

evidence that the source[s] did in fact receive an express grant of confidentiality," *Campbell v. U.S. Dep't of Justice,* 164 F.3d 20, 34 (D.C. Cir. 1998) (quoting *Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1061 (3d Cir. 1995)), nor describes circumstances which would support an inference of confidentiality.  *See Landano*, 508 U.S. at 179 (considering "the nature of the crime investigated and the witness' relation to such crime when determining implied confidentiality"); *Coleman v. Fed. Bureau of Investigation*, 13 F. Supp. 2d 75, 82 (D.D.C. 1998) (finding that requester's conviction "of numerous violent crimes" including murder, rape and kidnaping, as well as "the relation of the [sources]" to those offenses are circumstances of "the type that the implied confidentiality exemption in *Landano* is designed to encompass").  On the current record, the Court cannot determine whether the USPIS properly has withheld information under Exemption 7(D).

### c. Exemption 7(E)

Exemption 7(E) protects from disclosure law enforcement records "to the extent that the production of such . . . information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  Courts have held that information pertaining to law enforcement techniques and procedures properly is withheld under Exemption 7(E) where disclosure reasonably could lead to circumvention of laws or regulations.  *See, e.g., Morley v. Cent. Intelligence Agency*, 453 F. Supp. 2d 137, 157 (D.D.C. 2006) (approving the withholding of information pertaining to security clearances and background investigations on the ground that "disclosure of CIA security clearance and investigatory processes would risk circumvention of those processes in the future"), *rev'd on other grounds*, 508 F.3d 1108 (D.C.

Cir. 2007).  D.C. Circuit precedent "sets a relatively low bar for the agency to justify

withholding" information under Exemption 7(E).  *Blackwell*, 646 F.3d at 42.  The exemption

allows for withholding information in the face of "not just for circumvention of the law, but for a

risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected

risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk;

and not just for certitude of a reasonably expected risk, but for the chance of a reasonably

expected risk."  *Mayer Brown LLP v. IRS,* 562 F.3d 1190, 1193 (D.C. Cir. 2009).

The USPIS asserts Exemption 7(E) to withhold "specific law enforcement techniques . . .

used during the investigation of the criminal activity which resulted in [p]laintiff's

incarceration."  Def.'s Mem., 2010 Baxter Decl. ¶ 34.  These techniques "include specific

surveillance methods and processes for obtaining information" not commonly known to the

public, the disclosure of which "would allow possible suspects or targets anticipating application

of these techniques to alter their activities to avoid detection and arrest, hindering law

enforcement efforts."  *Id.*, 2010 Baxter Decl. ¶ 34.  Notwithstanding the categorical protection to

law enforcement techniques and procedures afforded under the first clause of Exemption 7(E),

*see Allard K. Lowenstein Int'l Human Rights Project v. Dep't of Homeland Sec.*, 626 F.3d 678,

681 (2d Cir. 2010) ("The sentence structure of Exemption (b)(7)(E) indicates that the qualifying

phrase ('if such disclosure could reasonably be expected to risk circumvention of the law')

modifies only 'guidelines' and not 'techniques and procedures.'"); *Fisher v. U.S. Dep't of*

*Justice*, 772 F. Supp. 7, 12 n.9 (D.D.C. 1991) (noting that Exemption (7)(E) provided

"categorical protection" to techniques and procedures), *aff'd*, 968 F.2d 92 (D.C. Cir. 1992), no

agency can rely on a declaration written in vague terms or in a conclusory manner.  *Davis v. Fed.*

*Bureau of Investigation*, 770 F. Supp. 2d 93, 100 (D.D.C. 2011) (concluding that declaration's

"generic description of the documents as "prosecution memoranda . . . detailing evidence gathering efforts and prosecution strategies in [plaintiff's] criminal case" did not explain adequately the agency's decision to withhold information under Exemption 7(E)); *Clemente v. Fed. Bureau of Investigation*, 741 F. Supp. 2d 64, 88 (D.D.C. 2010) ("To convince the Court that the information withheld is subject to the exemption, the FBI cannot rely upon the vaguely worded categorical description it has provided.  It must provide evidence from which the Court can deduce something of the nature of the techniques in question."); *Linn v. U.S. Dep't of Justice*, No. 92-1406, 1995 WL 417810, at *12 (D.D.C. June 5, 1995) (finding that declarant's "description, couched in conclusory and unspecific language, is hardly sufficient to convince the Court that the [agency] properly invoked . . . [E]xemption [7(E)]").  The Court will deny summary judgment with respect to the information withheld under Exemption 7(E).

III.   CONCLUSION

The USPIS has demonstrated that its searches for records responsive to FOIA Request Nos. 2005-FPIS-00020 and 2005-FPIS-00180 were reasonable, that plaintiff failed to exhaust his administrative remedies with respect to FOIA Request No. 2005-FPIS-00180 and the portion of FOIA Request No. 2005-FPIS-0020 regarding the law enforcement records withheld under Exemption 7(A), that plaintiff failed to submit proper FOIA requests for information pertaining to third parties, and that the USPIS properly has withheld information under Exemptions 6 and 7(C).  In these respects, summary judgment will be granted for defendant.  However, because defendant has not demonstrated its compliance with the FOIA with respect to the records referred to the EOUSA and the information withheld under Exemptions 7(D) and 7(E), its motion for summary judgment will be denied in part without prejudice.  An Order accompanies this Memorandum Opinion.

Signed:          EMMET G. SULLIVAN
                    United States District Judge

Dated:           September 26, 2011