UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   :
FREDERICK BANKS,                   :
                                   :
            Plaintiff,             :
                                   :
      v.                           :    Civil Action No. 06-1950 (EGS)
                                   :
DEPARTMENT OF JUSTICE, *et al.*,   :
                                   :
            Defendants.            :
_____:


## MEMORANDUM OPINION

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, and the sole remaining issue pertains to the withholding of certain information by the United States Postal Inspection Service ("USPIS"). This matter is before the Court on Defendant USPIS' Renewed Motion for Summary Judgment.[1] For the reasons discussed below, the motion will be granted.

## I.  BACKGROUND

Plaintiff submitted seven separate FOIA requests to the USPIS between 2005 and 2009, three of which are relevant to this action. *See Banks v. Dep't of Justice*, 813 F. Supp. 2d 132, 135 (D.D.C. 2011). The Court has granted summary judgment in the USPIS' favor with respect

---

[1] Plaintiff also filed a summary judgment motion of his own, *see* Pl.'s Renewed Mot. for Summ. J. and Decl. [Dkt. #97], which in no way conforms to the format or substance of a true summary judgment motion. It will be denied.

1

to his March 2006 request (FOIA No. 2006-FPIS-00167).[2] *Banks v. Dep't of Justice*, 538 F. Supp. 2d 228, 234-35 (D.D.C. 2008). In addition, the Court has granted in part and denied in part the USPIS' Motion to Dismiss and for Summary Judgment [Dkt. #75] with respect to plaintiff's December 28, 2004 and July 11, 2005 requests (FOIA Nos. 2005-FPIS-00020 and 2005-FPIS-00180, respectively). *See Banks*, 813 F. Supp. 2d at 146.

Among the records responsive to these requests were three documents from which the USPIS redacted information under Exemptions 7(D) and 7(E): the Application and Affidavit for Search Warrant (Doc. No. 5), the Affidavit in Support of Criminal Complaint (Doc. No. 13), and the Case Summary (Doc. No. 15). Mem. of P. & A. in Supp. of Def. USPIS' Renewed Mot. for Summ. J. [Dkt. #94] ("USPIS Mem."), Decl. of Betty L. White ("White Decl.") ¶¶ 4-5; *see* Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss and for Summ. J. [Dkt. #87], Second Supplemental Decl. of Mildred R. Baxter, Ex. A (Supplemental Index of Redacted/Withheld Documents with FOIA Exemptions ("Supp. Vaughn Index") (Doc. Nos. 5, 13 and 15). Upon further review, the USPIS has determined that "the information previously withheld pursuant to Exemptions 7(D) and 7(E) is releasable and USPIS no longer asserts" these exemptions. USPIS Mem., White Decl. ¶ 6. On December 8, 2011, the USPIS unredacted versions of these documents to plaintiff. *Id.*, White Decl. ¶ 6.

---

[2]    Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [Dkt. #20] addressed plaintiff's FOIA requests not only to the USPIS, but also to the Department of Justice, the Federal Bureau of Investigation, the Federal Bureau of Prisons, the United States Marshals Service, the Executive Office for United States Attorneys, the Department of State and Financial Crimes Enforcement Network (FinCEN).

## II.  DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In an action under FOIA to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from [FOIA's] inspection requirements.'"  *Students Against Genocide v. Dep't of State*, 257 F. 3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978)).

Summary judgment may be based solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption[s], and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see Beltranena v. Clinton*, 770 F. Supp. 2d 175, 182 (D.D.C. 2011).  "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant

agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989)).

### B.  The USPIS Has Met Its Obligations Under The FOIA

Having determined that the USPIS properly withheld certain information from the three documents at issue under Exemptions 6 and 7(C), *see Banks*, 813 F. Supp. 2d at 141-44, the only information withheld from these same documents has been "withheld solely based on the assertion of Exemption 7(D) and Exemption 7(E)." USPIS Mem., White Decl. ¶ 6 (emphasis in original).  Now that the USPIS has withdrawn its reliance on these exemptions and has released unredacted versions of these documents, *id.*, White Decl. ¶ 6, the USPIS moves for summary judgment, arguing that no genuine issue of material fact exists as to its compliance with the FOIA and that it is entitled to judgment as a matter of law.  *See generally* USPIS Mem. at 2-3.

Plaintiff opposes the USPIS' motion, *see* Pl.'s Reply to Def. U.S. Postal Inspection Serv.'s Renewed Mot. for Summ. J. [Dkt. #96] ("Pl.'s Opp'n"), arguing that the USPIS "has failed to explain why the information had not otherwise un-redacted in part where the exemptions were not solely based on 7(D) and 7(E)." Pl.'s Opp'n at 1.[3]  No other exemptions apply, however, and the USPIS is not obligated to explain why it did not release unredacted versions of the documents previously.  It is apparent that the USPIS believed the information could be withheld under Exemptions 7(D) and 7(E), and revised its position as this litigation progressed.

---

[3]    Plaintiff's argument that his "status as an American Indian" somehow entitles him to a more liberal interpretation of the FOIA, Pl.'s Opp'n at 1, is utterly meritless.  "The FOIA does not concern itself with the identity of a requester." *Banks v. Dep't of Justice*, 700 F. Supp. 2d 9, 19 (D.D.C. 2010).  Plaintiff's "status as a Native American . . . [does not] lead[] inexorably to the conclusion that he is entitled to the release in full of all the records he has requested." *Id.*

The Court's authority under the FOIA is limited, and "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)).  The USPIS no longer relies on Exemptions 7(D) and 7(E), and the defendants have established that the records responsive to all of plaintiff's FOIA requests either have been produced or have been withheld properly under the claimed exemptions.  Based on review of all the defendants' supporting declarations and Vaughn Indices, the Court concludes that all reasonably segregable information has been released.

### III.  CONCLUSION

The Court concludes that the USPIS has complied fully with its obligations under the FOIA.  Accordingly, its renewed motion for summary judgment will be granted.  There remain no further issue for the Court's resolution, and a final order is issued separately.

Signed:        EMMET G. SULLIVAN
               United States District Judge

Dated:         July 26, 2012